COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.
**04-2592** -*/3*

CAROLYN MIREK,

      Plaintiff

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE COMPANY,

      Defendants

## COMPLAINT

1.    The plaintiff Carolyn Mirek is a resident of South Windsor, Connecticut.

2.    The defendant, The Guardian Life Insurance Company of America, (hereinafter "Guardian") is an insurance company writing disability policies, among other insurance products, incorporated in a state other than Massachusetts, doing business within the Commonwealth of Massachusetts, located in Boston, Suffolk County, and doing insurance business in the Commonwealth.

3.    The defendant, Berkshire Life Insurance Company, (hereinafter "Berkshire") is a wholly-owned subsidiary of Guardian, with a principal place of business located in Pittsfield, Massachusetts.

### COUNT I
Breach of Contract

4.    In 1993, the defendant Guardian issued an "own occupation" disability insurance policy to the plaintiff which provided for the payment of monthly indemnity of twenty-five hundred ($2,500) dollars, providing for cost-of-living adjustments and for automatic increases in the monthly indemnity totaling eight hundred fifty ($850) dollars.

5.    The policy defined for her the term "total disability" as meaning,

because of sickness or injury, you are not able to perform the major duties of your occupation. Your occupation means the regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.

You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation. If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

6.   At all times material hereto, the plaintiff's specialty in dentistry was that of a dental hygienist.

7.   While the policy was in full force and effect and all premiums paid, the plaintiff became so allergic to latex that she became unable to perform the major duties of her occupation and thus totally disabled within the meaning of the policy.

8.   Upon information and belief, the defendant Berkshire had the responsibility of administering and processing the plaintiff's claim on behalf of the defendant Guardian.

9.   The defendant Guardian or the defendant Berkshire, or both defendants, wrongfully, and in breach of the contract of insurance, denied the plaintiff's claim.

10.  As a result of the defendants' breach of contract, the plaintiff has been deprived of the benefits to which she is entitled under the contract of insurance including monthly benefits and waiver of the premiums.

11.  By their conduct, the defendants have repudiated the insurance contract with the plaintiff and, as a result, there is an anticipatory breach of the contract.

12.  By their conduct, the defendants have committed a breach of the implied covenant and good faith and fair dealing in the insurance contract.

13.  As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, reimbursement of her premiums, plus costs and interest and compensation for loss of use of the benefits, the present value of future benefits, and attorney's fees and costs and punitive damages.

COUNT II

Unfair and Deceptive Practices, (CUPTA), Conn. Gen. Stat. §42-110b et seq.,
and Unfair Insurance Practices (CUIPA), Conn. Gen. Stat. §38a-816

14.    Plaintiff repeats and realleges paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.    The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendants' contract and constituted, unfair claim settlement practices as defined in Conn. Gen. Stat. §38A-816(6), and unfair and deceptive practices.

16.    In addition, the defendants committed the following unfair and deceptive practices and unfair claim settlement practices, among others:

    a.  Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim;

    b.  Failing to honor the contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

    c.  Failing to conduct a meaningful investigation of the claim;

    d.  Denying the claim based on stated reasoning that is nonsensical or unsupportable;

    e.  Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

    f.  Refusing to pay the claim without conducting a reasonable investigation based on all available information

    g.  Failing to affirm or deny coverage of the claim within a reasonable period of time

    h.  Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear.

17.    As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages.  As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of

her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and punitive damages.

