Suffolk Superior Civil Crt
04-2592

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

04-30166-KPN

| | |
|---|---|
| CAROLYN MIREK<br>    Plaintiff<br>vs.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and BERKSHIRE<br>LIFE INSURANCE COMPANY<br>    Defendant | ) Civil No. 04-30166-KPN<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

SUFFOLK SUPERIOR COURT
CIVIL CLERK'S OFFICE
FILED
AUG 2 9 2004
MICHAEL JOSEPH DONOVAN
CLERK OF COURT

CIVIL ACTION - NOTICE OF REMOVAL

PLEASE TAKE NOTICE that the undersigned attorneys for The Guardian Life Insurance Company of America ("Guardian") for itself and as successor in interest by merger to named defendant Berkshire Life Insurance Company ("Berkshire") petition this Honorable Court for an order pursuant to 28 U.S.C. 1441, et seq., removing to the United States District Court for the District of Massachusetts a matter instituted in Trial Court of the Commonwealth of Massachusetts, Superior Court Department of Massachusetts, Suffolk Division bearing Civil Action number 04-2592-B

PLEASE TAKE FURTHER NOTICE that in support of the within notice of removal, Guardian shall rely upon the certification of counsel and exhibits annexed thereto.

PLEASE TAKE FURTHER NOTICE that a copy of the within notice of removal and supporting certification of counsel have been filed with the Clerk of the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Suffolk County, thereby effecting removal pursuant to 28 U.S.C. § 1446(b).

PLEASE TAKE FURTHER NOTICE that by effecting removal of this civil action Guardian reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure including, without limitation, FED. R. CIV. P. 12.

HEREBY ATTEST AND CERTIFY ON
Sept. 7, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Asst. Clerk.

Attorneys for The Guardian Life
Insurance Company of America

By: _____
Edward K. Kimball, Esq.
David L. Kalib, Esq.
700 South Street
Pittsfield, MA 01201
413-499-4321

Dated: August 24, 2004

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN MIREK | ) | Civil No. _____ |
|     Plaintiff | ) | |
| vs. | ) | |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and BERKSHIRE | ) | |
| LIFE INSURANCE COMPANY | ) | |
|     Defendant | ) | |
| | ) | |
| | ) | |

CIVIL ACTION – CERTIFICATION OF COUNSEL

I, Edward K. Kimball, of full age, being duly sworn according to law and upon my oath depose and say:

1.    I am an attorney-at-law in the Commonwealth of Massachusetts and am an attorney for The Guardian Life Insurance Company of America ("Guardian"), in connection with this matter. As such, I am fully familiar with the facts and circumstances set forth herein and am authorized to submit this certification pursuant to 28 U.S.C. § 1446(a) providing a short and plain statement of the grounds for removal.

2.    To the best of my information and belief, on or about August 3, 2004, Carolyn Mirek ("Mirek") commenced this action with the filing of a complaint in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts, Suffolk Division, bearing civil action number 04-2592-B. On or about August 4, 2004

Mirek filed an amended complaint in this same action. Annexed hereto as Exhibit "A" is a copy of the complaint, the amended complaint, the tracking order and acknowledgment of service which constitutes all process, pleadings and/or orders served upon and/or received by Guardian to date within the meaning and intent of 28 U.S.C. § 1446(b).

3. Guardian accepted service of the summons, complaint and amended complaint on August 5, 2004. On August 5, 2004, Guardian first had knowledge of the institution of suit and of the basis for removal of this action upon first receipt of the documents annexed hereto as Exhibit "A". Removal is therefore timely under 28 U.S.C. § 1446(b) in that the filing of the within petition has occurred within thirty (30) days of purported service of the summons, complaint and amended complaint upon the named Defendant.

4. The Court's review of the amended complaint will reveal that Mirek alleges four (4) separate and distinct counts involving allegations with regard to a disability income insurance policy that Guardian and or Berkshire Life Insurance Company engaged in actions that constitute breach of contract, unfair and deceptive trade practices in violation of Conn. Gen. Stat. §42-110b et. seq., unfair insurance practices in violation of Conn. Gen. Stat. §38a-816, unfair and deceptive trade practices in violation of Mass. Gen. Laws ch. 93A. The Court's review of the amended complaint will further reveal that Mirek demands that judgment be entered in such amounts that the court will fully compensate Mirek for the wrongs alleged in the complaint. The Court's review of the complaint will further reveal that Mirek demands punitive damages and attorney's fees as permitted by Connecticut law, multiple damages and attorney's fees as permitted

by Massachusetts law and such other forms of relief and damages as this Court deems just and proper.

