COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                                SUPERIOR COURT
                                                            DEPARTMENT
                                                            OF THE TRIAL COURT
                                                            CIVIL ACTION NO.

                                                            04-2592

CAROLYN MIREK,

       Plaintiff

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE COMPANY,

       Defendants

## COMPLAINT

1. The plaintiff Carolyn Mirek is a resident of South Windsor, Connecticut.

2. The defendant, The Guardian Life Insurance Company of America, (hereinafter "Guardian") is an insurance company writing disability policies, among other insurance products, incorporated in a state other than Massachusetts, doing business within the Commonwealth of Massachusetts, located in Boston, Suffolk County, and doing insurance business in the Commonwealth.

3. The defendant, Berkshire Life Insurance Company, (hereinafter "Berkshire") is a wholly-owned subsidiary of Guardian, with a principal place of business located in Pittsfield, Massachusetts.

### COUNT I
### Breach of Contract

4. In 1993, the defendant Guardian issued an "own occupation" disability insurance policy to the plaintiff which provided for the payment of monthly indemnity of twenty-five hundred ($2,500) dollars, providing for cost-of-living adjustments and for automatic increases in the monthly indemnity totaling eight hundred fifty ($850) dollars.

5. The policy defined for her the term "total disability" as meaning,

> because of sickness or injury, you are not able to perform the major duties of your occupation. Your occupation means the regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.
>
> You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation. If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

6. At all times material hereto, the plaintiff's specialty in dentistry was that of a dental hygienist.

7. While the policy was in full force and effect and all premiums paid, the plaintiff became so allergic to latex that she became unable to perform the major duties of her occupation and thus totally disabled within the meaning of the policy.

8. Upon information and belief, the defendant Berkshire had the responsibility of administering and processing the plaintiff's claim on behalf of the defendant Guardian.

9. The defendant Guardian or the defendant Berkshire, or both defendants, wrongfully, and in breach of the contract of insurance, denied the plaintiff's claim.

10. As a result of the defendants' breach of contract, the plaintiff has been deprived of the benefits to which she is entitled under the contract of insurance including monthly benefits and waiver of the premiums.

11. By their conduct, the defendants have repudiated the insurance contract with the plaintiff and, as a result, there is an anticipatory breach of the contract.

12. By their conduct, the defendants have committed a breach of the implied covenant and good faith and fair dealing in the insurance contract.

13. As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, reimbursement of her premiums, plus costs and interest and compensation for loss of use of the benefits, the present value of future benefits, and attorney's fees and costs and punitive damages.

## COUNT II
### Unfair and Deceptive Practices, (CUPTA), Conn. Gen. Stat. §42-110b et seq., and Unfair Insurance Practices (CUIPA), Conn. Gen. Stat. §38a-816

14. Plaintiff repeats and realleges paragraphs 1 through 13 of this Complaint as if fully set forth herein.

15. The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendants' contract and constituted, unfair claim settlement practices as defined in Conn. Gen. Stat. §38A-816(6), and unfair and deceptive practices.

16. In addition, the defendants committed the following unfair and deceptive practices and unfair claim settlement practices, among others:

    a. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim;

    b. Failing to honor the contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

    c. Failing to conduct a meaningful investigation of the claim;

    d. Denying the claim based on stated reasoning that is nonsensical or unsupportable;

    e. Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

    f. Refusing to pay the claim without conducting a reasonable investigation based on all available information

    g. Failing to affirm or deny coverage of the claim within a reasonable period of time

    h. Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear.

17. As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

   WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of

her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and punitive damages.

WHEREFORE, the plaintiff, Carolyn Mirek, seeks the following relief:

A. Damages in an amount to be determined by the court as adequate compensation for her losses;

B. Punitive damages and attorney's fees and costs in pursuing this action;

C. Such other forms of relief and damages as this Court deems just and proper.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

I HEREBY ATTEST AND CERTIFY ON
Sept. 7, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

Asst. Clerk.

PLAINTIFF CAROLYN MIREK
By her Attorneys,

Joanne D'Alcomo
BBO #544177
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

JS PCDocs #45971/1

4

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 04-2592-B | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Carolyn Mirek | | DEFENDANT(S) The Guardian Life Insurance Company of America and Berkshire Life Insurance Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Joanne D'Alcomo, JAGER SMITH P.C., One Financial Center, Boston, MA 02111  (617) 951-0500 Board of Bar Overseers number: 544177 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| A99 | Contract | ( F ) | ( X ) Yes   ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ................................................. $............
  2. Total Doctor expenses .................................................. $............
  3. Total chiropractic expenses ............................................ $............
  4. Total physical therapy expenses ....................................... $............
  5. Total other expenses (describe) ....................................... $............
                                                               Subtotal $............
B. Documented lost wages and compensation to date ........................... $............
C. Documented property damages to date ...................................... $............
D. Reasonably anticipated future medical and hospital expenses ............... $............
E. Reasonably anticipated lost wages ........................................ $............
F. Other documented items of damages (describe) ............................. $............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
                                                               $............
                                                               TOTAL $............

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
  Plaintiff has disability insurance policy, and made claim based on total disability. Defendants have denied the claim.

                                                               TOTAL $.500,000+....

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 6/14/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

HEREBY ATTEST AND CERTIFY ON Sept. 7, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

_____
Asst. Clerk.