UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAROLYN MIREK | ) | Civil Action No. 04-30166-KPN |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and BERKSHIRE | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| Defendants | ) | |
| | ) | |

## MOTION TO DISMISS

Defendant Guardian Life Insurance Company of America for itself and as successor by merger to Berkshire Life Insurance Company hereby moves this Court for an order dismissing certain causes of action of the amended complaint with prejudice. In support of this motion Defendant Guardian Life Insurance Company of America submits the attached Memorandum of Law.

REQUEST FOR ORAL ARGUMENT

I hereby certify that counsel for the parties have conferred and attempted in good faith to resolve or narrow the issue or issues but were unable to agree on the allowance of this motion.

Respectfully Submitted,

The Guardian Life Insurance Company of America for itself and as successor by merger to Berkshire Life Insurance Company

By its attorneys,

By: _____
      Edward K. Kimball, Esq.
      David L. Kalib, Esq.
      700 South Street
      Pittsfield, MA  01201
      (413) 499-4321

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN MIREK | ) | Civil Action No. 04-30166-KPN |
| Plaintiff | ) | |
| v. | ) | |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and BERKSHIRE | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| Defendants | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS**

# TABLE OF CONTENTS

Page No.

TABLE OF AUTHORITIES                          iii

INTRODUCTION                                  1

PARTIES                                       1

PROCEDURAL BACKGROUND                         2

FACTS                                         2

LEGAL ARGUMENT                                5

CONCLUSION                                    15

## TABLE OF AUTHORITIES

**Page No.**

### Cases

Bushkin Associates, Inc. v. Raytheon Co.,
393 Mass. 622 (1985))                                                    11, 12

Crellin Techs., Inc. v. Equipmentlease Corp.,
18 F.3d 1(1st. Cir. 1994).                                                   5

Gore v. Colonial Penn Ins. Company,
2004 U.S. Dist. LEXIS 18691 (D.Conn. 2004).                                 8

Klaxon Co. v. Stentor Elec. Mfg. Co.,
313 U.S. 487. 496 (1941)                                                    6

Mead v. Burns,
199 Conn. 651, 657, 509 A.2d 11 (1986);                                     8

Millipore Corp. v. Travelers Indem. Co.
115 F.3d 21, 29 (1st Cir. 1997)                                           6, 12

Ming –Shui Hung, et al., v. G.K. Hall & Co., G.K. Hall & Corp.,
1986 U.S. Dist. LEXIS 16468, *3 (D.Mass 1986).                              14

Reicher v. Berkshire Life Insurance Company of America,
360 F.3d 1, 507 (1st. cir. 2004).                                          11

Spurlin v. Merchants Ins. Co.
57 F.3d 9, 10 (1st. Cir. 1995)                                              6

Thomas v. Metropolitan Life Ins. Co.,
40 F.3d 505, 511 (1st. Cir. 1994).                                          9

## <u>Statutes Rules & Other Authorities</u>

|  | Page No. |
|---|---|
| Conn. Gen Stat. §38a-816 | 4 |
| Conn. Gen. Stat. § 38a-469(5) | 10 |
| Conn. Gen. Stat. § 38a-481(a) | 10 |
| Conn. Gen. Stat. § 38a-483 (9) | 10 |
| Conn. Gen. Stat. § 38a-702b | 11 |
| Conn. Gen. Stat. §42-110b et. seq | 4 |
| Fed R. Civ. P. 12(b)(6) | 5, 13,15 |
| Fed. R. Civ. P. 12(b)(2) 15 | 5, 15 |
| MGLA c. 93A | passim |
| MGLA c. 176D | passim |
| Mass. G.L. c. 175 § 19B | 15 |
| Mass. Gen. Laws ch. 156B §79 | 15 |
| Mass. Gen. Laws ch. 156B §102 | 15 |
| Restatement (Second) Conflict of Laws § 6(2) (1971) | 11 |
| Restatement (Second) Conflict of Laws § 6(2) (1971). | 12 |

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CAROLYN MIREK | ) | Civil Action No. 04-30166-KPN |
| Plaintiff | ) | |
| v. | ) | |
|  | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and BERKSHIRE | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| Defendants | ) | |
|  | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO DISMISS

### I.    INTRODUCTION

This case arises out of a dispute regarding whether Plaintiff is totally disabled in accordance with the terms and conditions of an individual disability income insurance policy.

