

**Berkshire**

Berkshire Life
Insurance Company of America

October 2, 2002

Carolyn Mirek
48 Sele Drive
South Windsor, CT 06074

        Re: Policy#: G723670
          Claim#: 391131

Dear Ms. Mirek:

We have received the letter that you forwarded to our office from Dr. Bedard regarding your disability claim.

We are in the process of reviewing the letter and will notify you as soon as this information has been evaluated.

If you should require any additional information in the interim, please do not hesitate to contact me at 1(800) 933-3302 or (610) 807-8738.

Sincerely,

Kevin T. Kvederas
Disability Claims Specialist
Claims Management Services

Cc: File

E



**Berkshire Life
Insurance Company of America**

November 21, 2002

Carolyn Mirek
48 Sele Drive
South Windsor, CT  06074

                    Re: Policy#: G723670
                         Claim#: 391131

Dear Ms. Mirek:

We are writing you regarding your claim for disability benefits under the above policy.

As you are aware, we received the letter from Dr. Robert Bedard dated September 15, 2002 regarding your claim for disability benefits. We forwarded a copy of the letter to Dr. Harold Axe, an Allergist and Immunologist, for his comments on the letter that Dr. Bedard provided.

Dr. Axe has stated that he does not feel Dr. Bedard's letter has provided any additional information regarding your medical condition that would change the opinion he previously rendered regarding your claim for disability. In summary, he does not feel that you are totally disabled based on the information submitted to date as well as the letter from Dr. Bedard.

Therefore, based on the information received to date, we must affirm our previous denial of your clam for disability benefits under your policy. We are forwarding a copy of Dr. Axe's response to Dr. Bedard for any additional comments or information he may wish to provide.

In the interim, should you have any additional information of which we are unaware, please submit it for our review. If you have any questions, please do not hesitate to contact me at 1(800) 933-3302 or (610) 807-8738.

Sincerely,

Kevin T. Kvederas
Disability Claims Specialist
Claims Management Services

Cc: File

Case 3:04-cv-30166-RGS    Document 10-2    Filed 11/04/2004    Page 4 of 20

**Berkshire Life Insurance Company of America**
700 South Street
Pittsfield, Massachusetts 01201

Berkshire Life Insurance Company of America
is a subsidiary of and Administrator for
The Guardian Life Insurance Company of America, NY, NY

**PROGRESS REPORT**
**ACCIDENT (INJURY) OR SICKNESS**
For Assistance, Call Us Toll Free At 1-888-275-7473

## Claimant's Statement

Name: Carolyn Mirek    Policy #: G723670    Claim #: 391131

*Please answer every question completely. Incomplete forms or non-responsive answers (i.e., not applicable) cannot be accepted and may cause delays in the processing of your claim.*

Having previously given Notice of Disability commencing on **Dec 27, 2001**, I hereby submit the following facts:

1. Because of my sickness or injury only, I am at this time: (choose a, b or c)
   a) ☒ completely unable to work **as a dental hygienist**
   b) ☐ partially unable to work
   c) ☐ no longer claiming benefits, effective _____ (date)

2. Please describe how your condition has changed since the last report: **My health has improved since I am not getting the occupational exposure to latex. I am no longer having asthma every day.**

3. Since the last report I filed, my time has been occupied as follows (outline all activities you have engaged in) **Sales of dental supplies — working out of my home and making sales calls to offices on a limited basis.**

4. Since the last report I filed, I have been at my place of business as follows (list all dates, length of visit and purpose) **Burton-Cyker Dental Supply, Inc. 1/3/02 – Present**

5. Since the last report I filed, I have performed the following duties in any work activity (include all profit and not for profit activities) **Designing and selling window treatments.**

6. Since the last report I filed, I have resided at the following address(es) (list all) **48 Sele Drive, South Windsor, CT 06074**

7. Since the last report I filed, I have been seen by the following medical practitioners: (list all and date(s) seen) **Dr. Velisse Viruet MD – Wed. Feb 13, 2002    Dr. Robert Frediani 1-23-02    Srima L Nissanka, LCSW April 16, 2002 + April 23, 2002**

