UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN MIREK ) <br> Plaintiff ) <br> v. ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA and BERKSHIRE ) <br> LIFE INSURANCE COMPANY OF ) <br> AMERICA, ) <br> Defendants ) | Civil Action No. 04-30166-KPN <br><br> **ANSWER OF THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA TO SECOND AMENDED COMPLAINT** |

Defendant, The Guardian Life Insurance Company of America ("Defendant"), answering for itself and for no other party, answers the Second Amended Complaint of plaintiff Carolyn Mirek ("Plaintiff") as follows:

## ANSWER

1. Referring to paragraph 1 of the Second Amended Complaint, Defendant is informed and believes that Carolyn Mirek is a resident of South Windsor, Connecticut.

2. Referring to paragraph 2 of the Second Amended Complaint, Defendant admits that it is an insurance company writing certain insurance products and that it is incorporated in a state other than Massachusetts and that it does business in the Commonwealth of Massachusetts and in Suffolk County.

3. Referring to paragraph 3 of the Second Amended Complaint, Defendant admits the allegations therein as to Berkshire Life Insurance Company of America ("Berkshire").

## COUNT I
### Breach of Contract

4. Referring to paragraph 4 of the Second Amended Complaint, Defendant admits that it issued Disability Income Policy No. G-723670 ("Policy") in 1993. Further answering, the Defendant states that the Policy speaks for itself as to its definitions, terms and conditions and that the Policy is attached hereto as Exhibit "A". Except as so admitted the Defendant denies the allegations in paragraph 4 of the Second Amended Complaint.

5. Referring to paragraph 5 of the Second Amended Complaint, the Defendant states that the Policy speaks for itself as to its definitions, terms and conditions and that the Policy is attached hereto as Exhibit "A". Except as so admitted the Defendant denies the allegations in paragraph 5.

6. Referring to paragraph 6 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 6 of the Second Amended Complaint.

7. Referring to paragraph 7 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 7 of the Second Amended Complaint.

8. Referring to paragraph 8 of the Second Amended Complaint, the Defendant admits that Berkshire acted as a third party administrator relative to the handling of Plaintiff's claim for benefits under the Policy.

9. Referring to paragraph 9 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 9 of the Second Amended Complaint.

10. Referring to paragraph 10 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 10 of the Second Amended Complaint.

11. Referring to paragraph 11 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 11 of the Second Amended Complaint.

12. Referring to paragraph 12 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 12 of the Second Amended Complaint.

13. Referring to paragraph 13 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 13 of the Second Amended Complaint.

COUNT II
Unfair and Deceptive Practices, (CUPTA), Conn. Gen. Stat §42-110b et seq., and Unfair Insurance Practices (CUIPA), Conn. Gen. Stat. §38a-816

14. Referring to paragraph 14 of the Second Amended Complaint, the Defendant repeats, realleges and incorporates by reference herein, paragraphs 1 through 13 inclusive, of this Answer.

15. Referring to paragraph 15 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 15 of the Second Amended Complaint.

16. Referring to paragraph 16 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 16 of the Second Amended Complaint.

17. Referring to paragraph 17 of the Second Amended Complaint, the Defendant denies the allegations in paragraph 17 of the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendants allege that the Complaint, and each purported cause of action alleged therein fails to state facts sufficient to constitute a cause of action against Defendants.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants allege that any and all of the actions taken by any officer, employee, and/or agent of any and all of the Defendants were good faith assertions of the rights of Defendants and were therefore privileged and/or justified.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants allege that if Plaintiff has sustained any damages as alleged in the Second Amended Complaint, which Defendants deny, she failed to mitigate her damages.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants allege that without conceding that Plaintiff sustained any damages as alleged in the Second Amended Complaint, that if any such damages were

sustained by Plaintiff, Plaintiff failed to and did not exercise ordinary care, caution or prudence on her own behalf and that the alleged damages, if any, either sustained by Plaintiff or referred to in the Second Amended Complaint were directly and proximately caused and contributed to by the acts and/or omissions of Plaintiff. Accordingly, recovery, if any, on the part of Plaintiff against Defendants must be reduced by a proportionate percentage of the wrong attributable to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants allege that, without conceding Plaintiff has sustained any damages as alleged in her Second Amended Complaint, if any such damages were sustained by Plaintiff, they were caused by persons or entities other than Defendants, and at all times, these other persons or entities were acting without the consent, authorization, knowledge or ratification of Defendants, with regard to any and all of the acts alleged in the Second Amended Complaint, and the award of damages, if any, should be reduced by the proportionate percentage of the wrong attributable to those persons or entities.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants are informed and believe, and on that basis alleges that their purported obligation, if any, as alleged in the Second Amended Complaint was fully performed.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants are informed and believe, and on that basis alleges that if Defendants failed to perform any obligation owing to Plaintiff, which Defendants categorically deny, such performance was prevented or made impossible as a result of acts or omissions of Plaintiff and/or other third parties.

