UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK<br>               Plaintiff,<br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and BERKSHIRE<br>LIFE INSURANCE COMPANY OF<br>AMERICA,<br>               Defendants. | 04-30166-MAP |

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND TESTIMONY IN ACCORDANCE WITH THE SUBPOENAS
DUCES TECUM ISSUED TO THE KEEPER OF THE RECORDS
OF SRIMA L. NISSANKA, LCSW AND SRIMA L. NISSANKA, LCSW**

Now come the Defendants, The Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (hereinafter collectively referred to as "Defendants"), and pursuant to Rule 45 of the Federal Rules of Civil Procedure, move this Court to: (1) compel the production of documents and testimony in accordance with the deposition subpoenas duces tecum served on the Keeper of the Records of Srima L. Nissanka, LCSW (licensed clinical social worker) and Srima L. Nissanka, LSCW, Plaintiff's counselor; (2) declare that Plaintiff has waived the asserted privilege by introducing her mental condition as part of her claim; and (3) extend the discovery deadline, if necessary, to permit Defendants to take the deposition of Ms. Nissanka.

As explained in detail below, Defendants are entitled to gather discovery relating to Plaintiff's emotional and mental state because: (1) Plaintiff waived any privilege that she had with respect to her communications with Ms. Nissanka when she introduced her medical

condition as part of her claim; (2) Defendants are entitled to determine what, if any, portion of the Plaintiff's alleged emotional distress is attributable to Defendants' actions; and, (3) Defendants are entitled to discovery related to the issue of whether or not Plaintiff was disabled when she stopped working – the discovery to date suggests that Plaintiff was not actually disabled due to her alleged latex allergy when she left work; but rather, that she left work due to anxiety over the possibility that she **might** become disabled from her alleged latex allergy.

## FACTS

### Introduction

1. On or about February 19, 2002, Plaintiff submitted a claim to Defendants for long-term disability benefits, claiming to be disabled due to a latex allergy. See Exhibit F.[1]

2. After an investigation, Defendants denied Plaintiff's claim and Plaintiff filed this Complaint against Defendants seeking damages for breach of contract and unfair and deceptive trade practices. See Complaint.

### Ms. Nissanka and Plaintiff's Refusal to Appear, Testify, Produce or Allow Production of Documents in Accordance with the Subpoenas

3. On or about May 13, 2005, Defendants issued a deposition subpoena duces tecum to the Keeper of Records for Srima L. Nissanka, LCSW, seeking communications and records regarding the Plaintiff in this case. See Subpoena of Keeper of the Records, attached hereto at Exhibit B.

---

[1] All personal data identifiers have been redacted from all Exhibits filed herewith in accordance with Local Rule 5.3 of the Local Rules of the United States District Court for the District of Massachusetts.

4. The Keeper of the Records Subpoena indicated that if the documents were produced prior to the deposition date, appearance at the depositions would not be necessary. See Exhibit B at P. 2.

5. By teleconference on May 26, 2005, Plaintiff's attorney informed Defendants' attorney that Ms. Nissanka would be objecting to the production of medical records and the Keeper of the Records deposition. Affidavit of David B. Crevier ("Affidavit") at ¶ 3, attached hereto at Exhibit A. Consequently, Defendants indefinitely postponed the deposition.

6. In mid July, Defendants had not received any objection from Ms. Nissanka and Defendants' counsel's office called Ms. Nissanka on July 25, 2005, July 26, 2005 and July 27, 2005 to schedule a convenient time for Ms. Nissanka's deposition. Affidavit at ¶ 5-6.

7. On July 27, 2005, Ms. Nissanka called Defendants' counsel's office and stated she would produce the records in lieu of scheduling a deposition. Affidavit at ¶ 6. To date, Defendants' counsel has not received any records from Ms. Nissanka. Id.

8. By email dated August 1, 2005, Plaintiff's counsel stated that Plaintiff will not waive "the privilege" and Ms. Nissanka will not produce the records, nor will she appear for a deposition. See Exhibit D.

9. In addition, on August 1, 2005, Plaintiff's counsel faxed us a copy of a letter from Ms. Nissanka objecting to the Keeper of the Records Subpoena and claiming privilege. See Exhibit E.

