UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, )<br>)<br>  Plaintiff )<br>)<br>v. )<br>) Civil Action<br>THE GUARDIAN LIFE INSURANCE ) No. 04-30166-MAP<br>COMPANY OF AMERICA and )<br>BERKSHIRE LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>  Defendants )<br>) | |

**RESPONSE OF PLAINTIFF CAROLYN MIREK TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND TESTIMONY IN ACCORDANCE WITH THE SUBPOENAS DUCES TECUM ISSUED TO THE KEEPER OF THE RECORDS OF SRIMA L. NISSANKA, LCSW AND SRIMA L. NISSANKA, LCSW**

Plaintiff files this response to inform the Court that the motion is now moot.

This action stems from the defendants' denial of plaintiff's claim for insurance benefits under an individual "own occupation" disability insurance policy. Plaintiff had worked as a dental hygienist for several years until she was advised to leave her job by her allergist because of a serious latex allergy.

On August 9, 2005, defendants Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America (hereinafter "Defendants") filed a motion to compel production of documents and testimony from Srima L. Nissanka, LCSW, a social worker that plaintiff Carolyn Mirek saw for evaluation and treatment in

1

April and May 2002, after she stopped working as a dental hygienist as a result of her allergist's advice.[1]  That motion should be denied as moot, as the documents requested have now been provided and Ms. Nissanka will be appearing for her deposition with the consent of the plaintiff.

In producing this information, Plaintiff is not agreeing with any of the arguments made by the Defendants.  In particular, Plaintiff does not agree that she has waived her social worker-client privilege, especially in light of the fact that *all her communications with Ms. Nissanka preceded the denial of her claim by the defendants*.  Plaintiff also disagrees with Defendants' claim that the documents are relevant to an argument that Ms. Mirek is not really disabled from working as a dental hygienist, but is simply irrationally *fearful* about working as a dental hygienist.  No such assertion was made in denying the claim, and there is no dispute that she went on to other employment, specifically as a salesperson of dental products.

Despite the protections of the social worker-client privilege, Plaintiff has agreed to produce the information because of its possible relevance to the extent of her damages for emotional distress, under Connecticut law, for the defendants' breach of the implied covenant of good faith and fair dealing in processing her claim, *i.e.*, their bad faith.  The defendants' refusal to pay her claim – insisting she was able to work in her occupation – exacerbated the emotional distress she was experiencing as a result of having to leave her profession.  Because Plaintiff has produced the documents in question and Ms. Nissanka will appear for her deposition, the motion of Defendants should be denied as moot.

---

[1] The motion was also made to compel production from Ms. Nissanka's keeper of records, who was served with a separate subpoena.

2

                                                PLAINTIFF,
                                                CAROLYN MIREK
                                                By her Attorney,

                                                /s/ Joanne D'Alcomo
                                                _____
                                                Joanne D'Alcomo
                                                BBO #544177
                                                Seth Nesin
                                                BBO #650739
                                                JAGER SMITH, PC
                                                One Financial Center
                                                Boston, MA  02111
                                                617-951-0500

JS PCDocs #55385\1