# Exhibit 9

In The United States District Court
For The District of Columbia

| | |
|---|---|
| Carolyn Mirek )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>The Guardian Life Insurance Company )<br>of America, and Berkshire Life Insurance )<br>Company of America, )<br>)<br>Defendants )<br>) | Case Number: D. Mass. C.A. No.<br>04-30166-MAP |

## OBJECTIONS TO SUBPOENAS ISSUED TO STEVEN L. CRAWFORD, CRAWFORD ASSOCIATES, INC. AND "FIRST FINANCIAL GROUP, INC."

Steven L. Crawford and Crawford Associates, Inc. (d/b/a First Financial Group) (collectively the "Crawford Parties"), by their counsel, pursuant to Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, object as follows to the subpoena[s] issued on July 19, 2005 by Plaintiff Carolyn Mirek to Steven L. Crawford, Crawford Associates, Inc., and "First Financial Group, Inc." (First Financial Group is a trade name for Crawford Associates, Inc., and not a separate legal entity.) Each subpoena contained forty-five (45) individual requests, many with subparts. The subpoenas were made returnable on July 28, 2005.

The underlying case pending in the U.S District Court for the District of Massachusetts involves Ms. Mirek's claims that she was improperly denied benefits under a disability policy issued by Guardian Life Insurance Company of America ("Guardian"). The Crawford Parties are agents for Guardian but did not sell the policy in question. They did not speak with Ms. Mirek, and to their knowledge Ms. Mirek did not rely on any information from the Crawford Parties in her relationship with the Defendants. The subpoenas to the Crawford Parties seek

WO 412867.2

many irrelevant documents and would impose and unnecessary and undue burden on parties who are not involved in any way in the underlying dispute. Plaintiff's counsel has made no attempt, as is required by Rule 45(c)(1), to "take reasonable steps to avoid imposing undue burden or expense" on the Crawford Parties.

## OBJECTIONS

1. **Relevance** – Each and every request in Plaintiffs subpoena should fail for lack of relevance. The subpoenas do not ask the Crawford Parties for information about Ms. Mirek's claim or underwriting decision. The subpoenas instead seek, among other things, documentary information on Defendants' underwriting policies that was contained on a website maintained by the Steven Crawford, information about latex allergies in the context of underwriting and claims, the contractual relationship between the Crawford Parties and the Defendants and numerous other documents that have nothing to do with Ms. Mirek's claims or could be reasonably calculated to lead to admissible evidence. The only potentially relevant information in the possession of the Crawford Parties is information about the underwriting procedures of Guardian and Berkshire, information that Plaintiff should seek from the Defendants in this dispute to the extent such information is discoverable and Defendants have not already produced it.

2. **Undue Burden** – Many of the requests in Ms. Mirek's subpoena involve the content and approval of webpages from many years ago. While the Crawford Parties do not believe an exhaustive search for the information would yield many responsive (yet still irrelevant) documents, the search itself would require significant time. A thorough search for the requested information would require review of many boxes as well as computers and electronic media repository. All of this effort would need to be expended to provide

WO 412867.2

documents which have no relevance to the underlying suit and/or could be obtained through the party-opponent to the extent discoverable. Moreover, an attorney review would need to be conducted to determine if any of the responsive documents were privileged. The Crawford Parties object to producing any privileged documents, but are unable without unreasonable burden to determine at this time whether there are privileged documents that would be responsive to any of the 45 categories of documents requested.

3. **Availability from Party-Opponent** – Any arguably relevant information that the Crawford Parties may be in possession of comes from the Defendants in this suit. To the extent that Plaintiff believes she is entitled to additional information regarding Defendants' policies and procedures, she should pursue such information through discovery requests directed at the other parties to the litigation – not through burdensome third-party subpoenas.

4. **Privacy of Individual Insureds and Applicants** – Many of the requests contained in the subpoena call for private and confidential information regarding applications of those seeking disability insurance through the Crawford Parties. The Crawford Parties object to producing such private and confidential information. Even if there was some arguable relevance of this information to Plaintiff's claims, the proper source of this information would be from Defendants.

5. **Overbreadth** – To the extent that the subpoenas seek any limited information that might possibly lead to the discovery of admissible evidence, the requests for any such information are buried within forty-five (45) overbroad and largely irrelevant requests. The burden should not be imposed on non-parties to ascertain what limited portion of these requests, if any, seeks properly discoverable information.

6. **Confidential and Proprietary Information** – Plaintiff's requests also call for the production of confidential and proprietary information of the Crawford Parties. The Crawford Parties object to the production of any such confidential and proprietary information.

7. **Documents Not in Possession of Subpoena Recipient** – Steven Crawford objects to the those requests which call for documents not in his possession, custody or control. Crawford Associates, Inc. (d/b/a First Financial Group) likewise objects to the those requests which call for documents not in its possession, custody or control.

8. **Time for Compliance** –Plaintiff's subpoenas set an unreasonably short time frame for response.

9. **Failure to Comply with FRCP 45(c)(1)** – For the reasons set forth above, the subpoena fails to comply with the requirement that counsel "take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena."

## CONCLUSION

For the above reasons, pursuant to Rule 45 (c)(2)(B), the Crawford Parties object to the production of documents requested in the subpoenas issued by Plaintiff Carolyn Mirek.

Dated: July 27, 2005

*signature*

Steuart H. Thomsen (D.C. Bar. No. 319020)
Jay M. McDannell
SUTHERLAND ASBILL & BRENNAN LLP
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 383-0100
*Counsel for Steven L. Crawford, Crawford Associates, Inc. and First Financial Group, Inc.*

Certificate of Service

I hereby certify that the foregoing document was served via facsimile and First Class mail on July 27, 2005 to the following individuals:

>Joanne D'Alcomo
>Jager Smith P.C.
>1 Financial Center
>Boston, MA 02111
>
>David B. Crevier
>Crevier & Ryan LLP
>1500 Main Street
>Suite 2020
>Springfield, MA 01115-5532
>
>David L. Kalib
>Edward K. Kimball
>Berkshire Life Insurance Company
>700 South Street
>Pittsfield, MA 02101

*[signature]*
Steuart H. Thomsen

WO 412867.2