UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action<br>) No. 04-30166-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Pursuant to Rules 15(a) of the Federal Rules of Civil Procedure, Plaintiff Carolyn Mirek hereby moves to amend the Second Amended Complaint. Specifically, plaintiff seeks to delete her unfair and deceptive practices claim under Connecticut law (Count II) and to substitute a separate count for breach of the implied covenant of good faith and fair dealing, a claim that had previously been incorporated as paragraph 12 of Count I, and add specific facts learned during recent discovery. This amendment is being made in light of recent discovery, including documents recently produced by the defendants, a deposition on September 15 of the unorthodox medical expert on whom they relied in denying the claim (Harold Axe, MD), and depositions of present and past Berkshire personnel on September 20 and 21, concerning the defendants' conduct in breaching the implied covenant of good faith and fair dealing.

The current Complaint already contains a prayer for relief for punitive damages under Connecticut law in the general prayers for relief, and this Count apecifically will contain such a prayer.

The proposed Substituted Count II is attached at Exhibit A.

**Leave to amend should only be denied in limited circumstances not present here**

Federal Rule of Civil Procedure 15(a) mandates that leave to amend "shall be freely given when justice so requires." The Supreme Court has recognized that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Picker Int'l, Inc.v. Leavitt, 128 F.R.D. 3, 6 (D. Mass. 1989). While a court has broad discretion in this area, the Supreme Court has emphasized that leave to amend should be denied only under limited circumstances. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave should be granted:

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment.

Id. at 182; see Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970) (reversing decision denying leave to amend complaint); Spear v. Somers Sanitation Service, Inc., 162 F.R.D. 1, 2 (D.Mass. 1995) (granting leave to amend complaint because "refusal to grant the leave without any justifying reason appearing for the denial is . . . inconsistent with the spirit of the Federal Rules.") Only extraordinary reasons justify the denial of a motion to amend. See Resolution Trust Corp., 30 F.3d at 253. None of those reasons can be shown here.

Courts in the District of Massachusetts have frequently allowed motions to amend complaints for a variety of reasons and in many different contexts. See, e.g., Brandon Associates, LLC v. FailSafe Air Safety Systems Corp., 2005 WL 1693841 at *3 (D. Mass., Jul 11, 2005) (granting leave to add counterclaims for intentional interference with contractual relations and violations of M.G.L. c. 93A because "leave to amend should be granted 'unless it would be futile, or reward, *inter alia,* undue or intended delay'" (quoting Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir.1994)); Smith v. Mitre Corp., 949 F.Supp. 943, 953 (D. Mass. 1997) (granting leave to amend for plaintiff to add three new claims); Subaru Distributors Corp. v. Gen. Ship Corp., 167 F.R.D. 342, 344 (D. Mass. 1996) (granting leave to amend so plaintiff could remove references to admiralty jurisdiction in complaint that prevented jury demand); Fed. Home Loan Mortg. Corp. v. Hall, 1994 WL 51637 (D. Mass. Jan 27, 1994) (granting leave to amend to add additional defendants and to assert claims against them); Gaffney v. U.S., 1990 WL 167492 at *3 (D. Mass. Oct 26, 1990) (granting leave to amend for defendant to add counterclaim); Spear, 162 F.R.D. at 4 (granting motion to amend to add additional defendants); Berthiaume v. Enterprise Rent-A-Car, 164 F.R.D. 121, 124 (D. Mass. Oct. 10, 1995) (granting motion to amend for plaintiff to add additional claim).

Furthermore, any delay will not cause "undue prejudice," particularly because a claim for breach of the implied covenant of good faith and fair dealing was already present in the now operative Second Amended Complaint, at paragraph 12. See Savoy v. White, 139 F.R.D. 265, 269 (D.Mass. 1991) (finding no undue prejudice, even after summary judgment had been filed, because new claims closely related to previously

asserted claims); Picker International, Inc. v. Leavitt, 128 F.R.D. 3, 6 (D.Mass.1989) (no undue prejudice if new claims are similar to previous claims).

In the absence of a substantial reason it is an abuse of discretion to deny a moving party leave to amend. Foman v. Davis, 371 U.S. 178, 182 (1962) (abuse of discretion found in denying leave to amend); see also Davis v. Piper Aircraft Corp., 615 F.2d 606 (4th Cir.) (court may not use discretion under Federal Rule of Civil Procedure 15(a) "either arbitrarily or in a way that undermines the basic policy of the rule"; judgment reversed because of judge's failure to allow amendment).

