## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, </br></br> Plaintiff, </br></br> vs. </br></br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) CIVIL ACTION NO.: 04-30166-MAP </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

### DEFENDANTS' OPPOSITION TO
### PLAINTIFF'S MOTION TO AMEND COMPLAINT

The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"), hereby file this opposition to Plaintiff's Motion to file a Third Amended Complaint. Through her motion to amend – **filed five months <u>after</u> the end of paper discovery and four days before the deposition deadline**, Plaintiff seeks to add a claim for a Breach of the Covenant of Good Faith and Fair Dealing ("New Bad Faith Count") under Connecticut law. Contrary to Plaintiff's assertion, her New Bad Claim Count is not merely a rewording of her Second Amended Complaint. Rather, the New Bad Faith Count is Plaintiff's latest attempt – after two failed theories – to provide the basis for engaging in a fishing expedition to try to expand this simple breach of contract case into something it is not. As set forth below, Plaintiff's Motion to file a Third Amended Complaint must be denied because: 1) the Defendants will be prejudiced by the untimely third amendment to the Complaint; 2) Plaintiff failed to act timely in seeking to amend her Complaint for the third

time; and 3) Plaintiff's motives in amending the Complaint are to continue here unabated fishing expedition.

## FACTS

1. On June 14, 2004, Plaintiff initially filed this action in Massachusetts State Court alleging a breach of contract claim and a Connecticut unfair and deceptive practices/unfair insurance practices claim against the Defendants.

2. On July 26, 2004, Plaintiff filed an Amended Complaint alleging the previously asserted counts and two counts (one against each Defendant) alleging unfair and deceptive practices in violation of Massachusetts General Laws Chapter 93A.

3. After removal to this Court, Plaintiff filed a Second Amended Complaint restating the four counts set forth in her Amended Complaint.

4. The Defendants moved to dismiss Counts III and IV (the Massachusetts Chapter 93A Counts) based on the fact that all of the activity relevant to this case occurred in Connecticut and that Connecticut Law governed this dispute.

5. By a Memorandum and Order dated February 9, 2005, the Court dismissed Counts III and IV of Plaintiff's Second Amended Complaint.

6. On February 9, 2005, the Court issued a Pretrial Scheduling Order, ordering "All interrogatories and requests for production will be served no later than April 15, 2005", and "All non-expert depositions will be completed by September 30, 2005."

7. Consistent with the Court's order, the parties have completed written discovery and are completing depositions all of which were noticed prior to September 30, 2005.

8. On September 9, 2005, in response to a panoply of discovery initiated by Plaintiff, the Defendants filed a Motion for Judgment on the Pleadings as to Count II of the

        Plaintiff's Complaint alleging unfair trade practices/insurance practices and further sought a protective order predicated on the fact that Plaintiff's unfair trade practices/insurance practices claim was unsustainable.

9. In response to Defendants' motion, Plaintiff "willingly dismiss[ed] her unfair trade practices claim." See Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings as to Count II in the Complaint and For Emergency Protective Order at 2.

10. Recognizing the futility of her unfair trade practices claim which provided the basis on which Plaintiff sought a panoply of discovery, Plaintiff now seeks to continue her discovery expedition based on her New Bad Faith Claim. Id. at 10-13 (predicating 30(b)(6) deposition topics on New Bad Faith Claim).

## ARGUMENT

**A. PLAINTIFF HAS FAILED TO PROVIDE JUSTIFICATION FOR THE RE-RE-RE AMENDMENT OF HER COMPLAINT**

The First Circuit has specifically instructed:

> While leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), parties seeking the benefit of the rule's liberality have an obligation to exercise due diligence; unseemly delay, in combination with other factors, may warrant denial of a suggested amendment. A party's belated attempt to revise its pleadings requires that a court examine the totality of the circumstances and exercise sound discretion in light of the pertinent balance of equitable considerations.

Quaker State Oil Refining Corporation v. Garrity Oil Company, Inc., 884 F.2d 1510, 1517 (1st Cir. 1989) (internal citations omitted) (motion to amend is denied where there were only two months remaining in discovery period, a great deal of discovery had already taken place without reference to the new claim and movant never proffered an satisfactory explanation of the delay in

3

adding the new claim); see also, Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st Cir. 1983) (denying plaintiff's motion to amend his complaint as untimely where plaintiff offered no justification for the delay where motion to amend was filed two years after the filing of the complaint and two months before trial).

