**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CAROLYN MIREK, | ) CIVIL ACTION NO.: 04-30166-MAP |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) DEFENDANT THE GUARDIAN LIFE |
| | ) INSURANCE COMPANY OF AMERICA'S |
| | ) RESPONSE TO PLAINTIFF'S REQUEST |
| THE    GUARDIAN    LIFE    INSURANCE | ) FOR PRODUCTION, SET NO. ONE |
| COMPANY OF AMERICA and | ) |
| BERKSHIRE LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

PROPOUNDING PARTY:        PLAINTIFF, CAROLYN MIREK

RESPONDING PARTY:         DEFENDANT THE GUARDIAN LIFE INSURANCE
                          COMPANY OF AMERICA

SET NO.:                  ONE (1)

## PRELIMINARY STATEMENT

Defendant The Guardian Life Insurance Company of America ("GUARDIAN") has not fully completed its investigation or analysis of the facts relating to this case, has not completed discovery, and has not completed its preparation for trial. Each of the responses contained herein are based only upon such information and documents, which are presently available to and specifically known to GUARDIAN. GUARDIAN herein discloses only those contentions, which presently occur to such responding party. GUARDIAN anticipates that further discovery, independent investigation, and further legal research and analysis will supply additional facts, add meaning to known facts and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes and variations to the responses set forth herein.

The following responses are given without prejudice to GUARDIAN's right to produce evidence of any subsequently discovered fact or facts, which GUARDIAN may later discover through investigation. GUARDIAN accordingly reserves the right to change and supplement any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed and contentions are set forth. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as are presently known, but do not in any way prejudice GUARDIAN with regard to further discovery, research, or analyses.

## DEFINITIONS

(1)     As used herein, the words, "Defendant," and "BERKSHIRE" shall mean and refer to defendant Berkshire Life Insurance Company of America, and includes all representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.

2

(2)    As used herein, the word "GUARDIAN" shall mean and refer to The Guardian Life Insurance Company of America, and includes all representatives, agents, employees, attorneys and/or persons acting or purporting to act on its behalf.

(3)    "Plaintiff" shall mean and refer to Carolyn Mirek.

(4)    "Policy" shall mean and refer to policy No. G723670 issued to Plaintiff by GUARDIAN.

## GENERAL OBJECTIONS

(1)    GUARDIAN objects to the Request on the grounds that it is overbroad in time to the extent that it seeks the production of documents without time limitations.

(2)    GUARDIAN objects to the Request insofar as it seeks the production of documents that are irrelevant to the subject matter of this action, and/or are not reasonably calculated to lead to the discovery of relevant evidence, and to the extent that the Request is overly broad, ambiguous and/or would impose unreasonable and undue burden and expense on GUARDIAN.

(3)    GUARDIAN objects to the Request insofar as it seeks the production of documents that were prepared for and/or in anticipation of litigation or that are attorney's work-product or that constitute or reflect communication subject to the attorney/client privilege or any other privilege, or that are encompassed within any other privilege.

(4)    The production of any document by GUARDIAN in response to the Request is not and shall not be deemed or construed to be a waiver of any privilege, right or objection with respect to any such document.  In the event that a privileged document is inadvertently produced by GUARDIAN, such production is not and shall not be deemed or construed to be a waiver of any privilege, right or objection, and GUARDIAN reserves the right to demand the return of any such document from the party to whom it was inadvertently produced.

(5)    GUARDIAN objects to the Request to the extent that it purports to require

3

GUARDIAN to respond thereto in a manner which otherwise exceeds the requirements of the Federal Rules of Civil Procedure.

(6)    GUARDIAN objects to the Request to the extent that it seeks proprietary trade secret, business information, and or other confidential information and/or documents.

(7)    GUARDIAN objects to the Request to the extent that the Request seeks information which is in Plaintiff's possession or which Plaintiff may obtain from a source other than GUARDIAN and the requested production by such other source would be less burdensome and/or costly to such other sources than the requested production would be to GUARDIAN.

(8) GUARDIAN objects to the Request to the extent that it seeks the production of documents not within GUARDIAN 's possession, custody or control.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1

The claims file for the claim of Carolyn Mirek.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No.1.

### REQUEST FOR PRODUCTION NO. 2

The application file of Carolyn Mirek.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 2

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No.2.

