UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff,<br><br>vs.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants. | ) CIVIL ACTION NO.: 04-30166-MAP<br>)<br>)<br>)<br>) DEFENDANT THE GUARDIAN LIFE<br>) INSURANCE COMPANY OF AMERICA'S<br>) SUPPLEMENTAL RESPONSE TO<br>) PLAINTIFF'S INTERROGATORIES, SET<br>) NO. ONE |

PROPOUNDING PARTY:    PLAINTIFF CAROLYN MIREK

RESPONDING PARTY:    DEFENDANT THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA

SET NO.:    ONE (1)

1

Defendant The Guardian Life Insurance Company of America ("GUARDIAN") supplements its responses to plaintiff's first set of interrogatories herein as follows:

PRELIMINARY STATEMENT

GUARDIAN hereby incorporates by this reference the Preliminary Statement as set forth in GUARDIAN's responses to plaintiff's first set of interrogatories.

GENERAL OBJECTIONS

GUARDIAN hereby incorporates by this reference each and every General Objection as set forth in GUARDIAN's responses to plaintiff's first set of Interrogatories.

DEFINITIONS

GUARDIAN hereby incorporates by this reference the Definitions as set forth in GUARDIAN's responses to plaintiff's first set of Interrogatories.

## RESPONSES TO INTERROGATORIES

INTERROGATORY NO. 5.

Has either defendant, at any time since January 1, 1990, to the present, acknowledged coverage for a claim made under an "own occupation" or other disability policy when the insured asserted that he or she had a latex allergy-related disability? If so, set forth in detail: the date or approximate date that coverage was acknowledged and the occupation of the insured.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5.

GUARDIAN hereby incorporates by this reference each and every objection to this Interrogatory as set forth in GUARDIAN's original response to this Interrogatory. Subject to said objections GUARDIAN responds as follows:

Yes. The following table reflects specific instances in which a compensable claim for individual disability income insurance benefits has been approved by defendants where the stated medical conditions in support of the claim included latex related sensitivity.

| Occupation | Year of onset of Disability | Circumstances |
|---|---|---|
| Registered Nurse | 1995 | Initially unable to perform material duties of his/her occupation due to multiple conditions including latex allergy. Claimant eventually able to return to performing material duties of his/her occupation. |
| Physician | 1998 | Unable to perform material duties of his/her profession due to multiple conditions including immunological lung diseases impacted by pulmonary irritants including but not limited to latex. |
| Registered Nurse | 2003 | Unable to perform material duties of his/her occupation due to multiple chemical sensitivities including latex allergy. |
| Dentist | 1994 | Unable to perform material duties of his/her occupation due to multiple chemical sensitivities including latex allergy. |
| Dentist | 1997 | Unable to perform material duties of his/her occupation due to allergic contact dermatitis and latex hypersensitivity |
| Dental Hygenist | 1996 | Unable to perform material duties of his/her occupation due to Immunologic latex sensitivity, latex anaphlyaxis. |
| Dentist | 1999 | Unable to perform material duties of his/her occupation due to multiple medical conditions including latex sensitivity/ allergy. |

INTERROGATORY NO. 8.

Set forth whether either defendant has, at any time since January 1, 1990, concluded that a claimant was totally or partially disabled because of a latex allergy-related disability, and, if so, provide the circumstances of such determination, the occupation of the insured, and the basis for such determination.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 8.

GUARDIAN hereby incorporates by this reference each and every objection to this Interrogatory as set forth in GUARDIAN's original response to this Interrogatory. Subject to said objections GUARDIAN responds as follows:

See response to Interrogatory No. 6.

INTERROGATORY NO. 13.

For what period of time, or periods of time, has it been true that if an applicant for disability insurance coverage is an M.D., dentist or medical professional, and has been diagnosed with a latex allergy, disability insurance coverage would most likely be declined by (a) GUARDIAN or (b) BERKSHIRE?

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13.

GUARDIAN hereby incorporates by this reference each and every objection to this Interrogatory as set forth in GUARDIAN's original response to this Interrogatory. Subject to said objections GUARDIAN responds as follows:

BERKSHIRE has been underwriting individual disability income insurance since BERKSHIRE commenced operations on July 1, 2001. Since July 1, 2001 BERKSHIRE would most likely decline to issue an individual disability income insurance policy to a medical

professional with latex related sensitivities, assuming of course that the application was filled out truthfully and that BERKSHIRE was provided with information regarding those latex related conditions at the time of application.

Since approximately 2002 GUARDIAN would most likely decline to issue an individual disability income insurance policy to a medical professional with latex related sensitivities, assuming of course that the application was filled out truthfully and that GUARDIAN was provided with information regarding those latex related conditions at the time of application.

Prior to 2002, assuming that all other information available at the time of application supported issuance of an individual disability income insurance policy, if a medical professional applicant for an individual disability income insurance policy reported latex related sensitivities, then GUARDIAN would have most likely issued an individual disability income insurance policy to such a medical professional with a rider that excluded coverage under the policy for disability due to a latex related condition. Again, this response presumes an application being filled out truthfully and that GUARDIAN was provided with information regarding those latex related conditions at the time of application.

INTERROGATORY NO. 14.

Please identify all sources of data on which either of the defendants relied in formulating or developing the position concerning the underwriting of coverage for persons diagnosed with latex allergy that is referenced or reflected on the attached Exhibit A, an excerpt from one or both of the defendants' websites.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 14.

GUARDIAN hereby incorporates by this reference each and every objection to this

Interrogatory as set forth in GUARDIAN's original response to this Interrogatory. Subject to said objections GUARDIAN responds as follows:

Various medical articles regarding the diagnosis and treatment of latex related allergies. These documents are being produced pursuant to Request For Production No. 32.

INTERROGATORY NO. 15.

Please identify by name, title and last known telephone numbers and address, all persons who participated, on behalf of either *(sic)* the defendants, in preparing or approving the substance and content of the website excerpt that is circled in red on the attached Exhibit A, and the date that such content was first prepared.

SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 15

GUARDIAN hereby incorporates by this reference each and every objection to this Interrogatory as set forth in GUARDIAN's original response to this Interrogatory. Subject to said objections GUARDIAN responds as follows:

    Barbara Smacchetti – Underwriting Nurse Consultant.
    Berkshire Life Insurance Company of America
    700 South Street, Pittsfield MA 01201

    Timothy Newman – Medical Director
    Berkshire Life Insurance Company of America
    700 South Street, Pittsfield MA 01201

    Donald Morgan – Former Chief Underwriter
    Berkshire Life Insurance Company of America
    5 Bennetts Neck Drive
    P O Box 268
    Pocassett MA  02559
    (508) 759-3694

DATED: August 30, 2005            By: _____
                                  Edward K. Kimball, Esq.
                                  Berkshire Life Insurance
                                  Company of America
                                  700 South Street
                                  Pittsfield, MA 01201
                                  Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of August, 2005, a copy of the within Supplemental Responses to Interrogatories was mailed via overnight mail to Joanne D'Alcomo, Esq., Jager Smith, P.C., One Financial Center, Boston, MA 02111, Attorney for Plaintiff.

Edward K. Kimball

Dated: August 30, 2005