# Exhibit 8

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, <br><br> Plaintiff, <br><br> vs. <br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendants. | ) Civil Action No. 04-30166-MAP <br> ) <br> ) <br> ) DEFENDANT BERKSHIRE LIFE <br> ) INSURANCE COMPANY OF AMERICA'S <br> ) FIRST SET OF INTERROGATORIES TO <br> ) PLAINTIFF CAROLYN MIREK <br> ) <br> ) <br> ) <br> ) <br> ) |

PROPOUNDING PARTY:   BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

RESPONDING PARTY:    CAROLYN MIREK

SET NO.:             ONE (1)

TO PLAINTIFF CAROLYN MIREK AND TO HER ATTORNEYS OF RECORD:

Defendant Berkshire Life Insurance Company of America ("Berkshire") hereby requests that Plaintiff Carolyn Mirek ("Plaintiff"), answer under oath, pursuant to Federal Rules of Civil Procedure, Rule 33, within thirty (30) days of service, the following interrogatories. Each interrogatory is required to be answered on the basis of the entire knowledge of Plaintiff, including all information obtainable by said party, her attorneys and/or anyone acting on her behalf.

If a privilege is alleged as to any interrogatory of information, Plaintiff is required to state:

(a)   The privilege(s) asserted (e.g. work-product, attorney-client, etc.);

6.  "Defendants" shall mean the defendants in this action The Guardian Life Insurance Company of America and Berkshire.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Please state, in complete detail, each, every and all facts reflecting, supporting, constituting, concerning, memorializing, evidencing, referencing and/or relating or pertaining in any way to your contention contained in paragraph 7 of your Complaint, wherein you allege that "While the policy was in full force and effect and all premiums paid, [you] became so allergic to latex that [you] became unable to perform the major duties of [your] occupation and thus totally disabled within the meaning of the policy."

### INTERROGATORY NO. 2:

Please state, in complete detail, each, every and all facts reflecting, supporting, constituting, concerning, memorializing, evidencing, referencing and/or relating or pertaining in any way to your contention contained in paragraph 15 of your Complaint, wherein you allege that "The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the defendants' contract and constituted, unfair claim settlement practices as defined in Conn. Gen. Stat. §38A-816(6), and unfair and deceptive practices."

### INTERROGATORY NO. 3:

Please state, in complete detail, each, every and all facts reflecting, supporting, constituting, concerning, memorializing, evidencing, referencing and/or relating or pertaining in any way to your contention contained in paragraph 16 of your Complaint, wherein you allege that "In addition, the defendants committed the following unfair and

deceptive practices and unfair claim settlement practices, among others:

    a.    Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of the claim;

    b.    Failing to honor the contractual obligation to pay monthly all benefits due for disability after [you] established that [you] had a severe latex allergy that made [you] disabled from working in [your] occupation as a dental hygienist;

    c.    Failing to conduct a meaningful investigation of the claim;

    d.    Denying the claim based on stated reasoning that is nonsensical or unsupportable;

    e.    Relying on a physician who apparently is not board-certified in a relevant specialty, that is, allergy or occupational medicine, to deny the claim, and, a physician who never examined [you];

    f.    Refusing to pay the claim without conducting a reasonable investigation based on all available information

    g.    Failing to affirm or deny coverage of the claim within a reasonable period of time

    h.    Failing to effectuate prompt, fair and equitable settlement of the claim when liability for disability benefits became reasonably clear."

## INTERROGATORY NO. 4:

With respect to your alleged latex allergy, please describe in detail why you cannot perform the major duties of a dental hygienist, specifically identifying:

    a.    Those items found in a dental office that affect your alleged latex allergy.

    b.    Every item that would have to be eliminated from a dental office in order for you to be able to perform the major duties of a dental hygienist.

## INTERROGATORY NO. 5:

Please detail each and every adverse allergic reaction that you suffered from December 1, 1995 to the present, for each incident identifying:

Defendants in your Complaint. As to each person identified, specify whether you intend to call such person as a fact witness and state the substance of the facts to which such person will testify.

**INTERROGATORY NO. 19**:

Please identify with particularity all communications that you had with any representatives of Dr. Burstein's dental office regarding your latex allergy including any requests to alleviate latex in the office. For each communication state with whom you had the communication, the time and date of the communication and all witnesses thereto.

**INTERROGATORY NO. 20**:

Identify by name, address and telephone number every person that you know or of who you know that has any latex allergy and who works in any aspect of the dental profession.

