## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA and )<br>BERKSHIRE LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO.: 04-30166-MAP |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby file this Opposition to Plaintiff's Motion to Compel Production of Documents ("Motion to Compel"). Plaintiff's Motion to Compel seeks the production of documents concerning the Defendants' administration of other disability insurance claims involving claimants with allergies to latex. Plaintiff claims to be entitled to these documents: (1) to establish Plaintiff's unpled breach of the covenant of good faith and fair dealing claim; and (2) for impeachment purposes.

As set forth below, the Court must deny Plaintiff's Motion to Compel because: (1) Plaintiff is prohibited from taking discovery to establish her unpled breach of the covenant of good faith and fair dealing claim ("bad faith claim") because the Court denied Plaintiff's motion to add a bad faith claim and further admonished Plaintiff to restrict her discovery to those topics

concerning Count I of the Complaint ("Breach of Contract Claim"); and, (2) the discovery sought by Plaintiff is not relevant or reasonably calculated to lead to the discovery of admissible evidence as to the Breach of Contract Claim.

**ARGUMENT**

I. **PLAINTIFF IS PROHIBITED FROM TAKING DISCOVERY TO ESTABLISH HER UNPLED CLAIM FOR BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

On October 20, 2004, this Court correctly denied Plaintiff's Motion to Amend her Complaint to add a bad faith claim and issued an "admonition that Plaintiff restrict discovery to matters relevant to Count One."  Order of Judge Ponsor Denying Plaintiff's Motion to Amend; Order of Judge Ponsor granting Defendants Motion for Judgment on the Pleadings as to Count II.

Insofar as the Court denied Plaintiff's motion to amend her Complaint to add a bad faith claim, the Court must reject Plaintiff's argument that the compelled discovery is relevant to the unpled bad faith claim.  Federal Rules of Civil Procedure, Rule 26, Advisory Committee Note to 2000 Amendment ("The rule change signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that **they have no entitlement to discovery to develop new claims or defenses that are not identified in the pleadings**").  The only other basis asserted by Plaintiff to compel the documents is that they are discoverable for impeachment purposes.  As set forth in Section II below, Plaintiff's argument fails.

**II.   THE DISCOVERY SOUGHT BY PLAINTIFF IS IRRELEVANT BECAUSE IT HAS NOTHING TO DO WITH THE ONLY ISSUE IN THIS CASE, WHETHER OR NOT PLAINTIFF IS DISABLED UNDER THE TERMS OF THE POLICY**

Count I of Plaintiff's Complaint alleges that the Defendants breached a disability insurance contract by failing to pay Plaintiff periodic disability benefits based on her alleged total disability.  See Second Amended Complaint at ¶¶ 4-13.  As set forth in the Complaint, the insurance policy at issue defines total disability to mean:

> Because of sickness or injury, you are not able to perform the major duties of your occupation.  Your occupation means the regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.
>
> You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation.  If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

Id. at ¶ 5.

Plaintiff alleges:  1) that she was a dental hygienist; 2) that she became "so allergic to latex that she was unable to perform the major duties of her occupation"; and, 3) that the Defendants breached the insurance contract by not paying her total disability benefits.  Id. at ¶¶ 6, 7, 9.  Accordingly, this simple case merely concerns the single issue of whether or not Plaintiff is so allergic to latex that she is unable to perform the duties of a dental hygienist.  The testimony in this case should concern:  1) whether Plaintiff is totally disabled in accordance with the terms and conditions of the Policy; and, 2) specifically whether Plaintiff was/is unable to perform the major duties of her occupation due to a sickness or injury.

Contrary to what Plaintiff would like this Court to believe, this case is not an adjudication of the Defendants' claim handling procedures.   In fact, whether or not Defendants' claim handling was exemplary is absolutely immaterial to both Plaintiff's claim that she is entitled to benefits and Defendants' defense that she is not.  This case involves only a breach of contract

claim, not an adjudication of the claims review process, and will be limited to a de novo determination by the finder of fact (in this case the jury demanded by Plaintiff) as to whether or not Plaintiff's sensitivity to latex prevents her from performing her job.  It is entirely irrelevant how Defendants came to their decision to deny Plaintiff's claim and utterly irrelevant how Defendants have decided other claims.

