UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action<br>)   No. 04-30166-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF CAROLYN MIREK'S MOTION PURSUANT TO RULE 37(a) AND 37(b) AGAINST DEFENDANT BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA FOR REFUSAL TO PRODUCE WITNESSES AFTER ITS MOTION FOR PROTECTIVE ORDER WAS DENIED**

Plaintiff Carolyn Mirek hereby moves, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling defendant Berkshire Life Insurance Company of America ("Berkshire") to produce witnesses to testify pursuant to a re-notice of deposition under Rule 30(b)(6). The re-notice of deposition is attached as Exhibit C.

In addition, plaintiff moves for attorneys' fees and costs and sanctions against Berkshire pursuant to Rule 37(a) and (b) for its refusal to comply with the 30(b)(6) notice despite having lost a motion for protective order on the very same deposition notice. Specifically, plaintiff seeks attorney's fees and costs for bringing this motion, and, as a deterrent to such obstructionist and legally unsupportable conduct, the costs of the deposition transcript of the 30(b)(6) deposition when it is taken.

Plaintiff brings this motion because Berkshire's refusal to produce witnesses is so frivolous and obstructionist that, as explained below: (1) Berkshire is refusing to produce witnesses on the very same topics for which it sought a protective order and was denied; (2) Berkshire is refusing to produce witnesses on certain topics that it expressly represented to this Court in writing on September 9, 2005 that it had no objection to producing witnesses to testify about; (2) Berkshire is raising new spurious objections such as "vagueness," "ambiguity" and "burdensomeness," not previously raised when it sought a motion for protective order on the very same topics or, for that matter, at any other time even though these topics were first noticed on September 1, 2005.

The grounds for plaintiff's motion are more fully set forth below.

On September 1, 2005, plaintiff served a 30(b)(6) deposition notice to defendant Berkshire Life Insurance Company of America. See Exhibit A. The deposition notice listed 26 topics. See id. On September 9, 2005, Berkshire[1] brought an "emergency" motion for protective order requesting "that the Court enter a protective order relieving it of any obligations to designate witnesses to testify to any Topics other than Topics 1, 4, 17 and 26." See excerpt from motion, Exhibit B at 12. Berkshire informed the Court that it had no objection to producing witnesses for the remaining topics. Quite plainly Berkshire stated:

> "Berkshire does not object to producing witnesses to testify as to Topics 1, 4, 5, 17 and 26 as each of those topics concerns the handling and determination of Plaintiff's particular claim…."

See excerpt from Berkshire's motion at 11, Exhibit B.

---

[1] Defendant Guardian Life Insurance Company of America also participated in the motion.

2

On October 20, 2005, the Court denied Berkshire's motion for protective order, thus making it plain that Berkshire was <u>not</u> relieved of the obligation to produce witnesses to testify concerning the topics to which it had objected. In an unambiguous ruling, the Court wrote "Motion for protective order DENIED." At the same time, the Court included a reminder to the Plaintiff to confine her questioning at the deposition to areas relevant only Count I, which was the existing count. The Court added, in denying the protective order, the "admonition that pltf. restrict discovery to matters relevant to Count One." <u>See</u> docket entry October 20, 2005. Presumably, the Court included this reminder because the Court, by the same entry – with agreement of the plaintiff – had dismissed Count II for violation of the Connecticut Unfair Insurance Practices Act and the Connecticut Unfair Trade Practices Act. Connecticut's Unfair Practices. The Plaintiff had no difficulty with this admonition and was more than willing to comply and confine her questioning at the deposition to matters relevant to Count I. In opposing the motion for protective order, Plaintiff had provided a detailed explanation to the Court as to how each of the topics for which Berkshire sought protection related to Count I of the complaint. <u>See</u> Plaintiff's response to Motion for Judgment on the Pleadings as to the Count II in the Complaint and for Emergency Protective Order. Docket # 25, dated September 26, 2005. It was after reading Plaintiff's explanation that the Court denied Berkshire's motion for protective order.

As a result of the Court's ruling denying the motion for protective order, Plaintiff sent a re-notice of deposition of Berkshire Life Insurance Company of America under

Rule 30(b)(6).[2]  See Exhibit C. The re-notice was *identical* to the 30(b)(6) deposition notice that was the subject of Berkshire's Motion for Protective Order for which a protective order was denied on October 18, 2005.  Compare Exhibit A with Exhibit C.

