UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA and ) <br> BERKSHIRE LIFE INSURANCE ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants ) | CIVIL ACTION <br> NO. 04-30166-MAP |
| CAROLYN MIREK, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA and ) <br> BERKSHIRE LIFE INSURANCE ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants ) | CIVIL ACTION <br> NO. 05-30246-MAP |

PLAINTIFF'S MOTION TO SCHEDULE INITIAL SCHEDULING CONFERENCE
IN CIVIL ACTION NO. 05-30246 ON THE SAME DAY AS, OR BEFORE, THE PRE-
TRIAL CONFERENCE IN CIVIL ACTION NO. 04-30166

Plaintiff Carolyn Mirek hereby moves the Court, in the interest of efficiency and

practical management of cases, to conduct the initial scheduling conference in the action

05-30246 on the same day as, or before, the pre-trial conference in the action 04-30166.

JS\114440.1

As of this filing, the pre-trial conference in the earlier matter is scheduled January 12, 2006.

Rule 16(a) encourages judges to conduct conferences in advance of trial "for such purposes as," inter alia,, "expediting the disposition of the action," "establishing early and continuing control so that the case will not be protracted because of lack of management," and "discouraging wasteful pretrial activities." Fed. R. Civ. P. 16(a). In this case, conducting both conferences on the same day would be the most efficient method of coherently and rationally managing these two cases.

These two cases have the same plaintiff and the same defendants. Attorney Crevier represents both defendants in the two cases. The two cases both arise out of the refusal of the defendants to pay the plaintiff benefits owed on an "own occupation" disability insurance policy. The second case was brought so that so that the plaintiff could be assured that certain conduct of the defendants that she had learned about during discovery in the earlier case from documents and information produced by defendants, but which she had not known about and could have not known about prior to filing the earlier action, could be the basis of recovery for bad faith under Connecticut law. (The Court has determined in the first case that Connecticut law applies). The second action was brought because the plaintiff's effort to amend the first action was denied by the Court as "untimely."

The defendants entered an appearance in the second action on November 23, 2005, and moved to dismiss the second action. The motion to dismiss was denied. As a result, the defendants' answer is due under the rules within 10 days after their motion to dismiss was denied, or December 22. See Fed. R. Civ. P. 12(a)(4)(A).

Because the second case involves no new discovery on the part of the plaintiff, and because the defendants have failed to identify any discovery that they need for the second case, the plaintiff had filed a motion to consolidate the two cases. The Court denied the motion without prejudice to renew "depending on the pace of discovery" in the later-filed action. Since the plaintiff has no new discovery to conduct in the second action and the defendants have not identified a single deposition or document they need to defend against the claims in the second case, there seems to be no need to have the second case languishing while the first case is poised for a pre-trial conference. Consequently, after the motion to dismiss the second case was denied, the plaintiff attempted to have a Rule 26(f) conference with the defendants. She was met with resistance. The plaintiff was unable to obtain a date by which a Rule 26(f) conference could be held before 2006.

Rule 16(b) requires scheduling orders to be issued "as soon as practicable" but "in any event within 90 days after the appearance of a defendant". In the second matter, the defendants entered their appearance on November 23, 2005. In the circumstances of this cae, "as soon as practicable" is, at the very least, no later than the date the pre-trial conference is held in the first case, since the very same parties and same lawyers will be present for the earlier case's pre-trial conference as are in the second case.

For these reasons, the plaintiff requests that the initial scheduling conference in the later case, Civil Action No. 05-30246, be held on the same day as, but no later than, the pre-trial conference in Civil Action No. 04-30166.

        Respectfully submitted,


        PLAINTIFF CAROLYN MIREK
        By her Attorneys,


        /s/ Joanne D'Alcomo
        _____
        Joanne D'Alcomo
        BBO #544177
        Seth Nesin
        BBO #650739
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500