# Exhibit 9

*Medical Director Solutions, L.L.C.*

May 8th, 2004



Claims Consultant
Berkshire Life Insurance Company
700 South Street
Pittsfield, MA    01201



Dear ████

After careful consideration of the extensive medical records submitted for my review,
and consultation with a Board Certified Allergist & Immunologist, I offer the
following analysis, opinion and recommendations within reasonable medical certainty
at this time, regarding the above referenced claimant's medical condition.

The claimant is a 48 year-old woman who performed the job of a labor and delivery
nurse. Her extensive medical history is both complex and often confounding, and
included several periods of her asserting a total lack of work capacity for various
condition, at various times. They include but are in no way limited to Chronic Fatigue
Syndrome (CFS) and Lyme Disease (1989), occupational asthma (despite a negative
methacholine challenge), latex allergy (initial episode 1991). Sick Building Syndrome
(at around time of last date worked in 1995), Multiple Chemical Sensitivities
Syndrome (MCSS) "resolved". It is noteworthy that she appears to have undergone
neither a psychological or neuropsychological evaluation or testing, nor a psychiatric
evaluation, or at least they have not been provided for consideration. She gives a
varying social history, but it seems that she has and possibly cares for between five to
seven children, of varying ages.

Notwithstanding the past history, and the problems that I see with many of these
diagnoses being assigned, and the degree of lack of work capacity, if any, at present
she is under the care of ████ states [APS 7/17/03) that the conditions causing
work impairment were "...*latex allergy, MCS and occupational asthma.*" It should be
noted that ████ is not a board certified Allergist & Immunologist, one of the
24 specialties approved by the ABMS, but rather is affiliated with the American
Academy of Environmental Medicine, an organization which supports the diagnoses
of MCSS (often referred to now as idiopathic environmental intolerances (IEI). This
organization is in disrepute with the mainstream medical community as is the
diagnosis of this or MCSS.

*577 Seminole Drive*
*Marietta, Georgia 30060*
*(770) 499-0398*

CLAIMS    JUN 1 4 2004

*Medical Director Solutions, L.L.C.*

The claimant states on the same form only that *"...my latex allergy remains a concern, and will keep me from working in my previous capacity as a registered nurse."*

A position paper, one of the many published by various reputable medical associations and research institutes, on Idiopathic environmental intolerances [IEI] from the American Academy of Allergy, Asthma and Immunology [AAAAI Board of Directors] in *J Allergy Clinical Immunology 1999;103:36-40* concluded:

> *IEI--also called environmental illness and multiple chemical sensitivities--has been postulated to be a disease unique to modern industrial society in which certain persons are said to acquire exquisite sensitivity to numerous chemically unrelated environmental substances. The patient experiences wide-ranging symptoms, but evidence of pathology or physiologic dysfunction in such patients has been lacking in studies to date. Because of the subjective nature of the illness, an objective case definition is not possible. Allergic, immunotoxic, neurotoxic, cytotoxic, psychologic, sociologic, and iatrogenic theories have been postulated for both etiology and production of symptoms, but there is an absence of scientific evidence to establish any of these mechanisms as definitive. Most studies to date, however, have found an excess of current and past psychopathology in patients with this diagnosis. The relationship of these findings to the patient's symptoms is also not apparent. Rigorously controlled studies to verify the patient's reported subjective sensitivity to specific environmental chemicals have yet to be done. Moreover, there is no evidence that these patients have any immunologic or neurologic abnormalities. In addition, no form of therapy has yet been shown to alter the patient's illness in a favorable way. A causal connection between environmental chemicals, foods, and/or drugs and the patient's symptoms continues to be speculative and cannot be based on the results of currently published scientific studies.*

Therefore, I believe it is appropriate to eliminate this diagnosis as being the cause of any work impairment that is not psychiatric in nature. With regard to occupational asthma, I do not see this diagnosis is established, and in fact the claimant had a methacholine challenge in the past that was negative, strongly refuting that it is causing any work impairment at all. The claimant does not appear to be under the care of any pulmonologist or Allergist Immunologist for the condition.

*577 Seminole Drive*
*Marietta, Georgia  30060*
*(770) 499-0398*

# Medical Director Solutions, L.L.C.

She has not provided objective medical documentation of past episodes or any pulmonary impairment. Therefore I am unable to agree with ▉▉▉▉ diagnosis or assessment of any lack of work capacity on that basis either.

Although not presently being asserted, regarding the diagnosis of Sick Syndrome, any lack of work capacity on that basis should be entirely disregarded. This condition rarely if ever results in total lack of work capacity. By definition, once the claimant is no longer exposed to the "Sick Building" they are no longer affected and return to their usual state of health.

This seems to leave us with the remaining condition, the latex allergy. As you know I consulted with a Board Certified Allergist & Immunologist who helped me form this opinion. There does in fact appear to be objective evidence in the way of RAST testing for antibodies, a longstanding latex allergy. However, both times she was tested (1995 and 2003) resulted in the lowest level of reactivity other than negative, so it is suggestive of a very minor allergy.

Although skin testing had been performed for other allergens, latex was never skin tested although recommended, and which would have been most helpful in assessing her actual reactivity. Interestingly, is shows the claimant's selective compliance and subjective nature of her complaints. For example, in his note of August 15, 1995, her allergist ▉▉▉▉ pointed out that although she has tested positive for allergy to dog hair, and her dog was shedding a lot while she was having rashes and other symptoms, the claimant refused to acknowledge that the dog contributed to her problems. Instead she blamed such things as her offending work environment and newspapers, neither of which had been established objectively as an offending agent. It should be pointed out that there is, according to the consultant Allergist & Immunologist, a very small but potential risk of a serious reaction from the latex skin testing. I would suggest it is akin to that of a methacholine challenge for an asthmatic.

At this time the severity of her condition and the degree of work impairment that she reports, are greatly related to her self-reported complaints, and hence her credibility. Therefore, the circumstances surrounding the period of her initial latex allergy episode, and her years of working between that time in 1991through he last date of work in 1995, becomes critical to the analysis of this perplexing medical situation. If the claimant was working in a latex free environment all that time, then it is now unclear to me why she had to stop work in 1995 on that basis. If she was not in a latex free environment during any of that time, it certainly goes against the latex allergy resulting in a total lack of work capacity. Minor cases can be readily managed by proper conservative treatment, and if it was as severe as she claims, she should not have been able to work with latex at all.

*577 Seminole Drive*
*Marietta, Georgia  30060*
*(770) 499-0398*

*Medical Director Solutions, L.L.C.*

If she stopped work due to Sick Building Syndrome, as I have explained above, this is not a condition that would prevent her from working somewhere else.

Lastly, it seems that as her only possible medical condition resulting in any possible lack of work capacity at this time is the latex allergy, are there no jobs available like the one she advised that she had before, in a latex free environment?

Thank you for referring this case. If there are any additional questions that you may have, please feel free to submit it for my re-review.

Sincerely,

Mitchell S. Nudelman, MD, JD, FCLM
Chief Medical Officer

*577 Seminole Drive*
*Marietta, Georgia  30060*          JUN 1 4 2004
*(770) 499-0398*