## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN MIREK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: 04-30166-MAP |
| | ) | |
| THE GUARDIAN LIFE INSURANCE | ) | |
| COMPANY OF AMERICA and | ) | |
| BERKSHIRE LIFE INSURANCE | ) | |
| COMPANY OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

### DEFENDANTS' MOTION TO PRECLUDE THE TESTIMONY OF DR. CHRISTINE OLIVER OR TO IMMEDIATELY COMPEL HER TESTIMONY

The Defendants, The Guardian Life Insurance Company of America ("The Guardian")

and Berkshire Life Insurance Company of America ("Berkshire") (collectively "Defendants")

hereby move this Court to preclude the testimony of Plaintiff's proffered expert Dr. Christine

Oliver or in the alternative immediately compel Dr. Oliver's deposition.  In addition, Defendants

request that the Court order Plaintiff to pay the fees and expenses to be incurred in taking the

deposition of Dr. Oliver.

On November 16, 2005, Plaintiff's counsel produced Dr. Oliver's expert report (which

was supplemented five days later) to Defendants.  See November 16, 2005 Letter of Joanne

D'Alcomo attached as Exhibit 1.  At that time Attorney D'Alcomo advised Defendants that

"Even though I have not completed fact discovery, I believe I am at an appropriate point to make

expert disclosures."  See Exhibit 1.

By its February 9, 2005 Pretrial Scheduling Order, the Court established a December 31, 2005 deadline for expert depositions.   On December 7, 2005, Defendants noticed the deposition of Dr. Oliver for December 23, 2005.  See Exhibit 2. After many attempts at serving Dr. Oliver, and 12 days after the deposition was noticed, a deposition subpoena was served on Dr. Oliver on December 19, 2005.  See Exhibit 3.

On December 19, 2005, Plaintiff's counsel sent Defendants' counsel an electronic mail message stating that "I just talked with Dr. Oliver.  She just returned from being out of the country.  She is not available for deposition on Friday [December 23]."  See Exhibit 4. Notwithstanding this late notice that Dr. Oliver was not available, and in recognition of the Holiday, Defendants' merely requested that Plaintiff's counsel "check with Dr. Oliver and provide me with dates on which both of you are available to come to Springfield in January." See Exhibit 5.

On December 29, 2005, Plaintiff's counsel sent Defendants' counsel correspondence objecting to certain items subpoenaed from Dr. Oliver.  See Exhibit 6.  Plaintiff's counsel also advised that "This letter is being sent to you while I am out of the office this week.  When I return, I will check with Dr. Oliver concerning her availability for a deposition in January."  Id. at 2.

Accordingly, as of January 1, 2006:  1) Plaintiff had decided to produce Dr. Oliver's report, "even though I have not completed fact discovery,"  See Exhibit 1; 2) Defendants had noticed Dr. Oliver's deposition before the deadline and agreed to reschedule to accommodate Dr. Oliver; and 3) Plaintiff had promised to check with Dr. Oliver on convenient dates.

Things changed on January 10, 2006, when Plaintiff's counsel cavalierly informed Defendants that "At any rate, I have given more thought to the Dr. Oliver deposition and I think

that given the fact that the Plaintiff's fact discovery via 30(b)(6) on latex-related issues still has not taken place, it would be unfairly prejudicial to the plaintiff to give you the opportunity to depose Dr. Oliver on latex-related issues in advance. **Consequently, until that deposition takes place, I will not be producing her**." See January 10, 2006 email attached as Exhibit 7.

In an effort to alleviate this conflict, Defendants' counsel responded to Plaintiff's counsel's email and informed her that: "As to Dr. Oliver, your position is untenable. The Court did not order that expert discovery follow fact discovery. Rather, the deadline for expert discovery was merely longer. Nothing prohibited the parties from producing expert reports or deposing experts during the fact discovery phase. Moreover, we offered to delay expert disclosures until the completion of fact discovery. You, however, chose to produce Dr. Oliver's report prior to the close of your fact discovery subjecting her to further discovery at that time. Moreover, we noticed and served Dr. Oliver before the expert discovery deadline, and delayed the deposition to accommodate Dr. Oliver. To the extent that you objected based on the Court's order, it should have been raised at that time. Accordingly, please confirm that Dr. Oliver will be made available, or we will be forced to move the Court to compel." See Exhibit 8.

Plaintiff's counsel responded by stating that "That is my position and I think it's a fair one," see Exhibit 9, apparently believing her biased sense of fairness supersedes the obligation to comply with a subpoena and the Court ordered deadlines.

Based on the foregoing, despite neither having nor articulating any legal ground, Plaintiff continues to refuse to produce Dr. Oliver. Accordingly, Defendants respectfully requests that the Court must either immediately compel Dr. Oliver's deposition or preclude her from testifying in this matter. If the Court does compel her deposition it should order Plaintiff to incur the costs

and fees incurred in connection with that deposition to prevent further brazen failure to comply

with the Rules of Civil Procedure and the Orders of this Court.

                                        Respectfully Submitted,

                                        Defendants The Guardian Life Insurance
                                        Company of America and Berkshire Life
                                        Insurance Company of America

                                        By their attorneys,

                                        CREVIER & RYAN, LLP.


                                        /s/David B. Crevier
                                        David B. Crevier, Bar No. 557242
                                        Katherine R. Parsons, Bar No. 657280
                                        1500 Main Street, Suite 2020
                                        Springfield, MA 01115-5727
                                        Tel:  413-787-2400
                                        Facsimile:  413-781-8235
                                        Email: dcrevier@crevierandryan.com
                                                 kparsons@crevierandryan.com


                                        /s/Edward Kimball
                                        Edward Kimball, Esq.
                                        700 South Street
                                        Pittsfield, MA 01201
                                        Tel:  413-499-4321

### LOCAL RULE 7.1 CERTIFICATION

        I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

                                        /s/David B. Crevier

### CERTIFICATE OF SERVICE

        I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 11th day of January 2006.

                                        /s/David B. Crevier