# Exhibit 9

**From:** "Joanne D'Alcomo" <jdalcomo@jagersmith.com>
**To:** "David Crevier" <DCrevier@crevierandryan.com>
**Date:** Tue, Jan 10, 2006 4:27 PM
**Subject:** RE: Oliver Deposition

David,

That is my position and I think it's a fair one. As you know, my 30(b)(6) deposition was scheduled well before your noticed the deposition of Dr Oliver. It is Berkshire that is trying to change the order -- not me. I don't think you should be able to take the deposition of Dr. Oliver first simply because Berkshire has been recalcitrant about the 30(b)(6) deposition.

The written objections that were made were made with respect to documents, as required by the Rule.

I will review the list of items you referred to in the bibliography and get back to you.

Joanne


Joanne D'Alcomo
Jager Smith P.C.
One Financial Center
Boston, MA 02111
Tel. 617.951.0500/Fax 617.951.2414
jdalcomo@jagersmith.com


-----Original Message-----
From: David Crevier [mailto:DCrevier@crevierandryan.com]
Sent: Tuesday, January 10, 2006 10:03 AM
To: Joanne D'Alcomo
Cc: Edward_Kimball@berkshirelife.com
Subject: Re: Oliver Deposition

Joanne:

Happy New Year as well. Glad to hear that you're feeling better. It sounds like you have what my wife now has. It hasn't been fun.

As to Dr. Oliver, your position is untenable. The Court did not order that expert discovery follow fact discovery. Rather, the deadline for expert discovery was merely longer. Nothing prohibited parties from producing expert reports or deposing experts during the fact discovery phase. Moreover, we offered to delay expert disclosures until the completion of fact discovery. You, however, chose to produce Dr. Oliver's report prior to the close of your fact discovery subjecting her to further discovery at that time.

Moreover, we noticed and served Dr. Oliver before the expert discovery deadline, and delayed the deposition to accommodate Dr. Oliver. To the extent that you objected based on order, it should have been raised at that time.

Accordingly, please confirm that Dr. Oliver will be made available, or we will be forced to move the Court to compel.

Finally, as to your objections to Dr. Oliver producing all of the documents identified in her bibliography, I have reviewed the bibliography and the following items must be produced as they appear relevant to Dr. Oliver's opinion in this matter:  Items:  16, 19, 21, 23, 25, 28, 38, 40 43, 51, and 54.

David


David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA  01115-5532
(413) 787-2400; fax (413) 781-8235
Dcrevier@crevierandryan.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

>>> "Joanne D'Alcomo" <jdalcomo@jagersmith.com> 01/10/06 9:32 AM >>>
Dave, Ed,


    Happy New Year. I'm finally back in the office this week after having had a miserable bout with the flu last week. So much for my flu shot! It didn't do me any good with what I had.

    At any rate, I have given more thought to the Dr. Oliver deposition and I think that given the fact that the plaintiff's fact discovery via 30(b)(6) on latex-related issues still has not taken place, it would be unfairly prejudicial to the plaintiff to give you the opportunity to depose Dr. Oliver on latex-related issues in advance. Consequently, until that deposition takes place, I will not be producing her.

    I am, however, since I already deposed Dr. Garb as a fact witness on latex-related issues, willing to get done the deposition of Dr. Garb on his supplemental report. I wouldn't expect that to take too long, So, I will contact you will some proposed dates later in the day, once I get a few more things straightened out with my schedule.

    Thanks.

    Joanne

**CC:** "Edward K Kimball" <Edward_Kimball@berkshirelife.com>, "Seth E. Nesin" <snesin@jagersmith.com>