UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, <br><br> Plaintiff <br><br> v. <br><br><br> THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )  Civil Action <br> )  No. 04-30166-MAP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE
THE TESTIMONY OF DR. CHRISTINE OLIVER OR TO IMMEDIATELY
COMPEL HER TESTIMONY**

Plaintiff Carolyn Mirek opposes the Defendants motion to preclude Dr. Oliver's

testimony or to immediately compel her deposition.

The Plaintiff opposes the motion -- not because she is unwilling to produce Dr.

Oliver for a deposition -- but because of the unfairness of the timing of the deposition.

The Defendants should not be able to question Plaintiff's latex-allergy related expert

before Plaintiff has had an opportunity – pursuant to an outstanding order of the Court

from October 20, 2005 which Defendant Berkshire has disregarded -- to complete fact

discovery on latex-allergy related issues from Defendants' personnel. Defendant

Berkshire Life Insurance Company of America, which has acted at all times as the agent

of the Defendant Guardian Life Insurance Company of America, has steadfastly refused

to produce witnesses under Rule 30(b)(6) on the subject of latex allergy (as well as other subjects). Berkshire's refusal is the subject of a pending motion to compel.

On September 1, 2005, Plaintiff served a 30(b)(6) deposition notice to Defendant Berkshire Life Insurance Company of America.  The deposition notice listed 26 topics, some of which concerned the issue of latex allergy, Defendants' knowledge of latex allergy, medical issues concerning latex allergy and related topics.    On September 9, 2005, Berkshire[1] brought an "emergency" motion for protective order requesting "that the Court enter a protective order relieving it of any obligations to designate witnesses to testify to any Topics other than Topics 1, 4, 17 and 26."  These topics included all of the topics relating to latex allergy.

On October 20, 2005, the Court denied Berkshire's  motion for protective order, thus making it plain that Berkshire was <u>not</u> relieved of the obligation to produce witnesses to testify concerning the topics to which it had objected  As  a  result  of  the Court's ruling denying the motion for protective order, Plaintiff sent a re-notice of deposition of Berkshire Life Insurance Company of America under Rule 30(b)(6) The re-notice was *identical* to the 30(b)(6) deposition notice that was the subject of Berkshire's Motion for Protective Order for which a protective order was denied on October 18, 2005.

Since that time, however, Berkshire has refused to produce witnesses for the latex-allergy related deposition topics (as well as other topics).  Consequently, after considerable exchange between the parties in which the Plaintiff attempted to work out a resolution, Plaintiff was forced to move to compel Berkshire to produce witnesses in accordance with the Court's decision of October 20, 2005 denying the motion for

protective order. See Docket No. 38. The motion, filed on November 25, 2005, is still pending.

Defendants suffer no prejudice by waiting until Plaintiff has completed these long overdue depositions under Rule 30(b)(6) before deposing her expert. Defendants' implication that the parties have rigidly adhered to the Court's scheduling order regarding discovery, and that this somehow puts matters off track, is incorrect. All non-expert depositions in this case, according to the Court's schedule, were supposed to be completed by September 30, 2005. In fact, Plaintiff was not able to depose a central figure in the handling of the disability claim – the person who made the decision to deny the claim – until *November 15, 2005* – because of the witness' unavailability. She was not able to depose *any* of the Defendants' personnel until late September, 2005, and she continued to conduct depositions of other witnesses who were used by the defense in the handling of Plaintiff's claim on *October 25, 2005*, and as recently as *December 8, 2005*. Defendants did not make their own expert disclosures until *December 22, 2005*.

The Court's Scheduling Order, as is typical, provided for completion of all fact discovery before expert disclosures and expert depositions. Plaintiff made an early expert disclosure in this case because Plaintiff and Defendants had agreed to go to mediation once expert reports were disclosed, with the understanding that Plaintiff would expedite the completion of expert reports and not wait until the completion of non-expert discovery. Plaintiff had undertaken that effort. Even though, by the date of her expert disclosure, on November 16, 2005, the effort to hold mediation had fallen apart, Plaintiff saw no need to withhold Dr. Oliver's expert reports.

---

[1] Defendant Guardian Life Insurance Company of America also participated in the motion.

In sum, the Defendants are engaging in needless motion practice. Plaintiff is willing to produce her expert for a deposition – but it is unfair for Defendants to conduct the deposition before Plaintiff's fact discovery on latex allergy has been completed – particularly since the delay is due to the Defendants' refusal to obey a court order.

For these reasons, Defendants' Motion should be denied.


CAROLYN MIREK
By her Attorneys,

/s/ Joanne D'Alcomo

_____
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500