UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>      Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>      Defendants | Civil Action<br>No. 04-30166-MAP |

## PLAINTIFF CAROLYN MIREK'S OPPOSITION TO DEFENDANTS' MOTION FOR HEARING

Plaintiff hereby opposes the motion for a hearing filed by Defendants Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"). The motion asks for a hearing on two pending motions, Plaintiff's Motion Pursuant to Rule 37(a) and 37(b) (Docket No. 38) and Defendants' Motion to Compel Testimony (Docket No. 45). Both are simple discovery motions that can easily be disposed of on the papers, which clearly lay out the relevant issues. There is no need for a hearing that would require Plaintiff's counsel to travel from Boston to Springfield, particularly in light of the fact that all parties were recently in front of the Court on January 27, while the motions were pending, and before any referral was made to the Magistrate Judge of these motions, and Defendants made no mention of any claimed need for a hearing.

The Plaintiff's motion – filed back in November 2005 -- is extremely simple. Plaintiff served a twenty-six topic 30(b)(6) deposition notice to Berkshire. Defendants moved for a protective order as to twenty-one of those topics. Judge Ponsor denied the motion for protective order, stating only the following: "Motion for protective order DENIED, with the admonition that Pltf. restrict discovery to matters relevant to Count One." After Plaintiff renoticed the deposition, Berkshire continued to refuse to produce witnesses as to many of the topics. Plaintiff therefore made the pending sanctions motion.

The only issue for Judge Neiman to decide is whether, in light of the Court's denial of the Motion for Protective Order on October 20, 2005, Berkshire can continue to refuse to produce witnesses for the topics listed in the 30(b)(6) deposition notice. Since Judge Ponsor denied the motion and *did not list a single numbered topic for which protection was being given,* there is simply no justification for Berkshire's continued insistence it has no obligation to produce witnesses. It is an elemental principle of federal civil procedure that when a protective order for a deposition is denied, the party who has lost the motion for protective order must do what it previously sought protection <u>not to do</u>. A hearing would not shed light on this fundamental principle.

Defendants also request a hearing because of supposed misstatements in Plaintiff's Opposition to Defendants' Motion to Compel Testimony (Docket No. 49). All parties have already expressed their views in the papers as to these supposed "misstatements."

The entire request for a hearing appears to be some sort of late-hatched scheme by the Defendants to confuse and complicate the motions. Local Rule 7.1(D) specifically

states that requests for hearings should be made "in a separate paragraph of the motion or opposition." Defendants did not ask for a hearing in any of their earlier submissions on these motions, despite the fact that the parties were all scheduled to be before Judge Ponsor on January 27, 2006 for a Final Pretrial Conference, and all of these motions and oppositions had already been filed prior to that date. Defendants misleadingly suggest that the Court's offhand statements at that conference alter the Court's previous denial of the protective order. But Judge Ponsor's order denying Defendants' Motion for Protective Order has <u>not</u> been modified, and Defendants cannot pretend otherwise.[1]

The request for a hearing should therefore be denied because it is wholly unnecessary and only serves to protract and multiply the proceedings.

Respectfully submitted,

CAROLYN MIREK
By her Attorneys,

/s/ Seth Nesin

_____
Joanne D'Alcomo, BBO #544177
Seth Nesin, BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500

---

[1] Defendants claim that Plaintiff has done nothing to take depositions on those topics for which Berkshire has agree to produce witnesses. This is incorrect. Plaintiff sought to take depositions on those but Berkshire's inhouse counsel Edward Kimball, who has entered an appearance in this case, refused, claiming he wanted to have the motion to compel decided before producing <u>any</u> witnesses. When Plaintiff's counsel saw Defendants' Motion claiming it was Plaintiff who put off the depositions, Plaintiff's counsel again contacted Berkshire's counsel about conducting the depositions to see if Berkshire's counsel had changed his mind about producing witnesses. <u>Berkshire still has not agreed to produce witnesses</u>. Even as to those topics for which Berkshire claims it will designate past testimony -- a procedure suggested by Plaintiff's counsel in an effort to be efficient -- Berkshire has yet to commit to writing its designations of any witnesses' testimony for any topics.