UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action |
| ) | No. 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO COMPEL THE DEPOSITION TESTIMONY OF DEFENDANTS' EXPERT STEVEN J. WEISS, M.D.,
OR, ALTERNATIVELY,
FOR LEAVE TO DEPOSE DEFENDANTS' EXPERT WITNESS STEVEN J. WEISS, M.D. NOW THAT PLAINTIFF'S FACT DISCOVERY IS ABOUT TO BE COMPLETED**

Plaintiff Carolyn Mirek hereby moves, pursuant to Federal Rule of Civil Procedure 37(a), for an order compelling defendants Berkshire Life Insurance Company of America ("Berkshire") and the Guardian Life Insurance Company of America to produce their expert Steven J. Weiss, M.D. for a deposition.

Alternatively, Plaintiff moves pursuant to Federal Rule of Civil Procedure 26(b)(2) for leave to depose Defendants' expert Steven J. Weiss, M.D., now that Plaintiff's fact discovery is about to be completed as the result of a recent order by the Magistrate Judge Neiman. Judge Neiman's requires the Defendant Berkshire to produce witnesses for a Rule 30(b)(6) deposition that has been the subject of an ongoing

discovery dispute and two discovery motions since September 2005; Berkshire had steadfastly refused to produce witnesses for the deposition since the deposition was first noticed on September 1, 2005 and its motion for protective order was denied on October 20, 2005.

Defendants are scheduled to take a deposition of Plaintiff's expert deposition on March 24, but have refused to make Dr. Weiss available.

No trial date has been set in this action, no pretrial conference date has been scheduled and no conceivable prejudice would result to Defendants by Plaintiff being allowed to take Defendants' expert's deposition as expressly provided in Federal Rule of Civil Procedure (a)(4)(A).

**I. Background**

Plaintiff noticed the deposition of Defendants' expert Dr. Steven Weiss on March 5, 2006 in New Jersey, where he is located. See Deposition Notice attached as Exhibit A. In a letter faxed the following day, Defendants' counsel indicated that they would not make Dr. Weiss available for deposition. See Letter from Defense Counsel David B. Crevier, Esq. to Plaintiff's Counsel Joanne D'Alcomo, Esq. (March 6, 2006) ("Crevier Letter") at Exhibit B. Defendants claimed that the notice of deposition was untimely and that Plaintiff's counsel had waived the right to take the deposition by indicating to the court that she was "basically ready for trial." Id. Later, Defense counsel indicated that Defendants did not intend to move for a protective order, and insisted that Plaintiff move to compel. As a result, Plaintiff filed this Motion

**II.    Because the Plaintiff has been unable to complete fact discovery, and the scheduling order provided that expert depositions were to be taken <u>after</u> the completion of fact discovery, the Defendants cannot complain that the expert deposition notice is untimely;  Even if the notice could be construed as untimely, the deposition should be permitted since no trial date is set, no final pretrial conference is even scheduled and the Defendants would suffer no prejudice by the conduct of an expert deposition expressly provided by Federal Rule of Civil Procedure 26(a)(4)(A)**

Defendant claims that the deposition notice to Dr. Weiss is untimely due to a purported scheduling modification that was never made.  In fact, the notice is timely under both the Rules of Civil Procedure and under all agreements made by the parties.

The Court issued a scheduling order on February 9, 2005. The schedule provided, as is common, a sequence in which expert disclosures and expert depositions <u>would follow all fact discovery</u>:

   Fact discovery completed by September 30, 2005.
   Plaintiff expert reports by October 15, 2005
   Defendant expert reports by November 15, 2005
   Expert depositions by December 31, 2005.

<u>See</u> Docket No. 15.

Fact discovery in this case was not completed by September 30, 2005, however, as provided in the scheduling order.  Nor was fact discovery completed by December 31, 2005, the supposed date for the completion of expert depositions. Indeed, as of the submission of this motion, <u>Plaintiff has been unable to complete fact discovery</u>. Mainly because of Plaintiff's willingness to accommodate Defendants' witnesses' schedules and Defendants' lateness in document production and answering interrogatories, Plaintiff was unable even to commence depositions until late September 2005. In addition, although Plaintiff noticed a Rule 30(b)(6) deposition of Defendant Berkshire on September 1,

2005, two separate discovery motions held up the deposition. Currently, as a result of a combination of a ruling by this Court and by the Magistrate Judge, Plaintiff is scheduled to take the Rule 30 (b)(6) deposition by April 17, 2006. See Docket entry of October 20, 2005 (denying Defendants' motion for protective order); Docket 38 (Plaintiff's Motion Pursuant to Rule 37(a) and 37(b) against Defendant Berkshire Life Insurance Company of America for Refusal to Produce Witnesses after Motion for Protective Order was Denied); Docket entry of March 1, 2006 (Magistrate Judge Neiman's ruling requiring Defendant Berkshire to produce 30(b)(6) witnesses on dates of plaintiff's choosing before April 17, 2006).

