# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| CAROLYN MIREK,<br>Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 04-30166-MAP |

## NOTICE OF TAKING DEPOSITION OF STEVEN J. WEISS, M.D.

Please take notice that at 10:00 a.m. on March 13, 2006, at Sills Cummis Epstein & Gross

P.C., One Riverfront Plaza, Newark, New Jersey, the plaintiff in this action, by her attorneys,

will take the deposition, upon oral examination, of Steven J. Weiss, M.D., pursuant to the

Federal Rules of Civil Procedure, before an officer authorized by law to administer oaths. The

witness is further requested to bring all documents in the attached Schedule A. The oral

examination will continue from day to day until completed.

You are invited to attend and cross-examine.

PLAINTIFF
CAROLYN MIREK
By her Attorneys,

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, PC
One Financial Center
Boston, MA 02111
617-951-0500

JS#118203v1

## CERTIFICATE OF SERVICE

I, Joanne D'Alcomo, hereby certify that on this date I caused a true and correct copy of the foregoing to be served via facsimile and first class mail, postage prepaid, to Edward K. Kimball, Esq., 700 South Street, Pittsfield, MA 01201 and David B. Crevier, Esq., Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, MA 01115-5727.

Date of Service:  March 3, 2006

Joanne D'Alcomo

JS#118203v1                                        2

SCHEDULE A

**Definitions**

A. The term "you" refers to Steven J. Weiss, M.D., or any agents or employees of Steven J. Weiss, M.D.

**Documents to Be Produced**

1. All records, including but not limited to correspondence, memoranda, reports, meeting minutes, or e-mails referring to, or describing your relationship with Allegiance Healthcare Corporation or any other manufacturer of latex products since January 1, 1995.

2. All 1099s, invoices, receipts or other documents reflecting the amount of any income and the source of any income received by you since January 1, 1995 from Allegiance Healthcare Corporation or any other manufacturer of latex products or latex.

3. Documents identifying all occasions and circumstances in which you have acted as a designee, representative, spokesman, or consultant for Allegiance Healthcare corporation or any other manufacturer of latex products or latex.

4. All versions of your curriculum vitae in your possession, excluding duplicate copies of the same versions.

5. All medical articles, presentations, chapters, publications or written material authored or co-authored by you relating to latex or latex allergy since January 1, 1990.

6. All medical articles, presentations, chapters, publications or written materials relating or latex or latex allergy which you contributed since January 1, 1990.

7. All documentary materials, including but not limited to, notes, e-mails, correspondence, etc, referring to Carolyn Mirek.

8. All documentary materials on which you relied in formulating the opinions contained in Exhibit A attached.

9. All documentary materials describing, embodying, reflecting any opinions developed or adopted by you concerning Carolyn Mirek's claim.

10. All transcripts of any depositions of you concerning latex allergy.

11. All transcripts of any testimony given by you in any legal proceeding since January 1, 1990, relating to latex or latex allergy.

12. All transcripts or recordings (digital, video or aural) of any presentations, talks, or speeches given by you since January 1, 1990 that concern latex or latex allergy.

13. All drafts, or portions of drafts, of Exhibit A attached.

14. All documentary materials containing edits, revisions or notes relating to Exhibit A.

15. All communications between you and anyone concerning Exhibit A attached.

16. All communications between you and anyone concerning Carolyn Mirek.

17. All documentary materials including, but not limited to, reports, expert disclosures, opinion letters, answers to interrogatories, etc. (but excluding claimant-identifying information) containing opinions, reports, conclusions or opinions adopted or formed by you on the subject of latex allergy in connection with any of the following:

   (a) an insurance claim;

   (b) a legal proceeding; and

   (c) a worker's compensation claim.

22. Copies of all brochures, pamphlets, information sheets you have disseminated since January 1, 1995 to actual or prospective patients on any of the following subjects:

   (a) asthma;

   (b) allergy;

   (c) latex allergy; and

   (d) airway disease.

26. All documentary materials containing any position you have taken on the subject of latex allergy since January 1, 1995.

27. Documentary materials identifying any individuals who contributed in any way to the preparation of Exhibit A.

28.  All documents that you authored, or contributed to, relating to your participation in the New Jersey Department of Health and Senior Services Latex Allergy Task Force, including but not limited to correspondence, memoranda, reports, meeting minutes, e-mails, or policies.