# EXHIBIT B

03/06/2006 16:57    4137818235                    CREVIER & RYAN, LLP                    PAGE 02/04

# CREVIER & RYAN, LLP

ATTORNEYS AT LAW

TOWER SQUARE
1500 MAIN STREET, SUITE 2020
SPRINGFIELD, MASSACHUSETTS 01115-5727

TELEPHONE (413) 787-2400

FAX (413) 781-8235

David B. Crevier *
Michael P. Ryan
Timothy J. Ryan
Katherine R. Parsons ♦◊

\* Also admitted in NY
♦ Also admitted in RI
◊ Also admitted in CT

March 6, 2006

**VIA TELECOPIER**
Joanne D'Alcomo, Esq.
Jager Smith, PC
One Financial Center
Boston, MA 02111

Re:    <u>Deposition Notice as to Dr. Steven Weiss</u>

Dear Attorney D'Alcomo:

    I write to inform you that the Deposition of Dr. Steven Weiss, that you noticed for March 13, 2006, will not occur for the reasons set forth herein.

    As you know, by the Pretrial Scheduling dated February 9, 2005, the Court ordered that "All expert depositions will be completed and all discovery will close by December 31, 2005." As you know, Rule 16(e) provides that the pretrial scheduling order "shall control the subsequent course of the action unless modified by a subsequent order" of which there has not been one.

    In addition to establishing an expert deposition deadline, the Court established expert report deadlines of October 15, 2005 for Plaintiff and November 15, 2005 for Defendants. On September 27, 2005, in recognition of the fact that: 1) noticed fact discovery would extend beyond the Court ordered deadline of September 30, 2006; and 2) your vacation, the parties agreed to move the court for a 10 day extension to expert report and deposition deadlines.

    The parties never moved the Court, and on October 18, 2005, I wrote to you stating:

Joanne, Given the uncertainty as to the factual discovery, I thought that we should jointly ask the Court at next Monday's hearing to modify the Pretrial Scheduling Order as we discussed.

The original scheduling order required Plaintiff to convey expert reports 15 days after the close of non-expert depositions and Defendants to convey expert reports one month later. I would recommend that we ask the court to extend the expert report/**deposition**

F:\Files\Berkshire Life\Mirek\D'Alcomo Correspondence\March 6, 2006.doc

Page 2
March 6, 2006

---

**schedule** to begin upon the completion of fact discovery, whenever that is. Is that okay. (emphasis added).

You responded by stating that "Yes, that's fine, but I still wawnt [sic] to keep on track with the pretrial. I think that's doable."

The scheduled hearing did not occur, so the parties did not request a commensurate extension of expert disclosure/deposition dates. However, I was continuing under the assumption that we would receive expert reports after fact discovery until I received your letter dated November 16, 2005 accompanied by Dr. Oliver's expert report in which you stated, **"Even though I have not completed fact discovery, I believe I am at an appropriate point to make expert disclosures. Therefore by this letter I am making disclosures... Let me know when you plan to do your expert disclosures so that we can then agree on dates of expert depositions should we decide that they are necessary."** (Emphasis added).

As you know, you amended your expert report on November 21. On December 21, 2005, 30 days after service of Plaintiff's expert reports, and consistent with the 30 day period between expert reports established by the Court's order, Defendants served its expert reports. Plaintiff was aware of the December 21, 2005 deadline, because you sent emails on that date looking for the reports.

Consistent with the fact that expert depositions were to be completed within 45 days after the exchange of expert reports— according to the time period established by the Court's order -- both the Plaintiff and the Defendant noticed depositions of each other's experts. You noticed Dr. Garb's deposition for January 27, 2006 and I noticed Dr. Oliver's deposition for December 23, 2005. As you know, Dr. Garb's deposition occurred and you refused to allow Dr. Oliver to testify until compelled by the Court, which has occurred.

Most significantly, your notice of Dr. Weiss's deposition is inconsistent with **your** representations to the Court. At the Final Pretrial Conference, the Court explicitly asked you:

"You have a couple of pending discovery motions. My intention is to refer those to Magistrate Judge Neiman. He's been handling your discovery issues. And other than that, once those issues are resolved, you're basically ready for trial and we'll put you down on our trial list and get you in here for trial as soon as we can find a place for you. . .."

You replied: "You have it correct, Your honor."

Thus, Dr. Weiss's deposition notice is not only outside the Court's order and any extended period consistent with the Court's order, it is inconsistent with your representations to

F:\Files\Berkshire Life\Mirek\D'Alcomo Correspondence\March 6, 2006.doc

Page 3
March 6, 2006

_____

the Court. Finally, you did not notice the deposition until nearly three months after Dr. Weiss's report was served. Based on the foregoing, the deposition of Dr. Weiss will not occur.

    Finally, at the last hearing, the Court ordered that Defendants could take Dr. Oliver's deposition according to their schedule. Notwithstanding this order, I requested that you provide me with convenient dates for you and Dr. Oliver. After the hearing, I informed you that I would be out of town on March 13. Your actions in noticing Dr. Weiss's deposition on a date that you know that I am out of town demonstrates the type of behavior that the Court instructed the parties to cease and desist.

Sincerely,

David B. Crevier

Cc: Edward Kimball, Esq.

F:\Files\Berkshire Life\Mirek\D'Alcomo Correspondence\March 6, 2006.doc