## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> THE GUARDIAN LIFE INSURANCE ) <br> COMPANY OF AMERICA and ) <br> BERKSHIRE LIFE INSURANCE ) <br> COMPANY OF AMERICA, ) <br> ) <br> Defendants. ) <br> ) <br> ) | CIVIL ACTION NO.: 04-30166-MAP |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL THE TESTIMONY OF DR. STEVEN WEISS, M.D.

The Defendants, The Guardian Life Insurance Company of America ("The Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively "Defendants") hereby oppose the Plaintiff's motion to further extend discovery so as to take the deposition of Defendant's expert, Steven Weiss.

As set forth below, the Court should not extend discovery because: 1) the Court has already conducted the pretrial conference at which it identified all remaining discovery issues and referred them to Magistrate Neiman; 2) Plaintiff failed to notify this Court at the pretrial conference that Plaintiff wanted to take the deposition of Dr. Weiss; 3) Plaintiff did not request/notice the deposition of Dr. Weiss until more than three months after both: a) the Court ordered expert deposition deadline; and b) the date on which Dr. Weiss's expert report was served on Plaintiff.

1. <u>The Court Has Already Conducted the Pretrial Conference At Which Time The Court Resolved Outstanding Issues.</u>

On January 27, 2006, this Court conducted the Final Pretrial Conference. Prior to the Final Pretrial Conference, both parties submitted Final Pretrial Memoranda listing outstanding disputes. With that information in hand, the Court commenced the Final Pretrial Conference by stating:

> We're here for a final pre-trial conference. Thank you for your patience. It's late on a Friday afternoon and my work day is not done after I finish this hearing, but I think this is very simple at least as I see it. You have a couple of pending discovery motions. My intention is to refer those to Magistrate Judge Neiman. He's been handling your discovery issues. And other than that, once those issues are resolved, you're basically ready for trial and we'll put you down on our trial list and get you in here for trial as soon as we can find a place for you. . . ."

<u>Pre-Trial Conference Transcript</u> at 2, Lines 3-10, attached at Exhibit 1.

The Court then looked to Plaintiff's counsel who stated. "You have it correct, Your honor." <u>Id</u>. at Line 15. As of January 27, 2006, none of the pending discovery motions discussed at the Final Pre-Trial Conference involved Dr. Weiss and in fact Plaintiff did not attempt to notice Dr. Weiss for deposition until well after the Final Pre-Trial Conference.

Following the Final Pre-Trial Conference, the Court referred the outstanding discovery matters to Magistrate Judge Neiman, who conducted a hearing and ruled thereon. That outstanding discovery is scheduled to be completed on April 11, 2006 when Plaintiff completes some Rule 30(b)(6) depositions. Having completed the Final Pretrial Conference and resolved all outstanding discovery disputes, this Court should not allow Plaintiff to take previously unnoticed and untimely discovery that Plaintiff failed to raise with this Court in a timely manner.

2.  <u>Plaintiff's Delay In Noticing Dr. Weiss's Deposition Is Not Consistent With the Court's Original Scheduling Order or Any Extension Thereof.</u>

By its Pretrial Scheduling Order dated February 9, 2005, the Court established expert report deadlines of October 15, 2005 for Plaintiff and November 15, 2005 for Defendants. The Court further ordered that "All expert depositions will be completed and all discovery will close by December 31, 2005," i.e., 45 days after the production of Defendants' expert reports. Rule 16(e) provides that the pretrial scheduling order "shall control the subsequent course of the action unless modified by a subsequent order" of which there has not been one with regard to expert depositions.

On September 27, 2005, the parties discussed moving the court for a 10 day extension to the expert report and deposition deadlines in recognition of the fact that: 1) noticed fact discovery would extend beyond the Court ordered deadline of September 30, 2006; and 2) Plaintiff's counsel's had a planned vacation. <u>See</u> emails dated September 26, 27 and 28, attached at Exhibit 2. The parties, however, never moved the Court.

On October 17, 2005, Defendants' counsel wrote to Plaintiff's counsel proposing that the parties move for an extension of the "expert report/deposition schedule." <u>See</u> Exhibit 2. Plaintiff's counsel responded by stating that "Yes, that's fine, but I still wawnt [sic] to keep on track with the pretrial. I think that's doable." Email dated October 18, 2005 from Joanne D'Alcomo to David Crevier, attached at Exhibit 3.

Thus, Defendants' proposed extensions of expert reports and expert depositions and Plaintiff agreed that the parties "keep on track with the pretrial" which allowed the parties 45 days to complete expert depositions after Defendant produced their expert reports. The parties never requested any extension of expert disclosure/deposition dates or any change to the pretrial scheduling order.

On, November 16, 2005, Plaintiff served her expert reports on Defendant's counsel accompanied by a letter in which Plaintiff's counsel stated. *"Even though I have not completed fact discovery, I believe I am at an appropriate point to make expert disclosures. Therefore by this letter I am making disclosures. . . Let me know when you plan to do your expert disclosures so that we can then agree on dates of expert depositions should we decide that they are necessary."* (Emphasis added). See letter dated November 16, 2005 from Joanne D'Alcomo to David Crevier, attached at Exhibit 4. Once Plaintiff produced her expert reports, she triggered the Court's pretrial scheduling order deadlines for Defendants to produce their reports and to complete expert depositions.

Plaintiff later amended her expert report on November 21. On December 21, 2005, Defendants served its expert reports, one prepared by Steven Weiss and the other prepared by James Garb.[1] Plaintiff was keenly aware of this December 21, 2005 deadline for the disclosure of Defendants' experts. See email dated November 16, 2005 from Joanne D'Alcomo to Edward Kimball, attached at Exhibit 5.

Consistent with the Court's order that all expert depositions were to be completed within 45 days after the exchange of expert reports both parties noticed depositions of certain of each other's experts to occur within 45 days of the Defendants' disclosures. For example, Defendants noticed the deposition of one of Plaintiff's experts, Dr. Oliver, for December 23, 2005 and Plaintiff correspondingly noticed the deposition of one of Defendants' experts, Dr. Garb, for January 27, 2006. Plaintiff chose not to notice the deposition of Dr. Weiss or even raise it as a possibility with Defendants at that time.

---

[1] 30 days after service of Plaintiff's expert reports, and consistent with the 30-day period between expert reports established by the Court's pretrial scheduling order.

In addition to not raising her desire to depose Dr. Weiss during the Final Pre-Trial Conference and not seeking to complete a deposition of Dr. Weiss within 45 days of Defendants' disclosure as required by this Court's order, Plaintiff did not even raise the spectre of deposing Dr. Weiss until late February 2006, more than 90 days after Defendants had served Dr. Weiss's expert report on Plaintiff.

## CONCLUSION

Plaintiff did not notice the deposition of Dr. Weiss until nearly three months after Dr. Weiss's report was served on Plaintiff. Dr. Weiss's deposition notice is not only outside the Court's order and any extended period consistent with the Court's order, it was not raised at the Final Pre-Trial conference when the Court questioned the parties about trial readiness and confirmed with the parties that the case was ready for trial pending resolution of the identified outstanding discovery issues by Magistrate Judge Neiman.

Consistent with the Court's orders, the Defendants will be ready to try this matter upon completion of the discovery ordered by Magistrate Judge Neiman subject to their right to file a summary judgment motion.

The Court should not allow Plaintiff to take the untimely discovery in contravention of this Court's orders and understanding.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.


/s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
         kparsons@crevierandryan.com


/s/Edward Kimball
Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321


CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 29th day of March 2006.

/s/David B. Crevier