# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

CAROLYN MIREK,                          )
                                        )
            Plaintiff,                  )
                                        )
vs.                                     )          CIVIL ACTION NO.: 04-30166-MAP
                                        )
THE GUARDIAN LIFE INSURANCE             )
COMPANY OF AMERICA and                  )
BERKSHIRE LIFE INSURANCE                )
COMPANY OF AMERICA,                     )
                                        )
            Defendants.                 )
                                        )
                                        )
                                        )

## DEFENDANTS' MOTION IN LIMINE TO EXCLUDE IRRELEVANT EVIDENCE

    The Defendants, the Guardian Life Insurance Company of America ("Guardian") and

Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as

"Defendants"), hereby file this motion in limine seeking an order prohibiting Plaintiff from

introducing evidence that is irrelevant, inadmissible, and more prejudicial than probative.

## INTRODUCTION

    As the Court is aware, there are two cases pending in this court between these parties.

This case ("Mirek I"), is limited to a single count through which Plaintiff alleges that she is

entitled to compensatory damages because the Defendants allegedly breached a disability

insurance contract with Plaintiff.  The gravamen of Mirek I is that  Plaintiff claims that she is

totally disabled from performing the major duties of her occupation as a dental hygienist due to

latex allergy and that Defendants breached a contract with Plaintiff by denying her claim for disability benefits. [1]

Plaintiff's second case against these Defendants in this Court is a bad faith case, see Carolyn Mirek v. The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America, Civ. Action No. 05-30246 ("Mirek II"), in which Plaintiff's Complaint appears to allege, inter alia, breach of contract and that Defendants' underwriting practices, Defendants' handling of her claim and Defendants' retention of an expert medical witness in the case at bar constitutes bad faith actions as well as tortious interference with a contractual relationship.  In Mirek II,  Plaintiff seeks punitive damages under Connecticut law, compensatory damages under the insurance policy, future benefits under the policy, attorneys' fees, emotional distress damages, and "other damages."  The Mirek II litigation is currently in the initial discovery stage.

Mirek I, which is ready for trial, is purely a breach of contract case and therefore the evidence in Mirek I should be limited to that which is relevant to Plaintiff's breach of contract claim – not evidence relevant to Plaintiff's dismissed claims and/or to Mirek II.  As such, Defendants request that the Court bar Plaintiff from introducing the following: 1) evidence of Defendants' handling of Plaintiff's claim in this case because it is irrelevant; 2) evidence of Defendants' underwriting practices and criteria because it is irrelevant ; and 3) evidence involving other claims made by other persons because those other persons' claims are irrelevant.

---

[1]  Plaintiff's previously asserted claims asserting violations of Connecticut Unfair Trade Practices and violations of Massachusetts General Laws, Chapter 93A have been dismissed by this Court.

<u>**ARGUMENT**</u>

**A.     THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF DEFENDANTS' HANDLING OF PLAINTIFF'S CLAIM DURING THE CLAIM REVIEW PERIOD.**

As explained below, the Court should bar Plaintiff from admitting evidence of Defendants' handling of Plaintiff's claim, including evidence relating to Dr. Axe as discussed in Section A.2. of Defendants' Motion in Limine to Exclude Expert and Fact Witnesses, filed herewith, because: (1) the evidence is irrelevant with respect to Plaintiff's claim for breach of contract as the only question for the jury is whether <u>Plaintiff</u> was disabled from <u>her own occupation</u> as a dental hygienist and has nothing to do with the handling of Plaintiff's claim; and (2) the evidence would be significantly more prejudicial than probative.

**1.     Evidence Of Defendants' Claims Handling Is Irrelevant With Respect To Plaintiff's Claim For Breach Of Contract.**

"Evidence which is not relevant is not admissible."   <u>Federal Rules of Evidence</u>, Rule 402.  Relevant evidence means "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  <u>Federal Rules of Evidence</u>, Rule 401.  The sole claim before this Court in Mirek I is Plaintiff's claim for breach of contract.  As the Court so concisely stated during the pretrial conference, "[i]t does seem to me as I sit here right now that this case is just a straight forward contract case, the question is did the plaintiff have a disabling condition which the defendant failed to recognize and failed to pay her damages for.  And gosh, that's not a hard issue to tackle."  <u>Transcript of the Pretrial Conference Held Before Judge Ponsor on January 27, 2006</u> ("Pretrial Conference Transcript"), relevant pages attached hereto as Exhibit 1, at 15:8-11.[2]

---

[2] All Exhibits cited herein are true and accurate copies, as set forth in the Affidavit, attached hereto at Exhibit A.

