# Exhibit 3

Page 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLYN MIREK,
         Plaintiff            )   CIVIL ACTION NO.
VS.                           )   04-30166-MAP
                              )
THE GUARDIAN LIFE INSURANCE   )
COMPANY OF AMERICA and        )
BERKSHIRE LIFE INSURANCE      )   SEPTEMBER 15, 2005
COMPANY OF AMERICA,           )
         Defendants           )

DEPOSITION OF: CAROLYN MIREK, taken before Laurie A. Monaghan, Certified Shorthand Reporter, Registered Professional Reporter and Notary Public, pursuant to Rule 30 of the Federal Rules of Civil Procedure, at the Law Offices of Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts, on September 15, 2005, commencing at 10:00 a.m.

APPEARANCES:

(SEE PAGE 2)

                    Laurie A. Monaghan
                Certified Shorthand Reporter

Page 2

APPEARANCES:

JAGER SMITH, P.C., One Financial Center, Boston, Massachusetts, 02111, representing the Plaintiff.
BY: SETH NESIN, ESQUIRE

CREVIER & RYAN, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts, 01115-5727, representing the Defendants.
BY: DAVID B. CREVIER, ESQUIRE

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, 700 South Street, Pittsfield, Massachusetts, 01201, representing the Defendants.
BY: EDWARD K. KIMBALL, ESQUIRE

ALSO IN ATTENDANCE
CAROLYN MIREK

Page 3

INDEX

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| Carolyn Mirek | 6* | 133**,290*** | 262* | 291** |

*By Mr. Kimball
**By Mr. Crevier
***By Mr. Nesin

| EXHIBITS: | DESCRIPTION | PAGE |
|---|---|---|
| Defendant's 1 | Guardian Policy | 5 |
| Defendant's 2 | Interrogatories | 67 |
| Defendant's 3 | Medical Notes | 71 |
| Defendant's 4 | Medical Records | 84 |
| Defendant's 5 | Insurance Application | 93 |
| Defendant's 6 | Transcript | 158 |
| Defendant's 7 | Claim Form | 160 |
| Defendant's 8 | Letter | 205 |
| Defendant's 9 | Letter | 234 |
| Defendant's 10 | Resume | 236 |
| Defendant's 11 | Report | 276 |

Page 4

STIPULATIONS

It is agreed by and between the parties that all objections, except as to the form of the question, are reserved to be raised at the time of trial for the first time.

It is further agreed by and between the parties that all motions to strike unresponsive answers are also reserved to be raised at the time of trial for the first time.

It is also agreed that the deponent will read and sign the deposition, and waive the sealing of the deposition.

It is further agreed by and between the parties that notification to all parties of the receipt of the original deposition transcript is also hereby waived.

******

Page 261

1  Q. So, you're not sure whether you're disabled from
2  working in Dr. Segal's office, correct?
3  A. I know that I am.
4  Q. How do you know that you are?
5  A. Because everybody else there uses latex gloves.
6  Q. Okay. Assuming that Dr. Segal's office is the
7  one where everyone used non-latex gloves, you're not sure
8  whether you're disabled from working there, isn't that
9  correct?
10 A. Because I don't know everything else about his
11 office.
12 Q. So, you're not sure?
13 A. Right.
14 Q. Okay. And you're not sure whether you're
15 disabled from working in Dr. Wing's office if the
16 opportunity presented itself, correct?
17 A. Correct.
18 Q. And you're also not sure of working in any other
19 latex safe dental office if the opportunity presented
20 itself, isn't that correct?
21 A. I don't know of any other latex safe --
22 Q. But if there were ones, you're not sure whether
23 you would be disabled from working there, isn't that

Page 262

1  correct?
2  A. Right.
3  Q. So, the only thing that disables you from being
4  a registered dental hygienist is the possibility that in
5  that position, you could have exposure to latex, but for
6  that, you're not disabled from doing the job, correct?
7  A. Correct.
8        MR. KIMBALL: Can I just ask a couple of
9     questions?
10       MR. CREVIER: Sure.
11
12       REDIRECT EXAMINATION BY MR. KIMBALL:
13 Q. Carolyn, we've been talking about this, I think
14 for five or six hours, something like that, and I know
15 that you're a former president of the Connecticut Dental
16 Hygienist Association, isn't that true?
17 A. The Hartford Dental Hygienist Association.
18 Q. I'm sorry. And you sell these products now, and
19 you've been doing that since 2002, right?
20 A. Yes.
21 Q. And you were a dental hygienist for -- I'm bad
22 at math again, but about seventeen years before you left?
23 A. Yeah, eighteen.

Page 263

1  Q. Okay. If you wanted to set up a dental
2  hygienist practice, say, an environmentally safe,
3  eco-friendly practice in your home or in someone's house,
4  and you were to develop your own business of dental
5  hygienists -- and there are dental hygienists that do
6  that, is that true?
7  A. I wish. You can't.
8  Q. Well, I think there are?
9  A. No, it's illegal.
10 Q. It is?
11 A. In Connecticut. There's only like two states
12 that I think you can do it. Otherwise I would be doing
13 it.
14 Q. Is Massachusetts one of them?
15 A. No.
16 Q. And you say otherwise you would be doing it. If
17 you could control your environment completely, you
18 probably could function and perform the root plating, and
19 the scaling, and the polishing, the prophylaxis, the major
20 duties that you've discussed, is that a fair statement?
21 A. Yeah, probably.
22 Q. Okay. That was my question, thank you.
23 A. That's called independent practice.

Page 264

1  Q. Do you know if Massachusetts is one of the
2  places where that's allowed?
3  A. No.
4  Q. It's not?
5  A. No.
6  Q. Let me ask a couple of follow-ups. If you could
7  control your environment in that way, within the scope of
8  an existing dental practice, then do you feel it would be
9  safe for you to perform the duties of a dental hygienist
10 that we've discussed previously, four or five hours ago,
11 the planing, the prophylaxis, the x-rays, the things that
12 dental hygienists do, you could do that if you could
13 control your environment, correct?
14 A. Well, the whole environment; not just like my
15 little cubicle with the air flowing over it. You mean the
16 whole practice?
17 Q. But you don't control the environment where you
18 go to work now?
19 A. Right, but I can control myself in the
20 environment.
21 Q. Right, so if you could do that -- take that and
22 do that within the context of a dental hygienist practice,
23 you could perform those functions, the working and the

292

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF HAMPDEN

      I, LAURIE A. MONAGHAN, a Notary Public within and for the Commonwealth of Massachusetts, do hereby certify that I took the deposition of CAROLYN MIREK, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on September 15, 2005, at the Law Offices of Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts.

      I further certify that the above named deponent was by me first duly sworn to testify to the truth, the whole truth and nothing but the truth concerning her knowledge in the matter of the case of CAROLYN MIREK vs. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, et al, now pending in the United States District Court for the District of Massachusetts.

      I further certify that the within testimony was taken by me stenographically and reduced to typewritten form under my direction by means of COMPUTER ASSISTED TRANSCRIPTION; and I further certify that said deposition is a true record of the testimony given by said witness.

      I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken; and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of the action.

      WITNESS my hand this 27th day of September, 2005.

*Laurie A. Monaghan*
Laurie A. Monaghan
Notary Public
Certified Shorthand Reporter
Registered Professional Reporter

My commission expires
August 8, 2006

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947