## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-MAP |
| | ) |
| THE GUARDIAN LIFE INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| BERKSHIRE LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' PROFFERED EXPERT JAMES R. GARB, M.D. FROM TESTIFYING AS TO THE SUPPOSED PREVELANCE OF LATEX-FREE DENTAL OFFICES

Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of American ("Berkshire") (collectively referred to as "Defendants"), respectfully oppose Plaintiff's Motion in Limine to Preclude Defendants' Proffered Expert James R. Garb, M.D. From Testifying As to the Supposed Prevalence of Latex-Free Dental Offices ("Plaintiff's Motion in Limine").  Plaintiff seeks to preclude the portion of the testimony and report of Defendants' proffered occupational expert, James R. Garb, M.D., relating to the prevalence of latex-free dental offices in northern Connecticut and southwestern Massachusetts.  Plaintiff's Motion in Limine at 1.  In support of her Motion in Limine Plaintiff: (1) attempts to frame Dr. Garb's conversations with individuals working at latex free dental offices in southwestern Massachusetts and northern Connecticut as a scientific survey demonstrating the "prevalence of latex-free dental offices" that does not meet the criteria

required to constitute a scientific survey; (2) argues that Dr. Garb's testimony and report with respect to the existence of latex-free dental offices "are based entirely on rank hearsay, specifically phone conversations with dentists and others working in dental offices, and is not subject to any hearsay exception;" and (3) argues that Dr. Garb's testimony and report with respect to the existence of latex-free dental offices are irrelevant.  Plaintiff's Motion in Limine at 2-3.

As discussed below, contrary to Plaintiff's contentions: (1) Dr. Garb is not going to opine as to the "prevalence of latex-free dental offices" in northern Connecticut and southwestern Massachusetts and his conversations with individuals in latex free dental offices were not intended to be a scientific survey; (2) Rule 703 of the Federal Rules of Evidence specifically permits Dr. Garb to rely on inadmissible hearsay in forming his opinion regarding Plaintiff's ability to perform her occupation as a dental hygienist; and (3) the Court may not preclude Dr. Garb's testimony and the portion of his report that relate to his conversations with individuals working in non-latex dental offices in northern Connecticut and southwestern Massachusetts because they are one of the bases of his opinion that Plaintiff is not disabled from being a dental hygienist.

A.  **DR. GARB IS NOT GOING TO OPINE ON THE "PREVALENCE OF LATEX-FREE DENTAL OFFICES" IN NORTHERN CONNECTICUT AND SOUTHWESTERN MASSACHUSETTS AND HIS CONVERSATIONS WITH INDIVIDUALS IN LATEX-FREE DENTAL OFFICES WERE NOT INTENDED TO BE A SCIENTIFIC SURVEY.**

Plaintiff's brief is incorrectly premised on the assumption that Dr. Garb is going to opine as to the "prevalence of latex free dental offices" in northern Connecticut and southwestern Massachusetts.  Plaintiff's Motion in Limine at 1.  Moreover, despite Dr. Garb's clear statement that, "[t]his is not a scientific survey," Plaintiff's sole argument for excluding Dr. Garb's

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

2

testimony and report with respect to the existence of latex-free dental offices is that Dr. Garb's conversations with individuals in latex-free dental offices in northern Connecticut and southwestern Massachusetts do not meet the criteria required of a "scientific survey." <u>Transcript of the January 27, 2006 Deposition of James R. Garb, M.D.</u>, attached hereto as Exhibit A, at 72:13[1]; <u>See generally</u> <u>Plaintiff's Motion in Limine</u>.

    Dr. Garb, however, is not going to opine as to the "prevalence of latex-free dental offices" in northern Connecticut and southwestern Massachusetts. Rather, as Dr. Garb has repeatedly stated and as summarized in <u>Defendants' Pretrial Memorandum</u>, "Dr. Garb will provide expert opinion on accommodating latex-allergic employees in general and dental hygienists in particular and opine that Plaintiff is not disabled from being a dental hygienist." <u>Defendants' Pretrial Memorandum</u>, this Court's Docket No. 46, at 14; <u>See also</u>, <u>Case Review dated March 12, 2005 from James R. Garb, M.D.</u> ("March 12, 2005 Case Review"), attached hereto as Exhibit B, at bates stamped page 3 ("[Plaintiff] is fully capable of working as a dental hygienist in a practice that avoids using latex items"); <u>Transcript of the January 27, 2006 Deposition of James Garb, M.D.</u> at 11:4-17; 12:17-18 ("Q. [] What do you consider to be the opinions that you are going to testify about based on the information that's in the report from December 2005? . . . A. Just in the interest of trying to be precise, I was going to read from the report. The opinion that dentists can practice dentistry without using latex products.").

