UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

NO. 04-cv-30166-MAP

CAROLYN MIREK

VS.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA

PRE-TRIAL CONFERENCE HELD IN THE ABOVE-ENTITLED
MATTER BEFORE MAGISTRATE PONSOR, SITTING IN THE
UNITED STATES DISTRICT COURT, SPRINGFIELD,
MASSACHUSETTS, ON JANUARY 27, 2006

APPEARANCES:

JOANNE D'ALCOMO, ESQUIRE, Representing the Plaintiff

DAVID CREVIER, ESQUIRE, Representing the Defendant

959 MAIN STREET        PHILBIN & ASSOCIATES, INC.        (413) 733-4078
4TH FLOOR                                                 Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                     FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

2

1  THE COURT: For the record, this is the case of Carolyn Mirek,
2  M-i-r-e-k versus the Guardian Life Insurance Company of America. It's
3  0430166. We're here for a final pre-trial conference. Thank you for your
4  patience. It's late on a Friday afternoon, and my work day is not done after I
5  finish this hearing, but I think this is pretty simply at least as I see it. You have a
6  couple of pending discovery motions. My intention is to refer those to
7  Magistrate Judge Neiman. He's been handling your discovery issues. And other
8  than that, once those issues are resolved, you're basically ready for trial and we'll
9  put you down on our trial list and get you in here for trial as soon as we can find
10 a place for you.
11    The defendant's estimate of the amount of time for trial is quite a bit less
12 than the plaintiff's estimate of time for trial. The defendants talked about three
13 or four days and the plaintiff talked about seven or eight days, or maybe its vice
14 versa.
15    MS. D'ALCOMO: You have it correct, Your Honor.
16    THE COURT: Yeah, all right, and we'll have to have that in
17 mind. But other than that, I guess the only thing that I'm interested in is whether
18 you've had any discussions about possible resolution of this case without the
19 necessity of trial. And to be honest, I don't know which of you has the plaintiff
20 and which of you has the defendant.
21    MS. D'ALCOMO: I do, Your Honor, Joanne D'Alcomo for the
22 plaintiff. There is one other issue, Your Honor, and that is I am finding it
23 difficult trying to figure out what the court thinks the difference would be
24 between trying the case that we're here on the pre-trial for and the case I had to

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

**PHILBIN & ASSOCIATES, INC.**

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  file because the Motion to Amend was denied. And so one of the procedural
2  difficulties and substantive difficulties I'm having is all of the evidence and all of
3  the witnesses that I would put on in the second case are literally the exact same
4  as in the first case. I have no discovery to do in the second case. The defendants
5  haven't identified any discovery they have to do in the second case. So
6  therefore, I'm just having a hard time figuring out what the court thinks the
7  difference is between the second case, this is an insurance disability case. Again,
8  the court has been, and I realize - I happen to think that sentencing is the most
9  serious and somber thing that a judge has to do, and I realize the court has been
10 immersed in handling that very difficult sentencing. However, to refresh the
11 court's memory, this is an individual disability case. It is a case in which the
12 plaintiff has alleged that the benefits haven't been paid and bad faith handling of
13 the claim.
14         THE COURT: Counts 2 and 3 are gone now--
15         MS. D'ALCOMO: That's right.
16         THE COURT: Count 1 remains in this case and there was an
17 attempt to amend this complaint to add a claim under a Connecticut statute.
18         MS. D'ALCOMO: No, actually not correct, Your Honor. There
19 was just simply an attempt even though we alleged breach of the covenant of
20 good faith and fair dealing and bad faith by the defendants because we had in the
21 course of discovery discovered in the defendants documented and witnesses of
22 the defendants a more egregious offensive conduct, we attempted to incorporate
23 those allegations as a basis for a claim under Connecticut common law--
24         THE COURT: Right.

