UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CAROLYN MIREK,

    Plaintiff

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

    Defendants

Civil Action
No. 04-30166-MAP

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS'
PROFFERED EXPERT STEVEN J. WEISS FROM TESTIFYING**

Plaintiff Carolyn Mirek hereby moves, <u>in limine,</u> to preclude the testimony of Defendants' expert Steven J. Weiss, M.D. from testifying. At the Court's pretrial hearing on January 27, 2006, the Court had the following exchange with Plaintiff's attorney with respect to what sort of expert testimony would be permissible:

> **Court:** Are you saying that the defendant's position is nobody can ever have a latex allergy which disables them?
>
> \*\*\*
>
> **Ms. D'Alcomo:** This is what their experts are going to testify to.
>
> **Court:** The heck they are, I'm going to be trying the case.

Pretrial Conference, Jan. 27, 2006, Ex. 1 at 12-13. The Court later described such testimony as "an area of direct testimony I wouldn't allow." <u>Id.</u> at 13. To the extent the Court retains this view of the case, Dr. Weiss should be precluded from testifying.

According to his expert disclosure, Dr. Weiss takes the position that Ms. Mirek's latex allergy does not preclude her from working as a dental hygienist and he relies on his general views that latex allergy is not disabling. He opines:

> [T]he majority of health care workers that develop latex allergy can continue to work in their chosen profession after appropriate treatment and modifications of the environment. We are doing our patients a disservice by telling them they are disabled by a latex allergy.

Weiss Report, Ex. 2 at 8.

Dr. Weiss thus states bold opinions about the ability of all latex-allergic individuals to work in the health care field, not specifically about Ms. Mirek. If the Court adheres to the view expressed at the previous pre-trial conference, such testimony is inadmissible.

Furthermore, for all the reasons stated by Defendants in their motion in limine to exclude Plaintiff's Expert, Dr. Christine Oliver, (Docket No. 62), Dr. Weiss is unqualified to testify. Specifically, Defendants have moved to exclude the testimony of Plaintiff's expert because she purportedly does not possess personal knowledge with respect to the prevalence of latex-free dentistry in Mr. Mirek's geographic area; the difficulty in switching from a latex office to a latex-free dental office; latex dental products; and empirical evidence about the ventilation of ambient latex into other parts of a dental office. Plaintiff does not agree that knowledge of any of these subjects is necessary to testify competently, but to the extent the Court is persuaded by Defendants' position, Dr. Weiss's testimony should be excluded. There is no evidence that Dr. Weiss has any personal knowledge as to any of these subjects. Furthermore, Dr. Weiss's report, which is required by the Federal Rules to contain the basis for all his opinions, makes no mention of having relied on any knowledge of any of these subjects. In fact, there is only

2

a passing reference to any of these topics, when he gives his opinion that Ms. Mirek's current job as a salesperson may be riskier to her than the possibility of ambient latex from another office in the same building as a latex-free office.  Weiss Report, Ex. 2, at 7.

For the reasons stated above, to the extent the Court continues to hold the positions it expressed informally at the January pretrial conference, and to the extent that the Court is persuaded by Defendants' argument to preclude Plaintiff's expert, Dr. Weiss's testimony must be precluded.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin

_____

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin

Seth Nesin