```
 1            UNITED STATES DISTRICT COURT
 2          FOR THE DISTRICT OF MASSACHUSETTS
 3
 4               NO. 04-cv-30166-MAP
 5
 6
 7  CAROLYN MIREK
 8
 9
10  VS.
11
12
13  THE GUARDIAN LIFE INSURANCE
14  COMPANY OF AMERICA
15
16
17
18
19
20
21     PRE-TRIAL CONFERENCE HELD IN THE ABOVE-ENTITLED
22     MATTER BEFORE MAGISTRATE PONSOR, SITTING IN THE
23        UNITED STATES DISTRICT COURT, SPRINGFIELD,
24          MASSACHUSETTS, ON JANUARY 27, 2006
25
26
27
28
29
30
31
32  APPEARANCES:
33
34  JOANNE D'ALCOMO, ESQUIRE, Representing the Plaintiff
35
36  DAVID CREVIER, ESQUIRE, Representing the Defendant
```

959 MAIN STREET            PHILBIN & ASSOCIATES, INC.            (413) 733-4078
4TH FLOOR                                                   Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                         FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1  predominantly insure medical professionals is they will not issue disability

2  policies to medical professionals because of the risk of latex - that latex allergy

3  poses. So if you have a hint of a latex allergy, not if you test positive, if you

4  have a hint of it, they will not issue a disability policy to you.

5         Now the folks sitting in that box are entitled to know that--

6         THE COURT: Why?

7         MS. D'ALCOMO: Because--

8         THE COURT: It doesn't make any sense to me. In other words,

9  the issue is she able to work or isn't she. Not whether these guys are dirty rotten

10 people.

11        MS. D'ALCOMO: Because its inconsistent - when they're

12 issuing policies, they say its so dangerous people can't work and we don't want

13 to get hit with claims. In this courtroom, they're trying to convince a jury there's

14 no problem with somebody with a latex allergy working.

15        THE COURT: Well I wouldn't allow that evidence in from them

16 either. Wait, let me - you keep butting into me, the only question is according to

17 Mr. Crevier is did your client have a latex allergy which prevented her from

18 working, not whether they're inconsistent or consistent.

19        MS. D'ALCOMO: No, but they're taking the position and the

20 court would have the documents, that latex allergy does not pose a problem to

21 people in the work place. In general, it does not pose a problem to dental

22 hygienists in the work place.

23        THE COURT: Are you saying that the defendant's position is

24 nobody can ever have a latex allergy which disables them?

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

1   MS. D'ALCOMO: No, what they say is generally speaking their
2   experts--
3   THE COURT: I don't care about generally speaking.
4   MS. D'ALCOMO: This is what their experts are going to testify
5   to.
6   THE COURT: The heck they are, I'm going to be trying the case.
7   MS. D'ALCOMO: That's how they frame the opinion. The
8   opinion is its not a problem because latex is not a problem in the work place.
9   And so because of that, the jury is entitled to know if they put on a witness who
10  says its not a problem in the dental profession because the work place for these
11  folks, its generally latex free, the kind of latex that's there is not an issue.
12  THE COURT: Well we're just getting on and on about an area of
13  direct testimony which I wouldn't allow anyway. So what they're going to put
14  on or not put on is going to be under my control. And the issue in this case on
15  the contract claim is, is your client disabled or isn't she disabled, not whether
16  they're dirty rats.
17  Now if you say you have an extra claim where the jury can sweeten the
18  damages based on the fact that not only did they violate your client's rights, but
19  also they're dirty rats, then that might be a section, in Massachusetts that would
20  be a 93A claim, it would be a separate count. So I just have to look at this. But I
21  know what my assignment is here. Do you object to giving them a shot at a
22  Motion for Summary Judgment in this case?
23  MS. D'ALCOMO: Well this is the first I've heard of it. The only
24  summary judgment they identified in their pre-trial memorandum and their order

959 MAIN STREET         PHILBIN & ASSOCIATES, INC.         (413) 733-4078
4TH FLOOR                                                 Pittsfield: (413) 499-2231
SPRINGFIELD, MA 01103                                     FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947