UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff | ) |
| v. | ) Civil Action |
| | ) No. 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendants | ) |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S INCOME AS A SALESPERSON**

Plaintiff Carolyn Mirek hereby moves in limine to preclude any evidence of her income or wages after stopping work as a dental hygienist in late 2001. The evidence is irrelevant and, to the extent it has any relevance, its probative value is outweighed by the substantial prejudice Plaintiff would suffer by the introduction of such evidence.

This lawsuit is based upon an "own occupation" disability insurance policy. If Ms. Mirek is disabled from working as a dental hygienist, she is entitled to the benefits of the policy, even if she is capable of working in other professions. Plaintiff has no objection to evidence that she is currently working as a salesperson for a distributor of dental supplies. Plaintiff does object, however, to evidence of her salary and wages in her current occupation. Such evidence has no relevance to the question of whether she is disabled from working as a dental hygienist.

Defense counsel has stated he believes evidence of Ms. Mirek's earnings as a salesperson are relevant due to the Complaint's request for compensation for anxiety and stress due to "the financial pressures [Ms. Mirek] has suffered." See Docket No. 9 at ¶ 13. Plaintiff hereby waives any right to recover damages as a result of "financial pressures." There is no other plausible justification for allowing such evidence into the case.

Even if the Court determines that evidence of Ms. Mirek's income since late 2001 is probative of some issue in the case, such evidence should still be excluded due to the fact that its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence Rule 403. There is a considerable risk of such prejudice and confusion from the introduction of evidence of Ms. Mirek's income. The policy at issue in this case entitles Ms. Mirek to benefits, even if she is able to work in a different profession, as long as she is disabled from working as a dental hygienist. But the disability policies that jurors are most likely to be familiar with are those in which an individual receives benefits only if she is disabled from working entirely. Thus, the jury may view Ms. Mirek's current income as a reason to deny her benefits under this policy, and view the award of benefits to her as an undeserved windfall. This would be patently unfair. Ms. Mirek paid premiums for an "own occupation" policy, and those premiums were undoubtedly higher than the premiums would have been for a policy in which benefits only accrue to her if she is entirely disabled from working in any profession. It would be unfair to allow Defendants to introduce evidence that would mislead the jury into believing that Ms. Mirek had a different sort of insurance policy.

An analogous situation exists in the personal injury context, where a defendant seeks to introduce evidence that the plaintiff has received worker's compensation or some other form of compensation for their injury. Such evidence is routinely excluded, due to a concern that juries will factor in evidence of these "collateral benefits" when determining liability. See Eichel v. New York Central R. Co., 375 U.S. 253, 255 (1963) (per curiam) ("In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence"). The evidence of Ms. Mirek's current income is similarly likely to bias the jury when determining liability. Defendants should not be permitted to introduce such evidence to confuse or mislead the jury into believing Ms. Mirek's current income is probative as to whether she is entitled to benefits in this case.

For the reasons stated above, evidence of Ms. Mirek's income since late 2001 must be precluded.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin
_____
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
_____
Seth Nesin