UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action |
| ) | No. 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S IN LIMINE TO PRECLUDE DEFENDANTS' PROFFERED FACT WITNESS DR. DANIEL SEGAL**

Plaintiff Carolyn Mirek hereby moves in limine to preclude the testimony of Defendants' proffered fact witness Dr. Daniel Segal. Dr. Segal is a Connecticut dentist who purports to have a latex-free working environment. In 2001, before she stopped working as a dental hygienist, and while she was working for a dentist who used latex, Ms. Mirek applied and was interviewed for a job in Dr. Segal's office. She did not receive a job offer due, at least in part it appears, to the level of salary she was making at the time.

Defendants seek to have Dr. Segal testify for a number of reasons, all of which are either irrelevant or even if marginally relevant, unduly prejudicial.

**A. Evidence About Whether A Dental Office, In General, Can Be Latex-Free Is Irrelevant**

To the extent Dr. Segal is being used as a witness to testify as to whether a dental office can be made latex-free generally, that evidence is irrelevant. There is no dispute in

this case that Ms. Mirek, as a dental hygienist, cannot open up her own dental practice. She is not a licensed dentist. Her opportunities for employment as a dental hygienist are subject entirely to the dentists for whom she might work, and who may or may not attempt to have a latex-free office. As a result, testimony about whether latex-free dental offices are *possible* is irrelevant. The only relevant question is whether the practice of latex-free dentistry is sufficiently prevalent so that the use of latex cannot fairly be described as a working condition of Carolyn Mirek's profession as a dental hygienist.

### B. Evidence That Dr. Segal's Office, In Particular, Is Purportedly Latex-Free Is Irrelevant

To the extent Defendants intend to use Dr. Segal for the purpose of showing that his particular dental office is latex free, such information is both irrelevant and unduly prejudicial. There are over 3,000 dentists in Connecticut. See Connecticut Department of Public Health Request Form, Ex. 1. The use of latex gloves is so entrenched in the profession that Carolyn Mirek's own employer, who was very satisfied with her work and who had worked with her for many years, would not stop using latex gloves. See Deposition of Carolyn Mirek (Sept. 15, 2005) at 250-51, Ex. 2; Deposition of Robert Burstein, DDS (Aug. 19, 2005) at 43-45, 81-83, Ex. 3. The fact that there may be one dentist in Connecticut who purportedly practices latex-free dentistry does not have any bearing upon whether Ms. Mirek is disabled from the duties of her occupation.

The policy at issue in this case states "total disability means that, because of sickness or injury, you are not able to perform the major duties of your occupation." Policy, Ex. 4 at 3. Under the terms of the policy, Ms. Mirek's "occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled." Id. At the time of her disability, Ms. Mirek was employed

as a dental hygienist for Dr. Robert Burstein. The major duties of a dental hygienist in all or virtually all dental practices, including Dr. Burstein's office, involve working extensively with latex, duties which Ms. Mirek is disabled from performing. Defendants are construing the contract in such a way as to add an additional major duty of her occupation: namely, working for Dr. Segal. Obviously, the occupation in which she was employed did not involve working for Dr. Segal. It is an unreasonable view of the contract to suggest that Ms. Mirek is not disabled because she might potentially be capable of working for one dentist out of the 3000 in her state.

### C. Evidence That Dr. Segal Would Have Offered Ms. Mirek A Job Is Unfairly Prejudicial

Defendants also intend to have Dr. Segal testify that he "would have offered" Ms. Mirek a job in his dental office if she had not expressed salary requirements due to the salary she was making at an office that did use latex. For the reasons stated above, this information is irrelevant because there is no requirement in Ms. Mirek's policy that she has to work for any particular dentist. Furthermore, even if a job opportunity in Dr. Segal's dental office would be relevant to this case, Dr. Segal's testimony apparently will only be that he "would have" made a job offer to Ms. Mirek. The fact that a dentist contemplated making a job offer that was never expressed to Ms. Mirek does not have any relevance to the question of whether Ms. Mirek is disabled from working as a dental hygienist. Furthermore, even if all of this were relevant, Dr. Segal's testimony would only relate to September 2001, when Ms. Mirek applied for a job, before Ms. Mirek even filed a claim for disability. Dr. Segal's testimony would be irrelevant to the question of whether Ms. Mirek was disabled at the time she filed her claim or any time thereafter.

3

Even if the Court found Dr. Segal's testimony on this subject to be relevant, such evidence should still be excluded due to the fact that its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence Rule 403. Defendants intend to have Dr. Segal testify that he would have offered Ms. Mirek a job but her salary demand was too high. There is a considerable risk of prejudice and confusion from the introduction of such evidence, because it would create unsubstantiated negative impressions about Ms. Mirek's character and motivations in pursuing this lawsuit.

For the reasons stated above, Dr. Segal's testimony must be precluded.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

5

<u>Certificate Pursuant to L.R. 7.1(A)(2)</u>

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
_____
Seth Nesin