UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,  )<br>                         )<br>        Plaintiff   )<br>                         )<br>v.                       )<br>                         )  Civil Action<br>                         )  No. 04-30166-MAP<br>                         )<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA and       )<br>BERKSHIRE LIFE INSURANCE     )<br>COMPANY OF AMERICA,          )<br>                         )<br>        Defendants    )<br>                         ) | |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS'
PROFFERED EXPERT DR. JAMES GARB FROM TESTIFYING**

Plaintiff Carolyn Mirek hereby moves in limine to preclude the entire testimony of Defendants' expert Dr. James Garb. Plaintiff has previously moved for a portion of Dr. Garb's testimony to be precluded on different grounds. See Docket No. 59. For the reasons expressed below, the entirety of Dr. Garb's testimony should be precluded:

**A.  Dr. Garb's Testimony About Whether A Dental Office Can Be Latex Free Is Irrelevant**

Dr. Garb's testimony, in part, will discuss whether a dental office can be made latex-free. See Report of James R. Garb, M.D. (Mar. 12, 2005) ("Garb Report #1") at 2, Ex. 1. In Defendants' Opposition to a previous motion in limine, they stated explicitly that Dr. Garb was going to testify as to "[t]he opinion that dentists can practice dentistry without using latex products." Docket No. 63 at 3. Ms. Mirek, as a dental hygienist, can not open up her own dental practice. Her opportunities for employment as a dental hygienist are subject entirely to the dentists for whom she might work, and who may or

may not attempt to have a latex-free office. As a result, testimony about whether it is technologically feasible for dentists to practice latex-free dentistry is irrelevant.

There are over 3000 dentists in Connecticut. See Connecticut Department of Public Health Request Form, Ex. 2. The use of latex gloves is so entrenched in the profession that Carolyn Mirek's own employer, who was very satisfied with her work and who had worked with her for many years, would not stop using latex gloves. See Deposition of Carolyn Mirek (Sept. 15, 2005) at 250-51, Ex. 3; Deposition of Robert Burstein, DDS (Aug. 19, 2005) at 43-45, 81-83, Ex. 4. The only relevant question is whether the practice of latex-free dentistry is sufficiently prevalent so that the use of latex cannot fairly be described as a working condition of Carolyn Mirek's profession as a dental hygienist.

### B. Dr Garb's Testimony Is Predicated On General Statements About Latex Allergy Rather Than On Ms. Mirek's Particularized Condition

At the Court's pretrial hearing, the Court had the following exchange with Plaintiff's attorney with respect to what sort of expert testimony would be permissible:

> **Court:** Are you saying that the defendant's position is nobody can ever have a latex allergy which disables them?
> \*\*\*
> **Ms. D'Alcomo:** This is what their experts are going to testify to.
> **Court:** The heck they are, I'm going to be trying the case.

Pretrial Conference, Ex. 5 at 12-13. The Court later described such testimony as "an area of direct testimony I wouldn't allow." Id. at 13. To the extent the Court retains this view of the case, Dr. Garb should be precluded from testifying.

Dr. Garb's opinion that Ms. Mirek is not disabled is predicated on his belief that "[a]n average dental practice should be able to eliminate the use of latex, making it safe

2

for an employee who is allergic to latex to work there." Garb Report #1 at 2, Ex. 1. Although Dr. Garb does express some views as to Ms. Mirek's specific condition, including that she has a latex allergy, those opinions appear unnecessary to his ultimate conclusion that she is capable of working as a dental hygienist, because of his view that a latex allergy is never disabling to someone in the field of dentistry. Id. at 3 ("Although I do believe Ms. Mirek is allergic to latex, she is fully capable of working as a dental hygienist in a practice that avoids latex items, because there would be no ongoing occupational exposure to latex."). This is exactly the sort of testimony the Court stated would be inadmissible at the pretrial hearing. To the extent the Court continues to hold that view, Dr. Garb's testimony should be excluded.

**C.  Dr Garb's Testimony Is Based on a False Premise That If a Dental Office Can Be Made Latex Free, Ms. Mirek Is Not Disabled**

In determining whether Ms. Mirek is disabled from working as a dental hygienist, Dr. Garb proceeds from the position that if she can work at one dental office, or even a hypothetical dental office, she is not disabled under the terms of the policy. There is no merit to this position.

