UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
|       Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) |
|       Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT AND FACT WITNESSES**

The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby file this reply to Plaintiff's Opposition to Defendants' Motion In Limine to Exclude Expert and Fact Witnesses ("Plaintiff's Opposition").

**INTRODUCTION**

As explained in depth in Defendants' Motion in Limine to Exclude Expert and Fact Witnesses and in response to Plaintiff's Opposition arguments below, the Court must: (1) preclude the testimony and reports of Dr. Oliver because (a) she lacks knowledge of the subjects that she identifies as forming the bases of her opinion that Plaintiff is unable to work as a dental hygienist, and (b) her testimony and reports dealing with Dr. Axe are irrelevant; and (2) preclude the testimony of Rosanna Baena because (a) contrary to Plaintiff's claim that Defendants' Rule 26(a) Disclosures were misleading, Defendants fully complied with Rule 26(a) in their disclosure of Dr. Segal, (b) Dr. Segal's (non-expert) testimony regarding the amount of latex in his office, his ability to work with a latex allergy and the ability of one of his dental

hygienists to work with a latex allergy is a description of his dental practice and directly related to Plaintiff's "seeking work as a dental hygienist in his practice," and (c) Plaintiff was well aware of the importance of Dr. Segal as a witness and the extent to which Defendants were going to rely on Plaintiff's ability to work in Dr. Segal's office during the discovery period.

## ARGUMENT

**I.     THE COURT MUST PRECLUDE THE TESTIMONY AND REPORTS OF DR. OLIVER**

Defendants seek to preclude Plaintiff from introducing the testimony or reports of L. Christine Oliver, M.D. because she is unqualified to opine as to Plaintiff's ability or inability to work as a dental hygienist and because the opinion of Dr. Axe is irrelevant to the present case. See Defendants' Motion to Exclude Expert and Fact Witnesses at 1-14. Plaintiff filed an Opposition arguing that Defendants' argument "must fail" because: (1) despite the fact that Dr. Oliver identified them as the bases of her opinion, the topics on which Dr. Oliver lacks knowledge are irrelevant; (2) the same arguments Defendants' make about Dr. Oliver should also apply to Defendants' experts; and (3) despite the fact that there is no bad faith claim in the present case, Dr. Oliver's testimony regarding Dr. Axe is relevant.

**A.     The Court Must Preclude the Introduction of Dr. Oliver Because She Lacks Knowledge Of The Subjects That She Identifies As Forming The Bases Of Her Opinion That Plaintiff Is Unable To Work As A Dental Hygienist**

As explained in Defendants' Motion to Exclude Expert and Fact Witnesses, the Court must exclude the reports and testimony of Dr. Oliver because she is unqualified. See Defendants' Motion to Exclude Expert and Fact Witnesses at 1-13. Plaintiff argues that Defendants' Motion to exclude Dr. Oliver must fail because the subjects on which Dr. Oliver lacks knowledge, specifically, her lack of knowledge about the costs and logistics of creating a latex free dental office, her lack of knowledge about the existence of latex free dental offices in Plaintiff's

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

2

geographic area, her lack of knowledge about costs and availability of various latex free dental supplies, and her lack of knowledge about improperly ventilated dental offices in Plaintiff's geographic area, are irrelevant. Plaintiff's Opposition at 2-7. Plaintiff further asserts that "the subjects on which Defendants' claim [Dr. Oliver] lacks personal knowledge, [as identified above], are ones in which there is absolutely no need for her to have personal knowledge and are not required for her to render an opinion." Plaintiff's Opposition at 4. Plaintiff makes no attempt to establish that Dr. Oliver does in fact have knowledge regarding the identified subjects.

Contrary to Plaintiff's argument, Dr. Oliver's knowledge of the identified subjects are directly relevant to her qualifications as an expert because she has identified them as constituting the bases of her opinion that Plaintiff is unable to work as a dental hygienist because she will be unnecessarily exposed to latex. Dr. Oliver's November 9, 2005 Expert Report, attached hereto at Exhibit 1, at 7-8. As such, Dr. Oliver's lack of knowledge on the identified subjects is entirely relevant and Dr. Oliver is unqualified to testify to the matters upon which she will be asked to opine.

**B.      Plaintiff's Discussion Of The Qualifications Of Drs. Weiss And Garb Are Misplaced In Plaintiff's Opposition**

Plaintiff argues that Defendants' arguments to preclude Dr. Oliver are equally applicable to Defendants' expert witnesses, Dr. Garb and Dr. Weiss. As this is an opposition to Defendants' Motion to Exclude, Plaintiff's challenge of Defendants' experts are misplaced in Plaintiff's Opposition. Plaintiff has recognized the futility of this argument in her opposition because she has since filed several separate motions to preclude the testimony of Drs. Garb and Weiss. Defendants will address Plaintiff's challenge to the qualifications of Drs. Garb and Weiss in their oppositions to Plaintiff's Motions to preclude the testimony of Dr. Garb and Dr. Weiss.

