UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIRICK, )<br>    Plaintiff )<br>)<br>    v.    )<br>)<br>THE GUARDIAN LIFE INS. )<br>COMPANY OF AMERICA, ET AL, )<br>    Defendants )| CIVIL ACTION NO. 04-30166-MAP |

MEMORANDUM AND ORDER RE:
SCHEDULING FOR TRIAL

June 15, 2006

PONSOR, D.J.

    Plaintiff in this case claims that Defendants have breached their contract with her in failing to make payments under an "own occupation" disability insurance policy they issued. Counsel appeared on June 8, 2006 for a final pretrial conference in this matter and the question of the scheduling of trial arose. Plaintiff's counsel took the position that this case should be consolidated with a later-filed related case, <u>Mirick v. The Guardian Life Insurance Company of American, et al</u>, C.A. 05-30246-MAP.

    For the reasons set forth below, the court will schedule this case for prompt trial, without consolidation with the 2005 case. In order to understand the court's rationale, some background is necessary.

    This case was originally filed in Suffolk County Superior

Court on August 3, 2004.  The complaint was amended a day later on August 4, 2004 and thereafter removed to this court on August 25, 2004.

On October 14, 2004, Plaintiff filed a Motion to Amend the amended complaint, which was allowed on October 15, 2004.  This amended complaint set forth claims for breach of contract (Count I), unfair and deceptive practices under Connecticut general statute §§ 42-110b et. seq. (Count II), and Mass. Gen. Laws ch. 93A (Counts III & IV).  Significantly, although Paragraph 12, contained within Count I, notes that Defendants "have committed a breach of the implied covenant and (sic) good faith and fair dealing in the insurance contract," no claim is included in the ad damnun at the conclusion of this count for punitive damages.

On February 9, 2005, the court dismissed Counts III and IV, without substantial opposition from Plaintiff.  Also on that day, the court issued a Pretrial Scheduling Order contemplating answers to interrogatories being served by April 15, 2005, expert reports served by November 15, 2005, and all depositions and discovery completed by December 31, 2005.

On September 9, 2005, Defendants moved for judgment on the pleadings on Count II.  This motion was not opposed, and was allowed by the court on October 20, 2005.

On September 26, 2005, over a year after removal of the

case to this court, Plaintiff moved to amend her complaint to add a count under Connecticut common law for breach of the covenant of good faith and fair dealing, for "reckless, wilful, and intentional breach of the insurance contract, and intentional and wanton violation of the plaintiff's rights under the insurance contract." Docket No. 26 at § 15. For the first time, Plaintiff alleged that Defendants "acted in intentional and wanton violation of plaintiff's rights under the insurance contract with evil motives and dishonest motives . . . ." The precise expression of these motives was specified in eight sub-paragraphs. In addition to compensatory damages and attorney's fees, Plaintiff in this proposed amendment to the complaint added a claim for punitive damages.

Plaintiff's counsel's protestations to the contrary, allowance of this motion would have greatly expanded the scope of her complaint. The passing reference at ¶ 12 of her breach of contract claim to a "breach of the implied covenant and (sic) good faith and fair dealing in the insurance contract" in no way put Defendants on notice of this greatly expanded theory of common law liability.

On October 20, 2005, the court denied the Motion to Amend as untimely and subsequently denied Plaintiff's motion to reconsider this ruling. The status of the complaint at the present time, therefore, is purely as a claim for breach of

contract, with no request for punitive damages.

On November 15, 2005, Plaintiff filed a separate complaint with the same parties, C.A. 05-30246-MAP ("Mirick II"), setting forth her common law claim for "reckless, wilful, and intentional breaches of the insurance contract" and bad faith. Docket No. 1 at § 30. In this complaint, she seeks punitive damages as permitted by Connecticut law. A final pretrial conference in this case is set for November 21, 2006. The schedule, however, permits filing of dispositive motions after that date. The court has denied motions from Defendants to dismiss Mirick II and denied Plaintiff's motion to consolidate Mirick II with this case.

The question now is whether to wait to try Mirick I until Mirick II is also ready for trial. The court will not do this. Mirick I is currently ready for trial and may be tried within approximately one week. The issues in the one count remaining are straight-forward and a positive result for Plaintiff will provide her a quick remedy.

With this in mind, the court hereby sets October 10, 2006 as the date for trial of this case. Counsel will appear on that day at 9:00 a.m. for a brief conference prior to the commencement of jury selection at 10:00 a.m. Proposed jury instructions and proposed <u>voir dire</u> questions will be filed no later than October 3, 2006. Once oppositions are received, the

court will rule on the pending motions *in limine*, on the papers.

    It is So Ordered.

                                     /s/ Michael A. Ponsor
                                     MICHAEL A. PONSOR
                                     United States District Judge