# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>        Plaintiff<br>v.<br><br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>        Defendants | Civil Action<br>No. 04-30166-MAP |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II IN THE COMPLAINT AND FOR EMERGENCY PROTECTIVE ORDER**

**INTRODUCTION**

The defendant insurers in this disability insurance case have brought a motion that seems to toss in, as the expression goes, "everything but the kitchen sink." In a single motion they seek a hodgepodge of relief: (a) judgment on the pleadings for plaintiff's claim for unfair and deceptive insurance practices under Connecticut law; (b) a protective order for nearly every topic in a 30(b)(6) deposition directed to defendant Berkshire Life Insurance Company of America ("Berkshire"); (c) a protective order for the depositions of two non-party witnesses in Michigan who were used to find the medical "expert" on whom the defendants relied to deny insurance in this case; (d) a protective order concerning documents and information from the so-called expert physician, Dr. Harold Axe; and (e) a protective order for non-party witnesses in Maryland, who serve as general

1

agents for the defendants on the East Coast and who maintain a website that has represented the defendants' position to the public on insuring individuals with latex allergy – a website from which defendants have tried to distance themselves in this litigation.

Plaintiff willingly dismisses her unfair and deceptive practices claim under Connecticut law because it has become abundantly clear in recent discovery, including documents recently produced by the defendants, a deposition on September 15 of the medical expert on whom they relied in denying the claim, Dr. Harold Axe, and depositions of present and past Berkshire personnel on September 20 and 21, that the far simpler claim to try in this case (and which provides similar relief in the form of punitive damages under Connecticut law) is plaintiff's claim for breach of the implied covenant of good faith and fair dealing. In view of the specific discovery that Plaintiff has gathered on defendants' bad faith conduct, plaintiff is filing a motion simultaneously with the filing of this response to Supplement and Amend the Second Amended Complaint. The purpose is to detail certain of the breaches of the implied covenant of good faith and fair dealing referenced in Count I and to designate breach of the implied covenant of good faith and fair dealing as a separate count of the complaint, rather than combined in Count I.

Plaintiff opposes defendants' other requests for relief for the reasons set forth below.

## I. BACKGROUND

This case arises out of defendants' denial of a claim for disability benefits under an "own occupation" disability policy. During 1993, The Guardian Life Insurance Company of America ("Guardian") issued Carolyn Mirek, a dental hygienist, an

2

For the same reasons detailed above, namely motivation and bias, this information is highly relevant to this case. As it happens, this area is moot, since he acknowledged at his deposition that he did not withhold documents on this basis.

Defendants also complain that the requests made to Dr. Axe are "unduly burdensome, invade other persons [sic] privacy, and overbroad." It is the moving party's burden to show undue burden. The Defendants have not made any attempt to show why the information requested of Dr. Axe would be burdensome to obtain. They also have not made any explanation as to why they believe the requests would invade anyone's privacy. Ms. Mirek does not have any interest in the names of claimants that Dr. Axe may have opined about, and that information can safely be admitted to preserve anonymity. There is simply no reason to believe otherwise. Defendants have not made any showing of undue burden.

### III. CONCLUSION

For all the reasons above, defendants' motion for a protective order should be denied. Plaintiff voluntarily agrees to dismiss her claim for unfair and deceptive practices under Connecticut law.

CAROLYN MIREK
By her Attorneys,

/s/ Joanne D'Alcomo

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111