**EXHIBIT G**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants | Civil Action<br>No. 04-30166-MAP |

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

Pursuant to Rules 15(a) of the Federal Rules of Civil Procedure, Plaintiff Carolyn Mirek hereby moves to amend the Second Amended Complaint. Specifically, plaintiff seeks to delete her unfair and deceptive practices claim under Connecticut law (Count II) and to substitute a separate count for breach of the implied covenant of good faith and fair dealing, a claim that had previously been incorporated as paragraph 12 of Count I, and add specific facts learned during recent discovery. This amendment is being made in light of recent discovery, including documents recently produced by the defendants, a deposition on September 15 of the unorthodox medical expert on whom they relied in denying the claim (Harold Axe, MD), and depositions of present and past Berkshire personnel on September 20 and 21, concerning the defendants' conduct in breaching the implied covenant of good faith and fair dealing.

1

The current Complaint already contains a prayer for relief for punitive damages under Connecticut law in the general prayers for relief, and this Count specifically will contain such a prayer.

The proposed Substituted Count II is attached at Exhibit A.

**Leave to amend should only be denied in limited circumstances not present here**

Federal Rule of Civil Procedure 15(a) mandates that leave to amend "shall be freely given when justice so requires." The Supreme Court has recognized that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Picker Int'l, Inc. v. Leavitt, 128 F.R.D. 3, 6 (D. Mass. 1989). While a court has broad discretion in this area, the Supreme Court has emphasized that leave to amend should be denied only under limited circumstances. See Foman v. Davis, 371 U.S. 178, 182 (1962). Leave should be granted:

> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of amendment.

Id. at 182; see Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970) (reversing decision denying leave to amend complaint); Spear v. Somers Sanitation Service, Inc., 162 F.R.D. 1, 2 (D.Mass. 1995) (granting leave to amend complaint because "refusal to grant the leave without any justifying reason appearing for the denial is . . . inconsistent with the spirit of the Federal Rules.") Only extraordinary reasons justify the denial of a motion to amend. See Resolution Trust Corp., 30 F.3d at 253. None of those reasons can be shown here.

2

4) retaining and relying on the opinions of a physician who had little or no experience diagnosing, testing for, or treating latex allergy or occupational asthma;

5) retaining and relying on the opinions of a physician who was not Board-certified in any specialty, had failed Board-certification examinations, and who did not have expertise in latex allergy;

6) deliberately ignoring substantial information reported in peer-reviewed medical literature and in government publications concerning the prevalence, seriousness and symptoms and characteristics of latex allergy;

7) deliberately ignoring ignoring internal institutional information about latex allergy, including information from their own underwriting department and the industry; and

8) deliberately relying on misleading, inaccurate or irrelevant information to deny the claim.

In light of this information obtained during discovery, Plaintiff requests leave to amend her complaint by substituting the form of Count II attached hereto.

### Conclusion

For all the reasons above, plaintiff requests that her motion be allowed.

CAROLYN MIREK
By her Attorneys,

/s/ Joanne D'Alcomo

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 951-0500

## Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
Seth Nesin

7