# EXHIBIT H

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants | CIVIL ACTION<br>NO. 04-30166-MAP |

## COUNT II
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

14. Plaintiff repeats and realleges paragraphs 1 through 13 of this Second Amended Complaint as if fully set forth herein.

15. The breach of contract set forth in Count I resulted from the reckless, willful and intentional breach of the insurance contract, and intentional and wanton violation of plaintiff's rights under the insurance contract.

16. In handling plaintiff's claim and in denying her claim under the insurance contract, the defendants have committed a breach of the implied covenant of good faith and fair dealing in the insurance contract, and acted in intentional and wanton violation of plaintiff's rights under the insurance contract, with evil motives and dishonest motives, by, inter alia, the following conduct:

    a. taking the position, in denying plaintiff's claim, that latex allergy posed no problem in the workplace to one who has a latex allergy, while knowing that their corporate position was and continues to be that they will no longer issue disability policies to any dentists, doctors, or other medical professionals, including dental hygienists, if there is any sign they have latex allergy because of the risks that they will become unable to work in their occupation and be entitled to payment under a disability policy;

JS #100814v1

1

b. retaining, and relying on the opinions of, a physician who rejects conventional medicine and does not believe in latex allergy, even though latex allergy is widely recognized;

c. retaining and relying on the opinions of a physician who rejects basic tenets of treatment of latex allergy and occupational asthma, knowing that the plaintiff's claim was based on latex allergy and asthma related to exposure to latex in her occupation, that is, occupational asthma;

d. retaining and relying on the opinions of a physician who had little or no experience diagnosing, testing for, or treating latex allergy or occupational asthma;

e. retaining and relying on the opinions of a physician who was not Board-certified in any specialty, had failed Board-certification examinations, and who did not have expertise in latex allergy;

f. deliberately ignoring substantial information reported in peer-reviewed medical literature and in government publications concerning the prevalence, seriousness and symptoms and characteristics of latex allergy;

g. deliberately ignoring internal institutional information about latex allergy, including information from their own underwriting department and the industry;

h. deliberately relying on misleading, inaccurate or irrelevant information to deny the claim.

17. As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress, and is forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, for her emotional distress, reimbursement of her premiums, the present value of future benefits, interest and compensation for loss of use of the benefits and loss of the waiver of premiums, attorneys' fees and costs and punitive damages.

PLAINTIFF CAROLYN MIREK
By her Attorneys,

_____
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500