# EXHIBIT M

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA and )<br>BERKSHIRE LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendants ) | CIVIL ACTION<br>NO. 05- 05-30246-MAP |

## AMENDED COMPLAINT

No responsive pleading having been filed, the Plaintiff hereby amends her complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure:

1. The Plaintiff Carolyn Mirek ("Mirek") is a resident of South Windsor, Connecticut.

2. The defendant, The Guardian Life Insurance Company of America, (hereinafter "Guardian") is an insurance company that issued disability insurance policies, among other insurance products. It is incorporated in a state other than Massachusetts, and does business in Pittsfield, Massachusetts, among other places in Massachusetts.

JS\119317.1

1

30. By their wrongful conduct described above beginning in 2002, and continuing to the present including the denial of her claim on November 21, 2002, the handling of her claim, their continuing refusal to pay monthly benefits, their continuing insistence that the Plaintiff pay monthly premiums to keep her disability policy in force, their forcing her to institute and pursue litigation in 2004 and litigate into 2005 to recover benefits to which she is entitled under the policy, and by taking positions diametrically opposed to their internal position, Defendants have committed ongoing reckless, willful and intentional breaches of the insurance contract with Plaintiff and have acted in bad faith. They have continuously acted in intentional and wanton violation of Plaintiff's rights under the insurance contract, and with evil and dishonest motives.

31. Beginning in 2002, and continuing since that time, Defendants have engaged in a course of conduct in bad faith and with evil and dishonest motives, including but not limited to, unfairly depriving of the benefits of the policy for which she has paid, while continuing to extract monthly premium payments from her, and using attacks on her as a way to dissuade her from pursuing her rights under policy, all the while knowing that the position on latex allergy that they were taking in denying her claim sharply conflicted with their own internal information and positions on the subject.

32. Beginning in late 2005, Defendants hired yet another physician in their campaign to defeat Plaintiff's claim under her disability policy, this time a physician who had the view that latex allergy existed, but that it was not

disabling. Defendants hired and used this physician to try to defeat Plaintiff's claim, all the while knowing, upon information and belief, that the physician had biases and that his position was in sharp contradiction with their own internal position about the dangers of latex allergy and the disabling nature of latex allergy for medical professionals.

33. The Defendants have taken the position that Berkshire has no contractual or other obligation to the plaintiff Carolyn Mirek in connection with her disability policy issued by the Defendant Guardian. Therefore, alternatively, beginning in 2002 and continuing since that time, Defendant Berkshire has tortiously interfered with the plaintiff's contractual relationship with Defendant Guardian by acting, inter alia, as described above, with improper means or motive, and through maliciousness, fraud or ill will, including bad faith.

34. As a result of Defendants' conduct, Plaintiff has suffered and continues to suffer harm and damages, including loss of monthly benefits, and having to pay monthly premiums. As a result of the Defendants' conduct, the Plaintiff has been caused great anxiety and stress and emotional distress, and has been and continues to be, incurring substantial and otherwise unnecessary litigation costs to pursue her action to enforce her rights under the policy.

35. As damages, Plaintiff seeks and demands punitive damages, past benefits amounting to more than $140,000 and continuing each month, reimbursement of premiums of more than $7,000 and continuing each month, the value of the loss of use of such sums by prejudgment interest or otherwise, the value of her future

benefits of approximately $1 million, her attorneys' fees and costs pursuing litigation to enforce her rights in litigation filed in 2004, and in this litigation, compensation for her emotional distress and anguish, and other damages.

WHEREFORE, the Plaintiff Carolyn Mirek, seeks the following relief:

A: Damages in an amount to be determined by the court as adequate compensation for her losses;

B: Punitive damages as permitted by Connecticut law;

C: Attorney's fees and costs in pursuing this action;

D: Such other forms of relief and damages as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY

PLAINTIFF CAROLYN MIREK
By her Attorneys,

/s/ Joanne D'Alcomo

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

JS\119317.1                                     14