# EXHIBIT N

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CAROLYN MIREK,

        Plaintiff

v.

THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA,

        Defendants

CIVIL ACTION
NO. 05-30246-MAP

## OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO STAY THE CASE

Plaintiff hereby opposes Defendants' motion to stay this action (Docket No. 23). Defendants previously asked, by oral motion, to stay this litigation at a hearing on March 22, 2006, and after listening to arguments from Defendants and Plaintiff, the Court denied the request. In the three weeks since the Defendants' previous request was denied, the only activity that Plaintiff has undertaken in this case has been: 1) amending the complaint as a matter of right to add two additional paragraphs and 2) sending out a third-party *subpoena duces tecum* to the Custodian of Records for the Occupational Health Service of the New Jersey Division of Epidemiology, Environmental and Occupational Health (the "New Jersey subpoena"). Defendants argue that this activity has created an "untenable situation" that was not apparent at the prior hearing and therefore warrants a revisiting of the request to stay litigation. Plaintiff respectfully disagrees.

### *Plaintiff's Amendment to the Complaint Was Appropriate*

JS\120030.1

Under Federal Rule of Civil Procedure 15(a), a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Pursuant to that rule, Plaintiff amended her complaint to add two additional paragraphs, one of which was the following:

> 32. Beginning in late 2005, Defendants hired yet another physician in their campaign to defeat Plaintiff's claim under her disability policy, this time a physician who had the view that latex allergy existed, but that it was not disabling. Defendants hired and used this physician to try to defeat Plaintiff's claim, all the while knowing, upon information and belief, that the physician had biases and that his position was in sharp contradiction with their own internal position about the dangers of latex allergy and the disabling nature of latex allergy for medical professionals.

The allegation in paragraph 32 refers to the Defendants' use of Steven J. Weiss, M.D. in the handling of Plaintiff's claim. This allegation could not have been included in the original complaint because, to the best of Plaintiff's knowledge, Dr. Weiss had not even been retained at the time the original complaint was filed. There is nothing improper about the amendment of a complaint to include allegations of conduct after the original complaint was filed. The allegation regarding Dr. Weiss, if true, states a fact that supports Plaintiff's claim of bad faith, a point the Defendants do not appear to contest.

### *The New Jersey Subpoena Was Both Proper And Foreseeable*

Plaintiff's counsel has learned that Dr. Weiss appears to have been the representative of a major latex glove manufacturer on the New Jersey "Latex Allergy Task Force." Dr. Weiss's affiliation with the latex glove manufacturer does not appear on Dr. Weiss' Curriculum Vitae, and Plaintiff currently does not have any specific information about Dr. Weiss's affiliation with the latex glove manufacturer or his role on the Task Force. Plaintiff believes that Defendants' reliance on a doctor who represented a latex glove manufacturer to continue to deny her latex-

Connecticut law, a bad faith claim against an insurer can exist even if there is an absence of coverage in the policy. See United Techs. Corp. v. Am. Home Assurance Co., 118 F.Supp.2d 181, 188 (D. Conn. 2000). Consequently, staying Mirek II will only delay Mirek II and needlessly protract the litigation between the parties, which originally began with the filing of a complaint in state court in June 2004.

For the reasons stated above, Defendants' motion for a stay should be denied.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Joanne D'Alcomo

---

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500