UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO FILE THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR AN ADVERSE INSTRUCTION DUE TO DEFENDANTS' FAILURE TO COMPLY WITH THE COURT'S ORDER REGARDING 30(b)(6) TESTIMONY (Docket No. 74)**

Plaintiff opposes Defendants' motion to wait to see the scope of admissible evidence in the trial before filing an opposition to Plaintiff's motion requesting a sanction for Defendants' violation of Magistrate Judge Neiman's order to produce a competent 30(b)(6) witness. Defendants' motion is based on the mistaken impression that the Plaintiff's motion would be mooted if Defendants prevail on their motion to narrow the scope of admissible evidence at trial.

As an initial matter, even if the Court agreed with Defendants that Berkshire's claims handling process is unrelated to whether Plaintiff is disabled under the terms of the policy, it is <u>not</u> true that the particular sanction requested by Plaintiffs, an adverse jury instruction, would make no sense. The Defendants are attempting to try this case as if the denial of benefits only occurred in 2005. It didn't. The denial of the claim began

1

in 2002. Consequently, the jury is entitled to know, in assessing the credibility and persuasiveness of the Defendants' arguments at trial in 2006, what the Defendants' position has been in the past on this claim and how their position has been arrived at. The Defendants cannot be permitted to wipe out the manner in which the alleged breach of contract occurred.

Moreover, even if Defendants' argument were correct, that would not eliminate the need for Defendants to respond to the motion because a sanction would still be appropriate. The appropriate sanction is in the discretion of the Court, and courts in this jurisdiction and elsewhere have sanctioned offending parties in various ways. Big Top USA v. Wittern Group, 183 F.R.D. 331, 343 (D. Mass. 1998) (dismissing plaintiff's case against two defendants due to discovery violations including the failure of plaintiff's 30(b)(6) deponent to provide substantive answers in deposition). United States v. Mass. Indus. Fin. Agency, 162 F.R.D. 410 (D. Mass. 1995) (granting additional interrogatories and requests for production due to incomplete 30(b)(6) testimony); Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc., 201 F.R.D. 33, 41 (D. Mass. 2001) (ordering another deposition and reserving the issue of whether it would be taken "at the corporation's expense"). Even if the Court does not grant the sanction requested, the Court can and should craft an appropriate sanction, including, if need be, a monetary sanction.

The scope of discovery is, by its very nature, broader than the scope of admissible evidence at trial. See Fed. R. Civ. Proc. R. 26(b)(1) ("Relevant information [requested in the discovery process] need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). The fact that

evidence is later deemed inadmissible does not wipe clean any failures of a party to comply with discovery, especially when such discovery is compelled by the Court. Defendants should not be permitted to disregard a Court order to produce 30(b)(6) deposition testimony, and then avoid any consequence from that violation due to the good fortune of later having the requested testimony later be deemed inadmissible. At the time of the 30(b)(6) deposition, the Defendants were under a court order from Magistrate Judge Neiman to produce a 30(b)(6) deponent about the relationship between Berkshire and MLS. They did not do so.

      For the reasons stated above, Defendants' Motion for additional time should be denied.

                                    Respectfully submitted,

                                    PLAINTIFF CAROLYN MIREK

                                    By her Attorneys,

/s/ Seth Nesin
Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500