## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' PROFFERED EXPERT STEVEN J. WEISS FROM TESTIFYING (Docket No. 67)

Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), respectfully oppose Plaintiff's Motion in Limine to Preclude Defendants' Proffered Expert Steven J. Weiss, M.D. From Testifying ("Plaintiff's Motion").

### ARGUMENT

Plaintiff argues that Defendants' expert, Steven J. Weiss, M.D. should be precluded from testifying: (1) because he will testify that "<u>nobody</u> can ever have a latex allergy which disables them"; and (2) for all the same reasons that Defendants' stated in their Motion to Exclude Plaintiff's proffered expert witness, L. Christine Oliver, M.D. <u>Plaintiff's Motion</u> at 1-2.

As discussed below, Plaintiff's motion to preclude Dr. Weiss from testifying must be denied because: (A) Dr. Weiss will not testify that, "<u>nobody</u> can ever have a latex allergy which

disables them"; and (B) Defendants' reasons for seeking to preclude the testimony of Dr. Oliver are not applicable to Dr. Weiss.

### A.   DR. WEISS WILL NOT TESTIFY THAT "NOBODY CAN EVER HAVE A LATEX ALLERGY WHICH DISABLES THEM"

Contrary to Plaintiff's characterization of Dr. Weiss' statement, Dr. Weiss did not state that "nobody can ever have a latex allergy which disables them." Rather Dr. Weiss opined that, "the **majority** of health care workers that develop latex allergy can continue to work in their chosen profession after appropriate treatment and modifications of the environment." Plaintiff's Motion at 2; Dr. Weiss' Expert Report, attached hereto as Exhibit A, at 8; Pretrial Transcript, attached to Plaintiff's Motion as Exhibit 1, at 12:23-24:6.

Dr. Weiss' opinion that "the majority of health care workers that develop latex allergy can continue to work in their chosen profession" is supported by The Journal of Allergy and Clinical Immunology, which Plaintiff's proffered expert identified as authoritative. Dr. Oliver's Deposition Transcript, relevant pages attached hereto as Exhibit B, at 148:5-15. The relevant portion of the Journal specifically states, "[g]enerally, if the employer is cooperative, **almost every employee** with the diagnosis of NRL (natural rubber latex) sensitivity can return to work." Dee Tyler, RN, COHN-S, *Disability and medical management of natural latex sensitivity claims*, The Journal of Allergy and Clinical Immunology, Vol. 110, No. 2 at S131, attached hereto as Exhibit C. Insofar as Dr. Weiss will not testify that "nobody can ever have a latex allergy which disables them," Plaintiff's Motion to preclude Dr. Weiss from testifying must be denied.

2

**B.    DEFENDANTS' REASONS FOR SEEKING TO PRECLUDE THE TESTIMONY OF DR. OLIVER ARE NOT APPLICABLE TO DR. WEISS**

Plaintiff's Motion to Preclude Dr. Weiss from testifying must also be denied because the content of Dr. Weiss' testimony is distinguishable from Dr. Oliver's. Unlike Dr. Oliver, Dr. Weiss, (1) does not rely on knowledge relating to the presence of latex in the dental environment in rendering his opinion; and (2) will not testify to what it means to work in a dental environment with a latex allergy.

**1.    Unlike Dr. Oliver, Dr. Weiss Does Not Rely On Knowledge Relating To The Presence of Latex In Dental Offices**

As explained in Defendants' Motion to Exclude Expert and Fact Witnesses ("Defendants' Motion to Exclude Oliver") (Docket No. 66) and in Defendants' Reply to Plaintiff's Opposition to Exclude Expert and Fact Witnesses ("Defendants' Reply to Opposition to Motion to Exclude Oliver") (Docket No.73), Defendants are moving to exclude Dr. Oliver's testimony because she lacks knowledge of the subjects that she identifies as forming the bases of her opinion that Plaintiff is unable to work as a dental hygienist. Specifically, Dr. Oliver identifies the bases of her opinion, that Plaintiff is unable to work as a dental hygienist because she will necessarily be exposed to latex, as follows: (a) latex free dental practices are allegedly rare and rendering a dental office latex free is allegedly difficult and costly; (b) latex containing materials are allegedly numerous in a dental environment and those considered latex safe are not actually latex safe; and (c) the use of powdered latex gloves in one dental office of an improperly ventilated building can result in the distribution of latex to other parts of the building. Dr. Oliver's November 9, 2005 Expert Report, attached hereto as Exhibit D, at 7-8.

As Plaintiff recognized in her Opposition, unlike Dr. Oliver, Dr. Weiss does not rely on any of those topics to support his opinion that Plaintiff is not disabled due to her latex allergy.

Plaintiff's Opposition at 2; Dr. Weiss' Expert Report, attached hereto at Exhibit A. Consequently, Defendants' argument to exclude Dr. Oliver is not applicable to Dr. Weiss.

### 2. Unlike Dr. Oliver, Dr. Weiss Will Not Testify To What It Means To Work In A Dental Environment With A Latex Allergy

Both parties in this case have identified two experts. One expert for each party is an allergist who will explain what latex allergy is and its implications. The second expert for each party has been proffered to testify to what it means to work in a dental environment with a latex allergy. Plaintiff's allergist is Dr. Bedard and her supposed expert regarding working in dental offices with a latex allergy is Dr. Oliver. See Plaintiff's Opposition to Defendants' Motion in Limine to Exclude Expert and Fact Witnesses (Docket No. 66) at 1.

Dr. Weiss is Defendants' allergist and Dr. Garb is Defendants' expert with respect to working in dental offices with a latex allergy. See Dr. Weiss' Expert Report, attached hereto at Exhibit A; Dr. Garb's Expert Report, attached hereto as Exhibit E. Unlike Dr. Oliver, Dr. Weiss will not testify to what it means to work in dental offices with a latex allergy or to the presence of latex in the working environment of dental hygienists. Dr. Weiss will testify to latex allergy in general, Plaintiff's latex allergy in particular, and the environment within which Plaintiff can work with her latex allergy. See Dr. Weiss' Expert Report at 8. Consequently, the arguments made by Defendants to exclude Dr. Oliver are not applicable to Dr. Weiss and Plaintiff's Motion to Preclude Dr. Weiss must be denied.

### CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court deny Plaintiff's Motion in Limine to Preclude Dr. Weiss from testifying.

        Respectfully Submitted,

        Defendants The Guardian Life Insurance
        Company of America and Berkshire Life
        Insurance Company of America

        By their attorneys,

        CREVIER & RYAN, LLP.


        /s/ David B. Crevier_____
        David B. Crevier, Bar No. 557242
        Katherine R. Parsons, Bar No. 657280
        1500 Main Street, Suite 2020
        Springfield, MA 01115-5727
        Tel:  413-787-2400
        Facsimile:  413-781-8235
        Email: dcrevier@crevierandryan.com
                kparsons@crevierandryan.com

        and

        Edward Kimball, Esq.
        700 South Street
        Pittsfield, MA 01201
        Tel:  413-499-4321


**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 20th day of June 2006.

        /s/ David B. Crevier_____