# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN MIREK, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-MAP |
|  | ) |
| THE GUARDIAN LIFE INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| BERKSHIRE LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
|  | ) |
| Defendants. | ) |
|  | ) |
|  | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO
PRECLUDE DEFENDANTS' PROFFERED FACT WITNESS DR. DANIEL SEGAL
(Docket No. 69)**

Defendants, the Guardian Life Insurance Company of America ("Guardian") and

Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as

"Defendants"), respectfully oppose Plaintiff's Motion in Limine to Preclude Defendants'

Proffered Fact Witness Dr. Daniel Segal ("Plaintiff's Motion").

Plaintiff argues that Dr. Segal's testimony should be precluded because: (1) evidence

about whether or not a dental office, in general, can be latex free is irrelevant; and (2) evidence

that Dr. Segal's office in particular is latex free is irrelevant. Plaintiff's Motion at 1-4. As

discussed below, contrary to Plaintiff's assertions, evidence about latex free dental offices in

general, and Dr. Segal's office in particular, is entirely relevant to Plaintiff's claim.

**ARGUMENT**

Contrary to Plaintiff's assertions, Dr. Segal's testimony is entirely relevant to Plaintiff's claim. Plaintiff claims that, "she became so allergic to latex that she became unable to perform the major duties of her occupation" rendering her "totally disabled within the meaning of the policy." Plaintiff's Second Amended Complaint, relevant pages attached hereto as Exhibit A, at ¶ 7. Upon further inquiry, Plaintiff and her proffered expert both explained that **the only thing** that prevents Plaintiff from performing her occupation as a dental hygienist is the presence of latex in dental offices. Plaintiff's Deposition Transcript, relevant pages attached hereto as Exhibit B, at 262:3-7; Dr. Oliver's Deposition Transcript, relevant pages attached hereto as Exhibit C, at 138:10-17. As such, evidence regarding the existence of latex-free dental offices is directly relevant in this case. Even more relevant is evidence demonstrating that Plaintiff actually applied and interviewed for a job in a latex safe dental office, and that Plaintiff could have had a job as a dental hygienist in that latex safe dental office.

Dr. Segal's testimony reflects the type of relevant evidence discussed above. Dr. Segal will testify that he is a self-employed dentist in South Windsor, Connecticut and that he was diagnosed with a latex allergy about eight years ago. Affidavit of Dr. Segal, attached hereto as Exhibit D, at ¶ 1-2. He will testify that for the past 7-8 years he has attempted to limit latex exposure in his office by using non-latex alternatives for gloves, prophy angles, and facemasks. Affidavit of Dr. Segal at ¶ 3-6. Dr. Segal will further testify that he employs a clinical dental hygienist who has been diagnosed with a latex allergy so severe that she breaks out in rashes and hives upon contacting latex, but can nevertheless work in Dr. Segal's office given the precautions that they have taken. Affidavit of Dr. Segal at ¶ 7. Dr. Segal will also testify that he interviewed Plaintiff and would have hired her as a clinical hygienist in his office if her salary

demands were not more than he was paying the other hygienists in the office.  Affidavit of Dr.

Segal at ¶ 10-12.

Dr. Segal's testimony is particularly relevant because Plaintiff applied and interviewed

for a job in his office.  Id.; Plaintiff's Motion at 1.  Plaintiff testified that the reason she did not

get a job in Dr. Segal's office is that her salary demand was too high.  Transcript from the

September 15, 2005 Deposition of Carolyn Mirek at 237:14-20, attached hereto as Exhibit E.

The fact that Dr. Segal has a latex-free dental office, the fact that Plaintiff applied and

interviewed for a job there, and the fact that Plaintiff could have had a job as a dental hygienist

with Dr. Segal is directly relevant to the issue of whether or not Plaintiff is disabled from her

occupation as a dental hygienist.

As discussed above, given that Plaintiff and Plaintiff's expert, Dr. Oliver, both stated that

Plaintiff could work as a dental hygienist in a latex-safe dental office, then Dr. Segal's testimony

that his office is latex-safe and that Plaintiff could have had a job there, is entirely relevant to

Plaintiff's claim.  In the event the jury finds that Dr. Segal has an office in which Plaintiff could

work with her latex allergy, then Plaintiff cannot demonstrate that she is disabled from her

occupation as a dental hygienist.

**CONCLUSION**

For the reasons set forth above, the Defendants respectfully request that this Court deny

Plaintiff's Motion in Limine to Preclude Dr. Segal from testifying.

Respectfully Submitted,

Defendants The Guardian Life Insurance
Company of America and Berkshire Life
Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.


/s/ David B. Crevier_____
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
        kparsons@crevierandryan.com

and

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321


## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 20th day of June 2006.

/s/ David B. Crevier_____

4