# EXHIBIT A

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | CIVIL ACTION<br>NO. 04-30166-KPN |

## SECOND AMENDED COMPLAINT

1. The plaintiff Carolyn Mirek is a resident of South Windsor, Connecticut.

2. The defendant, The Guardian Life Insurance Company of America, (hereinafter "Guardian") is an insurance company writing disability policies, among other insurance products, incorporated in a state other than Massachusetts, doing business within the Commonwealth of Massachusetts and in Suffolk County.

3. The defendant, Berkshire Life Insurance Company of America, (hereinafter "Berkshire") is a wholly-owned subsidiary of Guardian, with a principal place of business located in Pittsfield, Massachusetts.

### COUNT I
Breach of Contract

4. In 1993, the defendant Guardian issued an "own occupation" disability insurance policy to the plaintiff which provided for the payment of monthly indemnity of twenty-five hundred ($2,500) dollars, providing for cost-of-living adjustments and for automatic increases in the monthly indemnity totaling eight hundred fifty ($850) dollars.

5. The policy defined for her the term "total disability" as meaning,

> because of sickness or injury, you are not able to perform the major duties of your occupation. Your occupation means the

regular occupation (or occupations if more than one) in which you are engaged at the time you become disabled.

You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation. If your occupation is limited to a single recognized specialty in medicine, dentistry or law, we will deem your specialty to be your occupation.

6. At all times material hereto, the plaintiff's specialty in dentistry was that of a dental hygienist.

7. While the policy was in full force and effect and all premiums paid, the plaintiff became so allergic to latex that she became unable to perform the major duties of her occupation and thus totally disabled within the meaning of the policy.

8. Upon information and belief, the defendant Berkshire had the responsibility of administering and processing the plaintiff's claim on behalf of the defendant Guardian.

9. The defendant Guardian or the defendant Berkshire, or both defendants, wrongfully, and in breach of the contract of insurance, denied the plaintiff's claim.

10. As a result of the defendants' breach of contract, the plaintiff has been deprived of the benefits to which she is entitled under the contract of insurance including monthly benefits and waiver of the premiums.

11. By their conduct, the defendants have repudiated the insurance contract with the plaintiff. As a result of defendants' conduct, there is an anticipatory breach of the contract.

12. By their conduct, the defendants have committed a breach of the implied covenant and good faith and fair dealing in the insurance contract.

13. As a result of defendants' conduct, plaintiff has suffered and continues to suffer harm and damages. As a result of the defendants' conduct, the plaintiff has been caused great anxiety and stress because of the financial pressures that she has suffered, and has and will be forced to pay substantial and otherwise unnecessary attorney's fees and expenses to conduct litigation to obtain benefits which the defendants owe her, and has been otherwise damaged.

WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, reimbursement of her premiums, plus costs and interest and compensation for loss of use of the benefits, the present value of future benefits, and attorney's fees and costs and other damages.

COUNT II
Unfair and Deceptive Practices, (CUPTA), Conn. Gen. Stat. §42-110b et seq.,