# EXHIBIT C

Page 1

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS


CAROLYN MIREK,                    )
         Plaintiff                )
                                  )   CIVIL ACTION NO.
VS.                               )   04-30166-MAP
                                  )
THE GUARDIAN LIFE INSURANCE       )
COMPANY OF AMERICA and            )
BERKSHIRE LIFE INSURANCE          )   MARCH 24, 2006
COMPANY OF AMERICA,               )
         Defendants               )
                                  )
```

DEPOSITION OF: L. CHRISTINE OLIVER, M.D., MPH, MS, taken before Laurie A. Monaghan, Certified Shorthand Reporter, Registered Professional Reporter and Notary Public, pursuant to Rule 30 of the Federal Rules of Civil Procedure, at the Law Offices of Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts, on March 24, 2006, commencing at 10:20 a.m.

APPEARANCES:

(SEE PAGE 2)

                    Laurie A. Monaghan
                 Certified Shorthand Reporter

Page 2

APPEARANCES:

JAGER SMITH, P.C., One Financial Center, Boston, Massachusetts, 02111, representing the Plaintiff.
BY: SETH NESIN, ESQUIRE

CREVIER & RYAN, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts, 01115-5727, representing the Defendants.
BY: DAVID B. CREVIER, ESQUIRE

Page 3

INDEX

| WITNESS | DIRECT | CROSS | REDIRECT | RECROSS |
|---|---|---|---|---|
| L. Christine Oliver, M.D. | 6* | | | |

*By Mr. Crevier

| EXHIBITS: | DESCRIPTION | PAGE |
|---|---|---|
| Defendant's 1 | Deposition Notice | 8 |
| Defendant's 2 | Curriculum Vitae | 9 |
| Defendant's 3 | Report | 42 |
| Defendant's 4 | Letter | 49 |
| Defendant's 5 | Deposition Transcript | 56 |
| Defendant's 6 | Documentation | 57 |
| Defendant's 7 | Occupation Description | 107 |
| Defendant's 8 | Newsletter | 128 |
| Defendant's 9 | Dental Product List | 146 |
| Defendant's 10 | Journal Article | 148 |
| Defendant's 11 | Article | 157 |
| Defendant's 12 | Article | 162 |
| Defendant's 13 | Benco Catalog Excerpt | 167 |
| Defendant's 14 | Letter | 197 |
| Defendant's 15 | Report of Dr. Garb | 206 |
| Defendant's 16 | Report of Dr. Weiss | 212 |

(Exhibits retained by Counsel)

Page 4

STIPULATIONS

It is agreed by and between the parties that all objections, except as to the form of the question, are reserved to be raised at the time of trial for the first time.

It is further agreed by and between the parties that all motions to strike unresponsive answers are also reserved to be raised at the time of trial for the first time.

It is also agreed that the deponent will read and sign the deposition, and waive the sealing of the deposition.

It is further agreed by and between the parties that notification to all parties of the receipt of the original deposition transcript is also hereby waived.

******

## Page 137

1  standing right next to the dentist who is administering a
2  local anesthetic using a latex containing delivery device,
3  then she might be exposed to latex allergen.
4      Q. Do you know whether Ms. Mirek, in the
5  performance of her duties, had to do so?
6      A. I don't know one way or the other.
7      Q. Okay. Did you ever try to contact Dr. Wise to
8  question him as to how easy it was to make a latex safe
9  dental practice?
10     A. No, I didn't.
11     Q. Did you notice that Dr. Wise lived in Lee,
12 Massachusetts?
13     A. I seem to recall that, and I guess it's here,
14 but I don't see it.
15     Q. Did you ever consider calling him?
16     A. No, I didn't, because a dental hygienist works
17 at the behest of the dentist. The dentist, at the end of
18 the day, has control of the office. If Ms. Mirek were
19 fortunate enough to find a dentist that operated a truly
20 latex free environment and needed a dental hygienist, it
21 is my belief, and she testified to this, that she would go
22 to work for that dentist. She was not able to find any
23 such dentist.

## Page 138

1      She also testified, I believe in answer to a
2  question that you posed to her, that if she could set up
3  an office and practice dental hygiene in that office and
4  have control over that office, she would do that in a
5  heartbeat, but she testified that it was illegal for her
6  to do that in the state of Connecticut.
7          MR. CREVIER: Can you just read back the
8      answer to that question?
9          (Answer was read back).
10     Q. (By Mr. Crevier) Is it your belief that
11 Ms. Mirek could work in a dental office that was truly
12 latex free?
13     A. If it were truly latex free, yes.
14     Q. Okay. So, the presence of latex is the only
15 thing that disables Ms. Mirek from being able to perform
16 the occupation of a dental hygienist, correct?
17     A. In my opinion, yes.
18     Q. And you don't know whether or not there are any
19 dental offices in Connecticut that are latex free,
20 correct?
21     A. I don't know that there are. I haven't done a
22 personal inventory, as we have discussed at this
23 deposition. Ms. Mirek obtained the names of two dentists,

