# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-MAP ) |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S INCOME AS A SALESPERSON
### (Docket No. 68)

Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby respectfully oppose Plaintiff's Motion in Limine to Preclude Evidence Regarding Plaintiff's Income As A Sales Person ("Plaintiff's Motion in Limine").

### ARGUMENT

Plaintiff argues that evidence of her income as a dental supplies salesperson: (1) is irrelevant if she waives any right to recover damages as a result of financial pressures; and (2) is of the type routinely excluded as more prejudicial than probative. Plaintiff's Motion in Limine at 2-3. Contrary to Plaintiff's assertions: (1) Plaintiff seeks consequential damages; and (2) evidence of Plaintiff's collateral income is probative and admissible to demonstrate Plaintiff's motivation for not returning to her occupation as a dental hygienist. Additionally, Defendants' seek an Order instructing Plaintiff to produce her 2005 W-2s and 1099s in

accordance with her continuing obligation to provide responses to Defendants' Requests for Production.

Although Plaintiff purports to waive "any right to recover damages as a result of 'financial pressures,'" Count I of Plaintiff's Second Amended Complaint continues to seek consequential damages stating, "WHEREFORE, the plaintiff demands judgment in an amount that will fully and adequately compensate her for the loss of benefits, reimbursement of her premiums, plus costs and interest and **compensation for loss of use of the benefits**, the present value of future benefits, and attorney's fees and costs and other damages." Second Amended Complaint, relevant pages attached hereto as Exhibit A, at 2 (emphasis added); Plaintiff's Motion in Limine at 2. Because Plaintiff seeks consequential damages, Defendants are entitled to demonstrate that Plaintiff did not suffer any consequential damages because the amount of money she made as a dental supplies salesperson exceeded the amount she would have received if she has been found entitled to disability benefits.

Moreover, Defendants are entitled to introduce evidence that Plaintiff's significant earnings as a dental supplies salesperson provided a financial incentive not to return to work as a dental hygienist. See e.g. McGrath v. Consolidated Rail Corporation, 136 F.3d 838, 841 (1st Cir. 1998)(finding that the judge did not abuse his discretion in allowing the receipt of collateral source benefits into evidence under Rule 403 balancing because defendant offered the evidence of [plaintiff's] disability payments on the issue of plaintiff's credibility, specifically to show plaintiff's lack of motivation for returning to work). Evidence that Plaintiff makes significantly more money as a dental supplies salesperson than she could and did as a dental hygienist is entirely probative with respect to Plaintiff's refusal to return to her occupation as a dental hygienist.

Plaintiff cites Eichel v. New York Central R. Co., 375 U.S. 253 (1963) to support her position that evidence of collateral income "is routinely excluded." Plaintiff's Motion in Limine at 3. However, Massachusetts and Connecticut state and federal Courts have specifically rejected Eichel as establishing a bright-line rule barring admission of collateral source evidence and have limited the exclusion of evidence of collateral income to that received under the Railroad Retirement Act. McGrath, 136 F.3d at 841; Gurliacci at al v. Mayer, 218 Conn. 531, 558 fn. 23 (Conn. 1991), citing DeMederios v. Koehring Co., 709 F.2d 734, 741 (1st Cir. 1983) (allowing evidence of workers' compensation benefits so the jury could evaluate Plaintiff's testimony as to why he did not return to work). Consequently, the Court must deny Plaintiff's Motion in Limine to Prelude Plaintiff's Income as a Salesperson.

Additionally, Defendants request that this Court instruct Plaintiff to produce her W-2s and 1099s from 2005 in accordance with her continuing obligation to produce the documents requested in Defendants' Requests for Production. In Berkshire's First Set of Requests for Inspection and Production of Documents ("Defendant's Requests"), Berkshire requested Plaintiff's "personal state and federal income tax returns, whether filed individually or jointly, including any drafts, attachments and/or schedules, for each year from 1999 through the present." Defendant's Requests, relevant pages attached hereto as Exhibit B, at Request No. 5. In her response to Defendant's Requests, Plaintiff objected to Defendant's request for her tax returns but agreed to produce her W-2s and 1099s. Plaintiff Carolyn Mirek's Response to Request for Production of Documents Propounded by Berkshire Life Insurance Company of America, relevant pages attached hereto as Exhibit C, at Response No. 5. To date, Plaintiff has produced her W-2s from 1997 through 2004. Despite numerous requests by Defendants' counsel that Plaintiff produce her W-2s and 1099s from 2005 as well, Plaintiff has not yet done so. As

3

such, Defendants request that this Court instruct Plaintiff to immediately produce her 2005 W-2s and 1099s.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court deny Plaintiff's Motion in Limine to Preclude Evidence Regarding Plaintiff's Income as a Sales Person. In addition, Defendants respectfully request that this Court instruct Plaintiff to immediately produce her 2005 W-2s and 1099s.

    Respectfully Submitted,

    Defendants The Guardian Life Insurance
    Company of America and Berkshire Life
    Insurance Company of America

    By their attorneys,

    CREVIER & RYAN, LLP.


    /s/ David B. Crevier_____
    David B. Crevier, Bar No. 557242
    Katherine R. Parsons, Bar No. 657280
    1500 Main Street, Suite 2020
    Springfield, MA 01115-5727
    Tel:  413-787-2400
    Facsimile:  413-781-8235
    Email: dcrevier@crevierandryan.com
          kparsons@crevierandryan.com

    and

    Edward Kimball, Esq.
    700 South Street
    Pittsfield, MA 01201
    Tel:  413-499-4321

## CERTIFICATE OF SERVICE

  I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 20th day of June 2006.

                   /s/ David B. Crevier_____