# EXHIBIT C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff,<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants. | Civil Action No. 04-30166-MAP |

**PLAINTIFF CAROLYN MIREK'S RESPONSE TO REQUEST
FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**

The plaintiff Carolyn Mirek hereby responds to the Request for Production of Documents Propounded by Berkshire Life Insurance Company of America:

**REQUEST NO. 1**

Please produce any and all documents, writings, records, and/or correspondence that you contend constitute, memorialize, or evidence the contracts or policies of insurance referred to in the Second Amended Complaint.

**RESPONSE NO. 1**

To the extent that such documents exist, plaintiff agrees to produce them.

**REQUEST NO. 2**

Please produce any and all documents, writings, records, and/or correspondence including, but not limited to, memoranda, telephone notes or memos, handwritten notes, letters, medical records, reports, charts, statements, files, bills, and/or any other documents, relating or referring to, documenting, memorializing and/or evidencing treatment, examination, diagnosis, recommendation and/or consultation you requested and/or received from any physician, psychiatrist, therapist, psychologist, psychotherapist, social worker, counselor, chiropractor, and/or other health care provider for the period January 1, 1999 through the present.

**RESPONSE NO. 5**

Plaintiff objects to request no. 5 to the extent it seeks income tax return information other than W-2's or 1099's on the grounds that such request is unduly intrusive, seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Tax return data contains information such as earnings from savings, and information about plaintiff's spouse's income, which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Excluding documents subject to this objection, plaintiff agrees to produce responsive documents to the extent they exist.

**REQUEST NO. 6**

Please produce any and all documents, writings, records, and/or correspondence including, but not limited to, handwritten notes, telephone notes, requests, memoranda, electronic messages, claim forms, and/or other documents, reflecting, constituting, memorializing and/or evidencing any communications between you (or anyone acting on your behalf) and any entity(ies) other than Berkshire, to whom you have applied for or from whom you have sought disability benefits, including but not limited to the Social Security Administration, state disability provider, worker's compensation carrier, disability insurer and/or any other source of benefits, from January 1, 2000 through the present.

**RESPONSE NO. 6**

Plaintiff objects to this request to the extent it seeks materials protected by the attorney-client privilege or work-product doctrine. Excluding documents subject to this objection, plaintiff agrees to produce responsive documents to the extent they exist.

**REQUEST NO. 7**

Please produce any and all documents, writings, records, and/or correspondence including, but not limited to, handwritten notes, telephone notes, requests, memoranda, electronic messages, and/or other documents, reflecting, constituting, memorializing and/or evidencing any communications between you and Berkshire and/or Guardian.

**RESPONSE NO. 7**

Plaintiff objects to this request to the extent it seeks materials protected by the attorney-client privilege or work-product doctrine. Excluding documents subject to this objection, plaintiff agrees to produce responsive documents to the extent they exist.

**REQUEST NO. 8**

Please produce any and all documents, writings, records, and/or correspondence including, but not limited to, handwritten notes, telephone notes, requests, memoranda, electronic messages, and/or other documents, reflecting, constituting, memorializing and/or evidencing any

by all parties, correspondence, deposition transcripts, deposition exhibits, discovery requests, responses thereto and any settlement agreements.

**RESPONSE NO. 30**

Plaintiff objects to request no. 30 to the extent it seeks materials protected by the attorney-client privilege or work-product doctrine. Excluding documents subject to this objection, plaintiff agrees to produce responsive documents to the extent they exist.

PLAINTIFF
By her Attorney,

Joanne D'Alcomo, BBO #544177
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

**CERTIFICATE OF SERVICE**

I, Joanne D'Alcomo, hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first class mail, postage prepaid, to Edward K. Kimball, Esq., 700 South Street, Pittsfield, MA 01201 and David B. Crevier, Esq., Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, MA 01115-5727.

Date of Service:    July 8, 2005

Joanne D'Alcomo

JS PCDocs #53819\1A

12