# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-MAP |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS' PROFFERED EXPERT DR. JAMES GARB FROM TESTIFYING (Docket No. 70)

Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), respectfully oppose Plaintiff's Motion in Limine to Preclude Defendants' Proffered Expert Dr. James Garb From Testifying ("Plaintiff's Second Motion Regarding Dr. Garb").  Plaintiff previously sought to simply preclude the portion of the testimony and report of Defendants' proffered occupational expert, James R. Garb, M.D., as they relate to the prevalence of latex-free dental offices in northern Connecticut and southwestern Massachusetts.  <u>Plaintiff's Motion in Limine to Preclude Defendants' Proffered Expert James R. Garb, M.D. From Testifying As to the Supposed Prevalence of Latex-Free Dental Offices</u> ("Plaintiff's First Motion Regarding Dr. Garb"), Docket No. 59, at 1.  Now, Plaintiff seeks to preclude Dr. Garb's testimony in its entirety.

As a preliminary matter, Plaintiff's Second Motion Regarding Dr. Garb should be denied because it constitutes an unauthorized reply to Defendants' Opposition to Plaintiff's First Motion Regarding Dr. Garb.  In the event this Court decides to consider Plaintiff's Second Motion Regarding Dr. Garb, it must be denied because: (1) contrary to Plaintiff's assertions, Dr. Garb's testimony is both relevant and admissible; (2) contrary to Plaintiff's assertions, Dr. Garb's testimony includes discussion of dental offices that were latex-free in 2002, as well as 2003, 2004 and 2005; and (3) contrary to Plaintiff's assertions, Defendants' reasons for seeking to preclude the testimony of Plaintiff's proffered expert, L. Christine Oliver, M.D. are not applicable to Dr. Garb because unlike Dr. Oliver, Dr. Garb actually has knowledge with respect to the latex-free dental offices and latex-free dental supplies.

**A.    DR. GARB'S TESTIMONY IS BOTH RELEVANT AND ADMISSIBLE**

As discussed in Defendants' Opposition to Plaintiff's Motion to Preclude Dr. Weiss (Docket No. 78), Defendants' experts have distinct topics of complementary testimony. Defendants proffer Dr. Weiss, an allergist, to testify to latex allergy in general, Plaintiff's latex allergy in particular, and Plaintiff's ability to work as a dental hygienist in a latex safe environment.  See Dr. Weiss' Expert Report, attached hereto as Exhibit A, at 8.  Defendants have proffered Dr. Garb to take over where Dr. Weiss leaves off, as an expert with knowledge of the presence and elimination of latex in the dental environment.  See Dr. Garb's December 14, 2005 Expert Report, attached hereto as Exhibit B.  Plaintiff argues that all of Dr. Garb's testimony should be precluded because: (1) Dr. Garb's testimony is irrelevant; (2) Dr. Garb concludes that a dental hygienist with a latex allergy can never be disabled; and (3) Dr. Garb's testimony is

2

based on a false premise that if a dental office can be made latex free, Ms. Mirek is not disabled. Plaintiff's Second Motion Regarding Dr. Garb at 1-4.

First, Dr. Garb's testimony is relevant. Plaintiff claims that, "she became so allergic to latex that she became unable to perform the major duties of her occupation" rendering her "totally disabled within the meaning of the policy." Plaintiff's Second Amended Complaint, relevant pages attached hereto as Exhibit C, at ¶ 7. Upon further inquiry, Plaintiff and her proffered expert both explained that **the only thing** that prevents Plaintiff from performing her occupation as a dental hygienist is the presence of latex in dental offices. Plaintiff's Deposition Transcript, relevant pages attached hereto as Exhibit D, at 262:3-7; Dr. Oliver's Deposition Transcript, relevant pages attached hereto as Exhibit E, at 138:10-17. As such, evidence that there are latex-free dental offices is entirely relevant to the issue of whether or not Plaintiff can perform her own occupation.

Second, Plaintiff mischaracterizes Dr. Garb's testimony, attempting to mold it to fit the Court's statement that it would not allow testimony that, "nobody can ever have a latex allergy which disables them." Plaintiff's Second Motion Regarding Dr. Garb at 2. As discussed above, Dr. Weiss will opine that Plaintiff, with her particular latex allergy, can work as a dental hygienist in a latex-safe dental office. Taking up where Dr. Weiss' opinion leaves off, Dr. Garb will testify to the existence of latex-free dental offices in Plaintiff's geographic area and the latex free alternatives to latex dental supplies. Dr. Garb will not testify that, "nobody can ever have a latex allergy which disables them."

