UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br><br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OR REFERENCES TO EARLIER PRODUCT LIABILITY CASE BROUGHT BY PLAINTIFF AGAINST LATEX GLOVE MANUFACTURERS**

Plaintiff Carolyn Mirek hereby moves in limine to preclude any evidence of, or any reference to, the case of Carolyn T. Mirek, et al. v. Aero-Med Ltd., et al., No. 03-020516496S (New Britain, Conn.) (the "Latex Glove Case") in the trial of this action scheduled for October 10. In 2003, Ms. Mirek brought a product liability suit against a number of latex glove manufacturers in Connecticut state court. That case settled in 2004. Any evidence concerning that litigation is irrelevant. To the extent Defendants argue that it has any relevance at all, its probative value is outweighed by the substantial prejudice Plaintiff would suffer by the introduction of such evidence.

This lawsuit, scheduled for trial on October 10, is based upon an "own occupation" disability insurance policy. If Ms. Mirek has been disabled from working as a dental hygienist, she is entitled to the benefits of the insurance contract, irrespective of the cause of her disability. The Latex Glove case was a product liability case in which

Ms. Mirek alleged that defects in the product of latex gloves and the manufacturers' failure to warn about the dangers of the latex gloves were responsible for causing her latex allergy. It is therefore entirely irrelevant to whether or not the insurance companies in this case breached their obligation to pay her benefits under the "own occupation" insurance policy. There is no allegation that the Defendants in this case participated in the manufacture of latex gloves or otherwise caused or contributed to Ms. Mirek's latex allergy.

Even if the Court determines that evidence of the Latex Glove case is probative of some issue in this case, such evidence should still be excluded due to the fact that its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence Rule 403. There is a considerable risk of such prejudice and confusion from the introduction of evidence of the Latex Glove case. A jury might mistakenly believe that Ms. Mirek has already been compensated for her injuries through settlement in the Latex Glove Case, and that granting her an award in this case would be a windfall. Ms. Mirek testified at her deposition that her recovery from the Latex Glove Case was small. But even if it were true that she had received full compensation for her injury, it would be extremely prejudicial for the jury to consider that, because Ms. Mirek would still be entitled to recover from Defendants in this case based upon her insurance contract. The policy at issue in this case does not provide for any sort of set-off from other sources of income. Ms. Mirek is entitled to benefits as long as she is disabled from working as a dental hygienist.

An analogous situation exists in the personal injury context, where a defendant seeks to introduce evidence that the plaintiff has received worker's compensation or some other form of compensation for his or her injury. Such evidence is routinely excluded, due to a concern that juries will factor in evidence of these "collateral benefits" when determining liability. See Eichel v. New York Central R. Co., 375 U.S. 253, 255 (1963) (per curiam) ("In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence").

References to, or evidence about, the Latex Glove case may also create a negative impression to the jury, because some jurors might believe that Ms. Mirek is overly litigious because she sued latex glove manufacturers and then sued to enforce her insurance contract with the Defendants. For this reason alone, exclusion of the evidence is justified.

For the reasons stated above, all evidence relating to, and all references to, the Latex Glove case must be precluded.

        Respectfully submitted,

        PLAINTIFF CAROLYN MIREK

        By her Attorneys,

        /s/ Seth Nesin
        _____

        Joanne D'Alcomo
        BBO #544177
        Seth Nesin
        BBO #650739
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

## Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
_____
Seth Nesin