UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO.: 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF OR REFERENCES TO EARLIER PRODUCT LIABILITY CASE BROUGHT BY PLAINTIFF AGAINST LATEX GLOVE MANUFACTURERS**
**(Document No. 83)**

Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby respectfully oppose Plaintiff's Motion in Limine to Preclude Evidence of or References to Earlier Product Liability Case Brought by Plaintiff Against Latex Glove Manufacturers ("Plaintiff's Motion in Limine").

**ARGUMENT**

Plaintiff argues that all evidence and references to the product liability case Plaintiff previously brought against latex glove manufacturers, Carolyn T. Mirek, et al, v. Aero-Med, Ltd., et al., No. 03-020516496S (New Britain, Conn.) ("Latex Glove Case"), must be precluded because it is irrelevant and more prejudicial than probative. In determining whether or not to preclude relevant evidence, the Court must balance the probative value of the evidence with the potential prejudice to the Plaintiff. As discussed below and contrary to Plaintiff's unsupported assertions: (1) evidence from the Latex Glove Case is relevant to and probative of the facts in the

present case; and (2) evidence from the Latex Glove Case is significantly more probative than prejudicial.

A. **EVIDENCE FROM THE LATEX GLOVE CASE IS RELEVANT AND PROBATIVE**

As Plaintiff stated in her Motion in Limine, the Latex Glove Case involved her allegations that "defects in the product of the latex gloves and the manufacturers' failure to warn about the dangers of the latex gloves were responsible for causing Plaintiff's latex allergy." Motion in Limine at 2. Consequently, the discovery taken in the Latex Glove Case included the extent and symptoms of Plaintiff's latex allergy, her job search and her attempts to obtain a job as a dental hygienist with Dr. Segal in his latex safe dentist office. These topics are covered in, among other things, Plaintiff's answers to interrogatories dated September 9, 2003 and Plaintiff's deposition on January 7, 2004.

The case presently before this Court involves a breach of contract claim for disability benefits. As Plaintiff recognized, in order for Plaintiff to obtain disability benefits in this case she must demonstrate that she is and as of December 27, 2001 that she was disabled from working as a dental hygienist. Motion in Limine at 1. Plaintiff alleges that she is unable to work as a dental hygienist for one sole reason – her latex allergy. As such, the evidence from the Latex Glove Case relating to the extent and symptoms of her latex allergy, her job search and her attempts to obtain a job as a dental hygienist with Dr. Segal are entirely relevant to and very probative of the facts in the present case. In addition, Plaintiff's sworn statements in the Latex Glove Case were made two years earlier than her sworn statements in this case and were much closer to Plaintiff's alleged date of disability when her recollections were clearer. Significantly, there are considerable discrepancies between Plaintiff's sworn statements in the Latex Glove Case and her sworn statements in the present case regarding the extent of her disability, her

2

adverse reactions to latex and her job search.  Defendants maintain the right to impeach Plaintiff with her own prior inconsistent statements.

Moreover, Plaintiff has previously admitted the relevance and probative value of evidence from the Latex Glove Case when she expressly agreed to the admissibility of Plaintiff's deposition transcript from the Latex Glove Case.  Prior to the Pretrial Conference in January of 2006, Defendants provided Plaintiff's counsel with the facts and exhibits to be included in their Pretrial Memorandum and Plaintiff's counsel specifically agreed to Exhibit 17, "Plaintiff's deposition transcript in Mirek v. Aero-Med, et al.".  Email dated 01/20/06 from Joanne D'Alcomo to David Crevier, attached hereto as Exhibit A; relevant pages from Defendants' Pretrial Memorandum, attached hereto as Exhibit B at 15.  Plaintiff agreed to the admissibility, and thereby the relevance and probative value, of Plaintiff's transcript in Mirek v. Aero-Med, et al. and can not now seek to preclude Defendants from introducing the same at trial.

Consequently, evidence from the Latex Glove Case is relevant to and probative of the facts in the present case.

**B.     EVIDENCE FROM THE LATEX GLOVE CASE IS MORE PROBATIVE THAN PREJUDICIAL**

Without addressing the probative value of the evidence in the Latex Glove Case, Plaintiff argues that it is more prejudicial than probative for the following reasons: (1) the jury may mistakenly believe that Ms. Mirek has already been compensated for her injuries through the settlement in the Latex Glove Case; and (2) the jury may believe that Ms. Mirek is overly litigious.  Plaintiff's concerns of prejudice are unfounded.

Plaintiff will not be unduly prejudiced by evidence from the Latex Glove Case because the Latex Glove Case and the case presently before this Court are entirely different cases.  In order to argue that the jury may be confused, Plaintiff attempts to characterize her recovery in

3

the Latex Glove Case as "collateral benefits."[1] She analogizes the present case to that of a personal injury case in which the defendant seeks to introduce evidence that the plaintiff is receiving workers' compensation for the same injury. In the Latex Glove Case, Plaintiff claimed that, "the defects in the product of latex gloves and the manufacturers' failure to warn about the dangers of latex gloves were responsible for causing her latex allergy." Motion in Limine at 2. This is entirely distinct from the present case in which Plaintiff does not seek compensation for her latex allergy, but rather, seeks disability benefits due to her alleged inability to work as a dental hygienist. Motion in Limine at 1. The Plaintiff is clearly not seeking compensation for her latex allergy in this case. Similarly, the jury will not perceive Plaintiff as "overly litigious" because she only brought two lawsuits, they were against distinct defendants and the claims are entirely different. Moreover, any potential confusion or misconception by the jury can be remedied with a limiting instruction by this Court stating that the Latex Glove Case did not concern Plaintiff's entitlement to benefits under a disability policy. Plaintiff will not be unduly prejudiced by the admission of evidence from the Latex Glove Case.[2]

**CONCLUSION**

---

[1] Plaintiff cites Eichel v. New York Central R. Co., 375 U.S. 253 (1963) to support her position that evidence of collateral income "is routinely excluded." Plaintiff's Motion in Limine at 3. However, Massachusetts and Connecticut state and federal Courts have specifically rejected Eichel as establishing a bright-line rule barring admission of collateral source evidence and have limited the exclusion of evidence of collateral income to that received under the Railroad Retirement Act. McGrath, 136 F.3d at 841; Gurliacci at al v. Mayer, 218 Conn. 531, 558 fn. 23 (Conn. 1991), citing DeMederios v. Koehring Co., 709 F.2d 734, 741 (1st Cir. 1983) (allowing evidence of workers' compensation benefits so the jury could evaluate Plaintiff's testimony as to why he did not return to work).

[2] To the extent that Plaintiff claims that a particular piece of evidence is prejudicial, Plaintiff can move to have that particular piece of evidence precluded and the Court can rule on such a motion now or at the time of trial.

As discussed above, the evidence from the Latex Glove Case is relevant and probative and the probative value of that evidence clearly outweighs the prejudice to the Plaintiff. Consequently, Defendants respectfully request that this Court deny Plaintiff's Motion in Limine to Preclude Evidence of or References to Earlier Product Liability Case Brought by Plaintiff Against Latex Glove Manufacturers.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

/s/ David B. Crevier_____
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
           kparsons@crevierandryan.com

and

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321

**CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 26th day of September 2006.

/s/ David B. Crevier_____