UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK<br>       Plaintiff,<br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and BERKSHIRE<br>LIFE INSURANCE COMPANY OF<br>AMERICA,<br>       Defendants. | 04-30166-RGS |

### DEFENDANTS' REQUEST FOR JURY INSTRUCTIONS

The Defendants, Guardian and Berkshire request that the following instructions be given to the jury:

**Burden of Proof**

1. This is a civil action. In this case, the plaintiff as the party making the claim, bears the burden of proving the elements of her claim. Plaintiff's burden of proof is to prove that she is entitled to the relief she seeks by the fair preponderance of the credible evidence. The defendant has no burden of proof as to the plaintiff's claims and the defendant does not have to present evidence to disprove the plaintiff's claim.

 The plaintiff has the burden of proving each essential element of the cause of action upon which the she relies. I will review those elements with you in one moment.

*See Lukas v. New Haven, 184 Conn. 205, 211 (1981); Gulycz v. Stop & Shop Companies, Inc., 29 Conn. App. 519, 523, cert. denied, 224 Conn. 923 (1992).*

2.  **Preponderance of the Evidence**

To prove something by a preponderance of the evidence means to prove that something is more likely so than not so. In other words, a claim must be proved by evidence that weighs more persuasively in the minds of jurors. In proving her claim, a plaintiff must prove each and every element of that claim by a preponderance of the evidence.

In order to meet his or her burden of proof, a party must satisfy you that his or her claims on an issue are more probable than not. The party who asserts a claim has the burden of proving it by a fair preponderance of the evidence, that is, the better or weightier evidence must establish that, more probably than not, the assertion is true. In weighing the evidence, keep in mind that it is the quality and not the quantity of evidence that is important; one piece of believable evidence may weigh so heavily in your mind as to overcome a multitude of less credible evidence. The weight to be accorded each piece of evidence is for you to decide.

As an example of what I mean, imagine in your mind the scales of justice. Put all the credible evidence on the scales regardless of which party offered it, separating the evidence favoring each side. If the scales remain even, or if they tip against the party making the claim, then that party has failed to establish that assertion. Only if the scales incline, even slightly, in favor of the assertion may you find the assertion has been proved by a fair preponderance of the evidence.

*See Tianti v. William Raveis Real Estate, Inc.*, 231 Conn. 690, 702 (1995); *Holmes v. Holmes*, 32 Conn. App. 317, 318, cert. denied, 228 Conn. 902 (1993).

3.	In a suit against the insurer to recover benefits, the insured bears the initial burden of proving by a preponderance of the evidence, all the elements of a prima facie case including the existence of a policy, payment of applicable premiums, compliance with policy conditions, the loss as within policy coverage, and the insurer's refusal to make a payment when required to do so by the terms of the policy. *See Couch on Insurance, 2d § 79; 315 (1983)*

## 4. Credibility of Witnesses

The credibility of witnesses and the weight to be given to their testimony are matters for you as jurors to determine. However, there are some principles that you should keep in mind. No fact is, of course, to be determined merely by the number of witnesses who testify for or against it; it is the quality and not the quantity of testimony that controls. In weighing the testimony of each witness you should consider the witness' appearance on the stand and whether the witness has an interest of whatever sort in the outcome of the trial. You should consider a witness' opportunity and ability to observe facts correctly and to remember them truly and accurately, and you should test the evidence each witness gives you by your own knowledge of human nature and the motives that influence and control human actions. You may consider the reasonableness of what the witness says and the consistency or inconsistency of his or her testimony. You may consider his or her testimony in relation to facts that you find to have been otherwise proven. You may believe all of what a witness tells you, some of what a witness tells you, or none of what a particular witness tells you. You need not believe any particular number of witnesses and you may reject uncontradicted testimony if you find it reasonable to do so. In short, you are to apply the same considerations and use the same sound judgment and common sense that you use for questions of truth and veracity in your daily life.

*See Connecticut Civil Jury Instructions 1.39*

## Breach of Disability Insurance Policy

**5.** For you to find the defendant liable to the plaintiff you must find that the defendant breached its contract with the plaintiff. Defendant has not breached its contract if it has performed its contractual obligations when performance was called for or if the performance was otherwise excused. See Restatement (Second) of Contracts, §224, 225.

**6.** This case is a breach of contract action. In order to establish that there has been a breach of contract, plaintiff must prove by a fair preponderance of the evidence that

    a. there is a contract;

    b. she complied with her portion of the contract;

    c. notwithstanding her compliance, defendant wrongfully breached the contract by failing pay her benefit under the Policy;

    d. that the plaintiff suffered damages; and

    e. plaintiff's damages were caused by the breach of contract.

*See Collins v. Anthem Health Plans, Inc. 275 Conn. 309, 333 (2005); Rosato v. Mascardo 82 Conn. App. 396, 411 (2004); West Haven Sound Dev. Corp. v. West Haven 207 Conn. 308, 314-315 (1988).*

**7.** In this case, the parties have stipulated or agreed that Carolyn Mirek has a contract and that she made premium payments pursuant to the Policy requirements. Therefore, in order to recover in this case, the plaintiff must prove by a preponderance of the evidence the remaining three elements:

    a. that the plaintiff performed her obligations under the contract; and

    b. that defendant(s) breached the contract when it denied her claim for disability benefits; and

    c. plaintiff's damages were caused by the breach of contract.

8.    In order to determine whether defendants breached the contract, you must decide whether Carolyn Mirek was entitled to Total Disability Benefits under the Policy. The Policy contains provisions which will assist you in determining whether Carolyn Mirek is Totally Disabled under the Policy.

## Policy Provisions

9.    According to the Policy, Total Disability means that because of sickness or injury you are not able to perform the Major Duties of Your Occupation.

10.    According to the Policy, Your Occupation means the regular occupation (or occupations, if more than one) in which you are regularly engaged at the time you became disabled.

11.    Therefore in order for you to decide whether there has been a breach of contract you must determine whether Plaintiff has proven by a preponderance of the evidence that she became unable to perform the major duties of her regular occupation because of sickness or injury.

## Total Disability

12.    The term 'regular occupation' means a position of the same general character as the insured's previous job as a dental hygeniest , requiring similar skills and training, and involving comparable duties,.

See Kinstler v. First Reliance Standard Life Insurance Company, 181 F.3d 243, 252 (2d Cir. 1999)
When assessing whether Plaintiff is totally disabled, you must consider that there is a difference between one who should not work and one who is unable to work.. Accordingly, the risk of becoming disabled does not constitute total disability.

See Grayboyes v. General American Life Insurance Company, 1995 WL 156040 (E.D. Pa. 1995). See Leipzig v. AIG Life Insurance Co. 362 F. 3d 406 (7th Cir. 2004).

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,


/S/ Edward Kimball
Edward Kimball, Bar No. 636865
BERKSHIRE LIFE INSURANCE
COMPANY OF AMERICA
700 South Street
Pittsfield, MA 01201
Tel: 413-499-4321
Facsimile: 413-395-5990
Email: Edward_Kimball@berkshirelife.com

and

David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400

Facsimile: 413-781-8235

Email: dcrevier@crevierandryan.com
kparsons@crevierandryan.com

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 3rd day of October 2006.

/S/ Edward Kimball