UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>      Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

.

INSTRUCTION NO. 1 (Contract)

      A contract is a promise, or a set of promises, between two or more parties to do or not do a certain thing.  An insurance policy is a contract.


_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

INSTRUCTION NO. 2

The issue that you are going to decide in this case is whether the plaintiff Carolyn Mirek is, and has been, "totally disabled" within the meaning of the insurance policy. The term "totally disabled" has a meaning under the policy. It may be different from your definition of "totally disabled" in a different context. Therefore, you are not to use your own understanding or idea of what "totally disabled" is. The policy gives this term a specific meaning. Under the terms of the insurance policy that Carolyn Mirek has with the defendants, she is "totally disabled" if she is unable to perform the "major duties" of her occupation due to sickness or injury.

The occupation at issue in this case is that of a registered dental hygienist. Therefore, what matters, for purposes of determining whether she is totally disabled within the meaning of the insurance policy, is whether she is unable to perform the major duties of a registered dental hygienist.

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

INSTRUCTION NO. 3

The insurance contract at issue in this case is what is called an "own occupation" insurance policy. It provides monthly disability benefits to the policyholder if the policyholder becomes disabled from working in the specific occupation in which the policyholder is working at the time of the disability. In this case, there is no dispute that the particular occupation at issue is that of a registered dental hygienist.

You may have heard of other insurance policies that pay benefits only if the policyholder is unable to work in <u>any</u> occupation that is suited to the policyholder's background, training, education and experience. It is important that you not get confused, and that you understand that the type of policy at issue in this case is an "own occupation" policy. An "own occupation" policy is very different. A person who has an "own occupation" policy may work in another occupation and still receive benefits under the "own occupation" policy.

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

INSTRUCTION NO. 4

In order for you to find that Carolyn Mirek has been, and is, for purposes of this insurance contract, she need not prove that she is or has been, incapable of doing any other work or job. The only issue is whether she has been, and is, unable to carry out the major duties of doing the job of a registered dental hygienist.


_____Accepted

_____Accepted in Substance

_____Rejected

\_\_\_\_\_Withdrawn

INSTRUCTION NO. 5

In order for you to find that Carolyn Mirek is now, or in the future, totally disabled for purposes of this insurance policy, she need not prove that she has been or is be incapable of doing any other work or job.  The only issue is whether she is unable to carry out the major duties of doing the job of a registered dental hygienist.

This means that the fact that she is working as a dental supply salesperson does not disqualify her from being "totally disabled" under her insurance contract. The only issue is whether she has been, and is, able to perform the major duties of the occupation of a registered dental hygienist.

_____Accepted

_____Accepted in Substance

_____Rejected

\_\_\_\_\_Withdrawn

INSTRUCTION NO. 6

The amount of income that Carolyn Mirek has been earning, or is earning, in her current occupation has no bearing on whether Carolyn Mirek is entitled to benefits under her insurance contract with the Defendants. The insurance contract that Carolyn Mirek has purchased pays benefits if she becomes "totally disabled" from one occupation, even though she may have the physical capacity to go to work in another occupation and even if she is financially successful in that other occupation.

Therefore, the insurance company is required to pay Carolyn Mirek monthly benefits if she has been totally disabled from working as a dental hygienist, even if she is able to earn the same money or even more money, in another occupation, such as that of a dental supply salesperson. It does not matter what Carolyn Mirek earns, or has the capacity to earn, in the other occupation. The only issue in deciding whether the insurance company has breached its contract with her is whether she is unable to carry out the major duties of doing the job of a registered dental hygienist. (Policy).

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

INSTRUCTION NO. 7

   The "major duties" of an occupation include work in a typical environment for that occupation. Carolyn Mirek need not prove that she is incapable of working as a registered dental hygienist in every dental office in every location.

_____Accepted

_____Accepted in Substance

_____Rejected

_____Withdrawn

INSTRUCTION NO. 8

  Even if the Defendants were to show that Carolyn Mirek has been able to perform some of the duties of the occupation of a dental hygienist, that does not defeat her claim for breach of contract. She must be able to perform <u>all</u> of the major duties of a registered dental hygienist in order to be considered <u>not</u> "totally disabled" under the policy.

_____Accepted

_____Accepted in Substance

_____Rejected

\_\_\_\_\_Withdrawn

INSTRUCTION NO. 9 (Burden of proving claim under policy)

In this case, the plaintiff Carolyn Mirek is seeking to establish that she is totally disabled from performing her occupation as a registered dental hygienist.  I now turn to the burden of proof has in proving her claim under the policy.  She does not have to prove that she is totally disabled within the meaning of the policy "beyond all doubt, or beyond a reasonable doubt."  She does not have to prove her claim "to a moral certainty."  Carolyn Mirek need only establish her claim under the policy "by a fair preponderance of the evidence" or by a "balance of the probabilities."

If Carolyn Mirek proves, by a balance of the probabilities, or preponderance of the evidence, that she cannot perform all the major duties of her occupation as a registered dental hygienist,  then you must find that the defendants breached the contract.  If you decide that she has not established, by a balance of the probabilities, or by a preponderance of the evidence, that she is unable to perform all the material and substantial duties of her occupation as a registered dental hygienist, then you must answer that the defendants did not breach the contract.

Jamestown Bridge Commission v. American Employers' Ins. Co., 128 A.2d 550, 552 (R.I. 1957); Sargent v. Massachusetts Accident Company, 307 Mass. 246, 29 N.E.d 825, (Mass. 1940); Boston Ins. Co. v. Dehydrating Process Co., 204 F.2d 441, 443 (1st Cir. 1953) ("Insured's burden of establishing claim is 'by a balance of the probabilities.'"); Fidelity Mutual Life Association of Philadelphia v. Mettler, 185 U.S. 308, 317 (1902) (Claim need not be proved "beyond a reasonable doubt," or to a 'moral certainty,' but rather by a preponderance of the evidence); Hangarter v. Provident Life and Acc. Ins. Co. 373 F.3d 998, 1007 (9th Cir. 2004)

_____Accepted

_____Accepted in Substance

_____Rejected
_____Withdrawn

9

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin
_____

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500