UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-RGS<br>)<br>)  LEAVE TO FILE GRANTED ON<br>)  OCTOBER 16, 2006<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S REPLY IN SUPPORT OF HER MOTION IN LIMINE TO PRECLUDE EVIDENCE REGARDING PLAINTIFF'S INCOME AS A SALESPERSON**

Plaintiff Carolyn Mirek has moved <u>in limine</u> to preclude any evidence of the amount of her income or wages after stopping work as a dental hygienist in late 2001, and Defendants have filed their opposition to the motion. Ms. Mirek now files this reply brief to aid the court in sorting through what appears to be a misunderstanding in the Defendant's Opposition to Plaintiff's Motion in Limine To Preclude Evidence Regarding Plaintiff's Income As A Salesperson. This brief is also intended to respond to Defendants' argument about financial bias, which had previously not been asserted.

**I. Compensation For Loss of Use of Benefits Refers To Interest, And Nothing Else**

Defendants argue first that evidence of Ms. Mirek's current income is relevant because the complaint asks for "compensation for loss of use of the benefits" from her claim that was denied. That claim refers solely to the interest that Ms. Mirek would have received if her benefits had been paid in a timely manner and invested (or conversely, the

interest Ms. Mirek paid on debt that she would not have had to pay if her benefits had been paid).  See, e.g., Greelish v. Drew, 35 Mass. App. Ct. 541, 545 (1993)(commenting on how a plaintiff seeking compensation for "money wrongfully withheld" can recover "amount of interest that could have been earned").  Obviously, such interest has nothing to do with the amount of money that Carolyn Mirek has been earning as a dental supply person each year since she filed a claim, and Defendants have failed to explain the connection.

**II. Ms. Mirek Has A Financial Incentive To File For Benefits No Matter What Her Current Wages Are**

Defendants next argue in their opposition that evidence of Ms. Mirek's post-2001 wages should be admissible because they relate to her financial incentives, and therefore could impact the jury's view of her credibility.  Defendants do not explain why Ms. Mirek's financial incentives would change depending upon the amount of her current income. If anything, she has more financial incentive to obtain disability payments if she has no money coming in, than if she is earning good wages.

Under the terms of the policy at issue in this case, Ms. Mirek is currently entitled to receive over $42,000 a year, adjusted each year for inflation, if she is unable to work as a dental hygienist.  Ms. Mirek's W-2 form for the last year she worked as a dental hygienist shows that she earned $50,788.  In other words, Ms. Mirek has a financial incentive to claim disability and work in any profession, even if she is only able to earn minimum wage, because her disability payments plus her salary would be greater than the salary she could earn as a hygienist.  That incentive does not change depending upon what she is earning.  There is no merit to the argument that, if Ms. Mirek is earning a high salary now, she has a higher incentive to falsely claim to be disabled.  This is akin to

Plaintiff introducing evidence of Defendants' yearly profits for the purpose of establishing that they have a financial incentive to deny Plaintiff's claim.

Defendants do not need any information about Ms. Mirek's current salary to show the jury that Ms. Mirek is financially invested in the outcome of the case. Defendants wish to get such information before the jury in the hopes that the jury may view the award of benefits to her as an undeserved windfall, and thus unfairly prejudice the jury against her. This would be patently unfair, and the evidence should be excluded because its marginal "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Federal Rule of Evidence Rule 403.

Ms. Mirek paid premiums for an "own occupation" policy, and those premiums were undoubtedly higher than the premiums would have been for a policy in which benefits only accrue to her if she is entirely disabled from working in any profession. It would be confusing to the jury to allow Defendants to introduce evidence that would lead the jury to believe that Ms. Mirek was not entitled to collect benefits if she was making substantial wages in another job, or somehow attempting to cheat an insurance company by seeking to be paid benefits while she was working in another job.

The cases cited by Defendants in their opposition are easily distinguishable. Two of the cases merely stand for the proposition that evidence of other income is not automatically deemed inadmissible, but should be judged based on its probative value and potential for prejudice. See Gurliacci v. Mayer, 218 Conn. 531, 558 n. 23 (Conn. 1991) and DeMederios v. Koehring Co., 709 F.2d 734, 741 (1st Cir. 1983). This is

exactly the legal standard that Plaintiff asserted in her motion, so there is no difference of opinion.

In the third case cited by the defendants, <u>McGrath v. Consolidated Rail Corp.</u>, 136 F.3d 838, 841 (1st Cir. 1998), the court allowed evidence of collateral income because it believed such evidence was relevant to the defense at trial that the claimant was "feigning physical disability to avoid work and to continue receiving disability payments." <u>Id</u>. at 840. In this case, there is no such defense – Defendants acknowledge that Ms. Mirek suffers from a latex allergy. It is also established that Ms. Mirek is not "avoiding work" and continues to work as a salesperson. None of the cases cited by Defendants involves an "own occupation" insurance policy, where it is completely expected that an individual would collect disability benefits and simultaneously earn income in another profession. The amount of that income is unimportant.

### III. Defendants' Argument Conflicts With Their View Of The Case In Their Motion In Limine

Defendants have filed a motion in limine arguing that this is a simple case in which the sole issue is whether Ms. Mirek is disabled under the terms of her policy from working as a dental hygienist. <u>See</u> Docket No. 61. On that basis, they have asked the Court to exclude a great deal of information that bears directly on the credibility of their litigation position that Ms. Mirek is capable of working because they claim such information is irrelevant. <u>Id.</u> It is contradictory to argue in one motion that evidence related to Defendants' credibility is inadmissible, but that evidence that purportedly relates to Plaintiff's credibility is admissible.

### IV. There Is No Justification For Plaintiff To Be Required To Turn Over Her 2005 Tax Information

For the same reasons stated above, there is no reason why Plaintiff should need to turn over her W-2s or 1099s from 2005 to the Defendants. That request should similarly be denied.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Howard P. Blatchford, Jr.
_____
Joanne D'Alcomo
BBO #544177
Howard P. Blatchford, Jr.
BBO #045580
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

<u>Certificate Pursuant to L.R. 7.1(A)(2)</u>

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Howard P. Blatchford, Jr.
_____
Howard P. Blatchford, Jr.