# Exhibit 6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants | Civil Action<br>No. 04-30166-MAP |

## PLAINTIFF CAROLYN MIREK'S FIRST SET OF INTERROGATORIES TO THE DEFENDANTS THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the plaintiff Carolyn Mirek requests that the defendants Berkshire Life Insurance Company ("Berkshire") and The Guardian Life Insurance Company of America ("Guardian") answer under oath the following interrogatories within 30 days of the service of these interrogatories:

### DEFINITIONS

1. The term "Berkshire" refers to the defendant Berkshire Life Insurance Company and any of its affiliates, officers, directors, employees, agents or representatives, or any attorneys acting on its behalf.

2. The term "Guardian" refers to the defendant The Guardian Life Insurance Company of America and any of its affiliates, officers, directors, employees, agents or representatives, or any attorneys acting on its behalf.

3. The term "Defendants" refers collectively to Guardian and Berkshire.

## INTERROGATORIES

1. Identify, by name, title, and last known work and home address, and all known telephone numbers, the person(s) who made, and were responsible for, the decision to deny Carolyn Mirek's claim.

2. Identify all persons not identified in your answer to the previous interrogatory, by name, title, and last known work and home address, and all known telephone numbers, who participated in the defendants' decision to deny Carolyn Mirek's claim, and describe their activities in connection with the decision and their role in the decision.

3. Describe in detail any meetings between or among any personnel at the defendants and anyone else that occurred at any time from the date that the defendants first learned that Carolyn Mirek was filing a disability claim to the denial of her claim, that referred to, related to or concerned Carolyn Mirek or Carolyn Mirek's disability claim. For each such meeting, include in your answer:

    a.  the date or approximate date of the meeting;

    b.  the location of the meeting;

    c.  the purpose of the meeting;

    d.  who initiated the meeting;

    e.  the length of the meeting;

    f.  the identity of participants in the meetings by name, title and affiliation;

    g.  whether any record, including notes, or other writings were taken of the meeting or during the meeting;

    h.  whether any documents or documentary materials were used, discussed or executed at the meeting; and

    i.  a description of the substance, results and outcome of the meeting.

4. Identify, by title, date generated, author, and brief description, all manuals, memoranda, guidelines, practices, loose leaf binders, treatises, medical journals or other documents (other than documents submitted by Carolyn Mirek) consulted, relied upon, or used in any way by any of the defendants' personnel in the processing of Carolyn Mirek's claim.

5. Has either defendant, at any time since January 1, 1990, to the present, acknowledged coverage for a claim made under an "own occupation" or other disability policy when the insured asserted that he or she had a latex allergy-related disability? If so, set forth in

detail: the date or approximate date that coverage was acknowledged and the occupation of the insured.

6. If your answer to Interrogatory No. 5 was in the affirmative, identify all physicians, nurses, or other medical personnel on whose opinion the defendants relied in acknowledging coverage, and the date or approximate date of such opinions. Include in your answer the last known address, all known telephone numbers, and the title and affiliation of such medical personnel

7. If your answer to Interrogatory No. 5 was in the affirmative, please set forth the total amount of payments made on all such claims by year, or other time period.

8. Set forth whether either defendant has, at any time since January 1, 1990, concluded that a claimant was totally or partially disabled because of a latex allergy-related disability, and, if so, provide the circumstances of such determination, the occupation of the insured, and the basis for such determination.

9. Identify all persons who, on behalf of either Guardian or Berkshire, approved coverage of a disability claim based in whole or in part on a latex allergy since January 1, 1990. Please include each person's name, title, last known work and home address and all known telephone numbers.

10. Have any medical personnel of the defendants, at any time since January 1, 1998, to the present, rendered an opinion or reached a conclusion that an insured who submitted a disability claim had a latex allergy? If so, please set forth in detail: the identity of the medical personnel who rendered such an opinion or reached such a conclusion; the last known address and affiliation of such medical personnel and telephone numbers; the bases on which the medical personnel rendered such an opinion or reached such a conclusion.

