UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, </br></br>      Plaintiff </br></br>v. </br></br></br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, </br></br>      Defendants | )</br>)</br>)</br>)</br>)</br>)</br>)  Civil Action</br>)  No. 04-30166-RGS</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

**PLAINTIFF'S MOTION FOR AN ORDER REQUIRING THE DEFENDANTS TO STIPULATE, AS PREVIOUSLY AGREED, TO THE AMOUNTS OF BENEFITS AND PREMIUMS AT ISSUE**

      Plaintiff Carolyn Mirek hereby moves for an order requiring the Defendant insurers to enter into a stipulation with respect to the benefits and premium amounts at issue in this case, as they had previously agreed they would do, in order to avoid needless protraction of the trial. <u>See</u> Proposed Stipulation, Exhibit 1. There is no disagreement between the parties as to these numbers, and Defendants have represented in the past that they would stipulate to them. In fact, all of the paragraphs in the stipulation that is Exhibit 1, except for a slight change of wording in two paragraphs, are taken directly from a proposed stipulation signed by defense counsel. Compare Ex. 1 (paragraphs 10 and 7) with Ex. 3 (see markups).

      As of the date of the filing of this motion, Defendants have refused to stipulate unless the numbers are part of a larger stipulation encompassing numerous other areas. A stipulation regarding these numbers would allow the trial to focus on contested issues and

prevent the Plaintiff from having to waste time introducing needless testimony and calculations to the jury, particularly in light of time limits on trial testimony that the Court is likely to impose.

The issue of stipulating to premiums and benefits was first raised by Plaintiff prior to the parties submitting their pretrial memoranda. Plaintiff's counsel suggested doing so to streamline the testimony at trial. When Plaintiff was assured by Defendants that such a stipulation would not be a problem, Plaintiff submitted a list of witnesses and list of exhibits – as well as an estimate of the time needed for trial -- predicated on that representation. There was some correspondence between counsel about what the benefit amounts actually were, because of the difficulty of calculating a cost of living adjustment ("COLA") in the policy. Defense counsel even agreed in writing to stipulate to the amounts and provided Plaintiff's counsel with the figures. See Email from Edward Kimball to Joanne D'Alcomo (January 26, 2006), Exhibit 2. Although the numbers agreed to and included in the pretrial memorandum filed by Plaintiff, Defendants did not sign a stipulation to that effect.

Because the trial is scheduled for November 13, 2006, Plaintiff's counsel attempted once again to agree to a stipulation with Defendants in October. On October 16, 2006, Plaintiff's counsel emailed a draft stipulation to Defendants. The entire stipulation was 12 paragraphs. Defense counsel indicated a small change to the numbers and Plaintiff immediately revised it and sent a new version on October 19, which was also 12 paragraphs. After repeated calls and emails, Defendants expressed for the first time on October 23 that Defendants "do not agree on the language," without specifying the language that was at issue. The next day, Plaintiff's counsel emailed a new version

2

with only 8 paragraphs, believing that might alleviate any issues. Defense counsel responded only that they would provide a draft stipulation "shortly." In a phone call, defense counsel explained that it was taking a long time to review the stipulation because actuaries had to review the numbers again.

Eventually, after numerous additional phone calls and emails over two weeks, Defense counsel provided their proposed stipulation. which changed virtually nothing in the Plaintiff's "language" about premiums and benefits but added 11 new paragraphs, none of which related to the amounts of premiums and benefit payments at issue. None of the stipulations had even previously been discussed. See Exhibit 3 (Defendants' signed proposed stipulation from October 27, 2006). Defendants refused to agree only to the benefits and premiums, as they had previously indicated they would do. The Proposed Stipulation submitted to the Court at Exhibit 1 uses the language taken directly from the circled paragraphs in Defendants' proposed stipulation at Exhibit 3, with the sole exception of omitting the words "proves that she" in paragraphs 15 and 20. The stipulation omits all of the uncircled paragraphs, however, because they have nothing to do with the monthly premium payments and benefit payments that the parties had previously agreed to put into a stipulation.

Parties have an obligation under the local rules to eliminate "unnecessary or redundant proof, including the limitation of expert witnesses." Local Rule 16.5(E)(5); see also Mass. R. of Professional Conduct 3.2 ("A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.") Plaintiff relied upon Defendants' representation that the benefit and premium amounts could be stipulated to, and therefore did not indicate a need for any such testimony it her pretrial memorandum.

It is unfair for Defendants to now renege on that agreement in an attempt to coerce Plaintiff into signing something that has never been agreed to.

 For the reasons stated above, Plaintiff asks the Court to order Defendants to stipulate to the Proposed Stipulation attached as Exhibit 1.

            Respectfully submitted,

            PLAINTIFF CAROLYN MIREK

            By her Attorneys,

            /s/ Seth Nesin
            _____

            Joanne D'Alcomo
            BBO #544177
            Seth Nesin
            BBO #650739
            JAGER SMITH P.C.
            One Financial Center
            Boston, MA 02111
            (617) 951-0500

## Certificate Pursuant to L.R. 7.1(A)(2)

The undersigned certifies that counsel have conferred and have attempted in good faith to resolve or narrow the issues, and further that the provisions of Local Rule 7.1(A)(2) have been complied with.

/s/ Seth Nesin
_____
Seth Nesin