# Exhibit 1

**From:** Edward K Kimball <Edward_Kimball@berkshirelife.com>
**To:** "Joanne D'Alcomo" <jdalcomo@jagersmith.com>
**Date:** 10/27/06 11:11AM
**Subject:** Stipulation

Joanne:

As you know we I provided you with cola calculations about a year ago in an effort to facilitate a resolution of this case. For better or worse that hasn't happened and Seth first asked for my thoughts on a proposed stipulation in this matter on October 11th. Thereafter we went back and tried to verify the information in the proposal and Seth & I had some communications regarding the accuracy of the information as proposed. On October 16th Seth sent me a revised draft with corrections as to the December calculations. We did not and do not accept the language in Seth's proposal and I communicated that to Seth on October 23rd. However in an effort to narrow the areas of dispute and in recognition of the time limitations which will likely be imposed on the upcoming trial as well as Judge Stearns' judicial preference for efficiency in the presentation of evidence we have worked diligently and in good faith to respond to Plaintiff's request for a stipulation by drafting a stipulation that accomplishes the important objectives of efficiency in the presentation of evidence and accuracy in what is being stipulated to. This includes the applicable contract provisions quoted verbatim, Ms. Mirek's position as well as the possible scenarios that may lead to the return of none, some or all premiums paid and the possible award of none, some or all possible damages at issue. I'm sure the Court will appreciate our efforts to work together and assist the Court in achieving judicial efficiency and a pleasant trial experience for our jurors.

As you'll see, I've already signed the stipulation. Please simply countersign and return it to me via PDF and my office will file it electronically today.


Thanks
Ed


p.s. so much for the tigers....


(See attached file: Mirek Stip.pdf)



Edward K. Kimball, FLMI
Attorney III
Berkshire Life Insurance Company of America
700 South Street
Pittsfield MA 01201
vox: 413.395.4560
fax: 413.395.5990
Edward_Kimball@berkshirelife.com

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>　　　　Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>　　　　Defendants | Civil Action<br>No. 04-30166-RGS |

## STIPULATION BETWEEN THE PLAINTIFF CAROLYN MIREK AND THE DEFENDANTS GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

The plaintiff Carolyn Mirek and the defendants Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"), stipulate and agree to the following facts:

1. Carolyn Mirek was born on September 21, 1963. Carolyn Mirek lives in South Windsor Connecticut.

2. On or about February 15, 1993 Carolyn Mirek signed and submitted an application for individual disability income insurance to Guardian.

3. Guardian issued Disability Income Policy No G-723670 ("Policy") to Carolyn Mirek on or about March 19, 1993.

4. The Policy states "Total Disability means that, because of sickness or injury, you are not able to perform the major duties of your occupation."

5. The Policy states that "Your occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled."

6. Carolyn Mirek made a claim for total disability benefits stating that she had become "totally disabled," as defined by the Policy, beginning on December 27, 2001, due to latex allergy and carpal tunnel syndrome.

7. The Policy states "Residual disability means that you are at work and not totally disabled under the terms of this policy; but, because of sickness or injury, you are not able to earn at a rate of at least 80% of your prior income."

8. Carolyn Mirek does not claim that she is entitled to any residual disability benefits pursuant to the Policy at any time.

9. Carolyn Mirek was not totally disabled or residually disabled as a result of carpal tunnel syndrome at any time. Accordingly, Carolyn Mirek's sole claim is that she was totally disabled due to latex allergy.

10. Carolyn Mirek has continued to pay the monthly premium on the Policy every month to the present.

11. Carolyn Mirek's Monthly Indemnity under the Policy, if she had a "total disability" as defined by the Policy on December 27, 2001, would be $3,160, subject to a cost of living adjustment.

12. The Policy provides for a three month Elimination Period such that if Ms. Mirek became totally disabled as defined by the Policy on December 27, 2001 and if she continued to be totally disabled for three months, then the three month Elimination Period would have been satisfied and would have ended on March 27, 2002.

13. If Carolyn Mirek does not prove that she became totally disabled as defined by the Policy on December 27, 2001 and that she continued to be totally disabled under the Policy through March 27, 2002, then Carolyn Mirek is not entitled to any Monthly Indemnity payments under the Policy.

14. As an example, if Carolyn Mirek proves that she became totally disabled as defined by the Policy on December 27, 2001 and that she continued to be totally disabled under the Policy through March 27, 2002, but she ceased being totally disabled as of April 27, 2002, then Carolyn Mirek would be entitled to receive one Monthly Indemnity payment on April 27, 2002 for the period March 27 2002 through April 27, 2002.

15. If Carolyn Mirek proves that she was totally disabled pursuant to the Policy continuously from December 27, 2001 through November 1, 2006, then Carolyn

2

Mirek would be entitled to the following Monthly Indemnity payments which include the cost of living adjustments pursuant to the Policy:

