# Exhibit 4

| | |
|---|---|
| From: | "Seth E. Nesin" <snesin@jagersmith.com> |
| To: | "David Crevier" <DCrevier@crevierandryan.com>, "Joanne D'Alcomo" <jdalcomo@jagersmith.com> |
| Date: | 10/27/06 1:51PM |
| Subject: | RE: Stipulation |

David:

Thanks for pointing out the typo in Paragraph 7. I've changed the date to November 1, 2006 on the attached.

--Seth

-----Original Message-----
From: David Crevier [mailto:DCrevier@crevierandryan.com]
Sent: Friday, October 27, 2006 1:40 PM
To: Joanne D'Alcomo; Seth E. Nesin
Cc: Edward_Kimball@berkshirelife.com
Subject: RE: Stipulation

Dear Counsel:

As I discussed with Joanne last week and as we have made clear through our correspondence, we are not willing to stipulate to one sided characterizations and wish to simplify a number of issues for the Court. In that regard, this is the support for the Stipulations proposed by Defendants (by Paragraph).

1. Plaintiff's date of birth and hometown are uncontested. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

2. Plaintiff admits to applying for the Policy, which application becomes part of the policy. Please inform us of the reason Plaintiff refuses to stipulate to simplify this uncontested matter for the Court and jury.

3. Does Plaintiff dispute that Guardian issued the Policy to Plaintiff? Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

4, 5 and 7. Contain verbatim policy provisions. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

8. Plaintiff on numerous occasions has informed the Defense that she makes no claim for residual benefits, which are dependant on income level. Plaintiff has made a motion to exclude her income post 12/31/01. Please inform Defense if Plaintiff maintains a residual disability claim and withdraws her motion in limine. If not, please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

9. Plaintiff has already stipulated that her claims are not based on carpal tunnel syndrome. See emails DBC to JD 5/26/05 stating that as a result of Plaintiff's stipulation a noticed deposition would be

scheduled and JD response 5/29/05 stating "carolyn mirek does not make a claim for the period at issue because of carpal tunnel syndrome." Please explain why Attorney D'Alcomo will not keep her word and inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

13, 14, 15, 16, and 17 provide the jury with all of the potential scenarios given the benefit amounts combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

10, 18, 19, 20 and 21 provide the jury with all of the potential scenarios given the return of premium combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

Plaintiff's stipulations are one sided and create an incorrect impression. In one case, no. 7, the dates are just plain wrong. Please provide us with your response promptly. I believe that we can take this issue up with Judge Stearns at our conference on November 8.

Sincerely,

David

David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400; fax (413) 781-8235
Dcrevier@crevierandryan.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

>>> "Seth E. Nesin" <snesin@jagersmith.com> 10/27/06 12:51 PM >>>
Ed:

These are the paragraphs, in the language you proposed, that deal with premiums and benefits. As Joanne mentioned in her voicemail, this is what we understood we were agreeing to by stipulating and this is what we'll file our motion on if Berkshire won't stipulate to them.

--Seth

CONFIDENTIALITY NOTICE: This Communication may contain privileged and
confidential information. It is intended only for the use of the recipient
named above. If you are not the intended recipient of this communication,
or the employee or agent responsible for delivering it to the intended
recipient, you are hereby notified that any dissemination, distribution, or
copying of this communication is strictly prohibited. If you have received
this communication in error or if you believe that you may have received
this communication in error, please immediately notify the sender by return
e-mail and permanently delete the original and any copy of this
communication.

---------------------------------------

This message, and any attachments to it, may contain information
that is privileged, confidential, and exempt from disclosure under
applicable law. If the reader of this message is not the intended
recipient, you are notified that any use, dissemination,
distribution, copying, or communication of this message is strictly
prohibited. If you have received this message in error, please
notify the sender immediately by return e-mail and delete the
message and any attachments. Thank you.

**CC:**          "David Crevier" <DCrevier@crevierandryan.com>, "Seth E. Nesin" <snesin@jagersmith.com>

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>      Plaintiff<br><br>v.<br><br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**STIPULATION BETWEEN THE PLAINTIFF CAROLYN MIREK AND THE DEFENDANTS GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**

The plaintiff Carolyn Mirek and the defendants Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"), stipulate and agree to the following facts:

1. Carolyn Mirek made a claim for benefits stating that she had become "totally disabled," as defined by the Policy, beginning on December 27, 2001, due to latex allergy and carpal tunnel syndrome.

2. Carolyn Mirek has continued to pay the monthly premium on the Policy every month to the present.

3. Carolyn Mirek's Monthly Indemnity under the Policy, if she had a "total disability" as defined by the Policy on December 27, 2001, would be $3,160, subject to a cost of living adjustment.

4. The Policy provides for a three month Elimination Period such that if Ms. Mirek became total disabled as defined by the Policy on December 27, 2001, and if she continued to be totally disabled for three months, then the three month

Elimination Period would have been satisfied and would have ended on March 27, 2002.

