UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30166-RGS

| | |
|---|---|
| CAROYLN MIREK, | ) |
|     Plaintiff, | ) ) ) |
| vs. | ) **HAROLD AXE, M.D.'S MOTION** ) **TO QUASH SUBPOENA** ) **(Expedited Consideration** |
| THE GUARDIAN LIFE INSURANCE, COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) **Requested)** ) ) ) ) |
|     Defendants. | ) ) |

## INTRODUCTION

Non-party Harold Axe, M.D. ("Dr. Axe") hereby moves, pursuant to Fed. R. Civ. P. 45, to quash the subpoena ("Subpoena") that was served by the plaintiff, Carolyn Mirek ("Plaintiff"), on Dr. Axe to appear as a witness at the November 14, 2006 trial in the captioned matter. Grounds for this motion are: (1) Dr. Axe lives outside of Massachusetts and the 100-mile travel zone set forth in Fed. R. Civ. P. 45; and (2) compliance with the subpoena would pose an undue burden on Dr. Axe.

## FACTS[1]

In or around mid-2002, at the request of the defendant in this case, Berkshire Life Insurance Company of America ("Defendant"), Dr. Axe reviewed the medical records of the Plaintiff and provided a report setting forth his impressions and conclusions regarding those records. Exh. A, ¶¶ 5, 6. Dr. Axe's report was apparently used by the Defendant in making a coverage determination with respect to a policy held by the Plaintiff. Dr. Axe has not been

---

[1] The facts herein are supported by the Affidavit of Harold Axe, M.D. (Exhibit A).

456870v1

identified as an expert in this matter, and the Defendants have represented that they do not intend to call him as a witness at the trial commencing November 14, 2006. Exh. A, ¶10. The Plaintiff took the deposition of Mr. Axe for five hours on September 16, 2006. Exh. A, ¶ 7.

Dr. Axe lives at 151 Guinea Road, Stamford, Connecticut, which is over 100 miles by car to the Federal Courthouse in Springfield. Exh. A, ¶ 3. The distance is just under 100 miles "as the crow flies" in a straight line from the Court. Exh. A, ¶ 4. Dr. Axe maintains offices in connection with his medical practice in New York City and in Central, Ohio. On November 14th and 15th Dr. Axe is scheduled to see and treat roughly 60 to 70 patients at his offices in Central Ohio. Dr. Axe is scheduled to be in his New York office seeing patients on November 16, 2006.

## ARGUMENT

1. **The Subpoena Should Be Quashed Because It Would Require Dr. Axe To Travel More Than 100 Miles From Stamford Connecticut To Springfield, Massachusetts.**

Fed. R. Civ. P. 45(c)(3)(A) provides that on motion, "the court by which a subpoena was issued shall quash or modify the subpoena if it . . . (ii) requires a person who is not a party . . . to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person . . .". Two alternative tests have been used by Courts in measuring the 100-mile restriction in Rule 45: (1) the shortest usual route test and; (2) the straight line or "as the crow flies" test. *See generally,* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2461. The express language of the rule, which limits an out-of-state non-party witnesses "travel" to 100 miles, suggests that the shortest usual route test is the appropriate test. *See, e.g., Merchant Bank of New York v. Grove Silk, Co.*, 11 F.R.D. 439, 440 (M.D. Pa. 1951) (quashing subpoena). However, Courts, particularly prior to the wide availability of mileage calculation tools on the Internet, adopted and used the straight line or "as the crow flies" test,

relying on manual ruler measurements on resources like the Rand McNally Road Atlas, because of the purported ease of calculating the distance and for consistency. *See, e.g., D'Alessandro v. Johnson & Wales Univ.*, No. CIV. 94-543-SD, 1995 WL 113928 at n.7 (gathering cases, but holding that 105 miles is outside Court's jurisdiction). The now widely available driving directions and precise distance measurements of shortest routes of public travel available through Internet services like Mapquest.com and Yahoo! Driving Directions provide accurate and consistent measurements of the distances witnesses must actually "travel". *Cf. Khaaliq v. Pennsylvania State Univ.*, No. CIV.A. 02-CV-480 2002 WL 1042349 at *2 (D. Pa. May 23, 2002) (citing http://maps.yahoo.com for distance from courthouse of majority of witnesses). Here, Mapquest.com's shortest route of public travel establishes that Dr. Axe's residence at 151 Guinea Road, Stamford, Connecticut is 101.48 miles travel distance from the Courthouse. For this reason, the Subpoena should be quashed.

**2. The Subpoena Subjects Dr. Axe To Undue Burden.**

The subpoena should be quashed for the separate and additional reason that compliance with the Subpoena would result in an undue burden on Dr. Axe. "A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(a). Failure to do so may result in sanctions by the Court. *Id.* The Court may quash a subpoena that subjects "a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The Court may opt for requiring that the subpoenaed non-party be reasonably compensated if the party issuing the subpoena shows a "substantial need for the testimony" that "cannot be otherwise met without undue hardship." Fed. R. Civ. P. 3(B)(iii).

If the Subpoena were not quashed, it would result in a significant logistic and financial burden on Dr. Axe. Specifically, he could not be available on two hours notice from Ohio, where

3

he is scheduled to see patients on November 14 and 15, or from New York City, where he is scheduled to see patients on November 16. Therefore, Dr. Axe, to be safe, would likely be required to cancel and reschedule the approximately 60 to 70 patient appointments scheduled in Ohio on November 14 and 15 and the appointments scheduled in New York City on November 16. In addition to the administrative time that would be necessary to cancel and reschedule the appointments, Dr. Axe would lose the billing expected for his medical services and potentially patients who have had appointments for some time to see him.

The Defendants have no intention of offering Dr. Axe as a witness or proffering his testimony at the trial commencing on November 14th. The Plaintiff had a full opportunity to question and obtain a record of Dr. Axe's testimony at his deposition, which lasted for over five hours. Therefore, there is no "substantial need" for Dr. Axe's presence or any "undue burden" on the Plaintiff by his absence at trial.

## CONCLUSION

For the foregoing reasons Dr. Axe respectfully requests that the Court quash the trial testimony subpoena of Dr. Axe in an expedited manner. Dr. Axe requests expedited review so that he may make arrangements as necessary.

Pursuant to Local Rule 7.1, Defendants have conferred with Plaintiff's counsel prior to filing this motion in an effort to resolve or narrow the issue.

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter

Respectfully submitted,
HAROLD AXE, M.D.
By His Attorneys:

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter, Esq. BBO No.631922
Seth M. Wilson, Esq. BBO No.640270
Bulkley, Richardson and Gelinas, LLP
1500 Main Street, Suite 2700
Springfield, MA 01115
Tel: 413-781-2820
Fax: 413-272-6805

Dated: November 8, 2006

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served upon the attorney of record for each party through the ECF system and by first class mail on November 8, 2006.

| | |
|---|---|
| David B. Crevier, Esq.<br>Katherine R. Parsons<br>Crevier & Ryan, LLP<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5727 | Defendants, The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America |
| Joanne D'Alcomo, Esq.<br>Seth Nesin, Esq.<br>Jager Smith P.C.<br>One Financial Center<br>Boston, MA 02111 | Plaintiff, Carolyn Mirek |

                                  /s/ Jeffrey E. Poindexter
                                  Jeffrey E. Poindexter

456870