UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br><br>v.<br><br><br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action<br>)  No. 04-30166-MAP<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S MOTION FOR RECONSIDERATION ON RULING
CONCERNING SIGNING OF STIPULATION AGREED TO BY DEFENDANTS**

    Plaintiff Carolyn Mirek hereby moves for reconsideration of the Court's order denying her motion requiring the Defendants to sign a stipulation of facts to which they had already agreed to stipulate. The Court was under the mistaken impression that the Defendants had not already agreed to stipulate to the facts. <u>In fact, the Defendants did agree to stipulate to the facts,</u> but just refused to sign the stipulation containing such facts. The Court has the inherent power to enforce an agreement by a party with another party in the course of litigation. For example, an agreement to settle a claim during the course of litigation is enforced just like any other contract. <u>O'Rourke v. Jason, Inc.</u>, 978 F.Supp. 41, 45 (D. Mass. 1997).

    In this case, the parties agreed to stipulate to the amount of benefits and premiums at issue. The agreement as to benefits is even in writing and signed on behalf of the Defendants by Attorney Edward Kimball. See attachments to Motion. The Court has the

authority to enforce such an agreement by compelling the Defendants to sign the stipulation, or to deem it signed by the Defendants.

The Defendants should not be permitted to ambush the plaintiff by agreeing – prior to the filing of the pre-trial memorandum in this case – to stipulate to the amount of benefits of premiums, and then reneging right before trial. The agreement to stipulate during litigation is an enforceable agreement in the same way that an agreement during litigation to settle a claim is enforceable by the Court.  For these reasons, the Plaintiff requests that the Court reconsider its decision and grant plaintiff's motion, or enter an order deeming the facts stipulated to.

.

        Respectfully submitted,

        PLAINTIFF CAROLYN MIREK

        By her Attorneys,

        /s/Joanne D'Alcomo
        _____

        Joanne D'Alcomo
        BBO #544177
        Seth Nesin
        BBO #650739
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500