UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action |
| ) | No. 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF'S MOTION TO ADD A WITNESS TO PLAINTIFF'S WITNESS LIST WHO CAN TESTIFY REGARDING THE COST-OF-LIVING INCREASE CALCULATION UNDER THE INSURANCE CONTRACT, DUE TO DEFENDANTS' RENEGING ON AN AGREEMENT TO STIPULATE TO THE AMOUNT OF BENEFITS**

The plaintiff Carolyn Mirek hereby moves to amend its witness list to add a witness to give testimony concerning the amount of the cost of living increase calculations under the disability insurance contract, which affects the amount of the monthly benefits at issue. Plaintiff had not previously included such a witness on her list because of the written as well as oral agreement of defense counsel that they would enter into a stipulation. Although there is no dispute concerning the amounts, the defendants have now refused to sign such a stipulation. Plaintiff's additional witness could be either: 1) Edward Kimball, Berkshire's in-house counsel who signed answer to interrogatories on behalf of the defendants in this lawsuit and who has acted to verify the numbers at

issue; 2) a different corporate representative identified by Berkshire with knowledge of these numbers; or, if necessary, 3) a witness identified by Plaintiff capable of providing such testimony.

Prior to the pretrial memoranda in which witnesses were identified, Plaintiff's counsel approached Defense counsel with the idea of stipulating to premiums and benefits to streamline the testimony at trial. When Plaintiff was assured by Defendants' counsel that a stipulation would be entered into, Plaintiff submitted a list of witnesses and list of exhibits predicated on that representation. Defense counsel even agreed in writing to stipulate to the amounts and provided Plaintiff's counsel with the figures. See Email from Edward Kimball to Joanne D'Alcomo (January 26, 2006), See Docket No. 98, Exhibit 2.

On October 16, 2006, Plaintiff's counsel once again attempted to get Defendants to enter into a stipulation with respect to the amounts of premiums and benefits. Counsel for both sides agreed upon the numbers at issue. However, after repeated communications, Defense counsel indicated that they did not intend to enter into the stipulation unless Plaintiff agreed to stipulate to a number of other issues that had not previously been discussed. Plaintiff, who did not wish to stipulate to the issues that had previously not been agreed to, filed a motion to compel Defendants to enter into the originally-agreed to stipulation. See Docket No. 98. The Court denied the motion on November 9, 2006, holding that it did not have the power to force Defendants to stipulate.

Ms. Mirek's benefits under the policy have a cost of living adjustment that changes the amount each year. The Court's denial of the motion to stipulate puts Plaintiff

in a situation in which it will be difficult to impossible to provide the jury with the correct numbers, *despite the fact that neither party disagrees as to what they are*.  Due to the representations of Defense counsel about stipulating, Plaintiff had not included any such witnesses or evidence on her witness list, believing such testimony to be unnecessary.

Plaintiff therefore asks the court to allow Plaintiff to supplement her witness list with one of the following witnesses:  1) Edward Kimball, Berkshire's in-house counsel who has knowledge of the numbers; 2) a different corporate representative identified by Berkshire with knowledge of these numbers; or, if necessary, 3) a witness to be identified by Plaintiff as capable of providing such testimony.

Mr. Kimball has previously acknowledged that Berkshire agrees with the numbers that Plaintiff has provided to him.  See Email from Edward Kimball to Seth Nesin (Oct. 23, 2006), Exhibit 1.  To the extent Berkshire has concerns about its attorney also appearing as a witness, any other qualified corporate representative identified by Berkshire with knowledge of these numbers would be acceptable.  Lastly, if the Court is unwilling to require Berkshire to designate a witness, Plaintiff asks to permit Plaintiff to add a witness of her choosing to the witness list capable of testifying to the correct numbers based upon the language in the Plaintiff's policy.

JS#155827v1

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin
_____

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500

JS#155827v1