# EXHIBIT A

# JAGER SMITH P.C.

COUNSELORS AT LAW

ONE FINANCIAL CENTER
BOSTON, MASSACHUSETTS 02111
telephone 617 951 0500
facsimile 617 951 2414
www.jagersmith.com

**JOANNE D'ALCOMO**
jdalcomo@jagersmith.com

November 9, 2006

*Via E-mail*
Edward K. Kimball, Esq.
Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201-8285

David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5727

>      Re:   *Carolyn Mirek v. The Guardian Life Insurance Company of America and*
>            *Berkshire Life Insurance Company of America,* Civil Action No. 05-30246-MAP,
>            United States District Court, District of Massachusetts

Dear Ed and David:

This stipulation is being signed conditionally; the condition is that the judge not approve
our motions filed today.

Sincerely,

Joanne D'Alcomo

JDA/gs
Enclosures

JS#155848v1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN MIREK, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
|  | ) Civil Action ) No. 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) ) ) ) |
| Defendants | ) ) |

## STIPULATION BETWEEN THE PLAINTIFF CAROLYN MIREK AND THE DEFENDANTS GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

The plaintiff Carolyn Mirek and the defendants Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"), stipulate and agree to the following facts:

1. Carolyn Mirek was born on September 21, 1963. Carolyn Mirek lives in South Windsor Connecticut.

2. On or about February 15, 1993 Carolyn Mirek signed and submitted an application for individual disability income insurance to Guardian.

3. Guardian issued Disability Income Policy No G-723670 ("Policy") to Carolyn Mirek on or about March 19, 1993.

4. The Policy states "Total Disability means that, because of sickness or injury, you are not able to perform the major duties of your occupation."

5. The Policy states that "Your occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled."

6. Carolyn Mirek made a claim for total disability benefits stating that she had become "totally disabled," as defined by the Policy, beginning on December 27, 2001, due to latex allergy and carpal tunnel syndrome.

7. The Policy states "Residual disability means that you are at work and not totally disabled under the terms of this policy; but, because of sickness or injury, you are not able to earn at a rate of at least 80% of your prior income."

8. Carolyn Mirek does not claim that she is entitled to any residual disability benefits pursuant to the Policy at any time.

9. Carolyn Mirek was not totally disabled or residually disabled as a result of carpal tunnel syndrome at any time. Accordingly, Carolyn Mirek's sole claim is that she was totally disabled due to latex allergy.

10. Carolyn Mirek has continued to pay the monthly premium on the Policy every month to the present.

11. Carolyn Mirek's Monthly Indemnity under the Policy, if she had a "total disability" as defined by the Policy on December 27, 2001, would be $3,160, subject to a cost of living adjustment.

12. The Policy provides for a three month Elimination Period such that if Ms. Mirek became totally disabled as defined by the Policy on December 27, 2001 and if she continued to be totally disabled for three months, then the three month Elimination Period would have been satisfied and would have ended on March 27, 2002.

13. If Carolyn Mirek does not prove that she became totally disabled as defined by the Policy on December 27, 2001 and that she continued to be totally disabled under the Policy through March 27, 2002, then Carolyn Mirek is not entitled to any Monthly Indemnity payments under the Policy.

14. As an example, if Carolyn Mirek proves that she became totally disabled as defined by the Policy on December 27, 2001 and that she continued to be totally disabled under the Policy through March 27, 2002, but she ceased being totally disabled as of April 27, 2002, then Carolyn Mirek would be entitled to receive one Monthly Indemnity payment on April 27, 2002 for the period March 27 2002 through April 27, 2002.

15. If Carolyn Mirek proves that she was totally disabled pursuant to the Policy continuously from December 27, 2001 through November 1, 2006, then Carolyn

2

Mirek would be entitled to the following Monthly Indemnity payments which include the cost of living adjustments pursuant to the Policy:

1.  4/27/02: $3160.00
2.  5/27/02: $3160.00
3.  6/27/02: $3160.00
4.  7/27/02: $3160.00
5.  8/27/02: $3160.00
6.  9/27/02: $3160.00
7.  10/27/02: $3160.00
8.  11/27/02: $3160.00
9.  12/27/02: $3160.00
10. 1/27/03: $3207.85
11. 2/27/03: $3207.85
12. 3/27/03: $3207.85
13. 4/27/03: $3207.85
14. 5/27/03: $3207.85
15. 6/27/03: $3207.85
16. 7/27/03: $3207.85
17. 8/27/03: $3207.85
18. 9/27/03: $3207.85
19. 10/27/03: $3207.85
20. 11/27/03: $3207.85
21. 12/27/03: $3207.85
22. 1/27/04: $3282.29
23. 2/27/04: $3282.29
24. 3/27/04: $3282.29
25. 4/27/04: $3282.29
26. 5/27/04: $3282.29
27. 6/27/04: $3282.29
28. 7/27/04: $3282.29
29. 8/27/04: $3282.29
30. 9/27/04: $3282.29
31. 10/27/04: $3282.29
32. 11/27/04: $3282.29
33. 12/27/04: $3282.29
34. 1/27/05: $3365.59
35. 2/27/05: $3365.59
36. 3/27/05: $3365.59
37. 4/27/05: $3365.59
38. 5/27/05: $3365.59
39. 6/27/05: $3365.59
40. 7/27/05: $3365.59
41. 8/27/05: $3365.59
42. 9/27/05: $3365.59
43. 10/27/05: $3365.59

