UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30166-RGS

| | |
|---|---|
| CAROYLN MIREK,<br><br>        Plaintiff,<br><br>vs.<br><br>THE GUARDIAN LIFE INSURANCE,<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>        Defendants. | **NON-PARTY<br>DONALD MORGAN'S MOTION<br>TO QUASH SUBPOENA**<br>**(Expedited Consideration<br>Requested)** |

## INTRODUCTION

Non-party Donald Morgan ("Mr. Morgan") hereby moves, pursuant to Fed. R. Civ. P. 45, to quash the subpoena ("Subpoena") that was served by the plaintiff, Carolyn Mirek ("Plaintiff"), on Mr. Morgan to appear as a witness at the November 14, 2006 trial in the captioned matter. Grounds for this motion are: (1) Mr. Morgan lives beyond the 100-mile travel zone set forth in Fed. R. Civ. P. 45; and (2) the Plaintiff has no substantial need for Mr. Morgan to appear as a witness because his expected testimony is not relevant and, in any event, the Plaintiff has taken Mr. Morgan's deposition.

## FACTS[1]

Mr. Morgan is a former employee of Berkshire Life Insurance Company of America ("Defendant"). Exh. A, ¶ 2. Mr. Morgan's last position with the company was Vice President of Underwriting. Exh. A, ¶ 2. He ceased being an employee of the Defendant in or around May 2004. Exh. A, ¶ 2. On September 21, 2005, Plaintiff's counsel took Mr. Morgan's deposition in

---

[1] The facts herein are supported by the Affidavit of Donald Morgan. (Exhibit A).

458736v1

connection with this case. Exh. A, ¶ 5. Mr. Morgan was asked and responded to questions at that time about various issues relating to his underwriting duties. Exh. A, ¶ 5. Mr. Morgan currently lives on Cape Cod at 5 Bennets Neck Drive, Pocasset Massachusetts. Exh. A, ¶ 1. Mr. Morgan's residence is 124.72 miles driving distance to the Federal Courthouse in Springfield and over 100 miles "as the crow flies" in a straight line to the Courthouse. Exh. A, ¶¶ 3, 4.

## ARGUMENT

Fed. R. Civ. P. 45(c)(3)(B) provides that the court may quash an in-state non-party subpoena if it requires a person "to incur substantial expense to travel more than 100 miles to attend trial." Under these circumstances, the person serving the subpoena must show a "substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated".

Two alternative tests have been used by Courts in measuring the 100-mile restriction in Rule 45: (1) the shortest usual route test and; (2) the straight line or "as the crow flies" test. *See generally,* Wright & Miller, Federal Practice and Procedure: Civil 2d § 2461. The express language of the rule, which refers to "travel" of 100 miles, suggests that the shortest usual route test is the appropriate test. *See, e.g., Merchant Bank of New York v. Grove Silk, Co.*, 11 F.R.D. 439, 440 (M.D. Pa. 1951) (quashing subpoena). However, several Courts, particularly prior to the wide availability of mileage calculation tools on the Internet, adopted and used the straight line or "as the crow flies" test, relying on manual ruler measurements on resources like the Rand McNally Road Atlas, because of the purported ease of calculating the distance and for consistency. *See, e.g., D'Alessandro v. Johnson & Wales Univ.*, No. CIV. 94-543-SD, 1995 WL 113928 at n.7 (gathering cases, but holding that 105 miles is outside Court's jurisdiction). The now widely available driving directions and precise distance measurements of shortest routes of public travel

available through Internet services like Mapquest.com and Yahoo! Driving Directions provide accurate and consistent measurements of the distances witnesses must actually "travel". *Cf. Khaaliq v. Pennsylvania State Univ.,* No. CIV.A. 02-CV-480 2002 WL 1042349 at *2 (D. Pa. May 23, 2002) (citing http://maps.yahoo.com for distance from courthouse of majority of witnesses). Therefore, the actual driving mileage calculation arguably is more accurate and consistent than ruler measurement on an atlas.

In Mr. Morgan's case, both tests place him outside the 100-mile subpoena zone for non-party in-state witnesses. Specifically, Mr. Morgan's residence at 5 Bennets Neck Drive, Pocasset Massachusetts is 124.72 travel miles from the United States District Court for the District of Massachusetts, Western Section, Courthouse. Under the strait line test, Mr. Morgan's residence also is over 100 miles away from the courthouse. Attendance at the trial would require Mr. Morgan to travel over three hours. Additionally, Mr. Morgan may not be called on the first day of trial and, therefore, may be required to travel to the courthouse several times or pay for accommodations near Springfield until he is called. The Plaintiff does not require Mr. Morgan's live testimony at trial since the Plaintiff took Mr. Morgan's deposition on September 21, 2005. Moreover, according to the Defendants' Motion in Limine to Exclude Irrelevant Evidence (Dkt. 61), testimony regarding the Defendant's underwriting practices, the expected testimony of Mr. Morgan, is not relevant to the claims at issue in the trial. Based on the travel and other burdens of the Subpoena and the fact that the Plaintiff has no "substantial need" for Mr. Morgan's appearance at trial, the Subpoena should be quashed.

## CONCLUSION

For the foregoing reasons Mr. Morgan respectfully requests that the Court quash the trial subpoena of Mr. Morgan. Mr. Morgan requests expedited review pursuant to Local Rule 5.1(c) so that he may make arrangements as necessary.

|  |  |
|---|---|
| Pursuant to Local Rule 7.1, Defendants have conferred with Plaintiff's counsel prior to filing this motion in an effort to resolve or narrow the issue.<br><br>/s/ Jeffrey E. Poindexter<br>Jeffrey E. Poindexter | Respectfully submitted,<br>DONALD MORGAN<br>By His Attorneys:<br><br>/s/ Jeffrey E. Poindexter<br>Jeffrey E. Poindexter, Esq. BBO No.631922<br>Bulkley, Richardson and Gelinas, LLP<br>1500 Main Street, Suite 2700<br>Springfield, MA 01115<br>Tel: 413-781-2820<br>Fax: 413-272-6805<br>jpoindexter@bulkley.com |

Dated: November 10, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party through the ECF system and by first class mail on November 10, 2006.

| | |
|---|---|
| David B. Crevier, Esq.<br>Katherine R. Parsons<br>Crevier & Ryan, LLP<br>1500 Main Street, Suite 2020<br>Springfield, MA 01115-5727 | Defendants, The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America |
| Joanne D'Alcomo, Esq.<br>Seth Nesin, Esq.<br>Jager Smith P.C.<br>One Financial Center<br>Boston, MA 02111 | Plaintiff, Carolyn Mirek |

/s/ Jeffrey E. Poindexter
Jeffrey E. Poindexter