UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30166-RGS

| | |
|---|---|
| CAROYLN MIREK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   **DR. TIMOTHY A. NEWMAN'S MOTION** |
| vs. | )   **TO QUASH SUBPOENA** |
| | )   **(Expedited Consideration** |
| THE GUARDIAN LIFE INSURANCE, | )   **Requested)** |
| COMPANY OF AMERICA and | ) |
| BERKSHIRE LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
|     Defendants. | ) |

## INTRODUCTION

Non-party Timothy A. Newman, M.D. ("Dr. Newman") hereby moves, pursuant to Fed. R. Civ. P. 45, to quash the subpoena ("Subpoena") that was served by the plaintiff, Carolyn Mirek ("Plaintiff"), on Dr. Newman to appear as a witness at the October 11, 2006 trial in the captioned matter. The trial in the captioned matter was continued to November 13, 2006 and Dr. Newman is presumably still subject to the Subpoena. The Grounds for this motion are: (1) Dr. Newman has previously been deposed in this matter and compliance with the subpoena would pose an undue burden on Dr. Newman in that his physician has indicated that it would pose a health risk to Dr. Newman.

456870v1

# FACTS[1]

Dr. Newman is employed with Defendant Berkshire Life Insurance Company of America ("Defendant") as Medical Director. Ex A ¶ 2. As Medical Director Dr. Newman's primary responsibilities are operating Defendant's in-house medical clinic and providing medical consultation to Defendant's underwriting department. The Plaintiff took the deposition of Mr. Newman on September 20, 2005. Exh. A, ¶ 9.

Dr. Newman suffered a myocardial infarction on December 20, 2005. Exh. A. ¶ 3. Dr. Newman's Myocardial Infarction required three coronary stents and he was on bed rest and/or confined to his home until February 2006. Exh. A. ¶ ¶ 3, 4. Since suffering the myocardial infarction Dr. Newman has been under the continuing care of multiple physicians for various cardiac related health problems including anxiety induced high blood pressure and complications from the medications that he must continue to take in order to survive. Exh. A. ¶ ¶ 3, 5. Dr. Newman was not able to return to work at Berkshire until May 15, 2006 and since then he has worked at reduced hours and under strict orders from his physicians to avoid any stressful situations. Exh. A, ¶ 6. Dr. Newman's physicians have advised him that he should not expose himself to anything that will cause him to experience an increased anxiety level because that will create an increased chance of him experiencing acute adverse medical conditions. Exh. A, ¶ 7. Dr. Newman and his physicians have agreed that being compelled to testify at trial will cause him to experience an increased anxiety level and thereby subject him to an increased risk of experiencing acute adverse medical conditions. Exh. A, ¶ 8.

On November 10, 2006, counsel for Defendant received a faxed letter from one of Dr. Newman's physicians, Dr. Eugene Heyman. Exh.B. The letter is self explanatory in stating that Dr. Heyman's opinion is that Dr. Newman is partially disabled with heart disease, has difficulties

---

[1] The facts herein are supported by the Affidavit of Timothy A. Newman, M.D. (Exhibit A) and the letter dated November 10, 2006 from Dr. Eugene Heyman (Exhibit B)

with the side effects of his medications and that Dr. Newman should not be exposed to anxiety producing litigation. Exh. B.

## ARGUMENT

1. **The Subpoena Should Be Quashed Because Testifying at Trial Would Jeopardize Dr. Newman's Health and Therefore The Subpoena Subjects Dr. Newman to an Undue Burden.**

The subpoena should be quashed because compliance with the Subpoena would result in an undue burden on Dr. Newman. "A party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena." Fed. R. Civ. P. 45(a). Failure to do so may result in sanctions by the Court. *Id.* The Court may quash a subpoena that subjects "a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). The Court may opt for requiring that the subpoenaed non-party be reasonably compensated if the party issuing the subpoena shows a "substantial need for the testimony" that "cannot be otherwise met without undue hardship." Fed. R. Civ. P. 3(B)(iii).

If the Subpoena were not quashed, it would result in a significant medical burden on Dr. Newman. Specifically, he would likely experience anxiety induced high blood pressure and would have an increased risk of suffering an acute adverse medical condition.

The Defendants do not intend to offer Dr. Newman as a witness or proffer his testimony at the trial commencing on November 13th. The Plaintiff had a full opportunity to question and obtain a record of Dr. Newman's testimony at his deposition, which lasted for several hours. Therefore, there is no "substantial need" for Dr. Newman's presence or any "undue burden" on the Plaintiff by his absence at trial.

3

## **CONCLUSION**

For the foregoing reasons Dr. Newman respectfully requests that the Court quash the trial testimony subpoena of Dr. Newman in an expedited manner.  Dr. Newman requests expedited review so that he may make arrangements as necessary.

| | |
|---|---|
| Pursuant to Local Rule 7.1, Defendants have conferred with Plaintiff's counsel prior to filing this motion in an effort to resolve or narrow the issue.<br><br>/s/Edward K. Kimball<br>Edward K. Kimball | Respectfully submitted,<br>TIMOTHY A. NEWMAN<br>By His Attorney:<br><br>/s/David B. Crevier<br>David B. Crevier, BBO No. 557242<br>Crevier & Ryan, LLP.<br>1500 Main Street, Suite 2020<br>Springfield, MA 011115<br><br>/s/Edward K. Kimball<br>Edward Kimball, Esq. BBO No. 636865<br>BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA<br>700 South Street<br>Pittsfield, MA 01201 |

**CERTIFICATE OF SERVICE**

    I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 10th day of November 2006.

                          /s/David B. Crevier