UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>      Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>      Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action<br>) No. 04-30166-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S OPPOSITION TO DONALD MORGAN'S MOTION TO QUASH TRIAL SUBPOENA (Docket No. 106)**

Plaintiff Carolyn Mirek hereby opposes the motion brought by Donald Morgan on the Friday before trial to quash the subpoena that was served by Plaintiff on him more than a month ago. Mr. Morgan is within subpoena range and his motion to quash on the eve of trial appears to be part of a concerted effort by Defendants to keep the jury from seeing and assessing various corporate representatives who have been deposed in this case. The last-minute motion should be denied.

**I. Background**

Plaintiff filed this lawsuit in state court in Boston in June 2004. The case was removed to federal court by Defendants and transferred to the Western Division (Springfield) sua sponte by the court.

Mr. Morgan was a managerial employee of Defendant Berkshire Life Insurance Company of America ("Berkshire") through May 2004. Plaintiff noticed Morgan for a

deposition in this case on September 2, 2005. The location plaintiff designated for the deposition was Boston. See Notice of Deposition, Ex. 1. Despite the fact that Morgan was no longer an employee, Berkshire counsel represented Morgan to schedule the deposition and represented him at the deposition. At the insistence of Mr. Morgan and Berkshire counsel, the deposition was moved from Boston – which was closer to Mr. Morgan's home in Mashpee, Massachusetts, and was more convenient for plaintiff's Boston counsel – to Pittsfield, the headquarters of Berkshire. The justification that Berkshire counsel Edward Kimball gave for insisting that the deposition be conducted in Pittsfield was:

> **"Don lives on the Cape in the summer and outside of Albany the rest of the year."**

See Email from Edward K. Kimball to Joanne D'Alcomo (September 6, 2005), Ex. 2. The deposition was taken on September 21, 2005. The deposition was later designated by the Defendants as 30(b)(6) testimony on a variety of topics. See Stipulation Concerning 30(b)(6) topics, Ex. 3.

Plaintiff identified Mr. Morgan as a potential witness in the pretrial memorandum first filed on January 20, 2006. See Docket No. 46. Plaintiff served Mr. Morgan with a subpoena for trial testimony on October 5, 2006. See Exhibit 4. On November 10, 2006, the Friday before trial was to begin (and a federal holiday), the attorney who two days earlier had moved to quash the deposition of another witness, Harold Axe, M.D., see Docket No. 100, filed a motion to quash Morgan's deposition. To the best of Plaintiff's knowledge, Dr. Axe and Mr. Morgan have no relationship with each other and have never spoken. On November 10, 2006, the same day that the motion to quash Morgan's

2

subpoena was filed, Defense counsel filed yet another motion to quash the subpoena of Dr. Timothy Newman, Berkshire's medical director. See Docket No. 108.

## II. Argument

### A. Mr. Morgan Is Subject To Subpoena Power

Mr. Morgan admits that he has a residence in the state of Massachusetts, and therefore he is subject to the subpoena power set out in Rule 45(b)(2). Mr. Morgan argues, however, that he should not be compelled to appear at trial based upon Rule 45(c)(3)(B), which states that the court *may* quash or modify a subpoena that "requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial." This argument fails for several reasons.

#### *1. Mr. Morgan Has Not Made Any Showing of "Substantial Expense"*

Rule 45(c)(3)(B), which Mr. Morgan relies upon indicates that a subpoena to an in-state witness may only be quashed or modified if it requires the witness to "incur substantial expense to travel more than 100 miles." Although Mr. Morgan's motion discusses the fact that his home on the Cape is apparently a 124 mile drive from the courthouse, there is no mention of any "substantial expense" that Mr. Morgan would incur. The only reference to possible expense is the speculation that "Mr. Morgan may be required to travel to the courthouse several times or pay for accommodations near Springfield." See Docket No. 106 at 3. Mr. Morgan's testimony would not be exceptionally lengthy and can easily be completed in less than half a day. Plaintiff is perfectly willing to work with Mr. Morgan and his counsel to assure that he need only make one trip to Springfield. There would be no "substantial expense" involved, and

therefore the Court may not quash the subpoena under Rule 45(c)(3)(B). It probably cost more in attorney's fees for the motion to quash to be prepared than it would cost Mr. Morgan to get to Springfield. Moreover, Plaintiff has already paid Mr. Morgan the required witness fee under Rule 45 to procure his attendance in Springfield.

### 2. Mr. Morgan Should Be Treated As An "Officer" of Berkshire For Purposes of This Rule

Another reason why Rule 45(c)(3)(B) does not apply to Mr. Morgan's subpoena is because it only applies to a witness "who is not a party or an officer of a party." Although Mr. Morgan is not a current employee of Berkshire, he is the functional equivalent, because his deposition testimony has been designated by the company as 30(b)(6) testimony. See Stipulation Concerning 30(b)(6) topics, Ex. 3. It would be unfair for Defendants to use Mr. Morgan as a corporate representative for a deposition, and then have Mr. Morgan assert that he need not attend trial because he is not an officer of the company. If Mr. Morgan is considered to be an officer of Berkshire, then the Court may not quash the subpoena under Rule 45(c)(3)(B).

