# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>    Plaintiff<br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendants | Civil Action<br>No. 04-30166-MAP |

TO:   Timothy A. Newman, M.D.
       47 Pinecrest Drive
       Dalton, MA 01226

    YOU ARE HEREBY COMMANDED to appear at the place, date, and time specified below to testify at the trial of the above-referenced case.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| Courtroom 1<br>U.S. District Court<br>Federal Building and Courthouse<br>1550 Main Street<br>Springfield, MA 01103<br>(413)785-0015 | WEDNESDAY, OCTOBER 11, 2006 at 9:00 A.M. and continuing from day to day until completed.* |

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>JOANNE D'ALCOMO, ESQ.<br>ATTORNEY FOR PLAINTIFF CAROLYN MIREK | DATE:  September 13, 2006<br><br>*/s/ Joanne D'Alcomo* |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Joanne D'Alcomo, Esq.
JAGER SMITH PC
One Financial Center
Boston, MA 02111
617-951-0500

    * Witness need not appear at this time if witness agrees to be available on 2 hours telephone notice and supplies a telephone number at which witness may be reached for this purpose.

JS#152477v1

AO88 (Rev. 1/94) Subpoena in a Civil Case

PROOF OF SERVICE



**Office of the Sheriff** • 467 Cheshire Road • Pittsfield, MA 01201 • (413) 443-6841

*Berkshire, ss.*

September 18, 2006

I hereby certify and return that on 9/16/2006 at 1:24PM I served a true and attested copy of the Witness/Deposition Subpoena in this action in the following manner: To wit, by delivering in hand to Timothy A. Newman, M.D. at 47 Pinecrest Drive, Dalton, MA 01226. Service Fee ($30.00), Travel ($27.56), Witness Fee ($53.00), Postage & Handling ($1.00), Attestation ($5.00), Conveyance ($2.10) Total Charges $118.66

Deputy Sheriff, Antonio J. Marcella

*Deputy Sheriff*

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.