UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, )<br>)<br>Plaintiff )<br>)<br>v. )<br>)<br>)<br>)<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA and )<br>BERKSHIRE LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendants )<br>) | Civil Action<br>No. 04-30166-MAP |

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF, OR REFERENCES TO, WORKERS COMPENSATION CLAIM BROUGHT BY PLAINTIFF**

Plaintiff Carolyn Mirek hereby moves in limine to preclude any evidence of, or any reference to, the workers compensation claim brought by Plaintiff in the trial of this action scheduled for November 13, 2006. Plaintiff's motion includes references to the claim itself, as well as a settlement in connection with that claim.

Ms. Mirek brought a claim before the State of Connecticut Workers' Compensation Commission because of her work-related disability as a dental hygienist. The claim was eventually settled. The fact that she filed a worker's compensation claim, and settled that claim, is irrelevant. To the extent Defendants argue that it has any relevance at all, its probative value is outweighed by the substantial prejudice Plaintiff would suffer by the introduction of such evidence.

An analogous situation exists in the personal injury context, where a defendant seeks to introduce evidence that the plaintiff has received worker's compensation or some

other form of compensation for his or her injury. Such evidence is routinely excluded, due to a concern that juries will factor in evidence of these "collateral benefits" when determining liability. See Eichel v. New York Central R. Co., 375 U.S. 253, 255 (1963) (per curiam) ("In our view the likelihood of misuse by the jury clearly outweighs the value of this evidence").

References to, or evidence about, the workers' compensation claim may also create a negative impression to the jury, because some jurors might believe that Ms. Mirek is overly litigious. For this reason alone, exclusion of the evidence is justified.

Plaintiff has no reason to believe Defendants plan to introduce any direct evidence of such claim and therefore did not file this motion earlier. Plaintiff is only filing it now out of an abundance of caution.

For the reasons stated above, all evidence relating to, and all references to, the workers' compensation claim must be precluded.

Respectfully submitted,

PLAINTIFF CAROLYN MIREK

By her Attorneys,

/s/ Seth Nesin

---

Joanne D'Alcomo
BBO #544177
Seth Nesin
BBO #650739
JAGER SMITH P.C.
One Financial Center
Boston, MA 02111
(617) 951-0500