## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>   Plaintiff,<br><br> vs.<br><br>THE GUARDIAN LIFE INSURANCE<br>COMPANY OF AMERICA and<br>BERKSHIRE LIFE INSURANCE<br>COMPANY OF AMERICA,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO.: 04-30166-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' MOTION REGARDING AGREED AND ADMITTED EXHIBIT

  The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby file this Motion Regarding an Exhibit to which the parties Agreed prior to the Final Pretrial Conference, which the Court deemed admitted at the Final Pretrial Conference, and which Plaintiff now refuses to provide to the Court as an Agreed exhibit.

  As required by the Procedural Order Regarding Final Pretrial Conference, prior to the Final Pretrial Conference, the parties exchanged exhibits, and as a result agreed on three lists of documents:  1) "Agreed to Exhibits"; 2) "Defendants' Objected to Proposed Exhibits"; and 3) "Plaintiff's Agreed to Proposed Exhibits".

  On November 7, 2006 – one day prior to the Final Pretrial Conference -- Plaintiff sent the exhibit lists to Defendants stating:  "Here are copies of the exhibit lists numbered in the way Judge Stearns requests . .."   The Agreed Exhibit List had 16 Exhibits, including Exhibit 8, "Case

Review Report from James R. Garb M.D" ("Agreed Exhibit 8").  See Correspondence and Agreed Exhibit List attached as Exhibit 1.

On November 8, 2006, the Court conducted the Final Pre-Trial Conference with the parties at which the Court informed the parties that Agreed Exhibits were deemed admitted and that no other steps need be taken to admit those exhibits.

On November 10, 2006 – with the Court closed due to Veterans Day with no time to approach the Court prior to the trial date – Plaintiff counsel, in contravention of the Court's order that Agreed Exhibits are deemed Admitted, informed Defendants that she was withdrawing her Agreement as to Agreed Exhibit 8.  See Exhibit 2.  In addition to attempting to unilateral revoke her Agreement, Plaintiff counsel informed Plaintiff that "While I may offer [Agreed Exhibit 8] at some point, I am not offering it now."  Id. .

Defendants informed Plaintiff's counsel that "We do not agree to your withdrawal of Agreement on Exhibit 8.  The Court ordered that Agreed to exhibits are deemed admitted.  It will be introduced as an Exhibit."  See Exhibit 3.

Plaintiff's counsel responded by stating that "Admission of an exhibit does not occur until the Court reporter is present and the exhibits are admitted."  Further, as is her practice, Plaintiff's counsel told Defense counsel "If you have a problem with that – please take it up with the judge."  See Exhibit 4.

Plaintiff cannot be permitted to revoke the Agreed to and deemed admitted Exhibit.  In light of the Court's clear instruction on this issue, her logic is tortured.  First, Plaintiff claimed that although attempting to revoke Agreement, she may still introduce Agreed Exhibit 8, thereby creating a fourth set of Exhibits – those which Defendants Agree and which Plaintiff may Agree.  Then, Plaintiff stated that Agreed and deemed Admitted exhibits are not Agreed to until they are

Admitted.  This circular logic completely destroys the purpose of Agreement in that upon Agreement, the parties need not waste time and money, and then the Court and jury's time, introducing an exhibit to which the parties agree.  By the Plaintiff's logic, a party could revoke agreement just prior to the document being formally admitted, sandbagging their opponent.

In light of the Plaintiff's numerous pleadings falsely accusing Defendants of revoking agreement on stipulations, it is not only in contravention of this Court's order, but hypocritical beyond all bounds for Plaintiff to revoke agreement on Agreed to Exhibit 8.  Accordingly, Defendants' request that the Court order that Agreed Exhibit 8 be included with all of the other Agreed Exhibits provided to the Jury.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

/s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel:  413-787-2400
Facsimile:  413-781-8235
Email: dcrevier@crevierandryan.com
           kparsons@crevierandryan.com


/s/Edward Kimball
Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel:  413-499-4321

## **LOCAL RULE 7.1 CERTIFICATION**

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

/s/David B. Crevier

## **CERTIFICATE OF SERVICE**

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 13th day of November 2006.

/s/David B. Crevier