# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO.: 04-30166-RGS |
| | ) |
| THE GUARDIAN LIFE INSURANCE | ) |
| COMPANY OF AMERICA and | ) |
| BERKSHIRE LIFE INSURANCE | ) |
| COMPANY OF AMERICA, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION AND REQUEST THAT THE COURT ENTER STIPULATION SIGNED BY BOTH PARTIES

The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby file this Opposition to Plaintiff's misleadingly titled "Motion For Reconsideration on Ruling Concerning Signing of Stipulation Agreed to By Defendants". ("Motion For Reconsideration").

### FACTUAL BACKGROUND AND OPPOSITION

The Court has requested that the Defendants' file an opposition to Plaintiff's Motion for Reconsideration Attempting to Compel Stipulation. Defendants' rely on their previously submitted Opposition to Plaintiff's Motion to Force Defendants to Agree to Stipulate a copy of which is attached hereto as Exhibit 1 for the convenience of the Court ("Defendants Opposition"). In Defendants' Opposition, Defendants detail: 1) that although there is no disagreement on the amount of the monthly benefit Plaintiff seeks to collect – the Defendants

refuse to sign the slanted stipulation provided by Plaintiff or to have more than one stipulation presented to the jury; and 2) that Defendants proposed a stipulation to Plaintiff that included: a) facts to which **both parties** have agreed to over the course of this litigation; and b) a comprehensive presentation of the operative policy provisions and the numerous potential conclusions the jury may reach – as opposed to Plaintiff's proffered stipulation which anticipates only a victory for Plaintiff.  Amazingly, while continuing to threaten Defendants and make inflammatory motions regarding Plaintiff's proffered stipulation – Plaintiff has signed and returned Defendants' Proposed Stipulation.  <u>See Fully Executed Stipulation Signed by Both Parties attached as Exhibit 2.</u>   For the reasons set forth below, the Court should enter the Stipulation Signed by Both Parties.

On November 9, 2006 at 2:39 PM this Court denied Plaintiff's Motion To Enforce Stipulation and urged the parties to come to an agreement. <u>See</u> ECF Notice, Exhibit 3.  On November 9, 2006 at 3:34 PM Plaintiff filed her Motion For Reconsideration.  <u>See</u> ECF Notice, Exhibit 4.  At no time between 2:39 PM and 3:34 PM did counsel for Plaintiff even bother to attempt to meet and confer with counsel for Defendants.  As a result of having failed to meet and confer or to follow the Court's urging the parties to reach agreement, Plaintiff's Motion For Reconsideration failed to contain a Local Rule 7.1 certification.  It also failed to contain a certificate of service.

At 3:58 p.m., Plaintiff filed a Motion to Add a Witness inflammatorily and incorrectly alleging that Defendants reneged on an agreement.  <u>See</u> ECF Notice, Exhibit 5.  Similar to her Motion for Reconsideration, the Motion to Add a Witness failed to contain a Local Rule 7.1 Certificate or a certificate of service.  At 4:15 PM, just 45 minutes after filing her Motion For Reconsideration in violation of Local Rule 7.1, and 17 minutes after filing her motion to add a

witness in violation of Local Rule 7.1., Plaintiff's counsel (through her legal assistant) sent Defendants an email containing the Fully Executed Stipulation and Plaintiff's Cover Letter signed by Plaintiff's counsel. See Email From Gina Suk, Exhibit 6. **By this Fully Executed Stipulation Signed by Both Parties all issues before the Court on this topic are moot.**

At 4:26 PM, eleven minutes after Plaintiff filed her motion on which there was no conference, and to which Defendants had no chance to respond, the Court granted Plaintiff's Motion to Add a Witness. See ECF Notice Exhibit 7. Six minutes later, at 4:32 PM Plaintiff's counsel emailed Defendants' counsel to let Defendants know that they interpreted the Court's ruling as giving them authority to add Defendants' trial counsel as a fact witness and that they planned on calling Defendants' trial counsel as a witness. See Email from Seth Nesin, Exhibit 8. Finally on November 10, 2006 at 5:44 PM Plaintiff sent an email this time threatening that unless Defendants agreed to sign Plaintiff's slanted stipulation, Plaintiff would call Defendants' trial counsel as a witness. See Email from Joanne D'alcomo, Exhibit 9.

