**From:** David Crevier
**To:** jdalcomo@jagersmith.com; Nesin, Seth
**Date:** 10/27/06 1:39PM
**Subject:** RE: Stipulation

Dear Counsel:

As I discussed with Joanne last week and as we have made clear through our correspondence, we are not willing to stipulate to one sided characterizations and wish to simplify a number of issues for the Court. In that regard, this is the support for the Stipulations proposed by Defendants (by Paragraph).

1. Plaintiff's date of birth and hometown are uncontested. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

2. Plaintiff admits to applying for the Policy, which application becomes part of the policy. Please inform us of the reason Plaintiff refuses to stipulate to simplify this uncontested matter for the Court and jury.

3. Does Plaintiff dispute that Guardian issued the Policy to Plaintiff? Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

4, 5 and 7. Contain verbatim policy provisions. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

8. Plaintiff on numerous occasions has informed the Defense that she makes no claim for residual benefits, which are dependant on income level. Plaintiff has made a motion to exclude her income post 12/31/01. Please inform Defense if Plaintiff maintains a residual disability claim and withdraws her motion in limine. If not, please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

9. Plaintiff has already stipulated that her claims are not based on carpal tunnel syndrome. See emails DBC to JD 5/26/05 stating that as a result of Plaintiff's stipulation a noticed deposition would be scheduled and JD response 5/29/05 stating "carolyn mirek does not make a claim for the period at issue because of carpal tunnel syndrome." Please explain why Attorney D'Alcomo will not keep her word and inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

13, 14, 15, 16, and 17 provide the jury with all of the potential scenarios given the benefit amounts combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

10, 18, 19, 20 and 21 provide the jury with all of the potential scenarios given the return of premium combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

Plaintiff's stipulations are one sided and create an incorrect impression. In one case, no. 7, the dates are just plain wrong. Please provide us with your response promptly. I believe that we can take this issue up with Judge Stearns at our conference on November 8.

Sincerely,

David

David B. Crevier, Esq.

# Exhibit 3

David Crevier - RE: Spam:RE: Depositions in Mirek                                                    Page 1
Case 3:04-cv-30166-RGS    Document 99-4    Filed 11/02/2006    Page 2 of 5

**From:** "Joanne D'Alcomo" <jdalcomo@jagersmith.com>
**To:** "David Crevier" <DCrevier@crevierandryan.com>
**Date:** Sun, May 29, 2005  9:11 AM
**Subject:** RE: Spam:RE: Depositions in Mirek

David,
  A few things.
  1. I forgot to raise the issue of Carolyn Mirek's OB/Gyn provider. I don't understand the request for such records, and unless we can agree that is put off, and they are notified promptly, I will object to that as exceeding the number of permissible depositions and also because there is no relevance that I can see that overcomes the highly personal nature of such records.

  2. With respect to Aries, I have agreed to produce all worker's comp records, except for attorney-client privileged or work-product.

  3. I don't remember talking about Ms. Israelovitz because I don't know who that is. I understand that you may be seeking to depose Carolyn Mirek's health care insurers, and I will not object on a numbers basis in that regard, but I will object to scope, once again for the same reasons I have expressed. (e.g., the ob-gyn).

  I haven't had a chance to look at the stipulation, carolyn mirek does not make a claim for the period at issue because of carpal tunnel syndrome.
  Although I will be out of the office, as you know, my paralegal Phyllis Jones is reachable.
  Thank you.
  Joanne D'Alcomo

Joanne D'Alcomo
Jager Smith P.C.
One Financial Center
Boston, MA  02111
Tel. 617.951.0500/Fax 617.951.2414
jdalcomo@jagersmith.com

NOTICE: This email message and any attachment contain confidential information that may be legally privileged. If you are not the intended recipient of this message, do not review, copy, use or disseminate this email or any of its attachments. If you have received this email in error, please notify us immediately by return email or telephone at 617.951.0500 and also delete this message. Thank you.

