# Exhibit 10

Case 3:04-cv-30166-RGS    Document 114-12    Filed 11/13/2006    Page 1 of 6

EXHIBIT 10

**PRIOR UNDERTAKINGS BY DEFENDANTS IN VOLUNTARILY PROVIDING PLAINTIFFS WITH MONTHLY INDEMNITY AND PREMIUM PAYMENT HISTORY INFORMATION IN UTMOST GOOD FAITH AND COURTESY TO PLAINTIFF**

The Court has asked the Defendants to "be prepared to discuss the issue of any prior undertakings on their part" (Electronic Order dated 11/09/06). Defendants hereby provide the Court with the information the Court requested.

Defendants provided Monthly Indemnity information to Plaintiff in September 2005, updated Plaintiff in January 2006 and updated Plaintiff again in October 2006 as follows:

1)   On **September 7, 2005 at 11:53 am** Defendants voluntarily provided Plaintiff with COLA calculations in the context of preliminary settlement discussions. This prior undertaking is confirmed by email between counsel for the parties.

2)   On **January 20, 2006** during an exchange of email culminating at 7:40 PM in the context of drafting a Pre-Trial Memorandum, the Parties agreed that they would stipulate in the near future to the COLA calculations that would be applicable assuming Plaintiff qualified for Monthly Indemnity for the duration of her claimed disability. This prior undertaking is confirmed by email between counsel for the parties.

3) On **January 24, 2006 at 5:40 PM** Defendants provided Plaintiff with updated COLA calculations via email. This prior undertaking is confirmed by email between counsel for the parties.

4) The next communication on this issue was on **June 7, 2006** via email when the Parties agreed that Plaintiff's counsel would draft a stipulation as to the COLA calculations and that Defendants would review same and confirm the COLA calculations and execute same (presuming the stipulation provided was accurate and otherwise agreeable). In fact, despite having the information since January, Plaintiff did not draft a stipulation or present it to Defendants until over four months later. This prior undertaking is confirmed by email between counsel for the parties.

5) The next communication on this issue was on **October 6, 2006** when Plaintiff's counsel sent Defendants' counsel and email with a list of COLA calculations and asked Defendant to review them and Defendants indicated that they looked accurate. This prior undertaking is confirmed by email between counsel for the parties.

6. The next communication on this issue was on **October 11, 2006** when Plaintiff's Counsel first proffered an actual stipulation that contained COLA calculations and Premium payment history information. <u>Plaintiff's counsel asked for Defendants' counsel's thoughts on the proferred</u>

stipulation. This prior undertaking is confirmed by email between counsel for the parties.

7. Defendant reviewed the COLA calculations, the premium payment history information and the language and Defendants found some inaccuracies which were reported to Plaintiff's counsel on **October 11, 2006 - October 16, 2006** via email. This prior undertaking is confirmed by email between counsel for the parties.

8. Based upon Defendants input, Plaintiffs made some corrections and sent a new version of the proposed stipulation to Defendants on **October 17, 2006 at 3:26 PM**. <u>Plaintiff's counsel asked Defendant's counsel to let Plaintiff's Counsel know if Defendants had any other changes</u>. This prior undertaking is confirmed by email between counsel for the parties.

9. The next communication on this issue was on **October 19, 2006 at 4:51 PM** when Defendants counsel emailed Plaintiff's Counsel to let him know that <u>Defendants were reviewing and revising the stipulation</u>. This prior undertaking is confirmed by email between counsel for the parties.

10. The next communication on this issue was during the morning of **October 23. 2006** when Plaintiff asked about the status of the stipulation in light of the numbers being agreed to and <u>Defendants responded that Defendants</u>

<u>did not agree on the language used in the stipulation. To which Plaintiff responded that if there was some wording Defendants wanted changed, then Plaintiff did not think it would be a problem.</u> This prior undertaking is confirmed by email between counsel for the parties.

11. The next communication on this issue was on **October 27, 2006 at 11:16 am** when Defendants presented a complete, unbiased and accurate proposed stipulation to Plaintiff and Plaintiff thereafter rejected Defendants' proposed stipulation and essentially insisted that Defendants agree to Plaintiff's stipulation or else Plaintiff would move this Court to Order Defendants to execute Plaintiff's stipulation. This prior undertaking is confirmed by email between counsel for the parties.

12. This matter soon deteriorated into an "email war" with Plaintiff's counsel inaccurately making unfounded accusations <u>and for the first time suggesting that Defendants had previously agreed to stipulate as to premium payments history despite there being no record of any such agreement.</u> This prior undertaking is confirmed by email between counsel for the parties.

13. In an effort to avoid the Court's involvement Defendants counsel sent Plaintiff a point by point email setting forth exactly why Defendants proposed stipulation was more accurate and complete than Plaintiff's proposed stipulation. This prior undertaking is confirmed by email between counsel for the parties.

14. The next thing that occurred was that Plaintiff modified their proposed stipulation based upon the more accurate provisions in Defendants proposed stipulation and then without even bothering to show this new modified proposed stipulation to the Defendants, Plaintiff simply filed a Motion to compel Plaintiffs to sign that stipulation.

15. Thereafter Defendants filed an Opposition to to Plaintiff's Motion which contained a point by point refutation of said Plaintiff's Motion and on November 9, 2006 this Court correctly denied Plaintiff's Motion.