UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action |
| ) | No. 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**BILL OF COSTS**

Pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d)(1), Plaintiff Carolyn Mirek submits the following itemized costs, and requests that costs in the amount of $18,504.72 be taxed against Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance of America:

**I. Costs of Deposition transcripts**

<u>Authority</u>: 28 U.S.C. § 1920(2) (permitting taxation of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case")

| | |
|---|---|
| Transcript of Deposition of Jonathan Horn (Plaintiff's current work supervisor) taken on 08/17/05 by Defendants (<u>See</u> Affidavit of Joanne in Support of Bill of Costs ("D'Alcomo Aff."), filed as a separate document, at Exhibit 1) | $320.88 |

Mr. Horn was called by Defendants at trial.

| | |
|---|---|
| Transcript of Deposition of Robert Burstein, DDS (Plaintiff's former employer) taken on 8/19/05 by Defendants (D'Alcomo Aff. Ex. 2) | $310.35 |

Dr. Burstein was called by Plaintiff at trial.

| | |
|---|---|
| Transcript of Deposition of Carolyn Mirek (Plaintiff) taken on 9/15/05 by Defendants (D'Alcomo Aff. Ex. 3) | $797.90 |

Ms. Mirek testified at trial.

| | |
|---|---|
| Transcript of Deposition of Harold Axe, M.D. (Doctor used by Defendants in review of Plaintiff's claim) taken on 9/16/05 by Plaintiff (D'Alcomo Aff. Ex. 4) | $1,230.24 |

Dr. Axe's deposition transcript was read at trial. He was identified in Defendants' interrogatory responses as having reviewed Plaintiff's medical records.

| | |
|---|---|
| Transcripts of Depositions of Timothy Newman, M.D. and Barbara Smachetti (Berkshire employees) taken on 9/20/05 by Plaintiff (D'Alcomo Aff. Ex. 5) | $842.70 |

Dr. Newman was identified in Defendants' responses to interrogatories as having reviewed Plaintiff's medical records. Both Dr. Newman and Ms. Smachetti were identified in Defendants' supplemental responses to interrogatories as having participated in Defendants' decision not to insure individuals with latex allergies. Both deposition transcripts were later designated as 30(b)(6) testimony;

Plaintiff attempted to call Dr. Newman at trial, but he moved to quash his subpoena for health reasons, and the Court quashed the subpoena. Portions of Dr. Newman's deposition transcript were read at trial. Ms. Smachetti was not called at trial, but was identified as a witness in Plaintiff's pretrial memorandum.

| | |
|---|---|
| Transcripts of Depositions of Donald O. Morgan, Joseph Champigney and Samuel P. Haupt (Current and former Berkshire employees) taken on 9/21/05 by Plaintiff (D'Alcomo Aff. Ex. 6); | $573.80 |

Mr. Haupt was identified in Defendants' answers to interrogatories as someone who "has knowledge of Plaintiff's claim." Mr. Morgan was identified in Defendants' supplemental responses to interrogatories as having participated in Defendants' decision not to insure individuals with latex allergies.

Mr. Morgan was called by Plaintiff at trial; Mr. Champigney and Mr.

JS#158421v1

2

Haupt were not called at trial but were identified as witnesses in Plaintiff's pretrial memorandum.

| | |
|---|---|
| Transcript of Deposition of Srima Nissanka, LCSW (Plaintiff's therapist) taken on 9/30/05 by Defendants (D'Alcomo Aff. Ex. 7) | $165.85 |

Ms. Nissanka was called by Plaintiff at trial

| | |
|---|---|
| Transcript of Deposition of Robert Bedard, M.D. (Plaintiff's treating physician and expert witness), taken on 10/24/05 by Defendants (D'Alcomo Aff. Ex. 8) | $618.75 |

Dr. Bedard was called by Plaintiff at trial.

| | |
|---|---|
| Transcript of Deposition of James Garb, M.D. (Doctor used by Defendants in review of Plaintiff's claim and as expert designated by Defendants for trial) taken on 10/25/05 by Plaintiff (D'Alcomo Aff. Ex. 9) | $384.95 |

Although Defendants ultimately decided not to call Dr. Garb as a witness, he was identified as expert witness for the Defendants, and appeared on both Plaintiff's and Defendants' witness lists in pretrial memoranda.

