UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**AFFIDAVIT OF JOANNE D'ALCOMO IN SUPPORT OF BILL OF COSTS**

I, Joanne D'Alcomo, hereby state and depose as follows:

1.   I am lead counsel representing the Plaintiff in this action, and I have represented the Plaintiff since the initial filing of the suit. I am a partner at the law firm Jager Smith PC, and all of the work in this action was either done by myself, or at my direction. I am familiar with all of the charges that were incurred in this case, and that are reflected in the Bill of Costs.

2.   Attached hereto at Tab 1 is a true and accurate copy of the charges for the August 17, 2005 deposition transcript of Jonathan Horn taken in this action;

3.   Attached hereto at Tab 2 is a true and accurate copy of charges for the August 19, 2005 deposition transcript of Robert Burstein, DDS taken in this action;

4. Attached hereto at Tab 3 is a true and accurate copy of the charges for the September 15, 2005 deposition transcript of Carolyn Mirek taken in this action;

5. Attached hereto at Tab 4 is a true and accurate copy of the charges for the September 16, 2005 deposition transcript of Harold Axe, MD taken in this action;

6. Attached hereto at Tab 5 is a true and accurate copy of the charges for the September 20, 2005 deposition transcripts of Timothy Newman, MD and Barbara Smachetti taken in this action;

7. Attached hereto at Tab 6 is a true and accurate copy of the charges for the September 21, 2005 deposition transcripts of Donald O. Morgan, Joseph Champigney, and Samuel P. Haupt taken in this action;

8. Attached hereto at Tab 7 is a true and accurate copy of the charges for the September 30, 2005 deposition transcript of Srima Nissanka, LCSW taken in this action;

9. Attached hereto at Tab 8 is a true and accurate copy of the charges for the October 12, 2005 deposition transcript of Robert M. Bedard, MD taken in this action;

10. Attached hereto at Tab 9 is a true and accurate copy of the October 25, 2005 deposition transcript of James R. Garb, MD taken in this action;

11. Attached hereto at Tab 10 is a true and accurate copy of the November 15, 2005 deposition transcript of Kevin Kvederas taken in this action;

12.    Attached hereto at Tab 11 is a true and accurate copy of the negotiated check for $127.00 payable to Renaissance Hanson for the deposition transcript of Joseph Schimizzi dated September 27, 2005 taken in this action;

13.    Attached hereto at Tab 12 is a true and accurate copy of the invoice for the January 27, 2006 deposition transcript of James R. Garb, MD taken in this action:

14.    Attached hereto at Tab 13 is a true and accurate copy of the invoice for the March 24, 2006 deposition transcript of L. Christine Oliver, MD taken in this action;

15.    Attached hereto at Tab 14 is a true and accurate copy of the invoice for the April 11, 2006 deposition transcripts of David Kalib, Brian Donnelly and Peter Palleschi taken in this action;

16.    Attached hereto at Tab 15 is a true and accurate copy of the invoice for the April 10, 2006 depositions of Brian M. Donnelly taken in this action;

17.    Attached hereto at Tab 16 is a true and accurate copy of the invoice for copy services rendered by Ikon Office Solutions dated May 9, 2005 in the amount of $180.39 for copies of documents used in this action;

18.    Attached hereto at Tab 17 is a true and accurate copy of the invoice for copy services rendered by Ikon Office Solutions dated May 27, 2005 in the amount of $84.33 for copies of documents used in this action;

19. Attached hereto at Tab 18 is a true and accurate copy of the invoice for copy services rendered by Ikon Office Solutions dated June 23, 2005 in the amount of $396.77 for copies of documents used in this action;

20. Attached hereto at Tab 19 is a true and accurate copy of the invoice for copy services rendered by Ikon Office Solutions dated August 1, 2005 in the amount of $988.64 for copies of documents used in this action; and a true and accurate copy of a check from Defendant Berkshire reimbursing Plaintiff for $949.10 of this total.

21. Attached hereto at Tab 20 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated September 13, 2005 in the amount of $69.84 for copies of documents used in this action;

22. Attached hereto at Tab 21 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated September 15, 2005 in the amount of $316.17 for copies of documents used in this action;

23. Attached hereto at Tab 22 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated September 19, 2005 in the amount of $5.25 for copies of documents used in this action;

24. Attached hereto at Tab 23 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated September 21, 2005 in the amount of $284.71 for copies of documents used in this action;

JS#158374v1

25. Attached hereto at Tab 24 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated January 9, 2006 in the amount of $102.18 for copies of documents used in this action;

26. Attached hereto at Tab 25 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated January 9, 2006 in the amount of $211.08 for copies of documents used in this action;

27. Attached hereto at Tab 26 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated January 20, 2006 in the amount of $38.34 for copies of documents used in this action;

28. Attached hereto at Tab 27 is a true and accurate copy of the invoice for the copy services rendered by Document Technologies, Inc. dated November 8, 2006 in the amount of $1,324.68 for copies of documents used in this action;

29. Attached hereto at Tab 28 is a true and accurate copy of the invoice for the copy services rendered by Ikon Office Solutions dated November 13, 2006 in the amount of $577.03 for copies of documents used in this action;