WHEREFORE, the plaintiff, Carolyn Mirek, seeks the following relief:

A. Damages in an amount to be determined by the court as adequate compensation for her losses;

B. Punitive damages and attorney's fees and costs in pursuing this action;

C. Such other forms of relief and damages as this Court deems just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

PLAINTIFF CAROLYN MIREK
By her Attorneys,

Joanne D'Alcomo
BBO #544177
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

JS PCDocs #45971/1                                    4

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT
DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 04-2592-B

CAROLYN MIREK,

      Plaintiff

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE COMPANY,

      Defendants

## AMENDED COMPLAINT

No responsive pleading having been filed, plaintiff hereby amends her complaint as follows, as a matter of right, pursuant to Massachusetts Rule of Civil Procedure 15(a):

1.    The plaintiff Carolyn Mirek is a resident of South Windsor, Connecticut.

2.    The defendant, The Guardian Life Insurance Company of America, (hereinafter "Guardian") is an insurance company writing disability policies, among other insurance products, incorporated in a state other than Massachusetts, doing business within the Commonwealth of Massachusetts and in Suffolk County.

3.    The defendant, Berkshire Life Insurance Company, (hereinafter "Berkshire") is a wholly-owned subsidiary of Guardian, with a principal place of business located in Pittsfield, Massachusetts.

### COUNT I
Breach of Contract

4.    In 1993, the defendant Guardian issued an "own occupation" disability insurance policy to the plaintiff which provided for the payment of monthly indemnity of twenty-five hundred ($2,500) dollars, providing for cost-of-living adjustments and for automatic increases in the monthly indemnity totaling eight hundred fifty ($850) dollars.

5.    The policy defined for her the term "total disability" as meaning,

> because of sickness or injury, you are not able to perform the major duties of your occupation. Your occupation means the regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.

> You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation. If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

6.    At all times material hereto, the plaintiff's specialty in dentistry was that of a dental hygienist.

7.    While the policy was in full force and effect and all premiums paid, the plaintiff became so allergic to latex that she became unable to perform the major duties of her occupation and thus totally disabled within the meaning of the policy.

8.    Upon information and belief, the defendant Berkshire had the responsibility of administering and processing the plaintiff's claim on behalf of the defendant Guardian.

9.    The defendant Guardian or the defendant Berkshire, or both defendants, wrongfully, and in breach of the contract of insurance, denied the plaintiff's claim.

10.   As a result of the defendants' breach of contract, the plaintiff has been deprived of the benefits to which she is entitled under the contract of insurance including monthly benefits and waiver of the premiums.

11.   By their conduct, the defendants have repudiated the insurance contract with the plaintiff. As a result of defendants' conduct, there is an anticipatory breach of the contract.

12.   By their conduct, the defendants have committed a breach of the implied covenant and good faith and fair dealing in the insurance contract.

13.   As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.


WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, reimbursement of her premiums, plus costs

and interest and compensation for loss of use of the benefits, the present value of future benefits, and attorney's fees and costs and other damages.

## COUNT II
Unfair and Deceptive Practices, (CUPTA), Conn. Gen. Stat. §42-110b et seq., and Unfair Insurance Practices (CUIPA), Conn. Gen. Stat. §38a-816

14.     Plaintiff repeats and realleges paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15.     The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendants' contract and constituted, unfair claim settlement practices as defined in Conn. Gen. Stat. §38A-816(6), and unfair and deceptive practices.

16.     In addition, the defendants committed the following unfair and deceptive practices and unfair claim settlement practices, among others:

a.     Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim;

b.     Failing to honor the contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

c.     Failing to conduct a meaningful investigation of the claim;

d.     Denying the claim based on stated reasoning that is nonsensical or unsupportable;

e.     Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

f.     Refusing to pay the claim without conducting a reasonable investigation based on all available information

g.     Failing to affirm or deny coverage of the claim within a reasonable period of time

h.     Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear.

17.     As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and punitive damages.

COUNT III – Berkshire Life Insurance Company
Unfair and Deceptive Practices, Mass. Gen. Laws ch. 93A

18.    Plaintiff repeats and realleges paragraphs 1 through 17 of this Complaint as if fully set forth herein.

19.    The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendant Berkshire Life Insurance Company's contract and constituted, unfair claim settlement practices as defined in Mass. Gen. Laws ch. 176D, and unfair and deceptive practices.