5. The amount in controversy between the parties exceeds the sum of $75,000.00, exclusive of interest and costs of suit within the meaning and intent of 28 U.S.C. §1332(a). The amended complaint seeks monthly benefits for total disability from March 27, 2002 through the present (30 months) under an individual disability income insurance policy with a monthly indemnity for total disability in the amount of $3,160.00. Thus the breach of contract count alone involves an amount in controversy of $94,800. In addition, Mirek has made a demand for $75,000.00 pursuant to Mass. Gen. c.93A §9. Thus the total amount in controversy easily exceeds the sum of $75,000.

6. At the time of the filing of the complaint and the within removal petition, the undersigned is informed and believes and on that basis so represents that Mirek maintained a primary residence located in South Windsor, Connecticut and is a citizen of the State of Connecticut within the meaning and intent of 28 U.S.C. § 1332.

7. At the time of the filing of the amended complaint and the within removal petition, named defendant Berkshire Life Insurance Company had ceased corporate existence as a direct result of Berkshire Life Insurance Company merging with and into The Guardian Life Insurance Company of America on July 1, 2001. (See Mass. Gen. L. Ch. 175 § 19B Certificate annexed hereto as Exhibit B). Named defendant Berkshire Life Insurance Company is thus not a citizen of any state within the meaning and intent of 28 U.S.C. § 1332.

8. At the time of the filing of the complaint and the within removal petition, Guardian is a mutual insurance company incorporated in the State of New York, where it

maintains its principal place of business located at 7 Hanover Square, New York, New York. Guardian is a citizen of the State of New York within the meaning and intent of 28 U.S.C. § 1332.

9. This Court maintains jurisdiction based upon diversity of citizenship of the within parties within the meaning and intent of 28 U.S.C. § 1332. Removal is therefore appropriate under 28 U.S.C. § 1441(a) and (b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Attorneys for The Guardian Life
Insurance Company of America

By: _____
Edward K. Kimball, Esq.
David L. Kalib, Esq.
700 South Street
Pittsfield, MA 01201
413-499-4321

Dated: August 24, 2004

4

CERTIFICATE

Pursuant to Massachusetts General Laws Chapter 175, Section 19B, the Division of Insurance hereby certifies that, effective on the later to occur of (a) July 1, 2001, (b) the filing with the Office of the Secretary of State of the Commonwealth of Massachusetts of the written authorization to merge by the Massachusetts Division of Insurance, (c) the issuance by the Superintendent of the New York Insurance Department of the approval of the merger, and (d) the filing of the Amended and Restated Plan of Merger, dated as of August 31, 2000, and amended as of April 2, 2001, and this certificate with the County Clerk for New York County, Berkshire Life Insurance Company ("Berkshire"), a Massachusetts insurance company, shall merge with and into The Guardian Life Insurance Company of America ("The Guardian"), a New York domiciled life insurance company, pursuant to an Amended and Restated Agreement and Plan of Merger, dated as of August 31, 2000, and amended as of April 2, 2001 ("merger"). As a result of the merger, the corporate existence of Berkshire shall cease, and The Guardian, as the surviving corporation, shall succeed to all of the authority, privileges, immunities, powers, licenses, permits, and franchises of Berkshire, and shall be subject to all of the duties, liabilities, and obligations of Berkshire, and all property, real, personal and mixed, of Berkshire and all choses in action and every other interest of or belonging to Berkshire, shall vest in The Guardian and shall be deemed to have been transferred to and vested in The Guardian without any other deed or transfer, and simultaneously therewith The Guardian shall be deemed to have assumed all of the debts, duties, liabilities, and obligations of Berkshire.

IN WITNESS WHEREOF, We have hereunto set our hands and affixed the seal of this Division at the City of Boston, Commonwealth of Massachusetts this 26th day of June, A.D. 2001.

Michael T. Caljouw
Presiding Officer

Richard A. Cody
Presiding Officer

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK ) | Civil No. _____ |
|     Plaintiff ) | |
| vs. ) | |
| ) | |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and BERKSHIRE ) | |
| LIFE INSURANCE COMPANY ) | |
|     Defendant ) | |
| ) | |
| ) | |

## CORPORATE DISCLOSURE STATEMENT

Defendant The Guardian Life Insurance Company of America ("Guardian") for itself and as successor in interest by merger to named defendant Berkshire Life Insurance Company ("Berkshire") and pursuant to Local Rule 7.3(A), files this disclosure of corporate interests.