### II.    PARTIES

Plaintiff Carolyn Mirek (hereinafter "Plaintiff") is a resident of South Windsor, Connecticut. Defendant The Guardian Life Insurance Company of America (hereinafter "Guardian") is a mutual life insurance company incorporated in the State of New York with its principal place of business located at 7 Hanover Square, New York, New York.

Named defendant Berkshire Life Insurance Company (hereinafter "BLICO") is a nonexistent entity that was dissolved pursuant to merger with Guardian in 2001.[1]

## III.  PROCEDURAL BACKGROUND

On June 14, 2004, Plaintiff commenced this action by filing a complaint in the Suffolk Superior Court Department (attached hereto as Exhibit A).  On July 26, 2004, Plaintiff filed an amended complaint in this action (attached hereto as Exhibit B).   On August 5, 2004, service was accepted and on August 25, 2004, this matter was removed in a timely manner pursuant to 28 U.S.C. 1441.  On September 8, 2004 this Court granted DEFENDANTS' ASSENTED TO MOTION TO ENLARGE TIME TO ANSWER, MOVE OR OTHERWISE RESPOND until September 30, 2004.

## IV.  FACTS

### A.    The Policy and the Claim

At all times referenced herein Plaintiff was and is a resident of Connecticut.  On February 15, 2003, Plaintiff applied to Guardian for disability income insurance policy no. G723670 (hereinafter "Policy") (attached hereto as Exhibit C).  On March 19, 1993 Guardian issued the Policy and on March 25, 2003 the Policy was delivered to Plaintiff by Robert Prestileo, a Connecticut licensed disability insurance agent.

---

[1] On July 1, 2001, Guardian became the successor in interest by merger to Berkshire Life Insurance Company (hereinafter "Berkshire").  As of July 1, 2001 all former Berkshire policies became Guardian policies and all former Berkshire policyowners became Guardian policyowners.

At the time of issuance and delivery the Policy satisfied Connecticut's standards for disability income coverage. The Policy also contains the Connecticut Statutory Rider and the Policy states as follows:

> Any provision of this policy which, on the date of issue is in conflict with the laws of the state in which you reside on such date is hereby amended to conform to the minimum requirements of such laws.

On January 9, 2002, Plaintiff notified Guardian and Guardian's third party administrator for individual disability insurance claims  - Berkshire Life Insurance Company of America ("Berkshire") that she wished to make a claim for benefits under the Policy.   On or about February 18. 2002, Plaintiff submitted initial claim forms claiming that she was totally unable to perform the major duties of a registered dental hygienist based on a latex allergy and carpal tunnel syndrome.

Approximately four months after the submission of initial claim forms Berkshire informed Plaintiff that she had not presented a compensable claim for total disability benefits under the Policy because the documentation provided and obtained during the claim investigation did not substantiate a finding that Plaintiff was unable to perform the major duties of her occupation due to injury or sickness.  Subsequent claims and medical review confirmed the finding that benefits were not payable based on the proof of loss information presented.

Approximately two years after the denial of her claim for benefits under the Policy, Plaintiff initiated the present action seeking damages pursuant to numerous legal theories for said denial.

3

**B.    The Complaint, The 93A Claim, and the Amended Complaint**

On or about June 14, 2004 Plaintiff commenced this action by filing a complaint

the Suffolk Superior Court Department.  The complaint names Guardian and BLICO as

defendants and alleges in Count I that Guardian and/or BLICO breached a contract with

Plaintiff.  Count II of the complaint alleges that Guardian and/or BLICO are liable for

damages to Plaintiff as a result of alleged unfair and deceptive practices and unfair claim

settlement practices pursuant to Conn. Gen. Stat. §42-110b et. seq. (hereinafter

"CUTPA") and Conn. Gen Stat. §38a-816 (hereinafter "CUIPA").

On or about June 14, 2003 Plaintiff caused a demand letter ("Demand Letter") to

be sent to Berkshire pursuant to Mass. Gen Laws. ch. 93A §9 (hereinafter "Chapter

93A") (attached hereto as Exhibit D).  On or about July 9, 2004 Berkshire responded to

said Demand Letter by denying that Massachusetts law governed any dispute between the

parties and by refuting that Berkshire or Guardian had engaged in any unfair or deceptive

acts or practices (attached hereto as Exhibit E).