8. I have been hospital confined since date of last report  ☐ Yes  ☒ No
   If yes, provide name and address of hospital and dates of confinement _____

9. My phone number is **(860) 644-9604    cell=(860) 729-3806**

10. Status of other benefits:

| | Applied | Receiving | Date Approved | Amount | Denied |
|---|---|---|---|---|---|
| Social Security Disability | ☐ | ☐ | | | ☐ |
| Social Security Retirement | ☐ | ☐ | | | ☐ |
| Workers' Compensation | ☐ | ☐ | | | ☐ |
| Other _____ | ☐ | ☐ | | | ☐ |

I declare that all answers, statements and information made or given by me, or at my direction, in connection with this claim are and have been complete and true. I further understand Berkshire Life Insurance Company of America or its representative(s) may request from time to time any documents which I have in my possession, supporting this statement, and I hereby agree to furnish them upon request.

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, may be committing a fraudulent insurance act, which is a crime and subject to criminal prosecution, substantial civil penalty and the stated value of the claim for each such violation.

Signature: *Carolyn J Mirek*    Date: 5-29-02

**Please give this form to your physician to complete the reverse side**

1232-6-2001

## Attending Physician's Statement

Patient's Name: Carolyn Mirek

1. Conditions causing work impairment: _latex allergy - manifesting in allergic rhinoconjunctivitis_
   _angioedema and asthma_

2. Dates of treatment (please list all dates since last report and place of service)
   _I am unsure when last report was - hospital Jan 2002_
   _last visit 1/23/02_

3. Is patient still under your care for this condition? ☒ Yes ☐ No    Discharge date _____

4. Is the patient prevented from working presently as a result of the medical conditions described above?
   ☒ Yes ☐ No

5. If yes, is the patient: (choose a or b)
   a) ☒ completely unable to work _in her profession_
   b) ☐ partially unable to work

6. Since the filing of the last report, the following restrictions to the patient's activities have been added / removed.
   _No changes - needs to follow careful latex avoidance_

7. Are there any other reasons preventing the patient from working? _No_

8. Please describe any changes in the patient's medical condition and work capabilities since the last report given:
   _None_

9. Prognosis for return to work    ☐ 1-3 months    ☐ 3-6 months    ☐ 6-12 months    ☒ more than 12 months _indefinite_

10. Is the patient competent to endorse checks and direct the use and proceeds thereof? ☒ Yes ☐ No

Remarks:

Physician's Name (print): _K.M. Bedard_
Street address: _836 Farmington_
City: _West Hartford CT 06119_
State & Zip Code:

Signature: _K.M. Bedard MD_
Date: _4/3/02_
Telephone #: _860-732-9911_
Best time to call:

**FOR YOUR PROTECTION, STATE LAWS REQUIRE THE FOLLOWING STATEMENT TO APPEAR ON THIS FORM:** Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, may be committing a fraudulent insurance act, which is a crime and subject to criminal prosecution, substantial civil penalty and the stated value of the claim for each such violation.

_home # 644-9604_
_Carolyn Mirek -_

**CAROLYN T. MIREK**
**48 Sele Drive**
**South Windsor, CT 06074**
**860-644-9604**
**Fax 860-644-6391**

# Facsimile transmittal

| | | | |
|---|---|---|---|
| To: | Atty. Albert Zabin | Fax: | (617) 722-0286 |
| From: | Carolyn T. Mirek | Date: | 4/23/02 |
| Re: | Progress report from allergist for disability insurance. | | |
| Pages: | 2 | | |

Urgent x For Review ☐ Please Comment Please Reply ☐ Please Recycle

Thank you.