## EIGHTH AFFIRMATIVE DEFENSE

8. Defendants allege that Plaintiff failed to comply with one or more of the conditions precedent to coverage under the Policy.

## NINTH AFFIRMATIVE DEFENSE

9. Defendants are informed and believe, and on that basis allege that Plaintiff has no right to recover under applicable law or the terms and conditions of the Policy.

## TENTH AFFIRMATIVE DEFENSE

10. Defendants allege that Plaintiff has waived any and all claims that she may have or have had to the relief, if any, referred to in the Second Amended Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants allege that Plaintiff is estopped from alleging that Defendants caused or contributed to the damages, if any, referred to in the Second Amended Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendants allege that Plaintiff is not totally disabled under the terms and conditions of the Policy and, therefore, she is ineligible for total disability benefits thereunder.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. Defendants allege that Plaintiff has failed to submit due proof of total disability as required under the terms and conditions of the Policy and, therefore, she is ineligible for total disability benefits thereunder.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants allege that Plaintiff has failed to submit due proof of residual disability as required under the terms and conditions of the Policy and, therefore, she is ineligible for residual disability benefits thereunder.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. Defendants allege that Plaintiff is not disabled under the terms and conditions of the Policy and, therefore, she is ineligible for disability benefits thereunder.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. Defendants allege that Plaintiff has failed to submit due proof of disability as required under the terms and conditions of the Policy and, therefore, she is ineligible for disability benefits thereunder.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. Defendants allege that even if it is determined that Plaintiff was or is presently disabled under the terms of the Policy, which contention Defendants expressly deny, such determination does not mean that Plaintiff would be entitled to unlimited future benefits under the Policy given, _inter alia_, the possibility of Plaintiff's recovery, as well as the effect of different requirements, exclusions and/or limitations under the Policy.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. Defendants allege that Plaintiff has not supplied Defendants with sufficient facts, proof or documentation that would support the payment to Plaintiff of any benefits under the Policy.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Defendants allege that any and all actions taken by Defendants were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendants at all applicable times.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Defendants allege that the Second Amended Complaint, and each purported cause of action contained therein, fails to state any facts that would entitle Plaintiff to recovery general, compensatory, punitive and/or damages (including attorney's fees and costs) against Defendants.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Defendants allege that the basis by which punitive damages are imposed pursuant to Connecticut law, are fatally constitutionally infirm, and that giving effect to such laws is violative of the First, Fourth, Fifth, Sixth, Eighth (except the excessive fines clause) and the Fourteenth Amendments to the United States Constitution and the equivalent provisions in the Connecticut Constitution.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. Defendants allege that granting Plaintiff's prayer for punitive damages against them would violate certain provisions of the Constitution of the United States including but not limited to, the following: The Fifth and Fourteenth Amendments guarantee Defendants due process of the law and are violated by the operation of such vague, imprecise and impermissible laws regarding both the awarding and the amount of punitive damages as are the laws on which the subject punitive damage claim is based; an award of punitive damages against Defendants under the facts of this case would violate due process as being grossly excessive in relation to the legitimate interests of the State

of Massachusetts; the Fourteenth Amendment guarantees these Defendants equal protection of the laws and is violated by the imposition of punitive damages in that such sanction is discriminatory and arbitrary in penalizing these Defendants on the basis of wealth; the Fourth, Fifth and Sixth Amendments form the basis for laws governing the processing, convicting and sentencing of criminal Defendants and to the extent that the Complaint is subjected to criminal sanction for punitive damages, the burden of proof required to impose the same should be proof beyond a reasonable doubt and punitive damages should not be awarded without affording these Defendants full range of criminal safeguards afforded by the Constitution and the imposition of punitive damages would violate Article I, Section XX of said constitution. Defendants further allege that in addition to the above, the imposition of punitive damages on Defendants would violate similar and related provisions of the Constitution of the State of Massachusetts.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.  Defendants are informed and believe, and on that basis allege, that their purported obligations, if any, as alleged in the Second Amended Complaint were fully performed.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.  Defendants presently have insufficient knowledge or information on which to form a belief whether they may have additional, yet unstated affirmative defenses. Defendants reserve the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

                                                  The Guardian Life Insurance Company of America

                                                  By: _____
Dated: 02.23.05                                        Edward K. Kimball

## CERTIFICATE OF SERVICE

      This shall certify that I have this day served the opposing party in the foregoing matter with a copy of this Answer by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon as follows:

                Joanne D'Alcomo, Esq.
                Jager Smith P.C.
                Counselors at Law
                One Financial Center
                Boston, MA 02111

Dated: 02.25.05

Case 3:04-cv-30166-RGS   Document 17   Filed 02/25/2005   Page 11 of 11