10. On or about August 5, 2005, Defendants issued a subpoena duces tecum to Ms. Nissanka. See Subpoena of Srima Nissanka, attached hereto at Exhibit C.

11. On August 9, 2005, Ms. Nissanka called the office of Defendants' counsel and refused to produce the subpoenaed documents and refused to testify to any matters relating to Plaintiff's treatment. Affidavit at ¶ 8.

**Plaintiff Introduced Her Mental Condition In This Case and Can Not Now Claim That Records and Communications Related to Her Mental Condition are Privileged**

12. Plaintiff's Complaint specifically "demands judgment in an amount that will fully and adequately compensate her for . . . her emotional distress," Complaint at P. 5, and claims that as "the result of defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered," Complaint at ¶ 17.

**Defendants are Entitled to Determine what, if Any, Portion of Plaintiff's Alleged Emotional Distress is Attributable to Defendants' Actions**

13. When asked to identify individuals with knowledge of the facts supporting Plaintiff's claims, Plaintiff specifically identified Ms. Nissanka as the individual with knowledge of Plaintiff's "treatment of anxiety, depression and stress regarding my coping with my latex allergy." See Exhibit H at P. 15.

14. In a deposition taken in prior litigation involving a products liability action brought by Plaintiff against a latex glove manufacturer and distributor, Plaintiff identified yet another cause of her emotional distress, testifying that she was having "anxiety because [she] was still upset about leaving [her] dental hygiene career and experiencing frustration with [her] existing occupation." See Exhibit I at 231:14-16.

**The Discovery Suggests That Plaintiff Chose to Leave Her Job Because She Feared She Might Become Disabled, Not Because She Was Disabled**

15. Plaintiff left her job and career as a dental hygienist because she "decided it was medically necessary" to do so. See Exhibit F at P. 10-11.

16. Referencing a series of articles about a former nurse with latex allergies so severe that that she could not breathe without the assistance of an oxygen mask and immediately went into anaphylactic shock upon proximity to latex, stating "I do not want to end up like her." See Exhibit G.

17. Despite Plaintiff's claims that she suffers from a disabling latex allergy, Plaintiff pursued a new career in dental sales, working for Barton Cyker from January 2002 to June 2002 and for Benco Dental Company from June 2002 to at least January 7, 2004. Exhibit I at 115:2-6; 122: 4-9. Plaintiff's job in dental sales requires that she regularly enter and spend one-quarter to one-third of her time in dental offices. Exhibit I at 123: 16-18.

## STANDARD

As this Court is well aware, Rule 26 permits the Court to "order discovery of any matter relevant to the subject matter involved in the action." F.R.C.P. 26(b)(1). Rule 26 defines relevant information as "information that need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. As explained in detail below, not only is the discovery sought in this case reasonably calculated to lead to the discovery of admissible evidence, it is directly relevant to Plaintiff's claims.

## ARGUMENT

Connecticut law recognizes a social worker–client privilege, but it is not absolute. See C.G.S.A. § 52-146q. Specifically, the communications and records of a social worker "may be disclosed in a civil proceeding in which the person introduces his mental condition as an element of his claim." See C.G.S.A. § 52-146q(c)(4). Defendant is entitled to the discovery it seeks from Ms. Nissanka regarding Plaintiff's mental condition because: (A) Plaintiff waived any privilege that she had with respect to her communications with Ms. Nissanka when she

introduced her mental condition as part of her claim; (B) Defendants are entitled to determine what, if any, portion of the Plaintiff's alleged emotional distress is attributable to Defendants' actions; and (C) Defendants are entitled to discovery related to the issue of whether or not Plaintiff was disabled when she stopped working – the discovery to date suggests that Plaintiff was not actually disabled due to her alleged latex allergy when she left work; but rather, that she left work due to the anxiety over the possibility that she might become disabled from her alleged latex allergy.

### A. Plaintiff Waived Any Privilege She Had With Respect to Her Communications With Ms. Nissanka When She Introduced Her Mental Condition as Part of Her Claim

In her Complaint, Plaintiff specifically "demands judgment in an amount that will fully and adequately compensate her for . . . her emotional distress." Facts at ¶ 10.[2] As such, Plaintiff has made her mental condition part of her claim. Furthermore, in response to an Interrogatory requesting the identification of individuals with knowledge of the facts supporting her claims Plaintiff specifically identified Ms. Nissanka as the individual with knowledge of Plaintiff's "treatment of anxiety, depression and stress regarding my coping with my latex allergy." Facts at ¶ 11. Consequently, Ms. Nissanka's records and testimony are directly relevant to Plaintiff's claim for emotional distress and by placing her mental condition in issue, Plaintiff has waived any privilege she had to any communications with Ms. Nissanka. See C.G.S.A. § 52-146q(c)(4).