Defendants cannot claim they are prejudiced because of the punitive damages sought for breach of the covenant of bad faith and fair dealing because punitive damages were already part of plaintiff's prayers for relief, and defendants were already on notice of plaintiff's claim for breach of the implied covenant of good faith and fair dealing. See Second Amended Complaint, par. 12.

Moreover, it is defendants who, in seeking to have the Chapter 93A claim dismissed, urged the Court to apply Connecticut law to this case. They cannot complain simply because plaintiff seeks to move her claim for breach of the implied covenant of good and faith dealing into a separate count under Connecticut law, and provide greter specificity.

Recent discovery provides strong support for plaintiff's prayer for punitive damages in the Second Amended Complaint and thus plaintiff seeks to amend the complaint to specifically set forth grounds for such damages. Connecticut common law permits punitive damages to be recovered against an insurer whose conduct is "malicious or outrageous, that is, done with bad motive or reckless disregard of, or indifference to,

4

the plaintiff's rights." <u>Umberti v. Lincoln Nat'l Life Ins. Co.</u>, 144 F. Supp. 2d 90, 107 (D. Conn 2001).  The conduct "must be alleged in terms of wanton and malicious injury . . . ." <u>L.F. Pace & Sons, Inc. v. Travelers Indemnity Co.</u>, 9 Conn.App. 30, 48, 514 A.2d 766, 776 (1986).  "[W]hen the insurer *unreasonably and in bad faith* withholds payment of the claim of its insured, it is subject to liability in tort." <u>Id.</u> at 46.  (Emphasis added; internal quotation marks omitted).Punitive damages are warranted because an insured is "entitled to expect that a claim examination will include, as part of a reasonable and adequate investigation, consideration of the relevant opinions of the treating physician where a medical issue is unclear or controverted, or consideration of the opinions of *an independent physician from the appropriate specialty* before deciding to terminate benefits on the basis of a medical conclusion." <u>Umberti</u>, 144 F. Supp. 2d at 104-05 (emphasis added).  As articulated in the proposed substitute for Count II,  recent discovery has revealed that, in this case, defendants acted "with bad motive or reckless disregard of, or indifference to, the plaintiff's rights" by:

1) taking the position, in denying plaintiff's claim, that latex allergy posed no problem in the workplace to one who has a latex allergy, while knowing that their corporate position was and continues to be that they will no longer issue disability policies to any dentists, doctors, or other medical professionals, including dental hygienists, if there is  any sign they have  latex allergy because of the risks that they will become unable to work in their occupation and be entitled to payment under a disability policy;

2) retaining, and relying on the opinions of, a physician who rejects conventional medicine and does not believe in latex allergy, even though latex allergy is widely recognized;

3) retaining and relying on the opinions of a physician who rejects basic tenets of treatment of latex allergy and occupational asthma, knowing that the plaintiff's claim was based on latex allergy and asthma related to exposure to latex in her occupation, that is, occupational asthma;

4) retaining and relying on the opinions of a physician who had little or no experience diagnosing, testing for, or treating latex allergy or occupational asthma;

5) retaining and relying on the opinions of a physician who was not Board-certified in any specialty, had failed Board-certification examinations, and who did not have expertise in latex allergy;

6) deliberately ignoring substantial information reported in peer-reviewed medical literature and in government publications concerning the prevalence, seriousness and symptoms and characteristics of latex allergy;

7) deliberately ignoring ignoring internal institutional information about latex allergy, including information from their own underwriting department and the industry; and

8) deliberately relying on misleading, inaccurate or irrelevant information to deny the claim.

In light of this information obtained during discovery, Plaintiff requests leave to amend her complaint by substituting the form of Count II attached hereto.

## Conclusion

For all the reasons above, plaintiff requests that her motion be allowed.

        CAROLYN MIREK
        By her Attorneys,

        /s/ Joanne D'Alcomo
        _____
        Joanne D'Alcomo
        BBO #544177
        Seth Nesin
        BBO #650739
        JAGER SMITH, P.C.
        One Financial Center
        Boston, Massachusetts 02111
        (617) 951-0500

Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
Seth Nesin