Similarly, if a party moves to amend his or her pleadings when discovery is already complete, when the other party has substantially completed their motion for summary judgment, and when the other party is well into its trial preparation, the moving party's argument that the non-moving party "would not have been prejudiced by allowance of the amendment rings hollow." Grant v. News Group Boston, Inc., 55 F.3d 1, 6 (1st Cir. 1995) (denying motion to amend). "Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some 'valid reason for his neglect and delay.'" Stepanischen v. Merchants Despatch Transportations Corp., 722 F.2d 922, 933 (1st Cir. 1983) (denying plaintiff's motion to amend where he failed to meet the burden of showing some valid reason for his neglect and delay).

Plaintiff fails to provide any justification for her neglect and delay in seeking the untimely third amendment, instead concluding -- that "recent" discovery justifies the New Bad Faith Count. Motion to Amend at 1. Plaintiff's "recent" discovery argument fails. Rather than producing any factual support for this allegation – either by affidavit or submission of the "recent" discovery – Plaintiff asserts numerous reckless conclusory allegations as support for her "recent" discovery argument. Motion to Amend at 5-6. The truth of the matter is that Plaintiff is reluctant to inform the court of the true justification for her late filing which is that given Plaintiff's willing dismissal of Count II of her Second Amended Complaint, she needs a new predicate to continue her fishing expedition into the Defendants' business practices. This is

4

evidenced by the fact that almost all of the topics on which Plaintiff seeks deposition testimony from Defendants are based on this eleventh hour New Bad Faith Claim. See Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings as to Count II in the Complaint and For Emergency Protective Order at 10-13.

In addition to lacking any justification for seeking this Court's leave to file the late amendment, Plaintiff fails in her argument that Defendants will not be prejudiced in trying to defend against a new Bad Faith count asserted 5 months after the close of paper discovery and 4 days before the deadline for taking depositions in this case.  Defendants are prejudiced because: 1) "delay itself may be considered prejudicial," Andrews v. Bechtel Power Corp., 780 F.2d 124, 139 (1st Cir. 1985) (upholding U.S. District Court's denial of motion to amend); 2) paper discovery closed months ago, deposition discovery is now closed, and Defendants will not be able to take discovery as to the Plaintiff's support for her New Bad Faith Claim; and 3) Defendants expended significant funds filing their motion for judgment on the pleadings that led Plaintiff to willingly dismiss Count II -  it would be incredibly prejudicial to allow Plaintiff to now amend her complaint to, in her words, assert "the far simpler claim to try in this case." Plaintiff's Response to Defendant's Motion for Judgment on the Pleadings as to Count II in the Complaint and For Emergency Protective Order at 2.

Notwithstanding the foregoing, Plaintiff proffers the following unsupportable basis for arguing that Defendants are not prejudiced by her untimely motion:  1) Defendants cannot claim that they were prejudiced because Plaintiff sought punitive damages,  Motion to Amend at 4; 2) Defendants were already on notice of Plaintiff's claim for breach of the implied covenant of good faith and fair dealing, Id.; and 3) because Defendants obtained dismissal of Plaintiff's

5

Chapter 93A claims, they cannot complain because Plaintiff now asserts a new Connecticut law basis for relief.

First, Plaintiff should not be able to leverage her generic demand for punitive damages and attorneys fees into justification for asserting a new claim. Plaintiff sought punitive damages under Count II, the Connecticut unfair trade practices/insurance practices count that Plaintiff has now voluntarily dismissed. <u>See</u> <u>Second Amended Complaint at ad damnum clause for Count II</u>. To allow Plaintiff to benefit from the assertion of an ad damnum provision in a count that was unsustainable – and willingly dismissed -- would invite parties to assert every form of relief in the hopes of one day articulating a theory on which such relief could be recovered.

Second, Plaintiff's allegation that Defendants are not prejudiced because the Second Amended Complaint referenced the implied covenant of good faith and fair dealing is disingenuous. The reference to good faith in the Second Amended Complaint bears no resemblance to Plaintiff's New Bad Faith Claim and therefore did not put Defendants on notice. Plaintiff's old "breach of good faith" allegation in Paragraph 12 of the Complaint was part of her "Breach of Contract" Count I that alleged merely that the Defendants' failure to pay disability benefits constituted a breach of contract and bad faith. The insincerity in Plaintiff's assertion is clearly demonstrated by: 1) the fact that Plaintiff recognizes the need to file a New Bad Faith Count; and 2) the ad damnum section of Count I – the section in which Plaintiff's old "breach of good faith" allegation occurred – did not contain any request for punitive damages. Defendants had no notice that Plaintiff intended to demonstrate willful bad faith and seek punitive damages as sought in the New Bad Faith Count.