### REQUEST FOR PRODUCTION NO. 3

The policy issued to Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 3

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No.3.


REQUEST FOR PRODUCTION NO. 4

All documentary materials, including but not limited to, manuals, handbooks, memoranda, directives, guidelines, practices or policies, etc. containing, reflecting, describing, summarizing, explaining or embodying any procedures, practices, or policies used in the handling of Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 4

Subject to and without waiving these or any of the General Objections, see BERKSHIRE's Response to Request For Production No.4.


REQUEST FOR PRODUCTION NO. 5

All documentary materials, including but not limited to, manuals, handbooks, memoranda, directives, guidelines, practices or policies, etc., containing, reflecting, describing, summarizing, explaining or embodying any procedures, practices, or policies used in the handling of claims submitted to the defendants under "own occupation" or other disability policies during the period from January 1, 2000 to the present.


RESPONSE TO REQUEST FOR PRODUCTION NO. 5

Subject to and without waiving these or any of the General Objections, see BERKSHIRE's Response to Request For Production No.4.


REQUEST FOR PRODUCTION NO. 6

All documentary materials, including but not limited to, manuals, handbooks, memoranda, directives, guidelines, practices or policies, etc., containing, reflecting, describing,

summarizing, explaining or embodying any procedures, practices, or policies used in the handling of latex allergy-related claims submitted to the defendants under "own occupation" or other disability policies during the period from January 1, 2000 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 6

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No.4.


REQUEST FOR PRODUCTION NO. 7

All claims manuals or manuals used by Guardian or Berkshire staff physicians or medical personnel, or other personnel in the handling of disability claims at any time from January 1, 2000 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 7

Subject to and without waiving any of the General Objections, "GUARDIAN or BERKSHIRE staff physicians" and/or "medical personnel" are not engaged in "the handling of disability claims" see BERKSHIRE's Response to Request For Production No. 4.


REQUEST FOR PRODUCTION NO. 8

All claims manuals or manuals used by Guardian or Berkshire staff physicians or medical personnel, or other personnel in the handling of Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 8

Subject to and without waiving any of the General Objections, "GUARDIAN or BERKSHIRE staff physicians" and/or "medical personnel" were not engaged in "the handling of Carolyn Mirek's claim" see BERKSHIRE's Response to Request For Production No. 4.


REQUEST FOR PRODUCTION NO. 9

All documentary materials, including but not limited to, memoranda of understanding, manuals, memoranda, guidelines, directives, policy memos, etc., referring to, relating to,

describing or concerning Guardian's use of Berkshire in the claims-handling process for disability claims.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9

Subject to and without waiving any of the General Objections, none.


## REQUEST FOR PRODUCTION NO. 10

All documentary materials, including but not limited to, manuals, memoranda, directives, guidelines, practices or policies, containing, reflecting, describing, summarizing, explaining or embodying criteria or standards used by Guardian or Berkshire at any time from January 1, 2000 to the present in determining whether to pay latex allergy-related claims under "own occupation" or other disability policies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 10

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 4.


## REQUEST FOR PRODUCTION NO. 11

All documentary materials, including but not limited to, manuals, memoranda, directives, guidelines, practices or policies, containing, reflecting, describing, summarizing, explaining or embodying criteria or standards used by Guardian or Berkshire at any time from January 1, 2000 to the present in determining whether to pay latex allergy-related claims under "own occupation" or other disability policies.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 11

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 4.


## REQUEST FOR PRODUCTION NO. 12

All documentary materials, including but not limited to, manuals, memoranda, directives,

guidelines, practices or policies, containing, reflecting, describing, summarizing, explaining or embodying criteria or standards used by Guardian or Berkshire at any time from January 1, 2000 to the present in determining whether to pay Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 12.

REQUEST FOR PRODUCTION NO. 13

All documentary materials, including but not limited to, manuals, memoranda, containing directives, guidelines, practices or policies, relied upon by Berkshire or Guardian in the handling of Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 13

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 13.

REQUEST FOR PRODUCTION NO. 14

All documentary materials, including but not limited to, treatises, medical journals, articles, manuals, memoranda, directives, guidelines, practices or policies, used by, referred to, consulted, relied upon in any way by Guardian or Berkshire from January 1, 1998 to the present in the processing of claims under disability policies where the issue of latex allergy was asserted to be involved in the insured's alleged disabling condition.