Respectfully Submitted,
Defendant Berkshire Life Insurance
Company of America

By:

CREVIER & RYAN LLP

David B. Crevier, Bar No. 557242
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400
Facsimile: 413-781-8235
Email: dcrevier@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 28 day of March 2005.

# Exhibit 9

June 17, 2002
<u>Via Airborne Express</u>

Mr. Joseph Schimizzi
MLS National Medical Evaluation Services
25899 West Twelve Mile Rd., Suite 200
Southfield, MI 48034

                                               Re: Carolyn Mirek
                                               Claim#: 391131
                                               Policy#: G723670

Dear Joe:

As we discussed, I am enclosing all the medical information from the disability claim file for Ms. Carolyn Mirek

For review, Ms. Mirek is insured by us under a disability policy which provides benefits, while she is totally disabled. Ms. Mirek has submitted a claim for total disability benefits, based on her inability to perform the duties of her occupation as a dental hygienist due to a latex allergy as well as carpal tunnel syndrome. A copy of the claim form on which she describes her job duties is also enclosed.

We have enclosed copies of the medical records from Dr. Bedard, who is her attending physician for the latex condition as well as the records from her carpal tunnel treatment. The surgeon who performed carpal tunnel surgery was H. Kirk Watson, MD.

We request that the medical records, latex test results and other pertinent information be reviewed by an Allergist and forward a report to our office with his findings. Specifically, we would like his comments on the following:

1. Based on the medical information provided, can you evaluate the severity of Ms. Mirek's latex allergy?

2. Can you please evaluate the findings of the latex testing performed in June 1999 on Ms. Mirek and what limitations and restrictions she would have as a result?

3. Based on the medical records, can you determine whether there had been any change in Ms. Mirek's condition from June 1999 through the present time. Please give details.

4. We would appreciate any additional comments or information that you can provide which would give us a better understanding of this patient's medical condition.


PLAINTIFF'S
EXHIBIT
Axe 2
KC 9/16/03

Page 2

Please contact me after you review this information. If you should have any questions, please do not hesitate to contact me at 1(800) 933-3302 or (610) 807-8738.

Sincerely,

Kevin T. Kvederas
Disability Claims Specialist
Claims Management Services

Cc: File

# Exhibit 10

# HAROLD AXE, MD

25 Fifth Avenue
New York, NY 10003
P: 212.473.6868
F: 212.473.6869
www.haroldaxemd.com
haroldaxemd@aol.com

D.O.B: June 28, 1942, Philadelphia, PA
Marital Status: Married, 4 Sons



## EDUCATION

| | | |
|---|---|---|
| College: | Temple University - A.B. | 1963 |
| Medical School: | Temple University School of Medicine - M.D. | 1967 |
| Internship: | Beth Israel Medical Center, N.Y., NY | 1967-1968 |
| Residency: | University Hospital, Ann Arbor, MI | 1968-1970 |
| | Albert Einstein Medical Center, Philadelphia, PA (Chief Medical Resident) | 1970-1971 |

## MILITARY SERVICE

Major, US Air Force Medical Corps                                             1971-1973

## ACADEMIC / TEACHING POSITIONS

Clinical Instructor, Mount Sinai School of Medicine New York, NY              1975-1994

## EMPLOYMENT EXPERIENCE

| | |
|---|---|
| Chaim Sheba Medical Center, Tel-Hashomer, Israel | 1973-1974 |
| Kupat Holim, Tel-Aviv, Israel | 1974-1975 |
| New York Telephone Co. Medical Dept. New York, NY | 1975-1978 |
| Smithers Institute, Roosevelt Hospital, New York, NY | 1979-1980 |
| Private Medical Practice, New York, NY | 1978 -Now |

## SOCIETY MEMBERSHIPS

American Academy of Allergy Asthma and Immunology
New York Society of Allergy Asthma and Immunology

## SPECIAL INTERESTS

Asthma, Hay Fever, Sinus Conditions, Hives, Food-, Drug-, and Insect Reactions

## OTHER

| | |
|---|---|
| Other Languages: | Spanish, German, Hebrew |
| Hospital Affiliations: | Beth Israel Medical Center, New York, NY |
| | Cabrini Medical Center, New York, NY |
| | St. Clare's Hospital and Health Center, New York, NY |
| | NY United Hospital Medical Center, Port Chester, NY |
| Personal Interests: | Flying, Boating, Camping |


PLAINTIFF'S EXHIBIT
Axe 13
KL 9/16/05