Notwithstanding the relative simplicity of this case, Plaintiff is seeking to compel the production of the following claim documents completely unrelated to the only issue in this case:

> Documentary materials identifying all persons who were employees or independent contractors paid by Berkshire or Guardian on whose opinion the defendants relied, at any time since January 1, 1990, in acknowledging coverage for a disability claim based on a latex allergy.
>
> All reports, narratives, reviews, or other documentary materials prepared or written by any medical personnel employed by or retained by the defendants at any time since January 1, 2000 that reflects or contains the opinion or conclusion that a claimant was totally or partially disabled because of latex allergy, excluding claimant-identifying information.

<u>Motion to Compel</u> at 5.

In support of her argument to compel these irrelevant documents, Plaintiff states that the Advisory Committee Note to Rule 26 "expressly contemplates discovery of the type [Plaintiff] seeks here," citing the following portion of the Advisory Note:

> A variety of types of information not directly pertinent to the incident in suit could be relevant to the claims or defenses raised in a given action.  For example, other incidents of the same type, or involving the same product, could be properly discoverable under the revised standard . . . Similarly, information that could be used to impeach a likely witness, although not otherwise relevant to the claims or defenses.

Plaintiff, however, leaves out the final and most significant sentence in that paragraph:

> In each instance, **the determination whether such information is discoverable** because it is relevant to the claims or defenses **depends on the circumstances of the pending action**.

<u>Federal Rules of Civil Procedure, Rule 26, Advisory Committee Note to 2000 Amendment</u>.

It is easy to contemplate the circumstances, referred to by the Advisory Note, in which discovery of similar incidents may be relevant.  For example, if this were a products liability case and the plaintiff was attempting to establish that a product was in fact defective or that the defendants knew of the defect, evidence of prior similar accidents would likely be admissible. <u>See</u> <u>Kozlowski v. Sears, Roebuck & Co.</u>, 73 F.R.D. 73 (D. Mass. 1976).  The circumstances of the present case, however, are limited to an inquiry as to whether or not Plaintiff's sensitivity to latex prevents her from performing her job, and do not warrant the discovery Plaintiff seeks.

As numerous courts have found, the information sought by Plaintiff is irrelevant and not likely to lead to the discovery of admissible evidence with regard to Plaintiff's individual Breach of Contract Claim.  <u>See e.g.</u> <u>Adams v. Allstate Insurance Company</u>, 189 F.R.D. 331, 333 (E.D.Pa. 1999)(denying motion to compel discovery related to past claims stating, "past claims by other insureds are not relevant"); <u>North River Insurance Company v. Greater New York Mutual Insurance Company</u>, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995)(Court denied motion to compel discovery of prior bad faith actions as irrelevant and not reasonably calculated to lead to admissible evidence); <u>Missouri Pacific Railroad Company v. Aetna Casualty & Surety Co.</u>, 1995 WL 861146 (N.D. Tex. 1995)(Court denied motion to compel discovery regarding claims made by other insureds as irrelevant because the policy terms were not ambiguous).

In a case very similar to this one, where the plaintiff sought to discover other claims brought against the insurer in which coverage was disputed on the basis that such discovery "may reveal inconsistent positions taken by [insurer] which amount to admissions against interest," the Court found that "allowing discovery of other actions which concerned completely different facts and circumstances would 'run counter to the important but often neglected Rule 1

of the Federal Rules of Civil Procedure which requires that all rules 'shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.'" Fidelity and Deposit Company of Maryland v. McCulloch, 168 F.R.D. 516, 526 (E.D. Pa. 1996). Similarly, where plaintiff sought discovery relating to prior bad faith actions, the Court found that "these prior bad faith cases, if any, will necessarily involve totally different facts and circumstances from those here" and denied plaintiff's motion to compel discovery of prior bad faith cases. North River, 872 F.Supp. at 1412 .

As is the case here, where the inquiry is limited to whether a particular Plaintiff is disabled under the terms of a particular Policy, prior claims involving completely different facts and circumstances from those, are entirely irrelevant and "amount to nothing more than [a] 'fishing expedition.'" Fidelity, 168 F.R.D. at 525-26. Consequently, this Court must deny Plaintiff's Motion to Compel because the discovery she seeks is irrelevant and not reasonably calculated to lead to admissible evidence.

## CONCLUSION

As set forth above, the Court must deny Plaintiff's Motion to Compel because: (1) Plaintiff is prohibited from taking discovery to establish her unpled bad faith claim; and (2) where the sole issue in his case is whether or not Plaintiff's sensitivity to latex prevents her from performing her job, the discovery sought by Plaintiff is irrelevant and not reasonably calculated to lead to admissible evidence.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.


s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
         kparsons@crevierandryan.com



s/Edward Kimball
Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321

CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 4th day of November 2005.

s/David B. Crevier