Astoundingly, however, Berkshire immediately protested the re-notice of deposition and insisted it had no obligation to produce witnesses on the topics.  Berkshire demanded that Plaintiff explain how the topics related to Count I.  Plaintiff once again referred Berkshire to the detailed explanation she had provided to the Court in opposing the motion for protective order demonstrating how each topic related to Count I. After more exchanges between the parties, Berkshire continues to defy the Court's ruling, refusing to produce witnesses for any topics other than those numbered 1, 4, 15 and 26. See letter dated November 22, 2005 from Berkshire Counsel, Ex. D.  Berkshire is pretending that the motion for protective order it made was *granted*, not denied, and has forced Plaintiff to bring this motion to compel Berkshire to produce witnesses in compliance with the notice.

As Plaintiff pointed out to Berkshire, however, this Court has already decided the issue of whether Berkshire should be relieved of the obligation to produce witnesses on the topics in the 30(b)(6) deposition notice – and it has ruled *against* Berkshire. See docket entry October 20, 2005 "Motion for protective order DENIED."  The Court, if had chosen to relieve Berkshire of the obligation to produce witnesses for certain topics, could easily have ticked off, or written in a margin,  the numbers of the topics for which a protective order was granted. The Court did not. Rather, the Court denied the motion.

---

[2]  Although Plaintiff identified  a particular date in her re-notice of deposition , Plaintiff was not rigid about the date or dates and expressed a willingness to accommodate Berkshire on dates.  Consequently, the date of the deposition is not at issue.

The mere fact that the Court reminded Plaintiff's counsel to confine the questioning to matters relating to Count I does not diminish in any way the Court's denial of the motion.

Berkshire's stubborn refusal to provide witnesses for topics on which the motion for protective order was denied is thus frivolous and merely obstructs discovery. Further evidence of Berkshire's frivolous position and obstructionist behavior is its refusal to produce witnesses on two topics *for which it previously claimed it had no objection*: 5 and 17.  <u>Compare</u> excerpts from Berkshire's motion for emergency protective Order at 11, Ex. B (stating Berkshire "does not object to producing witnesses to testify as to topics … 5, 17…" <u>with</u> letter from Berkshire counsel dated November 22, 2005 (refusing to produce witnesses on topics 5 and 17).  Berkshire should not now be permitted to reverse its earlier representation to the Court when it had no objection to producing witnesses to testify regarding topics 5 and 17.  Berkshire is judicially estopped from changing its position.

Berkshire's improper efforts to thwart discovery is also evidenced by its new objections to producing witnesses pursuant to the 30(b)(6) deposition notice – objections that were never previously raised. These include such objections that the topics are "vague," "ambiguous" and "burdensome." <u>See</u> Exhibit D.  Berkshire had the opportunity to assert such objections at the time it sought the motion for protective order and failed to do so. Berkshire cannot seriously argue that the topics suddenly became "vague", "ambiguous" or "burdensome;" they are the identical topics contained in the previous notice that was the subject of the motion for protective order. As such, its new objections on those grounds – even if they had any merit – are simply too late.  The Court cannot

5

continue to adjudicate the appropriateness of the Rule 30(b)(6) deposition notice in this case every time Berkshire brainstorms and dreams up another objection.

For these reasons, Plaintiff seeks an order compelling Berkshire to produce witnesses on the topics in the re-notice of deposition, and seeks attorney's fees and costs in bringing this motion, and the transcript cost of the 30(b)(6) deposition, with such costs to be established by affidavit..

Respectfully submitted,

CAROLYN MIREK
By her Attorneys,

/s/ Joanne D'Alcomo
_____
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500

<u>Certificate Pursuant to Local Rule 7.1(A)(2) and 37.1(B)</u>

I hereby certify that in the morning of the 23rd day of November, 2005, I had a conference with Edward Kimball, attorney for Berkshire Life Insurance Company of America, in an attempt to resolve this matter. I was at my office in Boston and Mr. Kimball was at his office in Pittsfield. No resolution was reached.

/s/ Joanne D'Alcomo
_____
Joanne D'Alcomo