Many other fact depositions were also taken after the September 30, 2005 deadline for completion of fact discovery in the scheduling order. In fact, Plaintiff was not able to depose a central figure in the handling of the disability claim at issue in this lawsuit – the person who made the decision to deny the claim – until *November 15, 2005* – because of the defense witness' unavailability. She was not able to depose *any* of the Defendants' personnel until late September, 2005, and she continued to conduct depositions of other witnesses who were used by the defense in the handling of Plaintiff's claim on *October 25, 2005*, and as recently as *December 8, 2005*.

Because of the delay in completion of fact discovery, the parties were faced with the decision whether to wait until the completion of fact discovery to engage in expert discovery, as was contemplated by the scheduling order, or to push forward with expert discovery prior to the deposition. After some discussion about how to proceed, Defense counsel emailed the following to Plaintiff's counsel:

> Given the uncertainty as to the factual discovery, I thought that we should jointly ask the Court at next Monday's hearing to modify the Pretrial Scheduling Order as we have discussed.
>
> The original scheduling order required Plaintiff to convey expert reports 15 days after the close of non-expert depositions and Defendants to convey expert reports one month later.  **I would recommend that we ask the court to extend the expert report/deposition schedule to begin upon the completion of fact depositions, whenever that is.  Is that okay**?

See Email from Defense Counsel David Crevier to Plaintiff's counsel Joanne D'Alcomo (October 17, 2006), attached as Exhibit C (emphasis added).  Plaintiff's counsel agreed to the arrangement.  See Crevier Letter at Exhibit B (quoting email from Plaintiff's counsel stating "Yes, that's fine, but I still [want] to keep on track with the pretrial.")

The hearing before the Court was cancelled by the Court, but both parties continued to proceed under the assumption that the deadlines for expert disclosures would follow the close of fact discovery.  None of the expert reports, from either side, were disclosed by the deadlines imposed by the Court's schedule. The disclosures were, however, consistent with Federal Rule of Civil Procedure 26(a)(2), which provides that the expert disclosures be made "at least 90 days before the trial date."

Plaintiff made her expert disclosure of Christine Oliver, M.D. on November 16, 2005, even though fact discovery was not complete.  Plaintiff decided to release the report because Plaintiff had already undertaken the effort of obtaining the report because of an agreement to go to mediation once expert reports were disclosed.  See Letter from Joanne D'Alcomo to David Crevier (November 16, 2005), attached as Exhibit D.  Even though this effort to hold mediation in the fall of 2005 ultimately fell apart, Plaintiff saw no need to withhold Dr. Oliver's expert reports simply for the sake of withholding them.

With the prospect of mediation revived in December, 2005, Defendants produced their experts' reports on December 22, 2005. The disclosure of these reports was also

before the end of fact discovery, but was more than a month later than the deadline for Defendants' expert disclosure contained in the scheduling order. By this time, a mediator had been selected, and a tentative date of mediation was set for January, 2006. Once again, however, the effort to go to mediation fell apart.

The parties never revisited their agreement to push the expert discovery deadline off until after fact discovery was complete – the sequence provided in the scheduling order -- and in fact both parties were in agreement that no expert depositions should be taken until after the mediation was done.  See Email from Joanne D'Alcomo to Ed Kimball (December 19, 2005), attached as Exhibit E.

After the mediation effort broke down, Plaintiff's counsel noticed and took the deposition of Dr. Garb, one of Defendants' experts, on January 27, 2006.  Plaintiff's counsel chose to depose Dr. Garb at that time because he already had been deposed as a fact witness, and Dr. Garb's deposition was expected to be short and uneventful. The January 27, 2006 date was chosen because plaintiff's counsel was already going to be in Springfield for a scheduled pretrial conference in this case. But, the Plaintiff was concerned about going forward with a deposition of Dr. Weiss, Defendants' other expert, a proferred expert on the subject of latex allergy, out of a fear that doing so could potentially taint the 30(b)(6) deposition witnesses whom Plaintiff was seeking to depose on latex-allergy related subjects.  Consequently, Plaintiff did not notice the deposition of Dr. Weiss, and objected to producing her expert, Dr. Oliver, for deposition testimony

before the 30(b)(6) deposition topics on latex allergy were covered so that the expert depositions would not shape such testimony.[1]

Defendants' position is confusing. Defendants appear to take the position that had Plaintiff *waited* to disclose Dr. Oliver's expert report until the end of fact discovery, it would not be untimely to depose Dr. Weiss.  But Defendants claim that plaintiff, by producing Dr. Oliver's report *before* the end of fact discovery, somehow accelerated the taking of expert depositions before the completion of fact discovery and forfeited the right to take them *after* the completion of fact discovery. This position is based on tortuous logic and has no merit. It cannot reasonably be argued that Plaintiff should suffer the loss of a right provided under the Federal Rules – that of taking an experts' deposition – by disclosing her expert reports early. It is one thing to argue that a Party forfeits a right by making an expert disclosure late – but early?  This makes no sense.