The one and only claim in Mirek I, Count I of Plaintiff's Complaint, alleges that the Defendants breached a disability insurance contract by failing to pay Plaintiff periodic disability benefits based on her alleged total disability.  See Second Amended Complaint at ¶¶ 4-13.  As set forth in the Complaint, the insurance policy at issue defines total disability to mean:

> Because of sickness or injury, you are not able to perform the major duties of your occupation.  Your occupation means the regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.
>
> You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation.  If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

Id. at ¶ 5.

Plaintiff alleges:  1) that she was a dental hygienist; 2) that she became "so allergic to latex that she was unable to perform the major duties of her occupation"; and, 3) that the Defendants breached the insurance contract by not paying her total disability benefits.  Id. at ¶¶ 6, 7, 9.  Accordingly, this simple case merely concerns the single issue of whether or not Plaintiff is so allergic to latex that she is unable to perform the duties of a dental hygienist.

Defendants' claim handling was the subject of since dismissed counts in this case and is a core component of the allegations in Mirek II.  However Mirek I  has nothing to do with the handling and processing of Plaintiff's claim.   As the Court recognized, "the issue in this case on the contract claim is, is your client disabled or isn't she disabled, not whether they're dirty rats." Pretrial Conference Transcript at 13:14-16.  In Mirek I, whether Defendants' claim handling was exemplary is absolutely immaterial to both Plaintiff's breach of contract claim that she is entitled to total disability benefits and Defendants' breach of contract defense that she is not entitled to total disability benefits.

This case involves only a breach of contract claim, not an adjudication of the claims review process, and will be limited to a de novo determination by the finder of fact (in this case the jury demanded by Plaintiff) as to whether or not Plaintiff's sensitivity to latex prevents her from performing her job. As such, evidence of Defendants' claims handling is irrelevant to Plaintiff's claim for breach of contract.

> **2.    Evidence of Defendants' Claims Handling Would Be Significantly More Prejudicial Than Probative.**

Even if this Court were to determine that the evidence of Defendants' claims handling was in some way probative, the prejudice and confusion that would result in allowing this evidence would greatly outweigh any probative value it may have. Relevant "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Federal Rules of Evidence, Rule 403.

Allowing Plaintiff to submit evidence of Defendants' claim handling would confuse the issue the jury should be deciding – whether or not Plaintiff's latex allergy was disabling – not whether Defendants' claims handling was exemplary. As such, the Court should preclude Plaintiff from introducing evidence of the handling of Plaintiff's claim during the claim review period.

**B.    THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE OF DEFENDANTS' UNDERWRITING PRACTICES AND CRITERIA.**

Similarly, the Court should bar Plaintiff from admitting evidence relating to Defendants' underwriting practices and criteria at trial in Mirek I as it relates latex allergies because: (1) the evidence is irrelevant with respect to Plaintiff's claim for breach of contract as the only question for the jury is whether or not Plaintiff was disabled from performing the major duties of her own

occupation as a dental hygienist and has nothing to do with Defendants' underwriting practices;

and (2) the evidence would be significantly more prejudicial than probative.

      **1.**      **Evidence Of Defendants' Underwriting Practices And Criteria Is Irrelevant With Respect To Plaintiff's Claim For Breach Of Contract.**

For the same reasons set forth in Section A.1. above, the Defendants' underwriting

practices and criteria are entirely irrelevant to Plaintiff's breach of contract claim.  The

irrelevance of this sort of evidence was recognized by the Court during the Pretrial Conference:

| | |
|---|---|
| Plaintiff's Counsel: | Now the folks sitting in that box are entitled to know that -- (referring to Defendant's claims handling and refusal to issue policies to medical professionals with latex allergies) |
| The Court: | Why? |
| Plaintiff's Counsel: | Because -- |
| The Court: | It doesn't make sense to me.  In other words, the issue is, is she able to work or isn't she.  Not whether these guys are dirty rotten people. |
| Plaintiff's Counsel: | Because it's inconsistent - when they're issuing policies, they say its so dangerous people can't work and we don't want to get hit with claims.  In this courtroom, they're trying to convince a jury there's no problem with somebody with a latex allergy working. |
| The Court: | Well I wouldn't allow that evidence in from them either. Wait, let me – you keep butting into me, the only question is according to Mr. Crevier is did your client have a latex allergy which prevented her from working, nor whether they're inconsistent or consistent. |

Pretrial Conference Transcript at 12:5-18.