    As discussed below, Dr. Garb's conversations with individuals working in latex-free dental offices in northern Connecticut and southwestern Massachusetts were simply a permissible and necessary step in the formulation of his opinion regarding Plaintiff's ability to

---

[1] All Exhibits cited herein are true and accurate copies, as set forth in the Affidavit, attached hereto at Exhibit 1.

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

3

perform her occupation as a dental hygienist and the Court may not preclude Dr. Garb from testifying as to the bases of his opinion.

B.   **RULE 703 OF THE FEDERAL RULES OF EVIDENCE SPECIFICALLY PERMITS AN EXPERT TO RELY ON INADMISSIBLE HEARSAY.**

Plaintiff incorrectly argues that the Court should preclude Dr. Garb's testimony and the portions of his report addressing his conversations with individuals in latex-free dental offices because it is "based entirely on rank hearsay, specifically phone conversations with dentists and others working in dental offices, and is not subject to any hearsay exception."  Plaintiff's Motion in Limine at 2.  As mentioned above, Dr. Garb's conversations with individuals in latex-free dental offices constituted one of the bases for his opinion that Plaintiff is able to perform her occupation as a dental hygienist despite her latex allergy.  Contrary to Plaintiff's assertions, Rule 703 of the Federal Rules of Evidence specifically permits an expert to rely on inadmissible hearsay in forming opinions or inferences:

> If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence in order for the opinion or inference to be admitted.

Rule 703 of the Federal Rules of Evidence.

As the First Circuit has explained:

> [A]n expert is entitled to rely on facts and/or data which have not been admitted into evidence if the expert's reliance on those facts or data is reasonable.  As noted in Rule 703, such reasonableness is measured against the facts or data upon which experts in the particular field normally rely.

International Adhesive Coating Company, Inc., et al. v. Bolton Emerson International, Inc., 851 F.2d 540, 544-45 (1st Cir. 1988) (internal citations omitted) (upholding district court's decision to allow the testimony of an expert who derived his damage estimates by reviewing the Plaintiff's business and financial records and by interviewing the Plaintiff's personnel because "it is

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

4

obvious that these are sources of information normally and reasonably relied upon by accountants"); see also American Universal Insurance Co., et al. v. Falzone, 644 F.2d 65, 66 (1st Cir. 1981) (Court of Appeals upheld district court's decision to deny Defendant's motion to strike the expert opinion testimony of the state file marshal whose opinion had been based on conversations with other fire marshals on the inspection team because it is reasonable for a state fire marshal to rely on the opinions of other investigators on his team); U.S. v. Floyd, 281 F.3d 1346, 1349 (11th Cir. 2002) (Allowing testimony of expert regarding information obtained by firearm and tool mark expert from conversation with technical advisor as to the place of manufacture of the ammunition because it was of the type reasonably relied upon by experts in the field).

Dr. Garb's conversations with individuals in latex-free dental offices are the type of information reasonably relied on by experts in the field of occupational medicine. Affidavit of James Garb, M.D., attached hereto as Exhibit C, at ¶ 5. Dr. Garb is the former director of occupational health and safety at Baystate Health System and is board certified in internal medical and occupational medicine. Transcript of the October 25, 2005 Deposition of James R. Garb, M.D., attached hereto as Exhibit D, at 6:7-14. Dr. Garb has extensive experience with respect to dealing with latex allergies in health care facilities and has developed and/or reviewed over fifteen latex allergy policies for a variety of health facilities, including the Latex Allergy Policy for Brightwood Health Center Dental Clinic, a copy of which is attached hereto as Exhibit F. Affidavit of James Garb, M.D., attached hereto as Exhibit C, at ¶ 4.