959 MAIN STREET            PHILBIN & ASSOCIATES, INC.          (413) 733-4078
4TH FLOOR                                                            Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                                FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  MS. D'ALCOMO: --which was already in the complaint for bad
2  faith and punitive damages and attorney's fees, again, which were already sought
3  in the complaint, but all we were attempting to do is to put the defendants on
4  notice. We have found in your discovery, this additional behavior. We didn't
5  know about it before. We are going to make that part of our bad faith claim and
6  we wanted to make that very clear in seeking to amend the complaint because we
7  didn't get the documents until late summer of 2005, we didn't depose, we
8  weren't able to depose any defense witnesses until late September of 2005, which
9  is why we promptly after deposing some defense witnesses, moved to amend the
10 complaint to put the defendants on notice. They claimed oh this was already
11 known, you should have done it earlier. And because we believe that conduct
12 should be the basis of a bad faith claim, we had no choice, but to then bring a
13 new lawsuit making specific allegations and when we discovered this conduct--
14 THE COURT: Hang on one second, did you--
15 MS. D'ALCOMO: And again we say, we have to do no
16 discovery, no experts, no additional experts needed to be - we are literally
17 prepared to try the second case. We've asked the defendants, what is it you need.
18 They can't need any documents because its all their documents or documents of
19 people on whom they relied, their doctor that they used and their intermediary.
20 THE COURT: Okay, I'm going to break in--
21 MS. D'ALCOMO: Oh I'm sorry. So what I'm having a hard
22 time--
23 THE COURT: Wait, let me talk for a second.
24 MS. D'ALCOMO: I'm sorry.

959 MAIN STREET            PHILBIN & ASSOCIATES, INC.        (413) 733-4078
4TH FLOOR                                                   Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                       FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1    THE COURT: I just want to summarize what the issues are here
2 and we may or may not be able to tackle them this afternoon. So you need two
3 things before you are going to be able to try this case. You need one, rulings on
4 pending discovery motions. Two, you need to know what am I supposed to do
5 about the second case. And those are the two things. Once you have, and I
6 could do- I know I'm going to do one thing. I'm going to refer the discovery
7 motions to Magistrate Judge Neiman, he'll get you rulings on them. With regard
8 to the second case, I can do one of two things, I can say I don't care about your
9 concerns. I'm sorry, I have this case, try this case, we'll deal with that case later,
10 whatever may happen. Maybe you'll get a huge recovery in this case and you'll
11 be fully satisfied and the second case will go away. Maybe you'll lose this case
12 and we'll have some kind of res judicata effect on that case, I don't know. That's
13 one route I can take.
14    The other route I can take is I can bring the second case along with this
15 case and you can try them both together, but they're basically the two choices I
16 have there and you're saying you obviously want one choice and they want
17 another. Let's not advocate that, I just want to know what the issues are.
18    MS. D'ALCOMO: There's even a third--
19    THE COURT: Wait a minute, are there any other issues?
20    MS. D'ALCOMO: Well the other issue is if the court really
21 believes they're separate issues, what does the court think that's going to be tried
22 in the first case that would - let's put it this way, what does the court--
23    THE COURT: All I can say is I don't like to be cross-examined
24 in the best of times and certainly not five minutes of 5:00 on a Friday afternoon.

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  Wait a minute--

2  MS. D'ALCOMO: That's all.

3  THE COURT: All right. All I know is if you didn't need to
4  amend the first complaint, then you wouldn't have filed a motion to amend.
5  Something got added as a result of the Motion to Amend, but it was too late to
6  add. Now if you're saying that when I filed the Motion to Amend, I wasn't
7  really adding anything that wasn't already in the first case, then I guess I have a
8  question to come back to you which is why did you file the Motion to Amend
9  anyway. And if its all contained in the first case, fine, we'll just try the first case
10 and there we are.

11 MS. D'ALCOMO: All of the evidence is contained in the first
12 case. What I wanted to do is put the defendants on notice is that the new
13 conduct that we had learned about--

14 THE COURT: Right.

15 MS. D'ALCOMO: --was going to be the basis of, in addition to
16 what I've already known before, the bad faith claim. And I believe the
17 defendants would be entitled to notice of what it was you claim formed the
18 egregious conduct, that is you being plaintiff, the egregious conduct that gives
19 rise to a common law bad faith claim under Connecticut law.