The policy at issue in this case states "total disability means that, because of sickness or injury, you are not able to perform the major duties of your occupation." Policy at 3, Ex. 6. Under the terms of the policy, Ms. Mirek's "occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled." Id. At the time of her disability, Ms. Mirek was employed as a dental hygienist for Dr. Robert Burstein. The major duties of a dental hygienist in all or virtually all dental practices, including Dr. Burstein's office, involve working extensively with latex, duties which Ms. Mirek is disabled from performing. The mere

3

fact that a dental office exists, or could exist, that is latex-free, does not change the analysis. Dr. Garb is construing the contract in such a way as to add an additional major duty of her occupation; namely, working for a latex-free dentist or a hypothetical latex-free dentist. Obviously the occupation in which she was employed did not involve working for a latex-free dentist. It is an unreasonable view of the contract to suggest that Ms. Mirek is not disabled because she might potentially be capable of working for a single dentist, or a hypothetical dental office.

### D. Dr Garb's Testimony Relates Only To The Question of Whether Ms. Mirek Was Disabled at Some Point in 2005, Not Since 2002 When She Filed Her Claim

Dr. Garb produced his initial report on March 12, 2005. In that report, he gave the opinion that "[a]n average dental practice should be able to eliminate the use of latex, making it safe for an employee who is allergic to latex to work there." Garb Report #1 at 2, Ex. 1. At that time, the extent of his knowledge as to latex-free dental offices and dental products was based upon a conversation with his dentist and some internet research. Deposition of James R. Garb, M.D. (Garb Dep #1) (Oct. 25, 2005) at 40-41, 66-67, Ex. 7. In December 2005, Dr. Garb produced an "addendum" to his initial report in which he opined further about the existence of latex-free products and of latex-free dental offices. <u>See</u> Addendum to Report from James R. Garb, M.D. (Dec. 14, 2005), Ex. 8. The information in that report was obtained through additional internet research and by calling dentists on December 12 and 13, 2005. Deposition of James R. Garb, M.D. (Garb Dep #2) (Jan. 27, 2006) at 31, Ex. 9  The opinions expressed in that report, to the extent they is admissible, speak only to the existence of such products and the existence of latex-free dentists in December 2005, at the time the report was created. Dr. Garb

4

cannot testify as to the existence of latex-free products or latex-free dental offices in 2002 or any other time besides late 2005.  Therefore, this area of Dr. Garb's testimony is irrelevant to the question of whether Ms. Mirek was disabled during any other period of time.

### E.  Dr Garb's Testimony Should Be Precluded For The Reasons Expressed By Defendants In Their Motion In Limine To Exclude Plaintiff's Expert

Lastly, for all the reasons stated by Defendants in their motion in limine to exclude Plaintiff's Expert (Docket No. 62), Dr. Garb is unqualified to testify. Specifically, Defendants have moved to exclude the testimony of Plaintiff's expert because she purportedly does not possess personal knowledge with respect to the prevalence of latex-free dentistry in Mr. Mirek's geographic area; the difficulty in switching from a latex office to a latex-free dental office; latex dental products; and empirical evidence about the ventilation of ambient latex into other parts of a dental office.  Plaintiff does not agree that knowledge of any of these subjects is necessary to testify competently, but to the extent the Court is persuaded by Defendants' position, Dr. Garb's testimony should be excluded.  There is no evidence that Dr. Garb has any personal knowledge as to any of these subjects, and his deposition testimony confirms that he does not possess expertise in those areas.  Garb Dep #1 at 62-63, Ex. 7 (testifying that he has done no studies, nor read any literature, about whether ambient latex can travel through vents);  Garb Dep #2 at 27-28, Ex. 9 (testifying that he can not name a single dental supply manufacturer); Garb Dep #2 at 29-30, Ex. 9 (testifying that his knowledge of latex-free dental practices comes from telephone calls to dental offices rather than personal knowledge); Garb Dep #2 at 112, Ex. 9 (testifying to lack of knowledge with respect to the cost of latex-free dental products).

For the reasons stated above, Dr. Garb's testimony should be precluded in its entirety.

Case 3:04-cv-30166-RGS    Document 70    Filed 06/08/2006    Page 6 of 8

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin
_____
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

<u>Certificate Pursuant to L.R. 7.1(A)(2)</u>

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
_____
Seth Nesin