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

3

**C.     The Court Must Preclude The Introduction Of Dr. Oliver To Rebut Dr. Axe's Opinion Because It Is Irrelevant**

As explained in Defendants' Motion to Exclude Expert and Fact Witnesses, the Court must preclude the introduction of Dr. Oliver to rebut the opinion of Dr. Axe because it is irrelevant. <u>Defendants' Motion to Exclude Expert and Fact Witnesses</u> at 13. As further explained in Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Exclude Irrelevant Evidence ("Defendants' Reply"), "the issue in this case on the contact claim is, is your client disabled or isn't she disabled, not whether they're dirty rats." <u>Pretrial Conference Transcript</u> at 13:14-16; <u>Defendants' Reply</u> at 2-10. Any claims Plaintiff has with respect to alleged bad faith during the claims handling of this claim are the subject of Mirek II, <u>Carolyn Mirek v. The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America</u>, Civ. Action No. 05-30246, not the present action. As such, the testimony and reports of Dr. Oliver relating to Dr. Axe must be precluded.

**II.     THE COURT MUST PRECLUDE THE TESTIMONY OF ROSANNA BAENA**

Plaintiff justified naming Rosanna Baena in her Pretrial Memorandum for the first time in this case by asserting that Dr. Segal was disclosed for the first time in Defendants' Pretrial Memorandum, stating, "to the extent Dr. Segal, listed on Defendants' witness list and disclosed for the first time as a prospective witness, is permitted to testify, Ms. Baena is expected to testify concerning the working conditions at Dr. Segal's office and hiring." <u>Plaintiff's Pretrial Memorandum</u>, relevant pages attached hereto as Exhibit 2 at 16.[1]  In Defendants' Motion in

---

[1] Plaintiff claims that she identified Rosanna Baena for the first time in her own Pretrial Memorandum because she was not aware of the testimony of Dr. Segal until she received Defendants' Pretrial Memorandum. <u>Plaintiff's Opposition</u> at 17. It is important to note that Plaintiff delayed the filing of her Pretrial Memorandum until after she had had the opportunity to review and respond to Defendants' Pretrial Memorandum, an advantage Defendants clearly did not have, as they filed their Pretrial Memorandum in a timely manner. The Parties' Pretrial

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

4

Limine to Exclude Expert and Fact Witnesses, Defendants demonstrated that Plaintiff's justification was inaccurate. <u>Defendants' Motion in Limine to Exclude Expert and Fact Witnesses</u> at 16-18. Now that her initial justification for the delayed identification of Rosanna Baena has failed, Plaintiff opposes Defendants' Motion in Limine to exclude the testimony of Rosanna Baena by arguing that Plaintiff's "failure to disclose Rosanna Baena is <u>solely due</u> to the misleading nature of Defendants' initial disclosures." <u>Plaintiff's Opposition</u> at 16.

In support of her assertion that her "failure to disclose Rosanna Baena is <u>solely due</u> to the misleading nature of Defendants' initial disclosures," Plaintiff claims that Defendants' Rule 26(a) Disclosures misleadingly "listed Dr. Segal as one of the Defendants' 17 potential witnesses and described the subject matter of his testimony as 'Carolyn Mirek's seeking work as a dental hygienist in his practice.'" <u>Plaintiff's Opposition</u> at 16. Plaintiff also claims that she was not aware that Dr. Segal might also testify to "the amount of latex in his office," "his ability to work with an apparent latex allergy," and "the ability [of one of Dr. Segal's employee's] ability to work with an apparent latex allergy" until she reviewed Defendants' Pretrial Memorandum. <u>Plaintiff's Opposition</u> at 17. Plaintiff further claims that she would have deposed Dr. Segal and identified Ms. Baena if "she had been aware during the discovery period that Dr. Segal was being called as a witness for these purposes." <u>Plaintiff's Opposition</u> at 17.

The Court must reject Plaintiff's Opposition to Defendants' Motion in Limine to exclude the testimony of Rosanna Baena because: (1) contrary to Plaintiff's claim that Defendants' Rule

---

Memoranda were due by 6:00pm on January 20, 2006. <u>See The Electronic Case Filing Administrative Procedures</u>, relevant pages attached hereto at Exhibit 3, at 6. Defendants filed their Pretrial Memorandum at 4:47pm on January 20, 2006. <u>See</u> Exhibit 4, attached hereto. Plaintiff did not file her Pretrial Memorandum until 7:28pm, well after the 6:00pm deadline. <u>See</u> Exhibit 5, attached hereto. To allow this, is to condone the practice of Plaintiff to obtain an unfair advantage by waiting as long as possible before filing his/her pretrial memorandum in order to review and respond to the opposing parties' pretrial memorandum.

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

5

26(a) Disclosures were misleading, Defendants fully complied with Rule 26(a) in their disclosure of Dr. Segal; (2) Dr. Segal's (non-expert) testimony regarding the amount of latex in his office, his ability to work with a latex allergy and the ability of one of his dental hygienists to work with a latex allergy is a description of his dental practice and directly related to Plaintiff's "seeking work as a dental hygienist in his practice"; and (3) Plaintiff was well aware of the importance of Dr. Segal as a witness and the extent to which Defendants were going to rely on Plaintiff's ability to work in Dr. Segal's office.