## Page 139

1  one of whom, himself, does not use latex containing
2  gloves, but others in his office do, so that is not a
3  latex free office. And for reasons that I can't remember
4  without looking at her transcript, the other dentist that
5  ostensibly had a latex free practice was not a possible
6  place for her to work.
7      Q. Do you remember why?
8      A. I can look at her deposition transcript, but I
9  don't remember offhand.
10     Q. Okay. But that's the only basis on which you
11 know whether there's any dental offices in Connecticut
12 that are latex free or not, correct, Ms. Mirek's
13 deposition testimony?
14     A. That's correct. I have not done an independent
15 investigation.
16     Q. And you didn't discuss -- in your opinion, you
17 state -- page 7, second paragraph to the bottom, the last
18 full paragraph, "Rendering a dental practice latex free is
19 difficult." You didn't talk with anyone about that, did
20 you?
21     A. I used my common sense. No, I didn't have a
22 specific discussion. I had a specific discussion with my
23 dentist. He uses latex gloves. His office is not latex

## Page 140

1  free.
2      Q. So, that's the basis for that conclusion?
3      A. Well, that's not the only basis for that
4  conclusion. There is discussion in the literature with
5  regard to health care facilities and the difficulty in
6  rendering health care facilities latex free. Now, I
7  understand that a dental office is only one form of health
8  care facility, but it is a type of health care facility,
9  so this is not just my opinion, and it's not just my
10 opinion based on a single conversation with my own
11 dentist. It's based in part on Dr. Burstein's deposition,
12 and it's based on the statements in the medical literature
13 regarding health care facilities generally.
14     Q. You also state that, "It is not realistic to
15 expect that a practice will make itself latex free for a
16 single employee." What's that basis for --
17     A. I believe that's true. The basis for that is
18 twenty years plus of practicing the specialty of
19 occupational and environmental medicine. Employers don't
20 go out of their way, in my experience, to make significant
21 modifications in the workplace for a single employee who
22 is dispensable.
23     Q. Isn't that the key, though, the employee is

228

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF HAMPDEN

I, LAURIE A. MONAGHAN, a Notary Public within and for the Commonwealth of Massachusetts, do hereby certify that I took the deposition of L. CHRISTINE OLIVER, MD, MPH, MS, pursuant to Rule 30 of the Federal Rules of Civil Procedure, on March 24, 2006, at the Law Offices of Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, Massachusetts.

I further certify that the above named deponent was by me first duly sworn to testify to the truth, the whole truth and nothing but the truth concerning her knowledge in the matter of the case of CAROLYN MIREK vs. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, et al, now pending in the United States District Court for the District of Massachusetts.

I further certify that the within testimony was taken by me stenographically and reduced to typewritten form under my direction by means of COMPUTER ASSISTED TRANSCRIPTION; and I further certify that said deposition is a true record of the testimony given by said witness.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this deposition was taken; and further, that I am not a relative or employee of any attorney or counsel employed by the parties hereto, nor financially or otherwise interested in the outcome of the action.

WITNESS my hand this 5th day of April, 2006.

Laurie A. Monaghan
Notary Public
Certified Shorthand Reporter
Registered Professional Reporter

My commission expires
August 8, 2006

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

PHILBIN & ASSOCIATES, INC.

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947

2

## SIGNATURE PAGE - ERRATA SHEET

I, the undersigned, L. CHRISTINE OLIVER, MD, MPH, MS, do hereby certify that I have read the foregoing transcript of my deposition given in the matter of CAROLYN MIREK vs. THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, ET AL, and that to the best of my knowledge said transcript is true and accurate, with the exception of the following corrections listed below:

| Pg # | Ln # | Change from | Change to |
|---|---|---|---|
| 105 | 9 | "sphygmometers" | "sphygmomanometers" |
| 158 | 17 | "nuance" | "new onset" |
| 192 | 12 | "can't even" | "can avoid" |
| ~~208~~ | ~~14~~ | ~~"would"~~ | ~~"not relevant"~~ |
| 216 | 4 | "NRL where" | "NRL when" |
| 221 | 3 | "protective" | "prospective" |

DATE: 05/01/06    SIGNATURE: L. Christine Oliver, MD

LAM

959 MAIN STREET
4TH FLOOR
SPRINGFIELD, MA 01103

**PHILBIN & ASSOCIATES, INC.**

(413) 733-4078
Pittsfield: (413) 499-2231
FAX: (413) 734-4588

Serving the legal community of Massachusetts since 1947