Third, Plaintiff's assertion that, "Dr. Garb's testimony is based on the false premise that if a dental office can be made latex free, [Plaintiff] is not disabled," is directly contradicted by both Plaintiff and her proffered expert, Dr. Oliver who testified that the only thing that disables

3

Plaintiff from doing her job as a dental hygienist is the presence of latex in the dental office. Specifically, Plaintiff and Dr. Oliver testified as follows:

> Q. [By Mr. Crevier] So, the only thing that disables you from being a registered dental hygienist is the possibility that in that position, you could have exposure to latex, but for that, you're not disabled from doing your job, correct?
>
> A. [By Plaintiff] Correct.

Plaintiff's Deposition Transcript, relevant pages attached hereto as Exhibit D, at 262:3-7.

> Q. [By Mr. Crevier] is it your belief that Ms. Mirek could work in a dental office that was truly latex free?
>
> A. [By Dr. Oliver] If it were truly latex free, yes.
>
> Q. Okay. So, the presence of latex is the only thing that disables Ms. Mirek from being able to perform the occupation of a dental hygienist, correct?
>
> A. In my opinion, yes.

Dr. Oliver's Deposition Transcript, relevant pages attached hereto as Exhibit E, at 138:10-17. As such, Plaintiff's argument that Dr. Garb's testimony is based on a false premise is entirely unfounded.

**B.    DR. GARB'S TESTIMONY INCLUDES DISCUSSION OF DENTAL OFFICES THAT WERE LATEX-FREE IN 2002, AS WELL AS 2003, 2004 AND 2005**

Contrary to Plaintiff's contentions, Dr. Garb's reports refer to dental offices that have been latex-free as early 1999, well before Plaintiff's claimed disability in 2002. Both Raymond Wise, DDS and Mark Haselkorn, DDS have had latex-free dental practices beginning in the late nineteen-nineties through today. Dr. Garb's March 12, 2005 report cited to an article about Dr. Wise, stating that his dental practice had been latex safe from at least 1999. Dr. Garb's March 12, 2005 Report, attached hereto at Exhibit F, at Bates stamped page 5; Evelyn I. Bain M Ed, RN, COHN-S, *Nurse with Latex Allergy prompts Dentist to Change to Latex Safe Practice*,

4

Massachusetts Nurses Association Website, attached hereto as Exhibit G.  Dr. Haselkorn's dental office has also been latex free since the late nineteen-nineties.  Garb January 27, 2006 Deposition Transcript, attached hereto at Exhibit H, at 82:20-22.  As such, Dr. Garb's testimony is relevant throughout the period for which Plaintiff claims to be disabled, 2002 through the present.

### C.   DEFENDANTS' REASONS FOR SEEKING TO PRECLUDE THE TESTIMONY OF PLAINTIFF'S PROFFERED EXPERT, L. CHRISTINE OLIVER, M.D. ARE NOT APPLICABLE TO DR. GARB

Plaintiff argues that Dr. Garb should be excluded because he has no personal knowledge relating to the existence of latex-free dental offices in Ms. Mirek's geographic area and latex-free dental products.  Plaintiff's Second Motion Regarding Dr. Garb at 5.  As explained in Defendants' Motion to Exclude Expert and Fact Witnesses, Dr. Oliver lacks **any**, general or specialized, knowledge regarding dental offices, the presence of latex in dental offices, non-latex dental products and the possibilities of removing latex from a dental office.  Defendants' Motion to Exclude Expert and Fact Witnesses at 4-13.  Unlike Dr. Oliver, Dr. Garb actually researched non-latex products and latex-free dental offices in Plaintiff's geographic area and unlike Dr. Oliver, actually has specific knowledge with respect to those topics.  See Dr. Garb's March 12, 2005 Report, attached hereto as Exhibit F; Dr. Garb's December 14, 2005 Report, attached hereto as Exhibit B.  As such, the Court must deny Plaintiff's Second Motion Regarding Dr. Garb.

### CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court deny Plaintiff's Motion in Limine to Preclude Dr. Garb's testimony.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

/s/ David B. Crevier_____
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
           kparsons@crevierandryan.com

and

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 20th day of June 2006.

/s/ David B. Crevier_____