11. Identify all persons with knowledge of the bases for defendants' denial of Carolyn Mirek's claim, and of the defendants' defenses in this action, including in your answer the person's name, title and position, if any, last known work and home address, all known telephone numbers, and a description of the facts about which they are believed to have knowledge, and the basis for such knowledge.

12. Please set forth the period of time, or periods of time, that the text circled in red on the attached Exhibit A appeared in exact words, or in substance, on a website of either of the defendants.

13. For what period of time, or periods of time, has it been true that if an applicant for disability insurance coverage is an M.D., dentist or medical professional, and has been diagnosed with a latex allergy, disability insurance coverage would most likely be declined by (a) Guardian or (b) Berkshire?

14. Please identify all sources of data on which either of the defendants relied in formulating or developing the position concerning the underwriting of coverage for persons diagnosed with latex allergy that is referenced or reflected on the attached Exhibit A, an excerpt from one or both of the defendants' websites.

15. Please identify by name, title and last known telephone numbers and address, all persons who participated, on behalf of either the defendants, in preparing or approving the substance and content of the website excerpt that is circled in red on the attached Exhibit A, and the date that such content was first prepared.

16. Please state whether, since January 1, 1998, either of the defendants has declined to issue a disability insurance policy to an M.D., dentist or medical professional because the applicant had been diagnosed with a latex allergy, and, if so, set forth the number of times by year or other time period.

17. On how many occasions has either of the defendants issued a disability insurance policy to an M.D., dentist or other medical professional since January 1, 1999, when the defendants had knowledge that the applicant had been diagnosed with a latex allergy? If any, identify the occupation(s) of such insureds.

18. If the defendants' answer to the previous interrogatory is anything but, "None," please state whether any of the policies issued were anything other than a so-called standard policy, as referenced on Exhibit A, and, if other than a standard policy, describe the deviations.

19. Set forth the number of occasions since January 1, 1995, that Dr. Harold Axe has performed any services for either of the defendants directly or indirectly, the nature of the service provided, and the amount of compensation received by year.

PLAINTIFF
By her Attorney,

Joanne D'Alcomo
BBO #544177
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

## CERTIFICATE OF SERVICE

I, Joanne D'Alcomo, hereby certify that on this date I caused a true and correct copy of the foregoing to be served by first class mail, postage prepaid, to Edward K. Kimball, Esq., 700 South Street, Pittsfield, MA 01201 and David B. Crevier, Esq., Crevier & Ryan, LLP, 1500 Main Street, Suite 2020, Springfield, MA 01115-5727.

Date of Service:     April 22, 2005

*/s/ Joanne D'Alcomo*
Joanne D'Alcomo

JS PCDocs #52913\1

# Guardian Disability Insurance Brokerage

## MEDICAL DATABASE



- Disability Insurance Quote
- Business Overhead Expense Quote
- Disability Insurance Statistics
- Common Terms & Definitions
- View Sample Policy
- Search This Site
- High-Tech Industry
- Business Owners
- Professionals
- Medical Community
- Independent Consultants
- Corporate Disability Insurance
- W-2 Employees
- Government Employees

If you are unsure if Berkshire will offer you coverage because of your medical history, this is the page to find out. Scroll through the medical condition database to the medical condition you have been diagnosed with. Click submit and you'll have a possible answer.

**Select a medical condition and click "Submit":**

Latex Allergy  [Submit]

| Medical Condition: | Latex Allergy |
| --- | --- |
| Definition: | Hypersensitivity to latex |
| Probable Underwriting Action: | If the applicant is an M.D., Dentist, or medical professional we will decline coverage. Other occupations can receive individual consideration. |

Many serious medical conditions can still be underwritten. Instead of a standard policy the insurance company may be able to offer you a policy with a longer elimination period, a shorter benefit period, or an increased premium basis.

Contact a disability specialist if you still have further questions.

[REQUEST A QUOTE]

**Guardian Disability Insurance**

To contact us:
Phone: 888-513-2300
Fax: 240-683-8334
Click here to send us an e-mail

DISCLAIMER