1. 4/27/02: $3160.00
2. 5/27/02: $3160.00
3. 6/27/02: $3160.00
4. 7/27/02: $3160.00
5. 8/27/02: $3160.00
6. 9/27/02: $3160.00
7. 10/27/02: $3160.00
8. 11/27/02: $3160.00
9. 12/27/02: $3160.00
10. 1/27/03: $3207.85
11. 2/27/03: $3207.85
12. 3/27/03: $3207.85
13. 4/27/03: $3207.85
14. 5/27/03: $3207.85
15. 6/27/03: $3207.85
16. 7/27/03: $3207.85
17. 8/27/03: $3207.85
18. 9/27/03: $3207.85
19. 10/27/03: $3207.85
20. 11/27/03: $3207.85
21. 12/27/03: $3207.85
22. 1/27/04: $3282.29
23. 2/27/04: $3282.29
24. 3/27/04: $3282.29
25. 4/27/04: $3282.29
26. 5/27/04: $3282.29
27. 6/27/04: $3282.29
28. 7/27/04: $3282.29
29. 8/27/04: $3282.29
30. 9/27/04: $3282.29
31. 10/27/04: $3282.29
32. 11/27/04: $3282.29
33. 12/27/04: $3282.29
34. 1/27/05: $3365.59
35. 2/27/05: $3365.59
36. 3/27/05: $3365.59
37. 4/27/05: $3365.59
38. 5/27/05: $3365.59
39. 6/27/05: $3365.59
40. 7/27/05: $3365.59
41. 8/27/05: $3365.59
42. 9/27/05: $3365.59
43. 10/27/05: $3365.59

    44.    11/27/05: $3365.59
    45.    12/27/05: $3365.59
    46.    1/27/06: $3523.32
    47.    2/27/06: $3523.32
    48.    3/27/06: $3523.32
    49.    4/27/06: $3523.32
    50.    5/27/06: $3523.32
    51.    6/27/06: $3523.32
    52.    7/27/06: $3523.32
    53.    8/27/06: $3523.32
    54.    9/27/06: $3523.32
    55.    10/27/06: $3523.32

16. The total amount of the above Monthly Indemnity payments is: $181,941.96. This is the maximum Monthly Indemnity pursuant to the Policy that may be awarded by the Jury in this lawsuit.

17. If Carolyn Mirek proves that she remained totally disabled under the Policy from December 27, 2001 through March 27, 2002, but she does not prove that she continues to be totally disabled under the Policy through to the present, then Carolyn Mirek is only entitled to Monthly Indemnity payments under the Policy from April 27, 2002 through to the date that her total disability ceased.

18. Carolyn Mirek has made the following premium payments since December 27, 2001:

    1.    1/19/02: $162.35
    2.    2/19/02: $162.35
    3.    3/19/02: $162.35
    4.    4/19/02: $162.35
    5.    5/19/02: $162.35
    6.    6/19/02: $162.35
    7.    7/19/02: $162.35
    8.    8/19/02: $162.35
    9.    9/19/02: $162.35
    10.    10/19/02: $162.35
    11.    11/19/02: $162.35
    12.    12/19/02: $162.35
    13.    1/19/03: $162.35
    14.    2/19/03: $162.35
    15.    3/19/03: $162.35
    16.    4/19/03: $162.35
    17.    5/19/03: $162.35
    18.    6/19/03: $162.35
    19.    7/19/03: $162.35
    20.    8/19/03: $162.35

21. 9/19/03: $162.35
22. 10/19/03: $162.35
23. 11/19/03: $162.35
24. 12/19/03: $162.35
25. 1/19/04: $162.35
26. 2/19/04: $162.35
27. 3/19/04: $162.35
28. 4/19/04: $162.35
29. 5/19/04: $162.35
30. 6/19/04: $162.35
31. 7/19/04: $162.35
32. 8/19/04: $162.35
33. 9/19/04: $162.35
34. 10/19/04: $162.35
35. 11/19/04: $162.35
36. 12/19/04: $162.35
37. 1/19/05: $162.35
38. 2/19/05: $162.35
39. 3/19/05: $162.35
40. 4/19/05: $162.35
41. 5/19/05: $162.35
42. 6/19/05: $162.35
43. 7/19/05: $162.35
44. 8/19/05: $162.35
45. 9/19/05: $162.35
46. 10/19/05: $162.35
47. 11/19/05: $162.35
48. 12/19/05: $162.35
49. 1/19/06: $162.35
50. 2/19/06: $162.35
51. 3/19/06: $162.35
52. 4/19/06: $162.35
53. 5/19/06: $162.35
54. 6/19/06: $162.35
55. 7/19/06: $162.35
56. 8/19/06: $162.35
57. 9/19/06: $162.35
58. 10/19/06: $162.35

19. If Carolyn Mirek does not prove that she remained totally disabled under the Policy from December 27, 2001 through March 27, 2002, then Carolyn Mirek is not entitled to receive reimbursement of any premiums that she paid.

20. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through November 1, 2006, then she would be entitled to

5

reimbursement of the premiums she has paid for the Policy since December 27, 2001 which amounts to: $9,416.30.

21. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through March 27, 2002, but she does not prove that she continues to be totally disabled through to the present, then Carolyn Mirek is only entitled to reimbursement of premiums under the Policy for the time period that Carolyn Mirek proves that she was totally disabled.

| CAROLYN MIREK | THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, |
|---|---|
| By her attorneys, | By their attorneys, |
| Joanne D'Alcomo, Esq.<br>BBO #544177<br>Seth Nesin, Esq.<br>BBO #650739<br>Jager Smith, P.C.<br>One Financial Center<br>Boston, MA 02111-2621<br>Phone: (617) 951-0500<br>Fax: (617) 951-2414 | Edward Kimball, Esq.<br>700 South Street<br>Pittsfield, MA 01201<br>Phone: (413) 499-4321<br><br>David B. Crevier, Esq.<br>BBO #557242<br>Katherine R. Parsons<br>BBO #657280<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5727<br>Phone: (413) 787-2400<br>Fax: (413) 781-8235 |

Dated: October 27, 2006