5. If Carolyn Mirek proves that she was totally disabled pursuant to the Policy continuously from December 27, 2001 through November 1, 2006, then Carolyn Mirek would be entitled to the following Monthly Indemnity payments which include the cost of living adjustments pursuant to the Policy:
    1. 4/27/02: $3160.00
    2. 5/27/02: $3160.00
    3. 6/27/02: $3160.00
    4. 7/27/02: $3160.00
    5. 8/27/02: $3160.00
    6. 9/27/02: $3160.00
    7. 10/27/02: $3160.00
    8. 11/27/02: $3160.00
    9. 12/27/02: $3160.00
    10. 1/27/03: $3207.85
    11. 2/27/03: $3207.85
    12. 3/27/03: $3207.85
    13. 4/27/03: $3207.85
    14. 5/27/03: $3207.85
    15. 6/27/03: $3207.85
    16. 7/27/03: $3207.85
    17. 8/27/03: $3207.85
    18. 9/27/03: $3207.85
    19. 10/27/03: $3207.85
    20. 11/27/03: $3207.85
    21. 12/27/03: $3207.85
    22. 1/27/04: $3282.29
    23. 2/27/04: $3282.29
    24. 3/27/04: $3282.29
    25. 4/27/04: $3282.29
    26. 5/27/04: $3282.29
    27. 6/27/04: $3282.29
    28. 7/27/04: $3282.29
    29. 8/27/04: $3282.29
    30. 9/27/04: $3282.29
    31. 10/27/04: $3282.29
    32. 11/27/04: $3282.29
    33. 12/27/04: $3282.29
    34. 1/27/05: $3365.59
    35. 2/27/05: $3365.59
    36. 3/27/05: $3365.59
    37. 4/27/05: $3365.59
    38. 5/27/05: $3365.59
    39. 6/27/05: $3365.59

    40. 7/27/05: $3365.59
    41. 8/27/05: $3365.59
    42. 9/27/05: $3365.59
    43. 10/27/05: $3365.59
    44. 11/27/05: $3365.59
    45. 12/27/05: $3365.59
    46. 1/27/06: $3523.32
    47. 2/27/06: $3523.32
    48. 3/27/06: $3523.32
    49. 4/27/06: $3523.32
    50. 5/27/06: $3523.32
    51. 6/27/06: $3523.32
    52. 7/27/06: $3523.32
    53. 8/27/06: $3523.32
    54. 9/27/06: $3523.32
    55. 10/27/06: $3523.32

6. The total amount of the above Monthly Indemnity payments is: $181,941.96.

7. The parties also agree that if Carolyn Mirek is found to have a "total disability" as defined by the Policy on December 27, 2001, through November 1, 2006, she would be entitled to reimbursement of premiums she has paid since December 27, 2001, because the policy provides that a policyholder does not have to pay for premiums if he or she is disabled.

8. Carolyn Mirek has made the following premium payments since December 27, 2001:

    1. 1/19/02: $162.35
    2. 2/19/02: $162.35
    3. 3/19/02: $162.35
    4. 4/19/02: $162.35
    5. 5/19/02: $162.35
    6. 6/19/02: $162.35
    7. 7/19/02: $162.35
    8. 8/19/02: $162.35
    9. 9/19/02: $162.35
    10. 10/19/02: $162.35
    11. 11/19/02: $162.35
    12. 12/19/02: $162.35
    13. 1/19/03: $162.35
    14. 2/19/03: $162.35
    15. 3/19/03: $162.35
    16. 4/19/03: $162.35
    17. 5/19/03: $162.35
    18. 6/19/03: $162.35

19. 7/19/03: $162.35
20. 8/19/03: $162.35
21. 9/19/03: $162.35
22. 10/19/03: $162.35
23. 11/19/03: $162.35
24. 12/19/03: $162.35
25. 1/19/04: $162.35
26. 2/19/04: $162.35
27. 3/19/04: $162.35
28. 4/19/04: $162.35
29. 5/19/04: $162.35
30. 6/19/04: $162.35
31. 7/19/04: $162.35
32. 8/19/04: $162.35
33. 9/19/04: $162.35
34. 10/19/04: $162.35
35. 11/19/04: $162.35
36. 12/19/04: $162.35
37. 1/19/05: $162.35
38. 2/19/05: $162.35
39. 3/19/05: $162.35
40. 4/19/05: $162.35
41. 5/19/05: $162.35
42. 6/19/05: $162.35
43. 7/19/05: $162.35
44. 8/19/05: $162.35
45. 9/19/05: $162.35
46. 10/19/05: $162.35
47. 11/19/05: $162.35
48. 12/19/05: $162.35
49. 1/19/06: $162.35
50. 2/19/06: $162.35
51. 3/19/06: $162.35
52. 4/19/06: $162.35
53. 5/19/06: $162.35
54. 6/19/06: $162.35
55. 7/19/06: $162.35
56. 8/19/06: $162.35
57. 9/19/06: $162.35
58. 10/19/06: $162.35

9. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through November 1, 2006, then she would be entitled to reimbursement of the premiums she has paid for the Policy since December 27, 2001 which amounts to: $9416.30.

JS#154806v1

| | |
|---|---|
| CAROLYN MIREK | THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, |
| By her attorneys, | By their attorneys, |

Joanne D'Alcomo, Esq.
BBO #544177
Seth Nesin, Esq.
BBO #650739
Jager Smith, P.C.
One Financial Center
Boston, MA 02111-2621
Phone: (617) 951-0500
Fax: (617) 951-2414

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Phone: (413) 499-4321

David B. Crevier, Esq.
BBO #557242
Katherine R. Parsons
BBO #657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Phone: (413) 787-2400
Fax: (413) 781-8235

Dated: October 11, 2006

JS#154806v1