44.  11/27/05: $3365.59
45.  12/27/05: $3365.59
46.  1/27/06: $3523.32
47.  2/27/06: $3523.32
48.  3/27/06: $3523.32
49.  4/27/06: $3523.32
50.  5/27/06: $3523.32
51.  6/27/06: $3523.32
52.  7/27/06: $3523.32
53.  8/27/06: $3523.32
54.  9/27/06: $3523.32
55.  10/27/06: $3523.32

16. The total amount of the above Monthly Indemnity payments is: $181,941.96. This is the maximum Monthly Indemnity pursuant to the Policy that may be awarded by the Jury in this lawsuit.

17. If Carolyn Mirek proves that she remained totally disabled under the Policy from December 27, 2001 through March 27, 2002, but she does not prove that she continues to be totally disabled under the Policy through to the present, then Carolyn Mirek is only entitled to Monthly Indemnity payments under the Policy from April 27, 2002 through to the date that her total disability ceased.

18. Carolyn Mirek has made the following premium payments since December 27, 2001:

1.  1/19/02: $162.35
2.  2/19/02: $162.35
3.  3/19/02: $162.35
4.  4/19/02: $162.35
5.  5/19/02: $162.35
6.  6/19/02: $162.35
7.  7/19/02: $162.35
8.  8/19/02: $162.35
9.  9/19/02: $162.35
10.  10/19/02: $162.35
11.  11/19/02: $162.35
12.  12/19/02: $162.35
13.  1/19/03: $162.35
14.  2/19/03: $162.35
15.  3/19/03: $162.35
16.  4/19/03: $162.35
17.  5/19/03: $162.35
18.  6/19/03: $162.35
19.  7/19/03: $162.35
20.  8/19/03: $162.35

4

| | |
|---|---|
| 21. | 9/19/03: $162.35 |
| 22. | 10/19/03: $162.35 |
| 23. | 11/19/03: $162.35 |
| 24. | 12/19/03: $162.35 |
| 25. | 1/19/04: $162.35 |
| 26. | 2/19/04: $162.35 |
| 27. | 3/19/04: $162.35 |
| 28. | 4/19/04: $162.35 |
| 29. | 5/19/04: $162.35 |
| 30. | 6/19/04: $162.35 |
| 31. | 7/19/04: $162.35 |
| 32. | 8/19/04: $162.35 |
| 33. | 9/19/04: $162.35 |
| 34. | 10/19/04: $162.35 |
| 35. | 11/19/04: $162.35 |
| 36. | 12/19/04: $162.35 |
| 37. | 1/19/05: $162.35 |
| 38. | 2/19/05: $162.35 |
| 39. | 3/19/05: $162.35 |
| 40. | 4/19/05: $162.35 |
| 41. | 5/19/05: $162.35 |
| 42. | 6/19/05: $162.35 |
| 43. | 7/19/05: $162.35 |
| 44. | 8/19/05: $162.35 |
| 45. | 9/19/05: $162.35 |
| 46. | 10/19/05: $162.35 |
| 47. | 11/19/05: $162.35 |
| 48. | 12/19/05: $162.35 |
| 49. | 1/19/06: $162.35 |
| 50. | 2/19/06: $162.35 |
| 51. | 3/19/06: $162.35 |
| 52. | 4/19/06: $162.35 |
| 53. | 5/19/06: $162.35 |
| 54. | 6/19/06: $162.35 |
| 55. | 7/19/06: $162.35 |
| 56. | 8/19/06: $162.35 |
| 57. | 9/19/06: $162.35 |
| 58. | 10/19/06: $162.35 |

19. If Carolyn Mirek does not prove that she remained totally disabled under the Policy from December 27, 2001 through March 27, 2002, then Carolyn Mirek is not entitled to receive reimbursement of any premiums that she paid.

20. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through November 1, 2006, then she would be entitled to

5

reimbursement of the premiums she has paid for the Policy since December 27, 2001 which amounts to: $9,416.30.

21. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through March 27, 2002, but she does not prove that she continues to be totally disabled through to the present, then Carolyn Mirek is only entitled to reimbursement of premiums under the Policy for the time period that Carolyn Mirek proves that she was totally disabled.


CAROLYN MIREK

By her attorneys,

_____
Joanne D'Alcomo, Esq.
BBO #544177
Seth Nesin, Esq.
BBO #650739
Jager Smith, P.C.
One Financial Center
Boston, MA 02111-2621
Phone: (617) 951-0500
Fax: (617) 951-2414


THE GUARDIAN LIFE INSURANCE
COMPANY OF AMERICA and
BERKSHIRE LIFE INSURANCE COMPANY OF
AMERICA,

By their attorneys,

_____
Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Phone: (413) 499-4321

David B. Crevier, Esq.
BBO #557242
Katherine R. Parsons
BBO #657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Phone: (413) 787-2400
Fax: (413) 781-8235


Dated: October 27, 2006