### 3. Mr. Morgan's Claim of Burden Is Inconsistent With His and Berkshire's insistence that his deposition be conducted in Pittsfield

Mr. Morgan argues that because of "travel and other burdens," the subpoena to Mr. Morgan should be quashed. The argument that travel from Cape Cod to Springfield is overly burdensome is inconsistent with defense counsel's representations when Mr. Morgan's deposition was scheduled. Plaintiff initially scheduled Mr. Morgan's deposition for Boston. Defense counsel, who represented Mr. Morgan at the time, told Plaintiff's counsel to schedule the deposition in Pittsfield, Massachusetts, which is

4

considerably further from Cape Cod than Boston, and which was more inconvenient for Plaintiff's counsel who is based in Boston.  Berkshire's counsel explained that "Don lives on the Cape in the summer and outside of Albany the rest of the year."  See Email from Edward K. Kimball to Joanne D'Alcomo (Sept.6, 2005), Ex. 2.

>    *4. Even If Rule 45(c)(3)(B) Somehow Applies, The Court Should Exercise Its Discretion Not To Quash The Subpoena Because There is No Just Reason to Allow It, and Its Allowance Would Unfairly Prejudice the Plaintiff*

For the reasons stated above, Plaintiff does not believe that the Court has the power to quash Mr. Morgan's subpoena under Rule 45(c)(3)(B).  But if the Court disagrees with that conclusion, the Rule merely states that the Court "***may*** . . . quash or modify the subpoena." (emphasis added).  There are several reasons why the Court should exercise its discretion not to quash the subpoena.

>    a)  The Motion is Untimely

As an initial matter, Mr. Morgan's attempt to quash the subpoena is untimely.  Plaintiff identified Mr. Morgan as a potential witness in the pretrial memorandum first filed on January 20, 2006.  See Docket No. 46.  Plaintiff served Mr. Morgan with a subpoena for trial testimony on October 5, 2006.  See Exhibit 1.  It was only on the Friday before trial was to begin (and a federal holiday) that Plaintiff first heard that Mr. Morgan had any objection to the subpoena or any plans to move to quash.  There is no justifiable reason for this delay.

>    b)  The Motion Appears To Be Part Of A Larger Defense Strategy

There is also reason to believe that Mr. Morgan is not acting independently, but rather, as part of a strategy with Defendants.  The counsel who filed Mr. Morgan's

5

motion also filed a motion to quash the subpoena to a different witness in this case, Dr. Harold Axe, of Connecticut, <u>just two days earlier</u>.  See Docket No. 100.  Other than their connection to this case, there is no reason to believe that Dr. Axe and Mr. Morgan have any association with each other.  It is a fair inference that Defendants are working behind the scenes to manipulate the presence of witnesses, since both witnesses suddenly filed motions to quash, using the same attorney, within two days of one another.  This is hardly a coincidence when both witnesses had been listed by plaintiff since January, and had been subpoenaed weeks earlier.  Indeed, Dr. Axe had represented at his deposition that he would be willing to travel to Springfield for the trial if plaintiff's counsel so requested.  When his motion was filed by the attorney he and Mr. Morgan share, however, his position became that his appearance would be burdensome.  Furthermore, on November 10, 2006, the same day that the motion to quash Morgan's subpoena was filed, Defense counsel filed a motion to quash the subpoena of yet another corporate witness, Dr. Timothy Newman, Berkshire's medical director.

      The Defendants indicated to the Court at the November 8, 2006 pretrial conference that they do not intend to call a single corporate representative, other than their two expert witnesses, who have never been Berkshire employees and who had no involvement in this matter until 2005, more than three years after the claim was filed.  Three motions to quash have now been filed at the last minute to block the appearance at trial of two corporate representatives and a physician who acted on behalf of the Defendants to evaluate Plaintiff's claim.  It appears as if Mr. Morgan's motion to quash is part of a larger strategy by Defendants to keep any corporate representatives off the stand

6

– or at least, a strategy to narrow down plaintiff's options to a single corporate witness who apparently Berkshire favors to take the stand and face the jury (Barbara Smachetti).

### c) The Court Chose The Western District, Not The Plaintiff

Since the Court transferred the action sua sponte from Boston to Springfield, and it was not plaintiff's choice, Plaintiff should not be deprived of the ability to call a former Berkshire employee to the Springfield courthouse.

In transferring this action to the Western Division, the Court presumably made the decision that it would be more convenient for the Defendants.  It would be unfair for the Plaintiff to be deprived of calling a Berkshire corporate witness at trial who would have had no ability to complain about the distance to Boston, because Mashpee is well within the 100 miles to which Mr. Morgan's motion refers.

### d) The Plaintiff Has A Substantial Need For Mr. Morgan's Testimony

Plaintiff has a substantial need for Mr. Morgan's testimony in her case-in-chief or in rebuttal, particularly in light of the other motions to quash filed in this case.  Mr. Morgan is a corporate representative capable of testifying to Berkshire's beliefs about the treatment of latex allergy, and the dangers of latex allergy. The plaintiff did not conduct Mr. Morgan's deposition with an eye toward using the deposition at trial, because she had no reason to believe that Mr. Morgan would not be available at trial. She only conducted a short deposition of Mr. Morgan, because she had every reason to believe that his testimony need not be preserved for the trial: he was comfortably within subpoena range under Rule 45 and  he had traveled to Pittsfield – at the other end of the state from Masphee – for his deposition.

Plaintiff therefore asks the Court to deny his motion to quash.

> Respectfully submitted,
>
> PLAINTIFF CAROLYN MIREK
>
> By her Attorneys,
>
> /s/ Seth Nesin
> _____
>
> Joanne D'Alcomo
> BBO #544177
> Seth Nesin
> BBO #650739
> JAGER SMITH P.C.
> One Financial Center
> Boston, MA 02111
> (617) 951-0500