## PRIOR UNDERTAKINGS

The Court's Order regarding Plaintiff's Motion For Reconsideration instructed Defendants to be prepared to discuss any prior undertakings on their part relative to a stipulation. The Facts are very simple: Defendants have bent over backwards in providing Plaintiff with the calculations as to the benefits that are potentially at issue in this case. Defendants first provided that information to Plaintiff Fourteen Months ago, updated Plaintiff in January 2006 and again in October 2006. Defendants have consistently been ready, willing and able to enter into a stipulation that was fair, complete and accurate and which included the benefits that are potentially at issue in this case. Defendants are simply not willing to agree to Plaintiff's slanted and incomplete stipulation and this Court is correct not to force Defendants to sign a stipulation

that Defendants don't agree to and have never agreed to.  A description of the prior undertakings is attached to this Motion.  See Prior Undertakings, Exhibit 10.

**REQUESTED RELIEF**

As detailed above, in the course of one afternoon, Plaintiff has 1) violated Rule 7.1 and the rules pertaining to certificates of service on multiple occasions; 2) made inflammatory and incorrect allegations impugning the integrity of the defendants' trial counsel; and 3) threatened on two occasions to call defendants' trial counsel as a witness unless Defendants agree to her one-sided, incomplete, and slanted presentation of undisputed facts.  This Court should not tolerate Plaintiff's attempt to turn this case into a three ring circus.

Where the moving party fails to comply with the local rules, dismissal of the Motion is warranted along with Sanctions.  See e.g. Converse Inc. v. Reebok Int'l Ltd. 328 F.Supp. 2d 166 at 170-171 (2004).  In Converse Inc., Judge Lindsay ratified Judge Alexander's finding that that a party's failure to comply with Local Rule 7.1 "is an offense that harms the District Court as much as" the opposing party.  Id. at 171.  "*Local Rule 7.1 was designed primarily for the benefit of an overburdened District Court, because it forces the parties to present issues for resolution by the court only where agreement is not possible after good faith consultation*." (emphasis added). Id.   Judge Lindsay then ordered sanctions in the amount of $15,000.00. Id.  **Here, Plaintiff not only failed to confer consistent with the Local Rules, she blatently violated the Local Rules two times within the span of thirty minutes, she also utterly failed to follow this Court's explicit urging the parties to try to reach agreement.**

As sanctions in this matter, the Defendants' Request that the Court:  1) Order that the Stipulation **Signed by Both Parties** be entered as the stipulation to be provided to the Jury; 2)

4

Deny Plaintiff's non-compliant inflammatory Motion for Reconsideration; 3) Vacate its order that Plaintiff be permitted to call an additional witness to testify to matters that have been made moot as a result of the Stipulation Signed by Both Parties; and 4) Order that Plaintiff's counsel refrain from threatening to call Defendant's trial counsel as a witness.  This sanction will serve numerous purposes in that:  1) it will enter a Stipulation to which both parties have agreed;[1] 2) it will simplify numerous issues for the jury; and 3) it will end Plaintiff's improper crusade wasting the resources of this Court and improperly impugning the integrity of the Defendants.

---

[1] Plaintiff's cover letter dated November 9, 2006 and signed by Plaintiff's counsel contains an unilateral attempt to make the Stipulation Signed by Both Parties "conditional" by stating that the Fully Executed Stipulation "is being signed conditionally; the condition is that the judge not approve our motions filed today." See Plaintiff's Cover Letter, Exhibit 6.  By this attempted unilateral condition, to which the Defendants never agreed, Plaintiff is perfectly content to have Defendants and this Court waste time responding to Plaintiff's erroneous Motion For Reconsideration because she knows that she already has a Fully Executed Stipulation in her back pocket.  As the result of the Plaintiff's failure to comply with Rule 7.1, and for the reasons set forth above, the Court must deny either or both of Plaintiff motions, thereby making the Stipulation Signed by Both Sides fully effective even by Plaintiff's tortured attempt to have her cake and eat it too.

5

        Respectfully Submitted,

        Defendants The Guardian Life Insurance
        Company of America and Berkshire Life
        Insurance Company of America

        By their attorneys,

        CREVIER & RYAN, LLP.


        /s/David B. Crevier
        David B. Crevier, Bar No. 557242
        Katherine R. Parsons, Bar No. 657280
        1500 Main Street, Suite 2020
        Springfield, MA 01115-5727
        Tel:  413-787-2400
        Facsimile:  413-781-8235
        Email: dcrevier@crevierandryan.com
            kparsons@crevierandryan.com


        /s/Edward Kimball
        Edward Kimball, Bar No. 636865
        700 South Street
        Pittsfield, MA 01201
        Tel:  413-499-4321

## CERTIFICATE OF SERVICE

    I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 13th day of November 2006

        /s/David B. Crevier