-----Original Message-----
From: David Crevier [mailto:DCrevier@crevierandryan.com]
Sent: Thursday, May 26, 2005 1:46 PM
To: Joanne D'Alcomo
Cc: Edward_Kimball@berkshirelife.com
Subject: Spam:RE: Depositions in Mirek

Joanne:

I write to confirm our conversation earlier today in which we discussed the foregoing:

1. The following keeper deponents will be notified that their depositions are cancelled: Dr. Gerard, Dr. Gassner, Dr. Amara, Dr. Altman, Dr. Greenberg, Dr. Viruet.

2. The following keeper depositions will be postponed to coincide with the depositions of the doctors: Dr. Burstein and Dr. Bedard.

3. The deposition of the keeper of records for Barton-Cyker will not occur because that company does not exist. We intend to depose Mr. Cyker in the future.

4. Plaintiff will stipulate that her claims in this case do not result from Carpal Tunnel Syndrome -- a stipulation is attached -- and we will then cancel the deposition of the keeper of Dr. Watson's records.

5. The following keeper depositions will occur without objections, but will be postponed to a date convenient for you to the extent that documents are not produced prior to the date the depositions have been noticed for: Dr. Guardino, Dr. Srinvason, Manchester OBGyn.

6. The keeper deposition for Attorney Aries will be postponed insofar as you have agreed to produce all of the workers comp. documents in Attorney Aries possession.

7. The keeper depositions of Dental Works, LLC and Dr. Segal will be postponed. Defendants may depose Ms. Israelovitz and Dr. Segal.

8. In addition to deponents/potential deponents discussed above, Defendants will depose Plaintiff, Mr. Mirek and Plaintiff's health insurers.

9. Dr. Nissanka will object to the deposition. Defendants will move to compel on a date convenient for all parties.

Given our agreement as to these issues, there is no need to file any motion to exceed the 10 depositions.

Please provide me with the stipulation as soon as possible and call me with any questions.

Sincerely,


David B. Crevier

>>> "Joanne D'Alcomo" <jdalcomo@jagersmith.com> 05/24/05 12:58PM >>>
David,
 Thank you for your messages and email. I'm sorry that I have been tied up since my return from California. Let me sift through these changes in your email and see if I can live with them. I very much appreciate your effort at whittling them down. I'll let you know promptly.
  Joanne

Joanne D'Alcomo
Jager Smith P.C.
One Financial Center
Boston, MA  02111
Tel. 617.951.0500/Fax 617.951.2414
jdalcomo@jagersmith.com

NOTICE: This email message and any attachment contain confidential information that may be legally privileged. If you are not the intended recipient of this message, do not review, copy, use or disseminate this email or any of its attachments. If you have received this email in error, please notify us immediately by return email or telephone at 617.951.0500 and also delete this message. Thank you.


-----Original Message-----
From: David Crevier [mailto:DCrevier@crevierandryan.com]
Sent: Tuesday, May 24, 2005 11:09 AM
To: Joanne D'Alcomo
Cc: Edward_Kimball@berkshirelife.com
Subject: Depositions in Mirek

David Crevier - RE: Spam:RE: Depositions in Mirek
Case 3:04-cv-30166-RGS    Document 99-4    Filed 11/02/2006    Page 4 of 5    Page 3

Joanne: In light of your fast approaching vacation and due to the fact that we keep missing each other, I wanted to see if we could reach an agreement on the depositions and their timing. First, I thought you were out of the country at the end of June, not at the time the keeper depositions were scheduled. To the extent that any of the depositions occur, I will work to reschedule during the time that you are here. In that regard, please note that due to family vacation/anniversary, I will be substantially unavailable from June 25-July 21.

As to the currently noticed depositions, all scheduled for June 10, here is an updated status:

Please be advised that the following keeper depositions of Ms. Mirek's former employers are cancelled: Dr. Gerard, Dr. Gassner, Dr. Amara, Dr. Altman.

As to the keeper deposition of Barton-Cyker, this deposition is cancelled because we have been informed that the company is no longer in business.

As to the keeper deposition of Dr. Watson, it is our understanding that Ms. Mirek no longer makes any LTD claim based on carpal tunnel syndrome. To the extent that Ms. Mirek is willing to stipulate to this fact, we will cancel the deposition of Dr. Watson.

The following depositions are also cancelled: Dr. Greenberg and Dr. Viruet.