| | |
|---|---|
| Transcript of Deposition of Kevin Kvederas (Berkshire employee who communicated with Plaintiff about claim, and who sent communications denying claim) taken on 11/15/05 by Plaintiff (D'Alcomo Aff. Ex. 10) | $661.55 |

Mr. Kvederas was identified in Defendants' interrogatories as the person "primarily responsible for evaluating Plaintiff's claim." He was identified as a witness in Plaintiff's pretrial memorandum, but was not called at trial by either side.

| | |
|---|---|
| Transcript of Deposition of Joseph Schimizzi (30(b)(6) witness of MLS – company used by Defendants to obtain physician review, Dr. Harold Axe, of Plaintiff's claim ) taken on 12/7/05 by Plaintiff (D'Alcomo Aff. Ex.11) | $127.00 |

Mr. Schimizzi was identified as a witness in Plaintiff's pretrial memorandum, but was not called at trial by either side.

| | |
|---|---|
| Transcript of Deposition of James R. Garb, M.D. (Doctor used by Defendants in review of Plaintiff's claim and as expert designated by Defendants to testify at trial) taken on 1/27/06 by Plaintiff (D'Alcomo Aff. Ex. 12) | $484.45 |

Dr. Garb was not called at trial by either side, but was identified as expert witness for defense and appeared on both Plaintiff and Defendants' witness lists in pretrial memoranda.

| | |
|---|---|
| Transcript of Deposition of L. Christine Oliver, M.D. (Plaintiff's expert) taken on 3/24/06 by Defendants (D'Alcomo Aff. Ex. 13) | $709.50 |

Dr. Oliver was called by Plaintiff at trial

| | |
|---|---|
| Transcripts of 30(b)(6) Depositions of David Kalib, Peter Palleschi, and Brian Donnelly taken on 4/11/06 by Plaintiff (D'Alcomo Aff. Ex. 14) | $781.55 |

The above 30(b)(6) testimony was specifically ordered by Magistrate Judge Neiman after Defendants unsuccessfully moved for a protective order and Plaintiff moved to compel. <u>See</u> unnumbered Docket entry of March 1, 2006 (attached at Tab A).

Portions of Mr. Kalib's deposition were read at trial. Neither Mr. Donnelly nor Mr. Palleschi were called by either side at trial.

| | |
|---|---|
| Transcript of Deposition of Brian M. Donnelly. | $881.70 |

The above 30(b)(6) testimony was specifically ordered by Magistrate Judge Neiman after Defendants unsuccessfully moved for a protective order and Plaintiff moved to compel. <u>See</u> unnumbered Docket entry of March 1, 2006 (attached at Tab A).

| | |
|---|---|
| **Subtotal** | **$8,891.17** |

## II. Costs of Photocopying

<u>Authority</u>: 28 U.S.C. § 1920(4) (permitting taxation of costs for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case")

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 5/9/05 (D'Alcomo Aff. Ex. 16) | $180.39 |

These were copies of documents for conducting discovery, including copies of documents for production to Defendants.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 5/27/05 (D'Alcomo Aff. Ex. 17) | $84.33 |

These were copies of documents for conducting discovery, including copies of documents for production to Defendants.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 6/23/05 (D'Alcomo Aff. Ex. 18) | $396.77 |

These were copies of documents for conducting discovery, including copies of documents for production to Defendants.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 8/1/05 (D'Alcomo Aff. Ex. 19) | $39.54 |

These were copies of documents for conducting discovery, including copies of documents for production to Defendants. Berkshire reimbursed Plaintiff for $949.10 of the total bill of $988.64.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 9/13/05 (D'Alcomo Aff. Ex. 20) | $69.84 |

These were copies of documents for conducting depositions, including copies of documents for providing to Berkshire counsel during depositions.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 9/15/05 (D'Alcomo Aff. Ex. 21) | $316.17 |

These were copies of documents for conducting depositions, including copies of documents for providing to Berkshire counsel during depositions.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 9/19/05 (D'Alcomo Aff. Ex. 22) | $5.25 |

These were copies of documents for conducting depositions, including copies of documents for providing to Berkshire counsel during depositions.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions dated 9/21/05 (D'Alcomo Aff. Ex. 23) | $284.71 |

These were copies of documents for conducting depositions, including copies of documents for providing to Berkshire counsel during depositions.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 1/9/06 (D'Alcomo Aff. Ex. 24) | $102.18 |