30. Attached hereto at Tab 29 is the cover letter and check for payment for copies of Plaintiff's medical records to Connecticut Asthma & Allergy Center, LLC in the amount of $4.88;

31. Attached hereto at Tab 30 is the cover letter, invoice and check for payment for copies of Plaintiff's medical records to Peter J. Guida, DDS in the amount of $100.00;

JS#158374v1

32. Attached hereto at Tab 31 is the invoice and check for payment for copies of Plaintiff's medical records to Eastern Connecticut Health Network;

33. Attached hereto at Tab 32 is the invoice for payment for copies of Plaintiff's records to Benco Dental, for copies of records that were subpoenaed by, and produced to, the Defendants by Benco Dental;

34. Attached hereto at Tab 33 is the order for and check for a list of licensed dentists from the Commonwealth of Massachusetts, that was admitted as an exhibit at trial;

35. Attached hereto at Tab 34 is the cover letter and checks to the State of Connecticut for two lists of dentists in the amount of $65.00 each; one of the lists was admitted as an exhibit at trial;

36. Attached hereto at Tab 35 is a true and accurate copy of the invoice for the service of a subpoena in this action to the Keeper of the Records of Crawford Associates, Inc;

37. Attached hereto at Tab 36 is a true and accurate copy of the invoice for the service of a subpoena in this action to the Keeper of the Records of First Financial Group;

38. Attached hereto at Tab 37 is a true and accurate copy of the invoice for the service of subpoena in this action upon Steven L. Crawford d/b/a Guardian Disability Insurance Brokerage;

JS#158374v1

39. Attached hereto at Tab 38 is a true and accurate copy of the cover letter sent to D.K. Associates for service on MLS National Medical Evaluation Services, Inc. and Mediocolegal Services, Inc in this action;

40. Attached hereto at Tab 39 is a true and accurate copy of the invoice for the service of a subpoena in this action upon Donald Morgan;

41. Attached hereto at Tab 40 is a true and accurate copy of the charges for service of a subpoena in this action upon James Garb, M.D;

42. Attached hereto at Tab 41 is a true and accurate copy of charges for service of a subpoena in this action upon Timothy A. Newman, M.D.;

43. Attached hereto at Tab 42- is a true and accurate copy of charges for service of a subpoena in this action upon Samuel P. Haupt;

44. Attached hereto at Tab 43 is a true and accurate copy of charges for service of a subpoena in this action upon Barbara Smachetti;

45. Attached hereto at Tab 44 is a true and accurate copy of charges for attempted service of a subpoena in this action upon Joseph Champigney;

46. Attached hereto at Tab 45 is a true and accurate copy of charges for service of a subpoena in this action upon Harold Axe, MD;

47. Attached hereto at Tab 46 is a true and accurate copy of the charges for service of a subpoena in this action upon Donald Morgan;

JS#158374v1

48. Attached at Tab 47 is a true and accurate copy of the charges for the transcript of the hearing of a subpoena in this action before Magistrate Judge Neiman on March 1, 2006;

49. Attached at Tab 48 is a true and accurate copy of the Superior Court civil action cover sheet Plaintiff filed in this case on June 14, 2004. The cost of filing the complaint and obtaining two summonses to serve defendants was $295.00.

50. Jager Smith PC did considerable internal copying for this action. The copies were made for numerous purposes, including: copying of records for the review of plaintiff's expert Dr. Christine Oliver; copying of documents in response to Defendants' extensive requests for production; copying of documents produced by Defendants during discovery for use during numerous depositions, including copying for defense counsel and the witnesses to have copies during questioning; copying of documents for preparation of Plaintiff for a full day of deposition examination as well as for her trial testimony; copying of trial exhibits and other documents for use in the preparation of witnesses for trial testimony; exhibits and other documents used in the preparation of witnesses for trial testimony; copying of documents used in motion practice, as attachments and otherwise; copies of documents used as exhibits at trial, and additional copies of exhibits that were necessary for use in the courtroom by counsel during trial since it would not be possible for both the witness and counsel to be using the same copy, and for use outside the courtroom in connection with preparing for each day's examinations and cross-examinations because original exhibits could not be removed from the courtroom.

JS#158374v1

Jager Smith PC has charged a flat fee of $.20 per page regardless of how labor-intensive the copies were to make, (e.g., oversized, stapled or clipped), and regardless of whether the copies were in color. Jager Smith PC's internal records indicate that under my direction, more than 20,000 internal copies were made in this case, not including copies for Mirek II. I am aware that not all costs of copies are recoverable as costs, but only those "reasonably necessary for use in the case." In my judgment, conservatively, 15,000 copies made internally were "reasonably necessary for use in the case," which means a cost of $3,000.

51. Because the same invoices document the cost of service of subpoenas and witness fees to those witnesses, they have been included together in Part IV of the bill of costs, Total Costs of Service of Subpoenas and Witness Fees of Subpoenaed Witnesses. For witnesses who did not receive witness fees in connection with subpoenas, Plaintiff has compensated, or will compensate them for their time with the $40 witness fee provided for in 28 U.S.C. § 1821(b).

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 8th day of December 2006.

/s/ Joanne D'Alcomo
Joanne D'Alcomo

JS#158374v1