20.    In addition, the defendant Berkshire Life Insurance Company committed the following unfair and deceptive practices and unfair settlement practices, among others:

   a.    Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim (Mass. Gen. Laws ch. 176D, §3(9)(n));

   b.    Aiding and abetting Guardian in failing to honor its contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

   c.    Failing to conduct a meaningful investigation of the claim;

   d.    Denying the claim based on stated reasoning that is nonsensical or unsupportable;

   e.    Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

   f.    Refusing to pay the claim without conducting a reasonable investigation based on all available information (Mass. Gen. Laws ch. 176D, §3(9)(d));

   g.    Failing to affirm or deny coverage of the claim within a reasonable period of time (Mass. Gen. Laws ch. 176D, §3(9)(e));

   h.    Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear (Mass. Gen. Laws ch. 176D, §3(9)(f)).

21. As a result of defendant Berkshire Life Insurance Company's conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendant Berkshire Life Insurance Company's conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

22. By letter dated June 14, 2004, the plaintiff made demand upon defendant Berkshire Life Insurance Company. Although the defendant Berkshire Life Insurance Company responded within 30 days, a reasonable settlement offer was not made.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and multiple damages.

COUNT IV – The Guardian Life Insurance Company of America
Unfair and Deceptive Practices, Mass. Gen. Laws ch. 93A

23. Plaintiff repeats and realleges paragraphs 1 through 22 of this Complaint as if fully set forth herein.

24. The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendant Guardian Life Insurance Company of America's contract and constituted, unfair claim settlement practices as defined in Mass. Gen. Laws ch. 176D, and unfair and deceptive practices.

25. In addition, the defendant Guardian Life Insurance Company of America committed the following unfair and deceptive practices and unfair settlement practices, among others:

    a. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim (Mass. Gen. Laws ch. 176D, §3(9)(n));

    b. Failing to honor its contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

    c. Failing to conduct a meaningful investigation of the claim;

    d. Denying the claim based on stated reasoning that is nonsensical or unsupportable;

e.   Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

f.   Refusing to pay the claim without conducting a reasonable investigation based on all available information (Mass. Gen. Laws ch. 176D, §3(9)(d));

g.   Failing to affirm or deny coverage of the claim within a reasonable period of time (Mass. Gen. Laws ch. 176D, §3(9)(e));

h.   Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear (Mass. Gen. Laws ch. 176D, §3(9)(f)).

26.   As a result of defendant Guardian Life Insurance Company of America's conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendant The Guardian Life Insurance Company of America's conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

27.   By letter dated June 14, 2004, the plaintiff made demand upon defendant The Guardian Life Insurance Company of America. Although The Guardian Life Insurance Company of America responded within 30 days, a reasonable settlement offer was not made.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and multiple damages.

WHEREFORE, the plaintiff, Carolyn Mirek, seeks the following relief:

A.   Damages in an amount to be determined by the court as adequate compensation for her losses;

B.   Punitive damages and attorney's fees and costs in pursuing this action as permitted by Connecticut law;

C.   Multiple damages and attorney's fees as permitted by Massachusetts law;

D.   Such other forms of relief and damages as this Court deems just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES AND CLAIMS SO TRIABLE.

PLAINTIFF CAROLYN MIREK
By her Attorneys,

Joanne D'Alcomo
BBO #544177
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

# Commonwealth of Massachusetts
## County of Suffolk
## The Superior Court

CIVIL DOCKET# **SUCV2004-02592-B**

RE:   **Mirek v Guardian Life Ins Co of America et al**

TO: Joanne D'Alcomo, Esquire
Jager Smith
1 Financial Center
Boston, MA 02111

## TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                    DEADLINE

| | |
|---|---|
| Service of process made and return filed with the Court | 09/12/2004 |
| Response to the complaint filed (also see MRCP 12) | 11/11/2004 |
| All motions under MRCP 12, 19, and 20 filed | 11/11/2004 |
| All motions under MRCP 15 filed | 11/11/2004 |
| All discovery requests and depositions completed | 04/10/2005 |
| All motions under MRCP 56 served and heard | 05/10/2005 |
| Final pre-trial conference held and firm trial date set | 06/09/2005 |
| Case disposed | 08/08/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**.  You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session B sitting in CtRm 5 - 12th fl., 90 Devonshire St., Boston at Suffolk Superior Court.