Effective July 1, 2001 Berkshire and its subsidiaries Berkshire Equity Sales Inc., and Berkshire Management and Research Corporation merged into Guardian. On that same date, Berkshire ceased corporate existence as the direct result of said merger.

The Guardian has thirteen affiliated and/or subsidiary companies as follows: First Commonwealth Inc.; Guardian Asset Management Corporation; The Guardian Insurance & Annuity Company, Inc.; Guardian Investor Services Corporation; Guardian Reinsurance Services Corporation; the Guardian Trust Company, FSB; Innovative Underwriters Inc.; Managed Dental Care of California, LLC; Managed DentalGuard of Texas, Inc; Park Avenue Life Insurance Company; Park Avenue Securities, LLC; Guardian Baille Gifford Limited; and Berkshire Life Insurance Company of America.

                          Attorneys for The Guardian Life
                          Insurance Company of America

By: _____
                          Edward K. Kimball, Esq.
                          David L. Kalib, Esq.
                          700 South Street
                          Pittsfield, MA 01201
                          413-499-4321

Dated: August 24, 2004

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carolyn Mirek

### DEFENDANTS
The Guardian Life Insurance Company of America; Berkshire Life Insurance Comp

(b) County of Residence of First Listed Plaintiff: **Hartford County, CT**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **New York County,**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Joanne D'Alcomo   (617) 951-0500
Jager Smith PC
One Financial Center
Boston, MA   02111

Attorneys (If Known)
David L. Kalib, Edward K. Kimball
700 South Street
Pittsfield, MA 01201   (413) 499-4321

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | PERSONAL INJURY: ☐ 362 Personal Injury—Med. Malpractice ☐ 365 Personal Injury—Product Liability ☐ 368 Asbestos Personal Injury Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | PERSONAL PROPERTY: ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIW C/DIW W (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | CIVIL RIGHTS | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | PRISONER PETITIONS | | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence / Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Breach of Contract, Conn. Gen. Stat. Sec. 42-110b et seq., Mass. Gen. Laws ch. 93A

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ approx. $169,800
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE
DOCKET NUMBER

DATE: August 24, 2004
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)  Carolyn Mirek v. The Guardian Life Insurance Company of America.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.       for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).  N/A  One named party formerly resided in MA.
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐   Central Division ☐   Western Division ☒ (formerly)

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Edward K. Kimball
ADDRESS  700 South Street, Pittsfield, MA 01201
TELEPHONE NO.  (413) 395-4560

(Coversheetlocal.wpd - 10/17/02)

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss                                  Superior Court Department
                                             of the Trial Court

|  |  |
|---|---|
| CAROLYN MIREK ) | Civil Action No. 04-2592-B |
| Plaintiff ) |  |
| vs. ) |  |
| ) |  |
| THE GUARDIAN LIFE INSURANCE ) |  |
| COMPANY OF AMERICA and BERKSHIRE ) |  |
| LIFE INSURANCE COMPANY, ) |  |
| Defendants ) |  |
| ) |  |

**CIVIL ACTION - NOTICE OF NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. 1446(d) defendant The Guardian Life Insurance Company of America for itself and as successor in interest by merger to named defendant Berkshire Life Insurance Company hereby gives notice of its filing of the attached Notice of Removal of this action to the United States District Court for the District of Massachusetts. Accordingly, this Court may "proceed no further" with this action. 28 U.S.C. § 1446(d).

Attorneys for The Guardian Life
Insurance Company of America

By: _____
Edward K. Kimball, Esq.
David L. Kalib, Esq.
700 South Street
Pittsfield, MA 01201
413-499-4321


Dated: August 24, 2004

## CIVIL ACTION – CERTIFICATION OF MAILING

On August 24, 2004, I served true and accurate copies of the within Notice of Removal, Certification of Counsel, Corporate Disclosure Statement, Civil Cover Sheet, Local Category Form, and Notice of Notice of Removal upon the following via Overnight Delivery:

>Joanne D'Alcomo
>Jager Smith PC
>One Financial Center
>Boston MA 02111

>Post Office Square Courthouse
>Superior Court Department
>Civil Clerk's Office
>Attention: Samantha Leake – Case Coordinator
>Room 803
>90 Devonshire Street
>Boston, MA 02109

I HEREBY CERTIFY that all of the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

>Attorneys for The Guardian Life
>Insurance Company of America
>
>By: _____
>Edward K. Kimball, Esq.
>David L. Kalib, Esq.
>700 South Street
>Pittsfield, MA 01201
>413-499-4321

Dated: August 24, 2004