On or about July 26, 2004 Plaintiff caused an amended complaint to be filed in

the Suffolk Superior Court Department.   The amended complaint is essentially

duplicative of the original complaint in this matter except that the amended complaint

adds two additional counts against BLICO (Count III) and Guardian (Count IV) for

alleging unfair and deceptive practices and unfair settlement practices against BLICO and

Guardian pursuant to Mass. Gen. Laws ch. 176D 3(9) et seq. and Mass. Gen. Laws ch.

93A.

## V.    LEGAL ARGUMENT

This Motion to Dismiss is made upon two grounds. First and foremost, Counts III

and IV of the amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b) 6

because both of those counts fail to state a claim upon which relief may be granted.

Secondly, all the counts in the amended complaint should be dismissed as to BLICO

because BLICO doesn't exist as a legal entity capable of being sued and therefore the

Counts against BLICO be dismissed pursuant to Fed. R. Civ. P. 12(b) 6 or alternatively

pursuant to Fed. R. Civ. P. 12(b) 2

> **A.    Choice of Law Analysis Mandates the Dismissal of the Massachusetts
> Statutory Actions in Counts III and IV of the Amended Complaint
> Because those Counts Fail To State a Claim Upon Which Relief May
> Be Granted.**

The posture and the key to resolution of this motion to dismiss are familiar in this

jurisdiction. See Crellin Techs., Inc. v. Equipmentlease Corp., 18 F.3d 1(1st. Cir. 1994).

This matter is similar to the facts presented in Crellin because this case concerns a non-

Massachusetts plaintiff seeking damages for alleged Chapter 93A violations. Id. at 2-6.

In Crellin, the First Circuit Court of Appeals determined that Rhode Island law governed

the Chapter 93A claims because Rhode Island had a more significant interest in the

dispute. Id. at 41-43. Similarly, the Chapter 93A claims alleged here are not actionable

because Connecticut law governs these insurance benefits disputes arising from the

Policy.

Connecticut has a significantly greater interest in regulating the insurance claims

disputes of Connecticut consumers for insurance policies governed by Connecticut law

that are issued by Connecticut licensed insurers and placed by Connecticut licensed

insurance producers.   Because Connecticut law governs with respect to the Policy and
any claims that arise therefrom, Counts III and IV alleging Massachusetts statutory
causes of action must be dismissed for failure to state a claim upon which relief may be
granted pursuant to Fed. R. Civ. P. 12 (b) (6).

Where federal jurisdiction is based on diversity, the court applies the substantive
law of the forum state including the choice-of-law framework of the forum state. See
Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 491, 61 S. Ct. 1020 (1941); Spurlin
v. Merchants Ins. Co. 57 F.3d 9, 10 (1st. Cir. 1995).   In this case the choice is between
Massachusetts (former residence of BLICO) and Connecticut (residence of Plaintiff).
The application of Massachusetts choice of law analysis will inexorably lead this Court to
the correct conclusion that Connecticut law governs the Policy benefits disputes at issue
in this litigation.

> **1.     There is a Conflict of Substantive Law Between Connecticut
> and Massachusetts as to the Enforcement of Regulations
> Regarding Unfair Insurance Claims Settlement Practices.**

The first step in choice of law analysis is determining whether a conflict of law
exists between the substantive laws of the interested jurisdictions.   Millipore Corp. v.
Travelers Indem. Co. 115 F.3d 21, 29 (1st Cir. 1997).  The allegations in the amended
complaint refer to both Massachusetts law and Connecticut law.    Chapter 93A and
CUTPA were created to serve basically similar functions, however there has been and
there continues to be a substantial conflict between the consumer protection laws of
Connecticut and Massachusetts as they relate to claims of unfair insurance claims
settlement practices such as the claims at issue in this particular litigation.

A substantial and meaningful conflict of law exists here for purposes of choice of law analysis. The substantive laws of Massachusetts and Connecticut prohibit unfair insurance claims settlement practices in different ways.  In the case at bar, these differences were apparently deemed to be substantial enough to entice Plaintiff to file suit in Massachusetts and cause the Demand Letter to be issued in hopes that Massachusetts law and specifically Chapter 93A governed despite the fact that Plaintiff resides in Connecticut, purchased and paid premium on the Policy in Connecticut and regardless of the fact that the Policy explicitly references governance under Connecticut law.