Sincerely,

Carolyn T. Mirek

Carolyn Mirek

G

**Berkshire Life Insurance Company of America**
700 South Street
Pittsfield, Massachusetts 01201

*Berkshire Life Insurance Company of America is a subsidiary of and Administrator for The Guardian Life Insurance Company of America, NY, NY*

Page 6 of 6

## ATTENDING PHYSICIAN'S STATEMENT
For Assistance, Call Toll Free 1-888-275-7473

### Part A — To Be Completed By Insured

| Insured's Name and Address | Policy No. | Date of Birth | Social Security No. |
|---|---|---|---|
| Carolyn T. Mirek | G723670 | 9-21-63 | 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 |

### Part B — Attending Physician's Statement
(to be completed by physician for person identified in Part A)

1. Date symptoms first appeared or injury occurred __Working 1999 June__
2. Has patient ever had same or similar condition?  ☒ Yes  ☐ No   Hand dermatitis in '92 April – not yet
3. Date patient first consulted you for this condition __evident latex allergy June 99__   No respiratory
4. Referring physician __Ø__   symptoms c use
5. History presented at initial visit __worsened congestion/cough/wheeze at work__
6. Height __63"__   Weight __135 lb__
7. Current diagnosis(es) (include ICDA*/DSM IV diagnosis code) __latex allergy, Allergic Asthma, Seasonal/Perennial allergic rhinitis__
8. Have you ever treated this individual for any other conditions?  ☒ Yes  ☐ No  (If yes, state when and describe) __Asthma/Seasonal/Perennial rhinitis since 1997__
9. Is condition due to injury or sickness arising out of patient's employment?  ☒ Yes  ☐ No
10. If pregnancy, approximate date commenced and/or EDC __NA__
11. List all dates of service for this condition __NA__
12. If hospitalized, please provide date(s), name and address of hospital
13. Dates and type of any surgical procedures performed or scheduled to be performed (include CPT4 code) __Ø__
14. Is patient still under your care for this condition?  ☒ Yes  ☐ No – Date Discharged
15. Name and address of any physician(s) to whom patient was referred __Ø__
16. Is patient competent to endorse checks and direct the use and proceeds thereof?  ☒ Yes  ☐ No
17. If you have completed forms for any other insurance carriers, please provide name and address of company(ies) __No__
18. Patient was totally unable to work from _____ through __last day of work Dec 27 2001__
19. Patient was partially unable to work from _____ through _____
20. Specific limitations and/or restrictions __Has generalized food allergy to kiwi + banana as can be seen in latex allergy; symptoms despite pharm antihist antecedent hand dermatitis to latex glove reported in '91__
21. a) Objective findings which led to any limits or restrictions noted __positive prick skin test to latex/banana__
    b) Subjective symptoms __running congestion + cough at work, with medical therapy; Hand rashes__
22. Prognosis for return to work  ☐ 1-3 months  ☐ 3-6 months  ☐ 6-12 months  ☒ more than 12 months

Any person who knowingly and with intent to defraud any insurance company or other person files a statement of claim containing any materially false information, or conceals for the purpose of misleading information concerning any fact material thereto, may be committing a fraudulent insurance act, which is a crime and subject to criminal prosecution, substantial civil penalty and the stated value of the claim for each such violation.

Date _____   Physician's Name (Print) __Robert M Bedard__   Signature __MBedard MD__   Specialty Degree __Allergy-Immunology__   Social Security/TIN _____
Street Address __831 Farmington__   City or Town __West Hartford__   State __CT__   Zip Code __01119__   Telephone No. __860-232-9911__

What is a convenient time and/or day for our claim specialist or consulting physician to call you? __Thurs AM / 1:30 PM__
*ICDA – International Classification of Diseases

H

**JAGER SMITH P.C.**
COUNSELORS AT LAW

ONE FINANCIAL CENTER
BOSTON, MASSACHUSETTS 02111
telephone 617 951 0500
facsimile 617 951 2414
www.jagersmith.com

JOANNE D'ALCOMO
jdalcomo@jagersmith.com

June 14, 2004

CERTIFIED MAIL

James W. Zilinski
President and Chief Executive Officer
Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201-8285

    Re:    Demand letter pursuant to Mass. Gen. Laws ch. 93A, §9 concerning policyholder Carolyn Mirek, policy number G723670

Dear Mr. Zilinski:

    I represent policyholder Carolyn Mirek. This is a demand letter pursuant to Massachusetts General Laws Chapter 93A, Section 9, the Massachusetts Unfair and Deceptive Practices Act, on behalf of Ms. Mirek. Berkshire Life Insurance Company of America denied Ms. Mirek's claim for disability benefits made pursuant to a policy issued by Guardian Life Insurance Company of America.