### B. Defendants Are Entitled to Determine What, If Any, Portion of Plaintiff's Alleged Emotional Distress is Attributable to Defendants' Actions

Plaintiff's Complaint claims that her emotional distress, or "anxiety and stress because of the financial pressures that she has suffered," is directly attributable to Defendants' conduct. See Facts at ¶ 10. However, Plaintiff has identified at least two other causes of her emotional

---

[2] The Facts cited here refer to the facts set forth at PP. 2-4.

distress, both in no way attributable to Defendants' actions. First, in Plaintiff's Answers to Interrogatories she stated that she suffers "anxiety, depression and stress regarding [her] coping with [her] latex allergy." Facts at ¶ 11. Second, in a deposition taken in prior litigation, Plaintiff identified yet another cause of her emotional distress, stating that she was having "anxiety because [she] was still upset about leaving [her] dental hygiene career and experiencing frustration with [her] existing occupation." Facts at ¶ 12. Due to the conflicting assertions by Plaintiff with respect to the cause(s) of her emotional distress, Defendants are entitled to determine what, if any, portion of Plaintiff's alleged emotional distress is attributable to Defendants' actions, including obtaining the Ms. Nissanka's records and testimony.

**C.    Defendants Are Entitled to Discovery Relating to the Primary Issue in this Case, Whether or not Plaintiff was Disabled When She Stopped Working**

Plaintiff claims to be disabled due to a latex allergy. Facts at ¶ 1. However, the discovery to date suggests that Plaintiff left work because **she** thought she **might** become disabled due to her alleged latex allergy. Specifically, in a statement submitted to Defendants on February 19, 2002, Plaintiff states that she left her job and career as a dental hygienist because "[she] decided it was medically necessary" to do so. Facts at ¶ 13. On May 5, 2002, Plaintiff faxed Defendants a series of articles about a former nurse with latex allergies so severe that that she could not breathe without the assistance of an oxygen mask and immediately went into anaphylactic shock upon proximity to latex. Facts at ¶ 14. On the fax cover sheet, Plaintiff wrote, "I do not want to end up like her." Id. The discovery suggests that Plaintiff feared becoming disabled due to her latex allergy, not that she was actually disabled at the time she left her job. The suggestion that Plaintiff was not actually disabled due to her latex allergy is bolstered by the fact that Plaintiff subsequently pursued a career in dental sales, a job that requires Plaintiff to spend one-quarter to one-third of her time in dental offices. Facts at ¶ 15. If

Plaintiff's latex allergy was in fact disabling, it does not seem likely that she would be physically able to sustain a career in dental sales.

Based on the aforementioned, it appears that Plaintiff may have left work, not because she was truly disabled, but because she was afraid that someday she **might** become disabled. As discussed above, Plaintiff identified Ms. Nissanka as the individual with knowledge of Plaintiff's "treatment of anxiety, depression and stress regarding my coping with my latex allergy." Facts at ¶ 11. Consequently, Defendants are entitled to discovery from Ms. Nissanka to determine whether or not Plaintiff was truly disabled or simply afraid of becoming disabled due to her alleged latex allergy.

## CONCLUSION

As explained above, Plaintiff waived any privilege she may have had with respect to her communications with Ms. Nissanka when she introduced her mental condition as part of her claim. Consequently, the Defendants respectfully request that this Court: (1) order Ms. Nissanka to comply with the subpoenas served in this case; (2) declare that the Plaintiff has waived any privilege she may have had with respect to her communications with Ms. Nissanka; and (3) extend the discovery deadline, if necessary, to permit Defendants to take the deposition of Ms. Nissanka.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

_____
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400
Facsimile: 413-781-8235
Email: dcrevier@crevierandryan.com

## LOCAL RULE 7.1 CERTIFICATION

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

_____

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 9th day of August 2005.

_____