Third, Plaintiff's suggestion that Defendants cannot complain because they urged the Court to apply Connecticut law when seeking dismissal of the Chapter 93A counts is ridiculous.

First of all, this Court correctly ordered Plaintiff could not obtain any relief under Chapter 93A. Secondly, Beginning with Plaintiff's original complaint, and continuing through the first and second amendments, Plaintiff has asserted Connecticut law as providing a basis for her claim. Thus, Plaintiff was aware at all times that Connecticut law applied and nevertheless failed to assert her New Bad Faith Claim until more than a year after she filed this action and on the eve of the close of discovery. Thus, the proper dismissal of Plaintiff's Chapter 93A counts utterly fails to justify Plaintiff's last ditch proposed amendment to add a New Bad Faith Claim under Connecticut law.

**B.    THE CASES CITED BY PLAINTIFF ARE INAPPOSITE**

In her Motion, Plaintiff cites numerous cases for the proposition that the Court must allow Plaintiff to make her untimely amendment. Contrary to Plaintiff's suggestion, almost all of the cases cited by Plaintiff are not only distinguishable – but many support Defendants opposition.

In <u>Brandon Associates, LLC v. Failsafe Safety Systems Corp.</u>, 2005 WL 1693841 (D. Mass. 2005), unlike the current case, plaintiff sought to amend the complaint well before the close of discovery. In <u>Smith v. Mitre Corporation</u>, 949 F.Supp. 943 (D. Mass. 1997), the Court recognized that <u>undue delay is itself prejudicial</u>, but allowed the plaintiff to amend due to the Court's concern that plaintiff would file a separate lawsuit because the statute of limitations on the amended claim had not yet run – that concern is not present here as the statute of limitations on any alleged breach of the covenant of good faith and fair dealing has already expired. In <u>Subaru Distributors Corporation v. General Ship Corporation</u>, 167 F.R.D. 342 (D. Mass. 1996), the plaintiff was seeking to amend the Complaint to delete the invocation of admiralty jurisdiction <u>early</u> in the case – not at the close of discovery. In <u>Federal Home Loan Mortgage</u>

7

Corporation v. Hall, 1994 WL 51637 (D. Mass. 1994) plaintiff simply moved to amend to name an already named defendant individually, in addition to in his capacity as trustee. In Gaffney v. U.S., 1990 WL 167492 (D. Mass. Oct. 26, 1990), the defendant sought only to add an affirmative defense capping non-economic damages, which required no additional discovery – unlike this case in which Plaintiff seeks to predicate significant discovery on her New Bad Faith Claim. In Spear v. Somers Sanitation Service, Inc., 162 F.R.D. 1 (D. Mass. 1995), the Court permitted an amendment only after finding there was no undue delay, bad faith, or dilatory motive and specifically stated result would likely be different if facts were more similar to a First Circuit case in which motion to amend was filed after 17 months of discovery and after the discovery deadline had been set. Similarly, in Bethiaume v. Enterprise Rent-A-Car, 164 F.R.D. 121 (D. Mass. Oct. 10, 1995) the amendment was allowed after the Court found that there was no undue delay, bad faith or dilatory motive.

## CONCLUSION

As explained above, Plaintiff's Motion to File a Third Amended Complaint must be denied because: (1) Defendants will be prejudiced due to Plaintiff's untimely attempt to amend; (2) Plaintiff failed, inexcusably, to act timely in seeking to amend; and (3) Plaintiff's proposed amendment does nothing more than attempt to create a new basis for the discovery fishing expeditions from which the Defendants previously and properly sought protection. Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion to File a Third Amended Complaint.

        Respectfully Submitted,

        Defendants The Guardian Life Insurance
        Company of America and Berkshire Life
        Insurance Company of America

        By their attorneys,

        CREVIER & RYAN, LLP.


        s/David B. Crevier
        David B. Crevier, Bar No. 557242
        Katherine R. Parsons, Bar No. 657280
        1500 Main Street, Suite 2020
        Springfield, MA 01115-5727
        Tel:  413-787-2400
        Facsimile:  413-781-8235
        Email: dcrevier@crevierandryan.com
                kparsons@crevierandryan.com


        s/Edward Kimball
        Edward Kimball, Esq.
        700 South Street
        Pittsfield, MA 01201
        Tel:  413-499-4321


<u>CERTIFICATE OF SERVICE</u>

    I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 11th day of October 2005.

        s/David B. Crevier