RESPONSE TO REQUEST FOR PRODUCTION NO. 14

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 4.

REQUEST FOR PRODUCTION NO. 15

All documentary materials describing or containing the criteria used by Guardian or

Berkshire at any time since January 1, 2000, to determine whether to pay benefits to a claimant who asserted latex allergy as a basis for disability.

RESPONSE TO REQUEST FOR PRODUCTION NO. 15

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request For Production No. 4.

REQUEST FOR PRODUCTION NO. 16

All documentary materials, referring to, describing or concerning the educational background, credentials or qualifications of Harold Axe, M.D.

RESPONSE TO REQUEST FOR PRODUCTION NO. 16

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 16.

REQUEST FOR PRODUCTION NO. 17

All documentary materials describing, referring to, concerning or relating to the process or methodology by which Harold Axe, M.D. was selected to perform work in connection with Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 17

Subject to and without waiving any of the General Objections, GUARDIAN states that to the extent that any such documentation is in GUARDIAN's possession, custody or control, such information is contained within the documents produced in Response to Request for Production No. 1 herein.

REQUEST FOR PRODUCTION NO. 18

All documentary materials generated by or on behalf of Harold Axe, M.D. concerning Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 18

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 16.


REQUEST FOR PRODUCTION NO. 19

All documentary materials sent to Harold Axe, M.D. concerning Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 19

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 16.


REQUEST FOR PRODUCTION NO. 20

All documentary materials submitted by or on behalf of Harold Axe, M.D., at any time, concerning his participation as an examining physician on behalf of the defendants, except for those portions of documents identifying particular insureds by name.

RESPONSE TO REQUEST FOR PRODUCTION NO. 20

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 16.


REQUEST FOR PRODUCTION NO. 21

Curriculum vitae, resumes and other documentary materials describing the qualifications or credentials of all persons who participated in the decision to deny Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 21

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 21.


REQUEST FOR PRODUCTION NO. 22

All documentary materials identified in defendants' answer to Interrogatory No. 4.

RESPONSE TO REQUEST FOR PRODUCTION NO. 22

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 22.


REQUEST FOR PRODUCTION NO. 23

All documentary materials not protected by the attorney-work product or attorney-client privilege that refer to or concern Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 23

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 23.


REQUEST FOR PRODUCTION NO. 24

All documentary materials describing, referring to, relating to, analyzing or concerning the characteristics of, symptoms of, diagnosis of, or causes of, latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 24

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 24.


REQUEST FOR PRODUCTION NO. 25

All documentary materials describing, referring to, relating to, analyzing or concerning the treatment for latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 25

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 24.


REQUEST FOR PRODUCTION NO. 26

All photographs, surveillance videos or visual images, or sound recordings relating to

Carolyn Mirek or to the claim of Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 26

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 26.


REQUEST FOR PRODUCTION NO. 27

All documentary materials relied upon by Guardian or Berkshire in any way in the decision to deny Carolyn's Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 27

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 27.


REQUEST FOR PRODUCTION NO. 28

All documentary materials identifying all persons who participated in the decision to deny Carolyn Mirek's claim, and/or their title, position and responsibilities at Guardian or Berkshire, and their role in the decision to deny Carolyn Mirek's claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 28

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 28.


REQUEST FOR PRODUCTION NO. 29

All communications between Carolyn Mirek and the defendants.

RESPONSE TO REQUEST FOR PRODUCTION NO. 29

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 29.

REQUEST FOR PRODUCTION NO. 30

All documentary materials including, but not limited to, e-mails, notes, memoranda, electronically stored data, etc., constituting, referring to, or relating to any communications between Carolyn Mirek and the defendants, other than attorney-work product and attorney-client privileged material.

RESPONSE TO REQUEST FOR PRODUCTION NO. 30

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 30.

REQUEST FOR PRODUCTION NO. 31

All documentary materials used, consulted or relied upon in any by the defendants at any time since January 1, 1998 in determining, assessing, appraising, analyzing or evaluating the risks associated with underwriting disability insurance policies, including "own occupation" disability policies, of M.D.s, dentists, or other medical professionals who have been diagnosed with latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 31

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 31.