Defendants' other contention is that Plaintiff's counsel has somehow waived the right to depose Dr. Weiss by responding in the affirmative when the Court asked if she was "basically ready for trial," with the exception of some pending discovery disputes. See Crevier Letter at Exhibit B.  This argument is ridiculous.  A single outstanding deposition of an expert witness is not inconsistent with the position that a party is "basically ready for trial." Plaintiff was "basically ready for trial" on January 26, 2006 when her counsel appeared before the Court and remains "basically ready for trial" today. It is, in fact, Defendants who have put off the trial for months by (1) suddenly

---

[1] Defendants moved to compel Dr. Oliver's deposition, and Plaintiff opposed. Magistrate Judge Neiman, in ordering the 30(b)(6) deposition to go forward, limited the latex allergy topics and mooted the issue about which plaintiff had been concerned.

bringing up at the pre-trial conference in late January 2006 an interest in filing a summary judgment motion on all claims and by (2) resisting for four months the taking of a deposition under Rule 30(b)(6) that has now resulted in a court order by the Magistrate Judge, following an earlier ruling by this Court on October 20, 2005.

In sum, Plaintiff never waived the right to depose Dr. Weiss. Waiver is a knowing relinquishment of a right, and Defendants can point to no conduct of Plaintiff that meets the criteria for waiver.

### III. No prejudice would result to Defendants by the taking of their expert's deposition; on the other hand, Plaintiff would be significantly prejudiced by being deprived of the ability to depose Defendants' expert, when such right is explicitly provided by the Federal Rules

Federal Rule of Civil Procedure 26(a)(4)(A) expressly provides:

> A party may depose any person who has been identified as an expert whose opinion may be presented at trial.

In marked contrast to other events referenced in the Rules, there is no deadline for the completion of expert depositions. The Rules provide only the _earliest date_ on which expert depositions may be conducted when the expert is one from whom an expert report is required:

> If a report from the expert is required under subdivision (a)(2)(B), _the deposition shall not be conducted until after the report is provided_.

Fed. R. Civ. P. 26 (a)(4)(A) (emphasis added).

Defendants suffer no prejudice from any purported delay of Dr. Weiss's deposition. The current schedule affords ample time for both Dr. Weiss and defense counsel to attend a deposition in New Jersey, where Dr. Weiss lives. Deposing Dr. Weiss will not delay the current schedule in any way. No trial date has been set. No final pre-trial conference date has been scheduled. Summary judgment motions are not even due

until May 12, 2006, and the only pending discovery is Dr. Oliver's deposition, the Berkshire 30(b)(6) deposition, and Dr. Weiss's deposition.

### IV. It would be unfair for this Court to allow Defendants, who themselves have failed to comply with the Court's scheduling order and who have prevented Plaintiff from completing fact discovery in accordance with the scheduling order, to block discovery of their expert by suddenly insisting on rigid adherence to the scheduling order

When it suited the Defendants, the Defendants willingly adjusted the schedules in the Scheduling Order. For example, by producing documents and interrogatory answers so late in the discovery process, and by insisting that the Plaintiff accommodate their witnesses' schedules, Defendants made it impossible for the Plaintiff even to start taking depositions until late September 2005, just days before the scheduled completion of all fact discovery. Without seeking any extension of the fact discovery deadline from this Court, Defendants failed to produce a central witness in this case – the employee they claim made the actual decision to deny the claim – until mid-November 2005. The employee's deposition was thus <u>1 ½ months after the deadline for fact discovery</u>.

Once again, recognizing that their own behavior had stretched discovery and made it impossible for the Plaintiff to complete fact discovery, the Defendants willingly agreed to allow Plaintiff to conduct a deposition in <u>December 2005</u> of a person they had hired to work on Plaintiff's claim in Michigan. That deposition occurred <u>more than two months after the fact discovery deadline in the Court's scheduling order</u>.

Defendants' own expert report was not made until December 22, 2005 – <u>more than a month after the deadline contained in the Court's scheduling order.</u>

JS#118405v1                                                9

It is thus hypocritical and unfair for the Defendants suddenly to invoke the schedule as a basis for trying to preclude Plaintiff from conducting expert discovery. The Court should reject their efforts to do so.

## V.   Conclusion

In sum, Plaintiff's motion should be allowed, and Defendants should be required to produce their expert, Steven Weiss, MD, for a deposition.

CAROLYN MIREK
By her Attorneys,

/s/ Seth Nesin

_____

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500

Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin

_____

Seth Nesin