Furthermore, the underwriting practices in and of themselves are not relevant as the

function of underwriting is to minimize the risk incurred by the company when it sells disability

policies, while the function of the claims reviewers are to determine whether or not a particular

claimant is disabled under the terms of the specific policy.  The rationale of one department is

not applicable to the other, as their functions are entirely different.  Consequently, the fact that

Defendants' underwriting department may have decided not to issue policies to medical

professionals with known latex allergies is entirely irrelevant to the determination of whether this

particular Plaintiff is disabled, under the terms of the policy, as a result of her latex allergy.

2.    **Evidence of Defendants' Underwriting Practices And Criteria Would Be Significantly More Prejudicial Than Probative.**

As discussed in Section A.2. above, even if this Court were to determine that the

evidence of Defendants' underwriting practices as in some way probative, the prejudice and

confusion that would result in allowing this evidence would greatly outweigh any probative

value it may have.  Allowing Plaintiff to submit evidence of Defendants' underwriting practices

will likely lead to confusion regarding the distinct functions of underwriting and claims and will

likely result in unfair prejudice against Defendant due to the fact that it legitimately limits its risk

by declining to sell disability policies to medical professionals with known latex allergies.  As

such, the Court should preclude Plaintiff from introducing evidence of Defendants' underwriting

practices and criteria.

C.    **THE COURT SHOULD PRECLUDE PLAINTIFF FROM INTRODUCING EVIDENCE INVOLVING OTHER CLAIMS.**

For the reasons set forth in Section A above, the Court should preclude Plaintiff from

introducing evidence involving other claims.  Moreover, if the Court allows Plaintiff to introduce

evidence of other claims, this case will become a trial of all of those other claims in addition to

Plaintiff's claim because the parties will have to essentially try all of the claims in order to

establish the differences and similarities between those claims and Plaintiff's.  As such, the Court

should preclude Plaintiff from introducing evidence involving other claims.

As numerous courts have found, evidence involving other claims is irrelevant.  See e.g. Adams v. Allstate Insurance Company, 189 F.R.D. 331, 333 (E.D.Pa. 1999)(denying motion to compel discovery related to past claims stating, "past claims by other insureds are not relevant"); North River Insurance Company v. Greater New York Mutual Insurance Company, 872 F. Supp. 1411, 1412 (E.D. Pa. 1995)(Court denied motion to compel discovery of prior bad faith actions as irrelevant because they "will necessarily involve totally different facts and circumstances from those present here"); Missouri Pacific Railroad Company v. Aetna Casualty & Surety Co., 1995 WL 861146 (N.D. Tex. 1995)(Court denied motion to compel discovery regarding claims made by other insureds as irrelevant).

Defendants anticipate that Plaintiff will argue that the evidence of Defendants' claim handling, underwriting practices and handling of other claims is necessary to demonstrate that latex allergy exists and may be disabling.  Defendants do not dispute either of these two facts.  In fact, both of Defendants' experts have concluded that Plaintiff has an allergy to latex.  See Expert Report of Dr. Garb, attached hereto as Exhibit 2, at 3 ("I do believe Ms. Mirek is allergic to latex"); See also Expert Report of Dr. Weiss, attached hereto as Exhibit 3, at 8 ("Mrs. Mirek has a NRL [natural rubber latex] allergy").  Thus, the sole issue is whether Plaintiff's latex allergy – not someone else's—is disabling.  Accordingly, the Court should preclude Plaintiff from introducing irrelevant evidence regarding Defendants' handling of other claims.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court preclude: 1) evidence of Defendants' handling of Plaintiff's claim; 2) evidence of Defendants' underwriting practices and criteria; and 3) evidence involving other claims made by other persons.

Respectfully Submitted,

Defendants The Guardian Life Insurance
Company of America and Berkshire Life
Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.


/s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
          kparsons@crevierandryan.com


## LOCAL RULE 7.1 CERTIFICATION

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

/s/David B. Crevier

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 19th day of May, 2006.

/s/David B. Crevier