Dr. Garb was retained by Defendants to review Plaintiff's claim in March 2005 and later as an occupational expert in this litigation. When Dr. Garb originally reviewed Plaintiff's claim in March 2005, he reviewed Plaintiff's medical records and did some internet research to

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

5

determine if there were latex-free dental offices. <u>March 12, 2005 Case Review</u>, attached hereto at Exhibit B, at bates stamped pages 2, 7-9. Dr. Garb determined that there were latex-free dental offices in Ohio and England, confirming that a person could have an allergy to latex and continue working as a dental hygienist. Based on his review of Plaintiff's medical records, and his research regarding latex free dental offices, Dr. Garb concluded that although "[Plaintiff] is allergic to latex, she if fully capable of working as a dental hygienist in a practice that avoids using latex items." <u>See March 12, 2005 Case Review</u> at bates stamped page 4.

After being retained as an occupational expert in this case, Dr. Garb identified and contacted a number of latex-free/latex-safe dental offices that were located closer to Plaintiff's place of residence. Applying an elevated standard, Dr. Garb identified five latex-free dental offices in northern Connecticut and southwestern Massachusetts in which Plaintiff could work as a dental hygienist. <u>December 14, 2005 Addendum to Report on Carolyn Mirek</u> ("December 14, 2005 Addendum"), attached hereto as Exhibit E, at bates stamped pages 4-5. As he explained at this deposition, Dr. Garb was very selective about the dental practices he included in his report:

> Q. [Ms. D'Alcomo] How did you decide what dentists to include in the report?
> A. [Dr. Garb] I set a very high bar for which ones I would include in the report. So if the practice said that, you know, they could accommodate a latex allergic patient, but they weren't really latex-free, I didn't include them. I only included those in my opinion that were latex-free practices.
> \* \* \*
> Q. Is there a reason why you didn't include information on dental practices in northern Connecticut and southwestern Massachusetts that practice as you say latex-safe dentistry?
> A. Like I said, I wanted to set the bar very high and select those practices where I would feel entirely comfortable that someone like Ms. Mirek could work.

<u>Transcript of the January 27, 2006 Deposition of James R. Garb, M.D.</u> at 33:9-17; 38:15-23. Dr. Garb's conversations with individuals working in the five identified latex-free dental offices contained in Dr. Garb's report constitute the type of information typically relied on by

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

6

occupational experts in formulating their opinions and inferences and may not be precluded by this Court.[2]

## C. THE COURT MAY NOT PRECLUDE TESTIMONY OR THE PART OF THE REPORT THAT SETS FORTH THE BASES OF DR. GARB'S OPINION.

As discussed above, Dr. Garb's conversations with individuals in latex free dental offices in northern Connecticut and southwestern Massachusetts form one of the bases for his opinion that Plaintiff is not disabled from her own occupation as a dental hygienist. The Court cannot preclude testimony or the portion of the report explaining the bases for Dr. Garb's opinion. Lewis v. Rego Co., 757 F.2d 66, 74 (3d Cir. 1985)(concluding that a conversation between the expert witness and another doctor was the kind of information on which experts in the field base their opinions and, therefore, the trial court should have allowed inquiry into the conversation); See International Adhesive Coating, 851 F.2d at 544. (internal citations omitted) ("the factual underpinning of an expert's opinion . . . is a matter affecting the weight and credibility of the testimony – a question to be resolved by the jury")  See also Fed. R. Evid 703, 705.  As such, the Court must deny Plaintiff's Motion in Limine.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court deny Plaintiff's Motion in Limine to preclude Dr. Garb's testimony and the portion of his report relating to his conversations with individuals working in non-latex dental offices in northern Connecticut and southwestern Massachusetts.

---

[2] One of the five identified latex-free dental offices is that of Dr. David Segal.  December 14, 2005 Addendum at 4.  Dr. Segal will be a witness at trial and will testify to the use of latex in his office.

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.


/S/ David B. Crevier_____
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400
Facsimile: 413-781-8235
Email: dcrevier@crevierandryan.com
        kparsons@crevierandryan.com

and

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel: 413-499-4321


**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 2nd day of June 2006.

/S/ David B. Crevier_____

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Opposition to Plaintiff's Motion In Limine\Opposition to Plaintiff's Motion In Limine Re Garb.doc

8