20 THE COURT: So the common law bad faith claim under
21 Connecticut law is already in the case that I have before me?

22 MS. D'ALCOMO: Yes.

23 THE COURT: Well okay.

24 MR. CREVIER: Your Honor, we completely disagree and your

959 MAIN STREET     PHILBIN & ASSOCIATES, INC.     (413) 733-4078
4TH FLOOR                                          Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                              FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1   reasoning is completely well founded. There would have been no need to amend
2   had their been the allegations in the original complaint. There was a Connecticut
3   Unfair Trade Practices claim made by plaintiff which required, we moved to
4   dismiss that claim. Plaintiff agreed that they did not have a basis for going forth
5   with their Connecticut Unfair Trade Practices claim. The only thing they had left
6   in the case is a contract claim. A contract claim where they were looking for
7   contract damages. That is all that's left of the current case which is being called
8   by the court today 0430166.
9           The plaintiff is disingenuous with respect to the fact that they don't need
10  anymore discovery.
11              THE COURT: Well let's leave out the disingenuousness. Why
12  do you say that they need more discovery?
13              MR. CREVIER: Well the fact is the discovery dispute that is
14  pending in front of the court is the discovery the plaintiff is trying to take in this
15  case necessary to our second case. This court when it ruled that the Connecticut
16  Unfair Trade Practices claim should be dismissed because the plaintiff even
17  agreed that it was unsustainable and dismissed it. Admonished the plaintiff at
18  that time to restrict her discovery to count 1 of the complaint. There's a court
19  order that says we admonish plaintiff. There's a laundry list, in fact the Motion
20  to Dismiss that was filed by the defendants was predicated on the fact that
21  plaintiff was just going on giant fishing expedition and we felt as though the
22  fishing expedition was based on an unsustainable claim so we moved for
23  judgment on the pleading on the unsustainable claim.
24          The court just denied the Motion for a Protective Order, but told the

959 MAIN STREET        PHILBIN & ASSOCIATES, INC.        (413) 733-4078
4TH FLOOR                                                 Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                     FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  plaintiff I admonish you to restrict your discovery to Count 1. We turned to

2  plaintiff after Count 2 was dismissed and said, plaintiff, what do you want to do

3  now, restrict your discovery to Count 1. Plaintiff said no, I want everything that

4  was entitled to before. And that's the subject of the discovery dispute in front of

5  you.

6  So in effect what the plaintiff is trying to do is bootstrap the discovery in

7  this case into our second case. This case--

8  THE COURT: Now she says its all one case.

9  MR. CREVIER: It's not one case, Your Honor. Plaintiff, we

10 have a pending Motion to Dismiss the second case. Plaintiff had all of the

11 information necessary to file the second lawsuit at the time she filed the first

12 lawsuit. And under those circumstances, courts have not allowed a party to file a

13 second lawsuit. You'll get plaintiff's second lawsuit, it not only has bad faith

14 claims, it has a contract claim. It is the same claim--

15 THE COURT: Let me assert another question. So you say there's

16 a contract claim in the case that's before us right now and you're prepared to try

17 that contract claim once you get rulings on the discovery motions?

18 MR. CREVIER: The only thing we need to try that contract claim

19 is to be able to depose her expert, who she has refused to put up.

20 THE COURT: And you've got a motion with regard to that?

21 MR. CREVIER: I've got a motion.

22 THE COURT: So Judge Neiman will either let you do that or he

23 won't let you do that. And at that point, you're ready to try the case?

24 MR. CREVIER: Yes, Your Honor, although I would ask if the

959 MAIN STREET             PHILBIN & ASSOCIATES, INC.        (413) 733-4078
4TH FLOOR                                                     Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                         FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  court allow us time to file Motions for Summary Judgment and Motions in
2  Limine because right now we're coming in front of you, before plaintiff allowed
3  us to complete discovery in the case, there was no procedural order by the case
4  initially that set forth the time limits for summary judgment.
5              THE COURT: Right, I usually wait until the final pre-trial
6  conference.
7              MR. CREVIER: So we did not file anything and that's fine and
8  we didn't file anything in expectation that we wait until discovery is closed to
9  avoid the situation if plaintiff opposed it based on the fact that discovery is not
10 complete.
11             THE COURT: All right, just for the record your name is?
12             MR. CREVIER: My name is David Crevier for both of the
13 defendants.
14             THE COURT: All right, so what you want to do is two things.
15 You want to keep the 05 case separate from the 04 case?
16             MR. CREVIER: Yes.
17             THE COURT: You want to get rulings on your motions?
18             MR. CREVIER: Yes.
19             THE COURT: And then you want an opportunity to file a Motion
20 for Summary Judgment?
21             MR. CREVIER: Correct, Your Honor.
22             THE COURT: And if you get all those three things, you're ready
23 to go?
24             MR. CREVIER: Yes, Your Honor.

959 MAIN STREET      PHILBIN & ASSOCIATES, INC.      (413) 733-4078
4TH FLOOR                                              Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                  FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  THE COURT: Okay. So and what in the 05 case, the one that is
2  not before us right now, what is the cause of action in that case that's different
3  from the contract claim? Is it a different common law theory in that case or it
4  just the same claim with different damages, that's what I'm getting confused
5  about?

6  MR. CREVIER: It's a different theory. Count 1, all in this case is
7  a contract case, briefs our contract to pay her client disability benefits, that's all
8  there is.