**A.    Defendants Fully Complied With Rule 26(A) In Their Disclosure Of Dr. Segal**

First, the purpose of the Rule 26(a) Disclosures is to identify individuals "likely to have discoverable information that the disclosing party may use to support its claims or defenses." Fed.R.Civ.P. 26(a)(1)(A).  There is no requirement under Rule 26(a) that Defendants' identify the specific subject matter of Dr. Segal's testimony, as that is likely not known until just before trial.  Defendants' Rule 26(a) Disclosures clearly identified Dr. Segal stating that he was likely to have discoverable information that the Defendants may use to support their defenses, specifically "Carolyn Mirek's seeking work as a dental hygienist in his practice."  As such, Defendants appropriately disclosed that Dr. Segal was likely to have discoverable information relating to Plaintiff's seeking employment as a dental hygienist with his practice.

**B.    Dr. Segal's Testimony Is Consistent With The Subject Identified In The Rule 26(a) Disclosures**

Despite Plaintiff's assertions, Dr. Segal is not being called as an "expert on latex-free dentistry." Plaintiff's Opposition at 17.  Rather, Dr. Segal will testify to Plaintiff's seeking a job as a dental hygienist with his practice, the subject identified in Defendants' Rule 26(a) Disclosures.  Such testimony necessarily requires Dr. Segal to discuss the nature of his practice, including the fact that he takes numerous precautions to limit latex in his office because he and

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

6

one of his dental hygienists have latex allergies.  All of these facts are related to Plaintiff's application of employment with Dr. Segal's dental office and Dr. Segal's testimony is consistant with Defendants' Rule 26(a) Disclosures.

**C.     Plaintiff Was Well Aware Of The Importance Of Dr. Segal As A Witness And The Extent To Which Defendants Were Going To Rely On Plaintiff's Ability To Work In Dr. Segal's Office.**

Plaintiff's assertion that she was not aware of the importance of Dr. Segal as a witness and her claim that she would have deposed him and identified Rosanna Baena if she had been aware of Dr. Segal's potential testimony cannot be supported.  Plaintiff's Opposition at 17.  First, as discussed in section II.A. above, Defendants' Rule 26(a) Disclosures specifically indicated that Dr. Segal was likely to have discoverable information relating to Plaintiff's seeking employment as a dental hygienist in his office, a fact Defendants may use to support their defenses.  Second, Plaintiff never asked Defendants to identify the individuals they intended to call as fact witnesses at trial.  See Plaintiff's Interrogatories, attached hereto at Exhibit 6.  Third, as further discussed below, despite the fact that Plaintiff didn't seek information on Defendants' intended fact witnesses, Plaintiff was well aware of Defendants' reliance on Dr. Segal as a witness and Plaintiff's ability to work in his office from their Interrogatories and questioning at Plaintiff's deposition.

Defendants' Interrogatories specifically asked Plaintiff to identify all efforts she made to seek employment and all attempts she made to work in a latex free environment.  See Defendant's Interrogatories, attached hereto at Exhibit 7, at 5.  Moreover, during Plaintiff's deposition, Defendants' counsel questioned Ms. Mirek extensively about her seeking a job with Dr. Segal's office, Plaintiff's Deposition Transcript, excerpts attached hereto at Exhibit 8, at 235:20-237:20; the nature of Dr. Segal's practice and the use of latex in Dr. Segal's office,

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

7

Plaintiff's Deposition Transcript at 237:21-240:3; and Plaintiff's ability to work in Dr. Segal's office if it was actually latex free, Plaintiff's Deposition Transcript at 240:4-23; 260:9-261:13.

It is clear from Plaintiff's deposition that Defendants' intended to rely on Dr. Segal. Plaintiff's deposition was taken on September 15, 2005 and Plaintiff had ample time to notice Dr. Segal's deposition, she did not. Plaintiff had ample time to ask Plaintiff who their fact witnesses were going to be and what their testimony was going to be about, she did not. Plaintiff cannot now justify the introduction of a witness who has never previously been identified by claiming to be ignorant of the subject matter of Dr. Segal's testimony.

## **CONCLUSION**

As discussed above and in Defendants' Motion in Limine to Exclude Expert and Fact Witnesses, the Defendants respectfully request that this Court preclude Plaintiff from introducing the testimony and reports of Dr. Oliver and that the Court preclude Plaintiff from introducing the testimony of Rosanna Baena.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

/s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400
Facsimile: 413-781-8235
Email: dcrevier@crevierandryan.com
kparsons@crevierandryan.com

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

8

## LOCAL RULE 7.1 CERTIFICATION

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

/s/David B. Crevier

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 15th day of June, 2006.

/s/David B. Crevier

F:\Files\Berkshire Life\Mirek\Pleadings-Word\Mirek I-Pleadings Word\Motion in Limine\Expert (Oliver) & Fact Witnesses\Reply.doc

9