With respect to the keeper depositions of Dr. Burstein and Dr. Bedard. These depositions of material witnesses will likely be postponed to coincide with the full depositions of Dr. Burstein and Dr. Bedard.

The remaining keeper depositions are Dr. Nissank, Dr. Guardino, Dr. Srinivason and Manchester OBGyn, Benco Dental Company, Attorney Aries, Dental Works, LLC and Dr. Segal. I anticipate that the depositions of Dental Works, LLC and Dr. Segal will most likely be cancelled, but that the remaining depositions will likely occur. I also anticipate deposing Dr. Burstein, Dr. Bedard, Plaintiff, Mr. Mirek, Plaintiff's health insurers and potentially Dr. Watson. Please inform me whether you assent to this number of depositions. In the event that you do not, I intend to file a motion this week (to give you time to respond prior to your going on vacation) to exceed the number of depositions allowed under the local rules. Given Plaintiff long time treatment by numerous physicians and her subsequent job search/placement, I am confident that the Court will allow this motion.

Please call me after you have had the chance to consider.

Sincerely,

David B. Crevier

David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400; fax (413) 781-8235
Dcrevier@crevierandryan.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

David Crevier - RE: Spam:RE: Depositions in Mirek                                                              Page 4
Case 3:04-cv-30166-RGS    Document 99-4    Filed 11/02/2006    Page 5 of 5

David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400; fax (413) 781-8235
Dcrevier@crevierandryan.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

# Exhibit 4

David Crevier - RE: Stipulation

From: "Seth E. Nesin" <snesin@jagersmith.com>
To: "David Crevier" <DCrevier@crevierandryan.com>, "Joanne D'Alcomo" <jdalcomo@jagersmith.com>
Date: 10/27/06 1:51PM
Subject: RE: Stipulation

David:

Thanks for pointing out the typo in Paragraph 7. I've changed the date to November 1, 2006 on the attached.

--Seth

-----Original Message-----
From: David Crevier [mailto:DCrevier@crevierandryan.com]
Sent: Friday, October 27, 2006 1:40 PM
To: Joanne D'Alcomo; Seth E. Nesin
Cc: Edward_Kimball@berkshirelife.com
Subject: RE: Stipulation

Dear Counsel:

As I discussed with Joanne last week and as we have made clear through our correspondence, we are not willing to stipulate to one sided characterizations and wish to simplify a number of issues for the Court. In that regard, this is the support for the Stipulations proposed by Defendants (by Paragraph).

1. Plaintiff's date of birth and hometown are uncontested. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

2. Plaintiff admits to applying for the Policy, which application becomes part of the policy. Please inform us of the reason Plaintiff refuses to stipulate to simplify this uncontested matter for the Court and jury.

3. Does Plaintiff dispute that Guardian issued the Policy to Plaintiff? Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

4, 5 and 7. Contain verbatim policy provisions. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

8. Plaintiff on numerous occasions has informed the Defense that she makes no claim for residual benefits, which are dependant on income level. Plaintiff has made a motion to exclude her income post 12/31/01. Please inform Defense if Plaintiff maintains a residual disability claim and withdraws her motion in limine. If not, please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

9. Plaintiff has already stipulated that her claims are not based on carpal tunnel syndrome. See emails DBC to JD 5/26/05 stating that as a result of Plaintiff's stipulation a noticed deposition would be

scheduled and JD response 5/29/05 stating "carolyn mirek does not make a claim for the period at issue because of carpal tunnel syndrome." Please explain why Attorney D'Alcomo will not keep her word and inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

13, 14, 15, 16, and 17 provide the jury with all of the potential scenarios given the benefit amounts combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

10, 18, 19, 20 and 21 provide the jury with all of the potential scenarios given the return of premium combined with the obligation to satisfy the elimination period and prove continuous disability. Plaintiff's proffers are one sided as to what happens if Plaintiff proves .... and do not adequately explain all of the scenarios. Please inform us of the reason Plaintiff refuses to stipulate to simplify this matter for the court and jury.

Plaintiff's stipulations are one sided and create an incorrect impression. In one case, no. 7, the dates are just plain wrong. Please provide us with your response promptly. I believe that we can take this issue up with Judge Stearns at our conference on November 8.