These were copies of documents in connection with preliminary assembly of trial exhibits for pre-trial conference scheduled on 1/26/06.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 1/9/06 (D'Alcomo Aff. Ex. 25) | $211.08 |

These were copies of documents in connection with preliminary assembly of trial exhibits for pre-trial conference scheduled on 1/26/06.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 1/20/06 (D'Alcomo Aff. Ex. 26) | $38.34 |

These were copies of documents in connection with preliminary assembly of trial exhibits for pre-trial conference scheduled on 1/26/06.

| | |
|---|---|
| Copy Services rendered by Document Technologies, Inc. on 11/8/06 (D'Alcomo Aff. Ex. 27) | $1,324.68 |

These were copies of Plaintiff's proposed exhibits that were shipped to Defendants for review, and copies of Plaintiff's proposed exhibits for marking, as well as copies of agreed-to exhibits.

| | |
|---|---|
| Copy Services rendered by Ikon Office Solutions on 11/11/06 (D'Alcomo Aff. Ex. 28) | $577.03 |

These were copies of Plaintiffs' proposed exhibits for use at trial, copies of exhibits for use in cross-examination, and blow ups for use at trial.

| | |
|---|---|
| Internal copying costs (D'Alcomo Aff. ¶ 50) | $3,000 |

This case was heavily litigated. There were 20 depositions taken, and over 100 deposition exhibits. There are 119 numbered entries on the docket, as well as numerous unnumbered orders of the Court. The parties appeared before Judges Ponsor, Stearns and Magistrate Judge Neiman seven different times for pretrial matters. The trial lasted six days.

These copies were for numerous purposes, including: copying of records for the review of plaintiff's expert Dr. Christine Oliver; copying of documents in response to Defendants' extensive requests for production; copying of documents produced by Defendants during discovery for use during numerous depositions, including copying for defense counsel and the witnesses to have copies during questioning; copying of documents for preparation of Plaintiff for a full day of deposition examination as well as for her trial testimony; copying of trial exhibits and other documents for use in the preparation of witnesses for trial testimony; exhibits and other documents used in the preparation of witnesses for trial testimony; copying of documents used in motion practice, as attachments and otherwise; copies of documents used as exhibits at trial, and additional

copies of exhibits that were necessary for use in the courtroom by counsel during trial since it would not be possible for both the witness and counsel to be using the same copy, and for use outside the courtroom in connection with preparing for each day's examinations and cross-examinations because original exhibits could not be removed from the courtroom.

Plaintiff's counsel's firm has charged a flat fee of $.20 per page regardless of how labor- intensive the copies were to make, (e.g., oversized, stapled or clipped), and regardless of whether the copies were in color. Plaintiff is aware that duplication costs are only taxable as costs if they are "reasonably necessary for use in the case". Billings v. Cape Cod Child Development Program, Inc., 270 F. Supp.2d 175, 178 n.3 (D. Mass 2003). Although Plaintiff's internal records indicate that Plaintiff made more than 20,000 copies in this dispute, not including copies for Mirek II litigation, Plaintiff's counsel has conservatively estimated that 15,000 pages were "reasonably necessary for use in the case." Plaintiff's counsel has therefore charged $3,000 for inhouse copying costs.

**Subtotal** $6,630.61

### III. Costs of Obtaining Copies of Records

Authority: 28 U.S.C. § 1920(4) (permitting taxation of costs for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case")

| | |
|---|---|
| Copies of Plaintiff's Medical Records from Connecticut Asthma & Allergy Center, LLC (Dr. Bedard) (D'Alcomo Aff. Ex. 29) | $4.88 |
| Copies of Plaintiff's Medical Records from Peter J. Guida, DDS (produced during discovery to defendants and used by Dr. Oliver) (D'Alcomo Aff. Ex. 30) | $100 |
| Copies of Plaintiff's Medical Records from Eastern Connecticut Health Network, Manchester Memorial Hospital (produced during discovery to defendants, and used by Dr. Oliver) (D'Alcomo Aff. Ex. 31) | $25 |
| Copies of Benco Dental personnel records, which had been subpoenaed by Defendants and produced to Defendants (D'Alcomo Aff. Ex. 32) | $22 |
| List of licensed dentists from the Commonwealth of Massachusetts, which became a trial exhibit (D'Alcomo Aff. Ex. 33) | $30 |

| | |
|---|---|
| Lists of licensed dentists from the State of Connecticut, one of which became a trial exhibit (D'Alcomo Aff. Ex. 34) | $130 |
| **Subtotal** | **$311.88** |