Dated: 06/30/2004

Michael Joseph Donovan
Clerk of the Courts

BY: John F. Reveliotis
Assistant Clerk

Location: CtRm 5 - 12th fl., 90 Devonshire St., Boston
Telephone: 617-788-8141

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_2.wpd 2527286 inidoc01 russolis

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2592-B

Carolyn Mirek

_____ , Plaintiff(s)

v.

The Guardian Life Insurance Company of America
and Berkshire Life Insurance Company

_____ , Defendant(s)

## SUMMONS

The Guardian Life Insurance Company of America

**To the above-named Defendant:**

You are hereby summoned and required to serve upon Joanne D'Alcomo, Jager Smith, P.C.

plaintiff's attorney, whose address is One Financial Center, Boston, MA 02111 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Witness,** Suzanne V. DelVecchio, Esquire, at Boston, the 3rd _____ day of August _____, in the year of our Lord two thousand four _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 04-2592-B

Carolyn Mirek
_____ , Plaintiff(s)

v.

The Guardian Life Insurance Company of America
and Berkshire Life Insurance Company
_____ , Defendant(s)

## SUMMONS

Berkshire Life Insurance Company

To the above-named Defendant:

You are hereby summoned and required to serve upon Joanne D'Alcomo, Jager Smith, P.C.

plaintiff's attorney, whose address is One Financial Center, Boston, MA 02111 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the 3rd _____ day of August _____, in the year of our Lord two thousand four _____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED

(1) TORT – (2) MOTOR VEHICLE TORT – (3) CONTRACT – (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**EXHIBIT B**

## CERTIFICATE

Pursuant to Massachusetts General Laws Chapter 175, Section 19B, the Division of Insurance hereby certifies that, effective on the later to occur of (a) July 1, 2001, (b) the filing with the Office of the Secretary of State of the Commonwealth of Massachusetts of the written authorization to merge by the Massachusetts Division of Insurance, (c) the issuance by the Superintendent of the New York Insurance Department of the approval of the merger, and (d) the filing of the Amended and Restated Plan of Merger, dated as of August 31, 2000, and amended as of April 2, 2001, and this certificate with the County Clerk for New York County, Berkshire Life Insurance Company ("Berkshire"), a Massachusetts insurance company, shall merge with and into The Guardian Life Insurance Company of America ("The Guardian"), a New York domiciled life insurance company, pursuant to an Amended and Restated Agreement and Plan of Merger, dated as of August 31, 2000, and amended as of April 2, 2001 ("merger"). As a result of the merger, the corporate existence of Berkshire shall cease, and The Guardian, as the surviving corporation, shall succeed to all of the authority, privileges, immunities, powers, licenses, permits, and franchises of Berkshire, and shall be subject to all of the duties, liabilities, and obligations of Berkshire, and all property, real, personal and mixed, of Berkshire and all choses in action and every other interest of or belonging to Berkshire, shall vest in The Guardian and shall be deemed to have been transferred to and vested in The Guardian without any other deed or transfer, and simultaneously therewith The Guardian shall be deemed to have assumed all of the debts, duties, liabilities, and obligations of Berkshire.

IN WITNESS WHEREOF, We have hereunto set our hands and affixed the seal of this Division at the City of Boston, Commonwealth of Massachusetts this 26th day of June, A.D. 2001.

Michael T. Caljouw
Presiding Officer

Richard A. Cody
Presiding Officer