### a.  A single insurance claim violation triggers Chapter 93A whereas CUTPA requires a general business purpose.

Chapter 93A prohibits unfair or deceptive acts or practices in the conduct of any trade or commerce and enables consumers to bring private causes of action to recover damages that in some instances may specifically include double or treble damages, attorneys' fees and costs. Mass. Gen. Laws ch. 93A § 9 (3)(A) (2003). In the context of insurance, Massachusetts law defines specific acts and omissions as unfair claims settlement practices and enables certain persons to recover for those violations under Chapter 93A § 9 pursuant to a private right of action. Mass. Gen. Laws Ch. 176D § 3(9); Mass. Gen. Laws Ch. 93A § 9 (2003).  Under Chapter 93A the allegation of one or more unfair claims settlement practices by an insurer in violation of Mass. Gen Laws. ch. 176D in connection with even a single claim under a single isolated insurance policy is actionable. See Mass. Gen. Laws ch. 93A § 9 (1) (2003).  Furthermore there is no requirement under Chapter 93A and the cases interpreting Chapter 93A that a plaintiff

must demonstrate that a defendant insurer's deceptive claims handling practices were committed with such regularity as to indicate a general business practice.

In contrast, the substantive law of Connecticut with respect to unfair insurance claims settlement practices does not allow a plaintiff to sustain a private right of action for unfair insurance claims settlement practices unless, among other things, the defendant insurer has committed the alleged wrongful acts with such frequency as to indicate a general business practice. See Mead v. Burns, 199 Conn. 651, 657, 509 A.2d 11 (1986); Gore v. Colonial Penn Ins. Company, 2004 U.S. Dist. LEXIS 18691 (D.Conn. 2004). This Connecticut requirement that an insurer can only be liable under CUTPA for an insurance claims practice that occurs with such frequency so as to constitute a general business practice constitutes major and substantial difference from the requirements of an unfair insurance claims settlement practices action that is brought pursuant to Chapter 93A.

### b. Only Chapter 93A provides for double and treble damages

An additional substantial difference between Chapter 93A and CUTPA concerns damages. Chapter 93A allows for a private right of action to recover double or trebles damages, attorneys fees and costs. Mass. Gen. Laws ch. 93A § 9 (3) (A) (2003). In contrast CUTPA does not provide for double or treble damages and in fact only provides for actual damages for ascertainable loss and discretionary punitive damages. Conn. Gen. Stat. 42-110g(a).

There is a substantive conflict of law between Massachusetts and Connecticut as to consumer protection actions for unfair insurance claims practices. This conflict involves not only what is required in order to satisfy a claim for unfair insurance

practices, but also and perhaps more importantly, the damages that can be assessed against an insurer. In the case at bar in particular – this is a tremendous difference. It is more difficult to prove a claim for unfair insurance claim practices under Connecticut law and the statutory damages available under CUTPA are less than are available under Chapter 93A. This substantial conflict of law between Massachusetts and Connecticut compels this Court to make a determination as to which state's law is applicable to the insurance claims at issue.

2.    <strong>Connecticut Law Governs the Policy</strong>

It is useful for the Court to determine at the outset of this choice of law analysis that Connecticut law governs the Policy. This is so because where benefits are denied under an insurance policy that is not governed by Massachusetts law, it is "questionable" at best whether any resultant claims can be maintained under Chapter 93A since the purported Chapter 93A claims arise from a contract governed by a state other than Massachusetts. Thomas v. Metropolitan Life Ins. Co., 40 F.3d 505, 511 (1st. Cir. 1994). The 1st. Circuit Court's pointed observation in Thomas, speaks directly to the choice of law issue in this case. In Thomas, the Court did not need to determine whether the denial of benefits under a non-Massachusetts insurance policy may give rise to a legally sustainable Chapter 93A claim. Id.    However, since the Policy here is governed by Connecticut law, it is at best questionable whether Plaintiff's claims could be viable under Chapter 93A. Connecticut statutory law and the language of the Policy confirm the fact that Connecticut law governs the Policy.