    Ms. Mirek has a severe latex allergy that has disabled her from returning to work in her occupation as dental hygienist. She has asthma, and her board-certified allergist has concluded that her asthma is triggered by exposure to latex. Her latex allergy is so severe that she risks having an anaphylactic reaction if she is exposed to latex; her physician has concluded that anaphylactic reactions that she has experienced to food were apparently caused by latex gloves used by food handlers. This is a known result of severe latex allergy.

    Nevertheless, Berkshire, after many months of indecision on her claim, denied her claim for disability benefits under the policy. The company relied on a physician who, as far as I have been able to determine, is not even board-certified in allergy and who did only a paper review of the records. Even more significant, the Berkshire letter dated August 7, 2002 purportedly explaining the basis for Berkshire's decision that Ms. Mirek was not disabled from performing her occupation due to a latex allergy did not make any sense – at least from a medical point of view. In explaining the basis for its denial, Berkshire wrote that "Latex allergy is not a distinct disease but a multifactorial medical entity commonly referred to as Chronic Inflammatory Airway Disease." This pivotal statement which purports to explain Berkshire's reasoning to the policyholder – an explanation to which the policyholder is entitled – is simply gibberish. Latex

JS PCDocs #46125\1

James W. Zilinski
President and Chief Executive Officer
June 14, 2004
Page 2

allergy is a well-recognized diagnosis. Latex allergy simply is <u>not</u> commonly referred to as "Chronic Inflammatory Airway Disease."

The letter of August 7, 2002 also stated that skin testing that Ms. Mirek underwent showed not only reactions to latex, but to ragweed pollen and banana -- as if the latter two were inconsistent with a severe latex allergy. In fact, it is well-established in the medical literature that individuals who are latex allergic also tend to test positive for allergies to banana and certain other foods, such as avocado, potato and tomato. Moreover, the fact that she has a history of allergy to ragweed pollen does not contradict or somehow demonstrate an inconsistency with a severe latex allergy. Rather, as those familiar with latex allergy know, it is not uncommon for individuals who have a severe latex allergy to be atopic, that is, tending to be allergic. Therefore, in another significant respect, the denial letter makes no sense.

In addition, Berkshire has taken the position that Ms. Mirek's work selling dental supplies somehow was inconsistent with her claim for disability benefits due to a latex allergy. It is not inconsistent – it is simply an effort by Ms. Mirek to minimize any exposure to latex yet at the same time earn a living for her family by using the knowledge that she gained by working in the dental field for so long. It is well-established that the best treatment for a latex allergy is avoidance; however, it is also well-established that latex is in many facets of day-to-day life, particularly in restaurants, hospitals and other medical facilities. Ms. Mirek recognizes that she cannot remove latex from all aspects of her life. She is trying to carve out a living for herself and her family the best she can with the limitations that she has. At the same time, however, she <u>should be</u> protected from the loss of income that she has suffered from being unable to work as a dental hygienist where she would be exposed to latex hour after hour, day after day in the medical areas of a dental office. That type of exposure is a very different matter -- and poses a far greater risk -- than the potential for exposure in a quick business meeting in a dentist's office. Moreover, she has been put in the position of having to try to find some way to earn income because the disability income on which she counted – from Guardian's policy – has not materialized.