REQUEST FOR PRODUCTION NO. 32

All documentary materials used, consulted or relied upon in any by the defendants in concluding - as reflected in the website excerpt as attached Exhibit A - that if an applicant for disability insurance is an M.D., dentist or medical professional who has been diagnosed with latex allergy, the probable underwriting action is that coverage will be declined.

RESPONSE TO REQUEST FOR PRODUCTION NO. 32

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 32.

REQUEST FOR PRODUCTION NO. 33

     All documentary materials containing or identifying data or sources of data on which the defendants relied in concluding - as reflected in the website excerpt as attached Exhibit A -that if an applicant for disability insurance is an M.D., dentist or medical professional who has been diagnosed with latex allergy, the probable underwriting action is that coverage will be declined.

RESPONSE TO REQUEST FOR PRODUCTION NO. 33

     Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 33.

REQUEST FOR PRODUCTION NO. 34

     All documentary materials containing information, or identifying the sources of information, on which the defendants relied, at any time since January 1, 1995, in establishing, developing or formulating underwriting guidelines, standards, principles, rules, practices for the issuance of policies to M.D.'s, dentists or other medical professionals who have been diagnosed with latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 34

     Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 34.

REQUEST FOR PRODUCTION NO. 35

     All documentary materials generated since January 1, 1995, discussing, analyzing, referring to, describing or containing underwriting guidelines, practices or procedures relating to the issuance of disability insurance policies to M.D.s, dentists or other medical professionals who have been diagnosed with a latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 35

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 35.


REQUEST FOR PRODUCTION NO. 36

All documentary materials on which the defendants relied at any time since January 1,1995, in developing or establishing positions on whether to issue disability policies to M.D.s, dentists or other medical professionals who have been diagnosed with a latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 36

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 36.


REQUEST FOR PRODUCTION NO. 37

All documentary materials generated since January 1, 1995, pertaining to, embodying, referring to, or relating to any decision by the defendants not to write disability insurance coverage for persons with a latex allergy because of such diagnosis, except for information identifying particular insureds.

RESPONSE TO REQUEST FOR PRODUCTION NO. 37

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 37.


REQUEST FOR PRODUCTION NO. 38

All documentary materials generated from January 1, 1995 to the present, including, but not limited to, spreadsheets, memoranda, reports, etc., analyzing, commenting upon, tabulating, or charting disability claims in the aggregate that involve an alleged latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 38

Subject to and without waiving any of the General Objections, see BERKSHIRE's

Response to Request for Production No. 38.

REQUEST FOR PRODUCTION NO. 39

All documentary materials generated since January 1, 1995, including but not limited to reports, memoranda, emails, etc., containing statistical data of any kind relating to latex allergy-related disability insurance claims.

RESPONSE TO REQUEST FOR PRODUCTION NO. 39

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 39.

REQUEST FOR PRODUCTION NO. 40

All documentary materials including, but not limited to, spreadsheets, memoranda, reports, etc., analyzing, commenting upon, tabulating, charting, or describing the outcome (that is, whether the claim was denied or accepted) of disability claims submitted to either of the defendants from January 1, 1995 to the present in which the claim was based, in whole or in part, on an alleged latex allergy (except for identifying information about the claimant).

RESPONSE TO REQUEST FOR PRODUCTION NO. 40

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 40.

REQUEST FOR PRODUCTION NO. 41

All documentary materials including, but not limited to, spreadsheets, memoranda, reports, etc., analyzing, commenting upon, tabulating, charting, or describing the outcome of disability claims in the aggregate submitted to either of the defendants from January 1, 1995 to the present in which the claim was based, in whole or in part, on an alleged latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 41

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 41.

REQUEST FOR PRODUCTION NO. 42

All documentary materials including, but not limited to, spreadsheets, memoranda, reports, etc., analyzing, commenting upon, tabulating, charting, or describing the number of disability claims submitted to either of the defendants from January 1, 1995 to the present, in which the claim was based, in whole or in part, on an alleged latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 42

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 42.

REQUEST FOR PRODUCTION NO. 43

All court filings, judgments, court rulings and orders, depositions, answers to interrogatories, requests for production of documents, and responses to requests for production of documents, and any litigation involving a disability insurance claim made to the defendants in which the claimant alleged a disability based, in whole or in part, on a latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 43

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 43.