9  THE COURT: Right.

10  MR. CREVIER: This new case alleges all sorts of conduct that
11  the defendants allegedly engaged in prior to, in the denial of the claim, and what
12  it comes down to is they did all these in the conduct, in their denial of the claim
13  which is actionable as a Connecticut bad faith, and that's a separate count under
14  Connecticut law. It's a bad faith claim and plaintiff asserts it now because it
15  gives her a basis for seeking punitive damages. And a contract case, which is
16  currently pending in front of this court, all she can get is contract damages.

17  And Your Honor it makes a lot of sense to try that case separately too and
18  I'll point out why. If we win the contract case, there's no bad faith. It will be
19  (inaudible) to some extent because if there's no entitlement to any contract
20  damages, there's no benefit to the plaintiff.

21  This case, this contract case, the list of witnesses and the disparity in the
22  time trial is the plaintiff is trying to put in all this nebulous, redundant factual
23  information on the contract claim. Plaintiff has in her hands our expert report and
24  our expert has stated that her client has latex allergy, that is an undisputed fact.

959 MAIN STREET    PHILBIN & ASSOCIATES, INC.    (413) 733-4078
4TH FLOOR                                        Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                            FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  It's undisputed that my client denied her claim for disability benefit. The only

2  question in this contract claim, its quite simple, it's the plaintiff and the doctors

3  testifying the extent of which plaintiff's latex allergy makes it unable to perform

4  the major duties of her occupation as a dental hygienist, that's simple. That's the

5  case that's ready to be tried and should be tried in this court.

6      THE COURT:  Okay, and just out of curiosity why isn't this an

7  Arissa case?

8      MS. D'ALCOMO:  It's an individual disability claim, Your

9  Honor. And may I respond to that?

10      THE COURT:  Yeah, I'll give you two minutes.

11      MS. D'ALCOMO:  2What the defendant's characterization of the

12  claim is not accurate. The - as the court has recognized in denying the

13  defendant's Motion for a Protective Order, where they tried to prevent me from

14  getting discovery under 30B6 relating to the defendant's knowledge of latex

15  allergy, handling of claims, etc., the jury would be entitled to know when their

16  expert stands up and says latex allergy is this and latex allergy is - its very easy to

17  deal with and there's no problem with dealing with latex allergy and this is why

18  we denied the claim. A jury is entitled to know all of the inconsistent positions

19  they have taken since and during the processing of the claim. You can't look at

20  this in a vacuum. The defendants, we learned during discovery, at the very time

21  they were processing Ms. Mirek's claim in 2002 and telling her latex allergies,

22  no problem, its very manageable, its not an issue in the work place, we learned in

23  discovery, because we saw their internal memoranda, that in 2002 and possibly

24  earlier, but certainly since 2002, their corporate position was and they

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

**PHILBIN & ASSOCIATES, INC.**

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  predominantly insure medical professionals is they will not issue disability

2  policies to medical professionals because of the risk of latex - that latex allergy

3  poses. So if you have a hint of a latex allergy, not if you test positive, if you

4  have a hint of it, they will not issue a disability policy to you.

5      Now the folks sitting in that box are entitled to know that--

6      THE COURT: Why?

7      MS. D'ALCOMO: Because--

8      THE COURT: It doesn't make any sense to me. In other words,

9  the issue is she able to work or isn't she. Not whether these guys are dirty rotten

10 people.

11     MS. D'ALCOMO: Because its inconsistent - when they're

12 issuing policies, they say its so dangerous people can't work and we don't want

13 to get hit with claims. In this courtroom, they're trying to convince a jury there's

14 no problem with somebody with a latex allergy working.

15     THE COURT: Well I wouldn't allow that evidence in from them

16 either. Wait, let me - you keep butting into me, the only question is according to

17 Mr. Crevier is did your client have a latex allergy which prevented her from

18 working, not whether they're inconsistent or consistent.

19     MS. D'ALCOMO: No, but they're taking the position and the

20 court would have the documents, that latex allergy does not pose a problem to

21 people in the work place. In general, it does not pose a problem to dental

22 hygienists in the work place.

23     THE COURT: Are you saying that the defendant's position is

24 nobody can ever have a latex allergy which disables them?

959 MAIN STREET    PHILBIN & ASSOCIATES, INC.    (413) 733-4078
4TH FLOOR                                       Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                           FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1    MS. D'ALCOMO: No, what they say is generally speaking their

2 experts--

3    THE COURT: I don't care about generally speaking.

4    MS. D'ALCOMO: This is what their experts are going to testify

5 to.