Sincerely,

David

David B. Crevier, Esq.
Crevier & Ryan, LLP
1500 Main Street, Suite 2020
Springfield, MA 01115-5532
(413) 787-2400; fax (413) 781-8235
Dcrevier@crevierandryan.com

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.

>>> "Seth E. Nesin" <snesin@jagersmith.com> 10/27/06 12:51 PM >>>
Ed:

These are the paragraphs, in the language you proposed, that deal with premiums and benefits. As Joanne mentioned in her voicemail, this is what we understood we were agreeing to by stipulating and this is what we'll file our motion on if Berkshire won't stipulate to them.

—Seth

CONFIDENTIALITY NOTICE: This Communication may contain privileged and confidential information. It is intended only for the use of the recipient named above. If you are not the intended recipient of this communication, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error or if you believe that you may have received this communication in error, please immediately notify the sender by return e-mail and permanently delete the original and any copy of this communication.

---

This message, and any attachments to it, may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, you are notified that any use, dissemination, distribution, copying, or communication of this message is strictly prohibited. If you have received this message in error, please notify the sender immediately by return e-mail and delete the message and any attachments. Thank you.

CC:        "David Crevier" <DCrevier@crevierandryan.com>, "Seth E. Nesin" <snesin@jagersmith.com>

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK,<br><br>　　　　Plaintiff<br><br>v.<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>　　　　Defendants | Civil Action<br>No. 04-30166-RGS |

### STIPULATION BETWEEN THE PLAINTIFF CAROLYN MIREK AND THE DEFENDANTS GUARDIAN LIFE INSURANCE COMPANY OF AMERICA AND BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA

The plaintiff Carolyn Mirek and the defendants Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire"), stipulate and agree to the following facts:

1. Carolyn Mirek made a claim for benefits stating that she had become "totally disabled," as defined by the Policy, beginning on December 27, 2001, due to latex allergy and carpal tunnel syndrome.

2. Carolyn Mirek has continued to pay the monthly premium on the Policy every month to the present.

3. Carolyn Mirek's Monthly Indemnity under the Policy, if she had a "total disability" as defined by the Policy on December 27, 2001, would be $3,160, subject to a cost of living adjustment.

4. The Policy provides for a three month Elimination Period such that if Ms. Mirek became total disabled as defined by the Policy on December 27, 2001, and if she continued to be totally disabled for three months, then the three month

Elimination Period would have been satisfied and would have ended on March 27, 2002.

5. If Carolyn Mirek proves that she was totally disabled pursuant to the Policy continuously from December 27, 2001 through November 1, 2006, then Carolyn Mirek would be entitled to the following Monthly Indemnity payments which include the cost of living adjustments pursuant to the Policy:
   1. 4/27/02: $3160.00
   2. 5/27/02: $3160.00
   3. 6/27/02: $3160.00
   4. 7/27/02: $3160.00
   5. 8/27/02: $3160.00
   6. 9/27/02: $3160.00
   7. 10/27/02: $3160.00
   8. 11/27/02: $3160.00
   9. 12/27/02: $3160.00
   10. 1/27/03: $3207.85
   11. 2/27/03: $3207.85
   12. 3/27/03: $3207.85
   13. 4/27/03: $3207.85
   14. 5/27/03: $3207.85
   15. 6/27/03: $3207.85
   16. 7/27/03: $3207.85
   17. 8/27/03: $3207.85
   18. 9/27/03: $3207.85
   19. 10/27/03: $3207.85
   20. 11/27/03: $3207.85
   21. 12/27/03: $3207.85
   22. 1/27/04: $3282.29
   23. 2/27/04: $3282.29
   24. 3/27/04: $3282.29
   25. 4/27/04: $3282.29
   26. 5/27/04: $3282.29
   27. 6/27/04: $3282.29
   28. 7/27/04: $3282.29
   29. 8/27/04: $3282.29
   30. 9/27/04: $3282.29
   31. 10/27/04: $3282.29
   32. 11/27/04: $3282.29
   33. 12/27/04: $3282.29
   34. 1/27/05: $3365.59
   35. 2/27/05: $3365.59
   36. 3/27/05: $3365.59
   37. 4/27/05: $3365.59
   38. 5/27/05: $3365.59
   39. 6/27/05: $3365.59