### IV. Total Costs of Service of Subpoenas and Witness Fees Already Paid to Subpoenaed Witnesses

Authority: 28 U.S.C. §§ 1920(1) and 1920(3) (permitting taxation of costs for "[f]ees of the clerk and marshall" and "[f]ees and disbursements for printing and witnesses")

| | |
|---|---|
| Service of document and deposition subpoena to Keeper of the Records of Crawford Associates, Inc. (agency for Defendants that operates the guardiandibrokerage.com website, and was source of information about Berkshire's policies relating to latex allergy)(D'Alcomo Aff. Ex. 35) | $203.88 |
| Service of document and deposition subpoena to Keeper of the Records of First Financial Group (agency for Defendant that operates the guardiandibrokerage.com website, and was source of information about Berkshire's policies relating to latex allergy ) (D'Alcomo Aff. Ex. 36) | $203.88 |
| Service of document and deposition subpoena to Steven L. Crawford d/b/a Guardian Disability Insurance Brokerage (agency for Defendants that operates the guardiandibrokerage.com website, and was source of information about Berkshire's policies relating to latex allergy) (D'Alcomo Aff. Ex. 37) | $154.26 |
| Service of document and deposition subpoenas to MLS National Medical Evaluation Services, Inc. and Medicolegal Services, Inc. (companies used by Defendants to obtain physician review by Harold Axe, MD, of Plaintiff's claim) (D'Alcomo Aff. Ex. 38) | $170.00 |
| MLS was the only source of these documents, because Dr. Axe had no documents relating to Plaintiff. | |
| Service of deposition subpoena to Donald Morgan (former employee of Defendant Berkshire) (D'Alcomo Aff. Ex. 39) | $158.00 |
| Mr. Morgan was called by Plaintiff at trial. | |
| Service of deposition subpoena to James Garb, M.D. (Doctor used by Defendants in review of Plaintiff's claim and as expert designated by | $73.76 |

Defendants for trial) (D'Alcomo Aff. Ex. 40)

Although the Defendants ultimately decided not to call Dr. Garb at trial, he was identified as an expert witness for the defense and appeared on both Plaintiff's and Defendants' witness lists in pretrial memoranda. He was used by the Defendants to review Plaintiff's claim.

| | |
|---|---|
| Service of trial subpoena on Timothy A. Newman, M.D. (Defendant Berkshire's Medical Director) (D'Alcomo Aff. Ex. 41) | $118.66 |

Plaintiff attempted to call Dr. Newman at trial, but he moved to quash his subpoena for health reasons, and the Court quashed the subpoena. Portions of Dr. Newman's deposition transcript were read at trial.

| | |
|---|---|
| Service of trial subpoena on Samuel P. Haupt (Defendant Berkshire's claims consultant identified in Defendants' answers to interrogatories, and who acted to retain Dr. James Garb) (D'Alcomo Aff. Ex. 42) | $107.48 |

Mr. Haupt was not called at trial but was identified as a witness in Plaintiff's pretrial memorandum.

| | |
|---|---|
| Service of trial subpoena on Barbara Smachetti, R.N. (Employee of Defendant Berkshire in medical department, who works with Dr. Newman, who testified at trial) (D'Alcomo Aff. Ex. 43) | $116.66 |

Ms. Smachetti was not called at trial but was identified as a witness in Plaintiff's pretrial memorandum.

| | |
|---|---|
| Attempted service of trial subpoena on Joseph Champigney (Employee of Defendant Berkshire who investigated Plaintiff's claim) (service was not completed because employee was not at home) (D'Alcomo Aff. Ex. 44) | $9.70 |

Mr. Champigney was not called at trial but was identified as a witness in Plaintiff's pretrial memorandum.

| | |
|---|---|
| Service of trial subpoena on Harold Axe, M.D. (Doctor used by Defendants to evaluate Plaintiff's claim) (D'Alcomo Aff. Ex. 45) | $240.00 |

Plaintiff attempted to call Dr. Axe at trial. Plaintiff had calculated that Dr. Axe's home was within 100 miles of the courthouse, and also relied on Dr. Axe's representation at his deposition that he would be willing to testify if asked. See excerpt from transcript of deposition of Harold Axe, M.D. (attached at Tab B).