9

## a. Connecticut Statutory Law and the Policy Language dictate that Connecticut Law Governs The Policy.

The Policy at issue in this case is the product of rigorous regulation by the State of Connecticut that, when considered in totality as a concerted regulatory framework expressing a specific regulatory intent, requires a finding by this Court that Connecticut Law governs the Policy. Under Connecticut law, "health insurance" is a defined term that specifically includes disability income insurance coverage such as the type of coverage provided by the Policy at issue. Conn. Gen. Stat. § 38a-469(5) (2003). Connecticut law prohibits the delivery or issuance to any person in Connecticut (such as Plaintiff) of any health insurance policy (such as the Policy) unless a copy of that policy form has been reviewed and endorsed by the Commissioner of the Connecticut Department of Insurance to ensure that said policy form satisfies the applicable requirements of Connecticut law. Conn. Gen. Stat. § 38a-481(a) (2003).

Furthermore, Connecticut law requires that the Policy at issue, and in fact all individual health insurance policies delivered or issued for delivery to any person in Connecticut (such as Plaintiff) contain the following language:

> CONFORMITY WITH STATE STATUTES: Any provision of this policy which, on its effective date, is in conflict with the statutes of the state in which the insured resides on such date is hereby amended to conform to the minimum requirements of such statutes.

Conn. Gen. Stat. § 38a-483 (9). The Policy was issued to Plaintiff in Connecticut and the Policy contains the aforementioned statutorily required language. Moreover, the Policy also contains the Connecticut Statutory Rider and an explicit statement on the cover of the Policy as to meeting Connecticut's standards for such policies. Lastly, Connecticut law requires that no policy of insurance can be solicited, negotiated, sold or

10

delivered in Connecticut unless the insurance producer is licensed pursuant to the laws of the State of Connecticut. Conn. Gen. Stat. § 38a-702b (2003). In this case Guardian drafted the policy form at issue pursuant to Connecticut law - a Connecticut licensed insurance company. The policy form was approved for issuance and delivery to the Plaintiff in Connecticut. A Connecticut licensed producer delivered the Policy to Plaintiff in Connecticut. The laws of Connecticut govern every aspect of this Policy and it is questionable at best whether a claim that arises from a Connecticut insurance contract can somehow cross state lines and become a Chapter 93A claim.

### 3.     Massachusetts Choice of Law Analysis Compels a Finding that Connecticut Law Governs Claims Arising Under The Policy

Under Massachusetts law, the determination as to what law governs the Policies is informed by a "functional choice-of-law approach that responds to the interests of the parties, the States involved, and the interstate system as a whole." Bushkin Associates Inc. v. Raytheon Co., 362 Mass. 622, 631, 473 N.E.2d 662, 668 (Mass. 1985). A non Massachusetts resident's allegations of Chapter 93A claims arising from a non Massachusetts insurance policy has recently resulted in a finding that Massachusetts law does not govern such claims. See Reicher v. Berkshire Life Insurance Company of America, 360 F.3d 1, 507 (1st. cir. 2004).

The same basic functional choice of law factors that were present in the Reicher matter are present in this case. Those factors that are relevant to the choice of the applicable rule of law include: "(a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the

protection of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied." Restatement (Second) Conflict of Laws § 6(2) (1971).    In addition the Massachusetts Supreme Judicial Court has stated that is "free...to borrow from any of the various lists to help focus...attention on the considerations particularly relevant to the case." Millpore at 30 (quoting    Bushkin Associates, 473 N.E.2d at 670).

Application of these factors overwhelmingly dictates that Connecticut Law should govern the disputes that arise from the Policy (such as Counts III and IV of the amended complaint) because Connecticut has a far greater interest than Massachusetts in having Connecticut laws govern disputes arising from the Policy, which is itself, a product regulated by Connecticut law.    The interests of the parties, the states involved and the interstate system are best served by the application of Connecticut law as to the Policy and the claims arising thereunder.