In acting on Ms. Mirek's claim, Berkshire Life Insurance Company of America committed a series of unfair and deceptive acts or practices in violation of Mass. Gen. Laws ch. 93A, §2 and Mass. Gen. Laws ch. 176D, §3. The conduct which constitutes violations, and which constitutes unfair claims settlement practices, includes:

1. Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim (Mass. Gen. Laws ch. 176D, §3(9)(n));

2. Aiding and abetting Guardian in failing to honor its contractual obligation to pay monthly all benefits due for disability after the policyholder established that she had a severe latex allergy that made her disabled from working in her occupation as a dental hygienist;

James W. Zilinski
President and Chief Executive Officer
June 14, 2004
Page 3

3. Failing to conduct a meaningful investigation of the claim;

4. Denying the claim based on stated reasoning that is nonsensical or unsupportable;

5. Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined the policyholder;

6. Refusing to pay the claim without conducting a reasonable investigation based on all available information (Mass. Gen. Laws ch. 176D, §3(9)(d));

7. Failing to affirm or deny coverage of the claim within a reasonable period of time (Mass. Gen. Laws ch. 176D, §3(9)(e));

8. Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear (Mass. Gen. Laws ch. 176D, §3(9)(f)).

As a result of these unfair and deceptive acts and practices, I am seeking, on Ms. Mirek's behalf, the benefits to which she is entitled, plus Massachusetts' statutory prejudgment interest rate of 12% (non-compounded) on each payment from the time that each payment was due, to compensate her for loss of use of the benefits. In addition, I am seeking a refund of all the premiums that she has paid when the premium waiver should have been in effect, plus the statutory prejudgment interest rate of 12% (non-compounded) on each premium payment from the time that it was paid. In addition, I am seeking payment of her current benefits going forward, month to month.

The failure to pay benefits to which Ms. Mirek is entitled also has caused Ms. Mirek financial stress and emotional distress, and continues to cause her emotional distress because, in part, she has paid for a policy for more than 10 years that has turned out to be worthless. She has suffered emotional distress by the fact that she has been deprived of the income protection that she hoped she would never need, but which she did need when she was forced -- because of her medical condition – to leave the occupation that she had worked in for so many years. Therefore, to compensate her for this emotional distress, which exacerbated the loss that she suffered in leaving her profession, I am seeking $75,000.

As Berkshire is no doubt aware, the failure to provide a reasonable offer in response to this demand letter under Chapter 93A may subject Berkshire to multiple damages and payment of attorneys' fees under the statute.

I invite you, in addition to responding to this letter, to have a member of your staff contact me so that a resolution of this matter may be reached.

James W. Zilinski
President and Chief Executive Officer
June 14, 2004
Page 4

    Thank you.

                                                      Sincerely,

                                                      Joanne D'Alcomo

JDA/cl



**Berkshire**

Berkshire Life
Insurance Company of America

July 9, 2004

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Joanne D'Alcomo, Esq.
Jager Smith P.C.
Counselors at Law
One Financial Center
Boston, MA 02111

Re:   Carolyn Mirek – Policy Number G72360
      Demand letter pursuant to Mass. Gen. Laws ch. 93A § 9

Dear Attorney D'Alcomo:

I am writing in response to your correspondence dated June 14, 2004 regarding the above referenced matter.

Berkshire Life Insurance Company of America ("Berkshire") on behalf of itself and its parent company The Guardian Life Insurance Company of America ("Guardian") contend that no unfair or deceptive acts have occurred relative to the handling of Carolyn Mirek's claim for benefits under Policy No. G723670 (the "Policy").

Guardian's records indicate that on or about February 18, 2002 Ms. Mirek submitted initial claim forms seeking benefits under the Policy for total disability from her occupation as a dental hygienist from December 27, 2001 due to bilateral carpal tunnel syndrome and latex allergy. The records further reflect that a comprehensive claims investigation promptly ensued. That investigation included the review of claim forms and physician statements, an in-person field interview with Ms. Mirek and her husband, numerous telephone conversations with Ms. Mirek, as well as a review of any and all materials Ms. Mirek provided in support of her claim. Two different physicians including a specialist in Allergy and Immunology evaluated Ms. Mirek's medical records. Based

700 South Street • Pittsfield, Massachusetts 01201-8285 • Telephone: 413-499-4321 • Facsimile: 413-395-5990

Berkshire Life Insurance Company of America, Pittsfield, MA, is a wholly owned subsidiary of and an administrator for The Guardian Life Insurance Company of America, New York, NY

Joanne D'Alcomo, Esq.
Jager Smith P.C.
July 9, 2004
Page 2

upon the aforementioned investigation Berkshire reached a reasonable and good faith conclusion to deny Ms. Mirek's claim for total disability benefits under the Policy.