REQUEST FOR PRODUCTION NO. 44

All material or data that appeared on any website operated by the defendants from January 1, 2002 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 44

GUARDIAN objects to this request as it is vague, ambiguous, and overly broad. In addition, GUARDIAN objects to this request as it seeks information that is neither relevant to matters at issue in this lawsuit nor is it reasonably calculated to lead to the discovery of admissible evidence. GUARDIAN further objects to this Request as it seeks the production of documents that are protected by the attorney work product doctrine and the attorney client privilege. GUARDIAN further objects to this request to the extent that it seeks proprietary or confidential information. GUARDIAN further objects to the request as unduly burdensome.

REQUEST FOR PRODUCTION NO. 45

All material or data that appeared on the defendants' website from January 1, 1995 which referred, in any way, to latex or latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 45

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 45.

REQUEST FOR PRODUCTION NO. 46

All documentary materials generated by either of the defendants from January 1, 1995 to the present which referred, in any way, to latex or to latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 46

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 46.

REQUEST FOR PRODUCTION NO. 47

All risk management publications, including but not limited to, brochures, materials,

pamphlets, booklets, etc., generated since January 1,1995 by the defendants, that refer to, relate to, describe or embody warnings, precautions, advice or recommendations concerning the use of latex or exposure to latex.

RESPONSE TO REQUEST FOR PRODUCTION NO. 47

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 47.


REQUEST FOR PRODUCTION NO. 48

All documentary materials, including but not limited to, brochures, newsletters, pamphlets, booklets, etc., disseminated, distributed or generated since January 1, 1995 by the defendants, that refer to, relate to, describe or embody warnings, precautions, advice or recommendations concerning the use of latex or exposure to latex.

RESPONSE TO REQUEST FOR PRODUCTION NO. 48

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 48.


REQUEST FOR PRODUCTION NO. 49

All documentary materials generated since January 1, 1995, including, but not limited to, reports, spreadsheets, analyses, memoranda, commenting upon, analyzing, discussing, reviewing, or otherwise referring to the actual, projected or potential financial exposure of either of the defendants as a result of latex allergy-related disability claims.

RESPONSE TO REQUEST FOR PRODUCTION NO. 49

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 49.


REQUEST FOR PRODUCTION NO. 50

All documentary materials generated since January 1, 1995, including, but not limited to,

reports, spreadsheets, analyses, memoranda, etc., commenting upon, analyzing, discussing, reviewing, or otherwise referring to actual, potential or projected volumes or amounts of latex allergy-related disability claims in the insurance industry or at Berkshire or Guardian.

RESPONSE TO REQUEST FOR PRODUCTION NO. 50

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 50.


REQUEST FOR PRODUCTION NO. 51

All documentary materials generated since January 1, 1995, including, but not limited to, reports, spreadsheets, analyses, memoranda, etc., commenting upon, analyzing, discussing, reviewing, or otherwise referring to, trends in the industry or at BERKSHIRE or Guardian in latex allergy-related disability claims.

RESPONSE TO REQUEST FOR PRODUCTION NO. 51

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 51.


REQUEST FOR PRODUCTION NO. 52

All statements made or signed by Carolyn Mirek or by anyone else concerning Carolyn Mirek's disability claim.

RESPONSE TO REQUEST FOR PRODUCTION NO. 52

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 52.


REQUEST FOR PRODUCTION NO. 53

All notes of telephone interviews, telephone conversations, or in-person interviews with any person concerning Carolyn Mirek.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 53

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 53.

## REQUEST FOR PRODUCTION NO. 54

All documentary materials referring to, describing, relating to or reflecting any meetings between or among any personnel at the defendants and anyone else that occurred at any time from the date that the defendants first learned that Carolyn Mirek was filing a disability claim to the denial of her claim, that referred to, related to or concerned Carolyn Mirek or Carolyn Mirek's disability claim.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 54

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 54.

## REQUEST FOR PRODUCTION NO. 55

Documentary materials identifying all physicians, nurses, or other medical personnel on whose opinion the defendants relied, at any time since January 1, 1990, in acknowledging coverage for a disability claim based on a latex allergy.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 55

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 55.

## REQUEST FOR PRODUCTION NO. 56

Documentary materials identifying all persons who were employees or independent contractors paid by Berkshire or Guardian on whose opinion the defendants relied, at any time since January 1, 1990, in acknowledging coverage for a disability claim based on a latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 56

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 56.