6    THE COURT: The heck they are, I'm going to be trying the case.

7    MS. D'ALCOMO: That's how they frame the opinion. The

8 opinion is its not a problem because latex is not a problem in the work place.

9 And so because of that, the jury is entitled to know if they put on a witness who

10 says its not a problem in the dental profession because the work place for these

11 folks, its generally latex free, the kind of latex that's there is not an issue.

12    THE COURT: Well we're just getting on and on about an area of

13 direct testimony which I wouldn't allow anyway. So what they're going to put

14 on or not put on is going to be under my control. And the issue in this case on

15 the contract claim is, is your client disabled or isn't she disabled, not whether

16 they're dirty rats.

17    Now if you say you have an extra claim where the jury can sweeten the

18 damages based on the fact that not only did they violate your client's rights, but

19 also they're dirty rats, then that might be a section, in Massachusetts that would

20 be a 93A claim, it would be a separate count. So I just have to look at this. But I

21 know what my assignment is here. Do you object to giving them a shot at a

22 Motion for Summary Judgment in this case?

23    MS. D'ALCOMO: Well this is the first I've heard of it. The only

24 summary judgment they identified in their pre-trial memorandum and their order

959 MAIN STREET    PHILBIN & ASSOCIATES, INC.    (413) 733-4078
4TH FLOOR                                                                                       Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                                                       FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  required them to identify anything they wanted to do was the summary judgment

2  with respect to one defendant that they claim the plaintiff is not in privity with,

3  so I don't know what the Summary Judgment Motion is.

4          THE COURT: Okay.

5          MS. D'ALCOMO: So that's a brand new thing I've heard for the

6  first time today.

7          THE COURT: Okay.

8          MS. D'ALCOMO: The other thing, Your Honor, I would ask that

9  we try to sort out today that we at least ask the defendants to identify what

10 discovery they think they have to do in the other case?

11         THE COURT: No, I don't want to deal with the other case right

12 now today. I deliberately denied that motion to deal with them together, that's

13 something that can happen at a Rule 16 conference. Its seven after 5:00 here and

14 I really don't want to get into a different case.

15     I'm going to give you a schedule which will address the issues that you

16 have identified, that's the issue of the 05 case and its relationship to this case,

17 that's the issue of getting your discovery motions decided, and that's the issue of

18 giving the defendant an opportunity to file some sort of Motion for Summary

19 Judgment and I am going to give them an opportunity to do that and give you an

20 opportunity to oppose. I'm not picking on this case, I do that in every case. I

21 tend to wait until the pre-trial conference before I set a schedule for Summary

22 Judgment. The reason I do that is it gives counsel an opportunity to discuss

23 possible settlement before we get into sometimes what is sometimes an

24 expensive and time consuming effort.

959 MAIN STREET          PHILBIN & ASSOCIATES, INC.          (413) 733-4078
4TH FLOOR                                                    Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                        FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1    So I'm assuming that as I'm putting this together from the time that you
2    have rules on your discovery motions and either don't get or get whatever
3    discovery you feel you're entitled to, the plaintiff has an opportunity in the same
4    way I'm assuming that you can file a Motion for Summary Judgment within 30
5    days after that issue is clarified, give you 30 days to oppose and then, there we
6    are.
7    Sorry, if I've been a little abrupt this afternoon, it has been a long day and
8    that was an emotionally stressful sentencing. It does seem to me as I sit here
9    right now that this case is just a straight forward contract case, the question is did
10   the plaintiff have a disabling condition with the defendant failed to recognize and
11   failed to pay her damages for. And gosh, that's not a hard issue to tackle. But I
12   may be oversimplifying it, and I'll take a look at 05 before I make a decision.
13   MS. D'ALCOMO: Your Honor, could we have a trial date set? I
14   thought that's when they would be do at a pre-trial conference.
15   THE COURT: Unfortunately we can't. I'm going to give you a
16   schedule for completing discovery and for filing a Motion for Summary
17   Judgment. We'll have to have an argument on the Motion for Summary
18   Judgment and then we'll be talking about a trial date after I give you a ruling on
19   the Summary Judgment.
20   MS. D'ALCOMO: Thank you, Your Honor.
21   THE COURT: Thank you. The court's in recess.
22   THE CLERK: All rise.

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

## CERTIFICATE OF SERVICE

I, Dianne M. Quinn, certified tape transcriber, do hereby certify that the attached transcript is a true and accurate transcription of the compact disc to the best of my knowledge and ability.

_____
Dianne M. Quinn

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947