JS#154806v1

    40. 7/27/05: $3365.59
    41. 8/27/05: $3365.59
    42. 9/27/05: $3365.59
    43. 10/27/05: $3365.59
    44. 11/27/05: $3365.59
    45. 12/27/05: $3365.59
    46. 1/27/06: $3523.32
    47. 2/27/06: $3523.32
    48. 3/27/06: $3523.32
    49. 4/27/06: $3523.32
    50. 5/27/06: $3523.32
    51. 6/27/06: $3523.32
    52. 7/27/06: $3523.32
    53. 8/27/06: $3523.32
    54. 9/27/06: $3523.32
    55. 10/27/06: $3523.32

6. The total amount of the above Monthly Indemnity payments is: $181,941.96.

7. The parties also agree that if Carolyn Mirek is found to have a "total disability" as defined by the Policy on December 27, 2001, through November 1, 2006, she would be entitled to reimbursement of premiums she has paid since December 27, 2001, because the policy provides that a policyholder does not have to pay for premiums if he or she is disabled.

8. Carolyn Mirek has made the following premium payments since December 27, 2001:

    1. 1/19/02: $162.35
    2. 2/19/02: $162.35
    3. 3/19/02: $162.35
    4. 4/19/02: $162.35
    5. 5/19/02: $162.35
    6. 6/19/02: $162.35
    7. 7/19/02: $162.35
    8. 8/19/02: $162.35
    9. 9/19/02: $162.35
    10. 10/19/02: $162.35
    11. 11/19/02: $162.35
    12. 12/19/02: $162.35
    13. 1/19/03: $162.35
    14. 2/19/03: $162.35
    15. 3/19/03: $162.35
    16. 4/19/03: $162.35
    17. 5/19/03: $162.35
    18. 6/19/03: $162.35

19. 7/19/03: $162.35
20. 8/19/03: $162.35
21. 9/19/03: $162.35
22. 10/19/03: $162.35
23. 11/19/03: $162.35
24. 12/19/03: $162.35
25. 1/19/04: $162.35
26. 2/19/04: $162.35
27. 3/19/04: $162.35
28. 4/19/04: $162.35
29. 5/19/04: $162.35
30. 6/19/04: $162.35
31. 7/19/04: $162.35
32. 8/19/04: $162.35
33. 9/19/04: $162.35
34. 10/19/04: $162.35
35. 11/19/04: $162.35
36. 12/19/04: $162.35
37. 1/19/05: $162.35
38. 2/19/05: $162.35
39. 3/19/05: $162.35
40. 4/19/05: $162.35
41. 5/19/05: $162.35
42. 6/19/05: $162.35
43. 7/19/05: $162.35
44. 8/19/05: $162.35
45. 9/19/05: $162.35
46. 10/19/05: $162.35
47. 11/19/05: $162.35
48. 12/19/05: $162.35
49. 1/19/06: $162.35
50. 2/19/06: $162.35
51. 3/19/06: $162.35
52. 4/19/06: $162.35
53. 5/19/06: $162.35
54. 6/19/06: $162.35
55. 7/19/06: $162.35
56. 8/19/06: $162.35
57. 9/19/06: $162.35
58. 10/19/06: $162.35

9. If Carolyn Mirek proves that she was totally disabled under the Policy from December 27, 2001 through November 1, 2006, then she would be entitled to reimbursement of the premiums she has paid for the Policy since December 27, 2001 which amounts to: $9416.30.

JS#154806v1

| CAROLYN MIREK | THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, |
|---|---|
| By her attorneys, | By their attorneys, |

Joanne D'Alcomo, Esq.
BBO #544177
Seth Nesin, Esq.
BBO #650739
Jager Smith, P.C.
One Financial Center
Boston, MA 02111-2621
Phone: (617) 951-0500
Fax: (617) 951-2414

Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Phone: (413) 499-4321

David B. Crevier, Esq.
BBO #557242
Katherine R. Parsons
BBO #657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Phone: (413) 787-2400
Fax: (413) 781-8235

Dated: October 11, 2006

JS#154806v1