Less than a week before trial, however, Dr. Axe moved to quash his subpoena, although it had been served on him more than a month earlier.

In his motion papers, <u>Dr. Axe acknowledged that he lived less than 100 miles from the courthouse "as the crow flies," and admitted that subpoena range was typically measured in a straight line by courts.</u>  See Harold Axe, M.D.'s Motion to Quash Subpoena (Docket No. 100).  Dr. Axe argued, however, that a more appropriate test was "driving distance", which he calculated to be 101.48 miles.  Id.

Due to the lateness of the motion to quash and the availability of Dr. Axe's deposition transcript, Plaintiff chose not to oppose the motion, and portions of Dr. Axe's deposition transcript were read at trial.

Although Dr. Axe argued "driving distance" was the appropriate measure of subpoena range, there is no such provision in Rule 45, and Plaintiff reasonably relied on the existing case law.  Furthermore, Rule 45's 100-mile radius provision was written decades before the internet's Mapquest.com was available to provide litigants with mileage calculations based on the twists and turns of roads, rather than actual distance, and thus it should not be used to defeat Plaintiff's recovery of costs for service of a subpoena that is clearly within 100 miles measured "as the crow flies."

| | |
|---|---:|
| Service of trial subpoena on Donald Morgan (former employee of Defendant Berkshire) (D'Alcomo Aff. Ex. 46) | $120 |

Mr. Morgan was called by Plaintiff at trial.

| | |
|---|---:|
| **Subtotal** | **$1,676.28** |

### V. Cost of Court Transcript

Authority: 28 U.S.C. § 1920(2) (permitting taxation of costs for "[f]ees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case")

| | |
|---|---:|
| Transcript of Hearing Before Magistrate Judge Neiman on March 1, 2006 (D'Alcomo Aff. Ex. 47) (used in connection with discovery dispute, as reference in connection with dispute with Defendants) | **$59.78** |

**VI. Filing Fee and Summons To Serve Defendants With Complaint**

<u>Authority</u>: 28 U.S.C. § 1920(1) (permitting taxation of costs for "[f]ees of the clerk and marshall")

| | |
|---|---:|
| Superior Court Filing Fee and clerk issuance of summonses (D'Alcomo Aff. ¶ 49 and Ex. 48) | **$295.00** |

**VII.  Statutory Witness Fees For Witnesses' Attendance**

<u>Authority</u>: 28 U.S.C. § 1920(3) (permitting taxation of costs for "[f]ees and disbursements for printing and witnesses"); 28 U.S.C. § 1821(b)) (providing that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance")

| | |
|---|---:|
| Witness fee to Dr. Robert N. Burstein, D.D.S. (D'Alcomo Aff. ¶ 51) (to be paid) | $40 |
| Witness fee to Christine Oliver, M.D. (D'Alcomo Aff. ¶ 51) | $40 |
| Witness fee to Robert M. Bedard, M.D. (D'Alcomo Aff. ¶ 51) | $40 |
| Witness fee to Srima Nissanka, LSW (D'Alcomo Aff. ¶ 51) | $40 |
| Witness fee to Mary Beth Norman (to be paid) (D'Alcomo Aff. ¶ 51) | $40 |
| Witness fee to Ron Mirek (to be paid) (attended all five days of testimony and testified in Plaintiff's main case and in rebuttal) (D'Alcomo Aff. ¶ 51) | $200 |
| Witness fee to Carolyn Mirek (to be paid) (attended all five days of testimony and testified in main case and in rebuttal) (D'Alcomo Aff. ¶ 51) | $200 |
| Witness fee to Diane Chupas, RDH (to be paid) (D'Alcomo Aff. ¶ 51) | $40 |
| **Subtotal** | **$640** |
| **TOTAL:** | **$18,504.72** |

12

        Respectfully submitted,

        PLAINTIFF CAROLYN MIREK

        By her Attorneys,

        /s/ Seth Nesin
        _____
        Joanne D'Alcomo
        BBO #544177
        Seth Nesin
        BBO #650739
        JAGER SMITH P.C.
        One Financial Center
        Boston, MA 02111
        (617) 951-0500

Dated: December 8, 2006