The specific choice of law factors strongly favoring Connecticut governing this dispute include the following:

Plaintiff is domiciled in Connecticut.    The Policy was approved by the Connecticut Insurance Commissioner pursuant to Connecticut laws.    The Policy was solicited, sold and delivered to Plaintiff in Connecticut.    The Policy contains the Connecticut Statutory Rider and explicit language referencing compliance with Connecticut standards for such policies. Plaintiff paid premiums on the Policy in Connecticut. Guardian is licensed as an insurer by Connecticut. Connecticut insurance laws require that the Policy be issued and administered in conformity with Connecticut

laws. Connecticut insurance laws in and of themselves constitute an explicit public policy statement by Connecticut of that state's intention to protect Connecticut insurance consumers from the application of the laws of other jurisdictions to the Policy and to promote the uniform and predictable system for the adjudication of insurance disputes as to this Policy and all policies issued and delivered pursuant to Connecticut laws. The interests of the parties, the states involved and the interstate system as a whole compel this Court to find that Connecticut law governs the Policy and the claims arising under the Policy.

In light of the foregoing analysis it is clear that the only reasonable choice of law conclusion here is overwhelmingly that Connecticut law governs this Policy and claims arising under this Policy.

4.    **Counts III and IV should be Dismissed Because Connecticut Law Does Not Apply Chapter 93A to Insurance Policies Governed By Connecticut Law.**

The Chapter 93A claims as set forth in the amended complaint are entirely based upon Massachusetts statutory law. Defendant has found no legal authority in support of the proposition that Connecticut law applies Chapter 93A to insurance disputes governed by Connecticut law. Since Connecticut law governs the insurance disputes arising out of the Policy at issue in this litigation, Counts  III and IV of the complaint should be dismissed pursuant to Fed. R. Proc 12b(6) because both Counts III and IV fail to state a claim upon which relief may be granted.

13

**B.**    **All Counts in the Amended Complaint Must be Dismissed as to BLICO Because BLICO is Dissolved and Guardian is the Successor by Merger.**

On July 1, 2001 Guardian and BLICO merged and BLICO ceased to exist. Said merger was approved and certified by the Commonwealth of Massachusetts Division of Insurance pursuant to Mass. G.L. c. 175 § 19B. (See copy of Certificate attached hereto as Exhibit F). As of July 1, 2001 all debts, duties, liabilities, and obligations of BLICO were assumed by and vested in Guardian.

Litigation involving a corporation that has ceased to exist by virtue of merger involving domestic and foreign corporations is governed by Mass. Gen. Laws ch. 156B §79, and is not governed by Mass. Gen. Laws ch. 156B §102. Ming –Shui Hung, et al., v. G.K. Hall & Co., G.K. Hall & Corp., 1986 U.S. Dist. LEXIS 16468, *3 (D.Mass 1986). In Ming-Shui Hung, the Court reasoned that the purpose of §102 is to provide a remedy to creditors in the situation where a corporation goes completely out of existence but that §102 does not apply to entities dissolved by virtue of a merger because there is a separate statute which deals with the effect of mergers on corporate liability. Id. at *4.   Even if §102 did apply the three year corporate half life for dissolved entities expired as to BLICO on July 1, 2004.

In Ming-Shui Hung the Court dismissed the action because the named defendants had ceased to exist by virtue of a merger (no longer capable of defending a lawsuit) and because the corporate successor maintained its' principal place of business in the same state where three of the plaintiffs resided and thus complete diversity did not exist for the Court to exercise subject matter jurisdiction. Id. Here BLICO was dissolved by the July

1, 2001 merger and Guardian is the successor by merger to any and all of BLICO's debts, duties, liabilities, and obligations.

As a dissolved entity, BLICO has no ability to sue or be sued. Therefore this action must be dismissed as to BLICO in light of the foregoing discussion and pursuant to Fed. R. Civ. P. 12 (b) 6 because none of the counts in the amended complaint state a claim against BLICO upon which relief may be granted. Alternatively this action must be dismissed as to BLICO pursuant to Fed. R. Civ. P. 12(b) 2 because there is no personal jurisdiction over a non-existent entity.


**VI.    CONCLUSION**

For the foregoing reasons, defendants respectfully request this honorable court to allow this motion to dismiss as to Counts III and IV of the amended complaint and as to BLICO.

I hereby certify that the parties have conferred and attempted in good faith to resolve or narrow the issue or issues.

Respectfully Submitted,

The Guardian Life Insurance Company of America for itself and as successor by merger to Berkshire Life Insurance Company

By its attorneys,

By: _____
    Edward K. Kimball, Esq.
    David L. Kalib, Esq.
    700 South Street
    Pittsfield, MA 01201
    (413) 499-4321

## Certificate of Service

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on September 30, 2004.

_____
Edward K. Kimball