Approximately four months after the submission of initial claim forms Berkshire informed Ms. Mirek that she had not presented a compensable claim for total disability benefits under the Policy because the documentation she provided and that was obtained during the investigation did not substantiate a finding that she was unable to perform the major duties of her occupation. Ms. Mirek was invited to submit additional documentation in support of her claim for total disability benefits and Ms. Mirek chose not to accept that invitation. Nevertheless, further claims review and medical review confirmed the finding that benefits were not payable based on the proof of loss information presented. In short, the notion that Ms. Mirek's claim for insurance benefits was handled unfairly is preposterous. There was a substantial and professional review of Ms. Mirek's claim and the results of the claim investigation were communicated to Ms. Mirek in a timely manner.

Please note that, in our opinion, the inherent presumption in your letter that Massachusetts law governs this dispute is simply incorrect. The Policy is a Connecticut contract between a New York insurer and a Connecticut insured. The Policy was written, marketed and sold by a Connecticut licensed insurer pursuant to Connecticut insurance law, a Connecticut licensed producer delivered the Policy to Ms. Mirek in Connecticut and Ms. Mirek paid premiums in Connecticut. The claim itself was evaluated by claims analysts in Pennsylvania. Under such circumstances, Massachusetts' functional choice of law approach strongly favors a finding that Connecticut law governs. See e.g. Reicher v. Berkshire, 360 F3d 1, (1st. Cir. 2004).

On behalf of Guardian and Berkshire, we respectfully but strongly disagree with your characterizations of the handling of this matter. We have not engaged in any unfair or deceptive acts or practices. We also respectfully disagree with your opinion that Massachusetts law governs as to this insurance policy dispute. We deny that any violations of M.G.L. ch. 93A have occurred as you have alleged. In adopting this position we reserve all of our rights and defenses including those not specifically enumerated herein.

Very truly yours

Edward K. Kimball
Attorney

J



## Abundance . . . as far as the eye can see

Uninterrupted plenty - for your family...for your business...for your life. It's what you strive for - and what we can protect - with Berkshire Life Disability Insurance.

Berkshire Life Insurance Company of America (Berkshire Life) offers "standard of living" protection - with complete lines of both personal and business disability income (DI) insurance, especially suitable for professionals, executives and business owners. We offer the finest coverage available today - own-occupation, non-cancellable and guaranteed renewable.

DI insurance can help cover your day-to-day expenses if you are ever too sick or injured to work...or help your business survive, by reimbursing your overhead expenses or funding a disability buy-out.

**About Berkshire Life**
**Business DI**
**Personal DI**

**Berkshire Life Insurance Company of America**
A wholly owned subsidiary of The Guardian Life Insurance Company of America, New York, NY.

## Abundant Protection

Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201
413-499-4321
1-800-819-2468

This site contains general information about Berkshire Life's products. The material available through this site does not constitute an offer of any Berkshire Life products in any jurisdiction. Berkshire Life products are unavailable outside of the United States and not all products are available in all states. Berkshire Life representatives may not be licensed in your state. Contact Berkshire Life Insurance Company of America

for your nearest Berkshire representative.

Back To Top

PRIVACY Statement | Legal Notices | Proxy Information
Contact Berkshire | Agent Locator | Insurance Glossary | **About BLICOA** | News | HR Site
**Business DI** | Overhead Expense | Disability Buyout | **Personal DI** | Own Occupation