REQUEST FOR PRODUCTION NO. 57

All reports, narratives, reviews, or other documentary materials prepared or written by any medical personnel employed by or retained by the defendants at any time since January 1, 2000 that reflects or contains the opinion or conclusion that a claimant was totally or partially disabled because of a latex allergy, excluding claimant-identifying information.

RESPONSE TO REQUEST FOR PRODUCTION NO. 57

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 57.

REQUEST FOR PRODUCTION NO. 58

Documentary materials identifying all persons who, on behalf of either Guardian or Berkshire, approved coverage of a disability claim based in whole or in part on a latex allergy since January 1, 1990, and or their title, address and telephone number(s).

RESPONSE TO REQUEST FOR PRODUCTION NO. 58

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 58.

REQUEST FOR PRODUCTION NO. 59

All documentary materials analyzing, discussing, assessing, commenting upon, or referring to the text circled in red on the attached Exhibit A.

RESPONSE TO REQUEST FOR PRODUCTION NO. 59

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 59.

REQUEST FOR PRODUCTION NO. 60

All variations of the text circled in red on the attached Exhibit A that appeared on a website of the defendants, or in publications of the website, at any time.

RESPONSE TO REQUEST FOR PRODUCTION NO. 60

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 60.


REQUEST FOR PRODUCTION NO. 61

All documentary materials generated since January 1, 1990 commenting upon, discussing, describing, analyzing, assessing, reporting on, the insurability of an M.D., dentist or other medical personnel who has been diagnosed with a latex allergy.

RESPONSE TO REQUEST FOR PRODUCTION NO. 61

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 61.


REQUEST FOR PRODUCTION NO. 62

All sources of information or data, or documentary materials identifying all sources of data or information, on which either of the defendants relied in formulating or developing the position concerning the underwriting of coverage for persons diagnosed with latex allergy that is referenced on the attached Exhibit A, an excerpt from one or both of the defendants' web sites.

RESPONSE TO REQUEST FOR PRODUCTION NO. 62

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 62.


REQUEST FOR PRODUCTION NO. 63

The resumes, curriculum vitae, and other documentary materials identifying the name, title, last known telephone numbers and address, educational background or work history, of all

23

persons who participated, on behalf of either the defendants, in preparing or approving the substance and content of the website excerpt that is circled in red on the attached Exhibit A.

RESPONSE TO REQUEST FOR PRODUCTION NO.63

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 63.


REQUEST FOR PRODUCTION NO. 64

All documentary materials identifying, containing, reflecting, describing or referring to any contractual or other formal business relationship between MLS National Medical Evaluation Services, Inc. and Berkshire or Guardian, in existence at any time from January 1, 2000 to the present.

RESPONSE TO REQUEST FOR PRODUCTION NO. 64

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 64.


REQUEST FOR PRODUCTION NO. 65

All documentary materials received from MLS National Medical Evaluation Services, Inc. by Berkshire or Guardian concerning Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 65

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 65.


REQUEST FOR PRODUCTION NO. 66

All documentary materials sent to MLS National Medical Evaluation Services, Inc. by or on behalf of BERKSHIRE or Guardian that concern Carolyn Mirek.

RESPONSE TO REQUEST FOR PRODUCTION NO. 66

Subject to and without waiving any of the General Objections, see BERKSHIRE's

Response to Request for Production No. 66.

REQUEST FOR PRODUCTION NO. 67

All documentary materials identifying the total amount paid, by or on behalf of BERKSHIRE or Guardian, by year or other time period, since January 1, 2000, to MLS National Medical Evaluation Services, Inc.

RESPONSE TO REQUEST FOR PRODUCTION NO. 67

Subject to and without waiving any of the General Objections, see BERKSHIRE's Response to Request for Production No. 67.

DATED: ___July 11___ , 2005              By: _____
                                              Edward K. Kimball, Esq.
                                              Berkshire Life Insurance
                                              Company of America
                                              700 South Street
                                              Pittsfield, MA 01201
                                              Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this __11th__ day of __July__, 2005, a copy of the within Answers to

Interrogatories was mailed first class, postage prepaid, Joanne D'Alcomo, Esq., Jager Smith,

P.C., One Financial Center, Boston, MA 02111, Attorney for Plaintiff.

Edward K. Kimball

Dated: __July 11__, 2005