# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA, | ) |
| Defendants. | ) |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S BILL OF COSTS

The Defendants, The Guardian Life Insurance Company of America ("The Guardian") and Berkshire Life Insurance Company of America ("Berkshire")(collectively "Defendants") hereby oppose the Plaintiff's Bill of Costs. As explained below, Plaintiff is not entitled to recover costs incurred for preparation, discovery or convenience, nor is Plaintiff entitled to costs incurred that are unrelated to Mirek I. Consequently, Plaintiff's Bill of Costs must be significantly reduced.

**A.     Costs of Deposition Transcripts**

Absent special circumstances, Plaintiff cannot recover the costs of depositions that she did not introduce into evidence or use for cross-examination at trial. Templeton v. Chris Craft Corporation, 770 F.2d 245, 249 (1st Cir. 1985); Emerson v. National Cylinder Gas Company, 147 F.Supp. 543, 545 (Aldrich, J.), aff'd 251 F.2d 152, 158 (1958). The costs incurred for deposition transcripts used in preparation of trial, as opposed to use at trial, are not taxable to the

Defendants. Emerson, 147 F.Supp. at 545 (denying recovery of costs of deposition transcripts that were not used or introduced by plaintiff at trial); Walters v. The President and Fellows of Harvard College, 692 F.Supp. 1440, 1442 (D. Mass. 1988) (denying recovery of costs of deposition transcripts that were not used or introduced by plaintiff at trial despite the fact that they may have been necessary to the thorough preparation of Plaintiff's case). Plaintiff bears the burden of proving that the depositions that she seeks to tax to Defendants were for use at trial rather than for discovery or preparation. Emerson, 147 F.Supp. at 545.

Depositions, particularly the depositions of adverse parties, are "taken primarily for the information and convenience of the party who takes it and for his advantage in preparation for trial." Hansen et al. v. Bradley et al., 114 F.Supp. 382, 386 (D.Md. 1953), cited to by Emerson, 147 F.Supp. at 545. When witnesses appear and testify at trial, the deposition transcripts are very rarely used with any significant purpose at trial and are not taxable to the losing party. Id. This rationale applies to non-party depositions as well. Moreover, the costs of obtaining deposition transcripts are an anticipated expense of practicing law and should not be recoverable. Grider v. Kentucky & Indiana Terminal R. Co., 101 F.R.D. 311, 312 (E.D. Ky. 1984). Consequently, the costs incurred for the following depositions may not be taxed against the Defendants:

1. Jonathan Horn – Plaintiff did not use or introduce Mr. Horn's deposition transcript into evidence at trial. Moreover, Defendants took Mr. Horn's deposition and the only reason Plaintiff would obtain a copy of his transcript would be for Plaintiff's counsel's convenience and to prepare Mr. Horn and Plaintiff's witnesses for trial.

2. Robert Burstein, DDS – Plaintiff did not use or introduce into evidence Dr. Burstein's deposition transcript at trial. Moreover, Defendants took Dr. Burstein's deposition and the

only reason Plaintiff would obtain a copy of his transcript would be for Plaintiff's counsel's convenience and to prepare Dr. Burstein and Plaintiff's witnesses for trial.

3. <u>Carolyn Mirek</u> -   Plaintiff did not introduce Ms. Mirek's deposition transcript into evidence at trial.  At one point during the cross examination of Dr. Weiss' testimony, Plaintiff's counsel improperly read Plaintiff's deposition transcript into the record on a subject matter that Plaintiff did not testify to while she was on the stand.  Plaintiff should not be allowed to recover costs for this improper use of Plaintiff's deposition transcript.  Moreover, Defendants took Ms. Mirek's deposition and the only reason Plaintiff would obtain a copy of her transcript would be for Plaintiff's counsel's convenience and to prepare Plaintiff for her testimony at trial.

4. <u>Barbara Smachetti</u> – Plaintiff has lumped the costs of the deposition transcripts for Barbara Smachetti and Timothy Newman, M.D. together.  Defendants do not object to the taxation of Dr. Newman's transcript, which was read into the trial record.  Defendants do object to the taxation of the costs of Ms. Smachetti's deposition because Plaintiff did not introduce it into evidence or otherwise use it during the trial.  In addition, Plaintiff took Ms. Smachetti's deposition for discovery purposes, not for use at trial.  Moreover, Plaintiff identifies Ms. Smachetti as "having participated in Defendants' decision not to insure individuals with latex allergy."  Ms. Smachetti's knowledge, as identified by Plaintiff, is the subject of Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, and is not relevant to Plaintiff's breach of contract claim in Mirek I.  As such, the taking of Ms. Smachetti's deposition in Mirek I was not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial in Mirek I.

5. <u>Joseph Champigney, Samuel Haupt, and Donald Morgan</u> – Defendants object to the taxation of the costs of Mr. Champigney's and Mr. Haupt's depositions because Plaintiff did not introduce either transcript into evidence or otherwise use them at trial.  Mr. Morgan did testify at trial but Plaintiff did not introduce the transcript of his deposition into evidence or otherwise use it at trial.  In addition, Plaintiff deposed Mr. Haupt, Mr. Champigney and Mr. Morgan for discovery purposes in preparation of trial and preparation costs are not recoverable.  Moreover, Plaintiff identifies Mr. Haupt and Mr. Champigney as having knowledge of Plaintiff's claim.  Mr. Haupt's and Mr. Champigney's knowledge of Plaintiff's claim is the subject of Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, and not relevant to Plaintiff's breach of contract claim in Mirek I.  As such, the taking of Mr. Haupt's and Mr. Champigney's depositions in Mirek I were not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial.

6. <u>Srima Nissanka, L.C.S.W.</u> - Plaintiff did not use or introduce into evidence Ms. Nissanka's deposition transcript at trial.  Moreover, Defendants took Ms. Nissanka's deposition and the only reason Plaintiff would obtain a copy of her transcript would be for Plaintiff's counsel's convenience and to prepare Ms. Nissanka and Plaintiff's witnesses for testimony at trial in Mirek I.

7. <u>Robert Bedard, M.D.</u> - Plaintiff did not use or introduce into evidence Dr. Bedard's deposition transcript at trial.  Moreover, Defendants took Dr. Bedard's deposition and the only reason Plaintiff would obtain a copy of her transcript would be for Plaintiff's counsel's convenience and to prepare Dr. Bedard and Plaintiff's witnesses for testimony at trial.

8. <u>James Garb, M.D.</u> – Plaintiff seeks to tax the costs of both of the depositions she took of Dr. Garb, however, Plaintiff did not use or introduce into evidence either of Dr. Garb's deposition transcripts at trial.

9. <u>Kevin Kvederas</u> - Plaintiff did not use or introduce into evidence Mr. Kvederas's deposition transcript at trial. In addition, Plaintiff took Mr. Kvederas' deposition for discovery purposes. Moreover, Plaintiff identifies Mr. Kvederas as having knowledge of Plaintiff's claim. Mr. Kvederas's knowledge of Plaintiff's claim is the subject of Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, and not relevant to Plaintiff's breach of contract claim in Mirek I. As such, the taking of Mr. Kvederas's depositions in Mirek I was not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial in Mirek I.

10. <u>Joseph Schimizzi</u> - Plaintiff did not use or introduce into evidence Mr. Schimizzi's deposition transcript at trial. Moreover, Plaintiff identifies Mr. Schimizzi as having knowledge of the medical review of Plaintiff's claim during the claims process. Mr. Schmizzi's knowledge of Plaintiff's claim is the subject of Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, and not relevant to Plaintiff's breach of contract claim in Mirek I. As such, the taking of Mr. Schmizzi's depositions in Mirek I was not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial in Mirek I.

11. <u>Christine Oliver, M.D.</u> - Plaintiff did not use or introduce into evidence Dr. Oliver's deposition transcript at trial. Moreover, Defendants took Dr. Oliver's deposition and the only reason Plaintiff would obtain a copy of her transcript would be for Plaintiff's counsel's convenience and to prepare Dr. Oliver and Plaintiff's witnesses for testimony at trial.

12. <u>Peter Palleschi and Brian Donnelly</u> - Plaintiff has lumped the costs of the transcripts of Mr. Palleschi and Mr. Donnelly together with the costs of the transcripts of David Kalib.  In addition, Plaintiff has two entries for Brian Donnelly.  Defendants do not object to the taxation of Mr. Kalib's transcript, which was read into evidence during the trial.  Defendants do object to the taxation of the costs of Mr. Palleschi's deposition and Mr. Donnelly's deposition because Plaintiff did not introduce either transcript into evidence or otherwise use them at trial.  In addition, Plaintiff deposed Mr. Palleschi and Mr. Donnelly for discovery purposes in preparation of trial and preparation costs are not recoverable.  Moreover, Plaintiff deposed Mr. Palleschi and Mr. Donnelly regarding the handling of Plaintiff's claim.  The handling of Plaintiff's claim is the subject of Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, and is not relevant to Plaintiff's breach of contract claim in Mirek I.  As such, the taking of Mr. Palleschi's and Mr. Donnelly's depositions in Mirek I was not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial in Mirek I.

Based on the foregoing, Plaintiff's costs for deposition transcripts should be limited to the transcripts of Harold Axe, M.D., Timothy Newman, M.D. and David Kalib.  Defendants are unable to give an accurate number due to the fact that Plaintiff lumped together the costs of several objectionable and non-objectionable deposition costs and respectfully request that that Court have Plaintiff submit an itemized list of costs for the depositions of Dr. Newman and Mr. Kalib.

B.     **Costs of Photocopying**

In accordance with the rules governing costs of deposition transcripts set forth above, Plaintiff should only be allowed to recover for costs of photocopying costs incurred for use at trial.  See United Intern Holdings, Inc. v. Warf (Holdings) Ltd., 174 FRD 479 (D.Colo. 1997) ("for use in the case" refers to materials actually prepared for use in presenting evidence to the Court).  Consequently the photocopying fees that Plaintiff incurred conducting written discovery and depositions are not recoverable.  With respect to the costs incurred for photocopying related to trial exhibits, Plaintiff is not entitled to recover for the copying costs incurred to make copies for the convenience of the attorneys' and should be limited to the copies that were reasonably necessary for use at trial.  Billings v. Cape Cod Child Development Program, Inc., 270 F.Supp.2d 175, 178 n. 3 (D.Mass. 2003) (Stearns, J.).  Moreover, the $3,000.00 of in-house copying costs seems excessive due to the fact that it appears from Plaintiff's Bill of Costs that Ikon Office Solutions was primarily responsible for the copying of trial exhibits and documents used for depositions and discovery.

C.     **Costs of Obtaining Copies of Records**

As explained in Section B above, 28 U.S.C. § 1920(4) allows for taxation of costs for "fees for exemplification and copies" for use at trial, not for the costs of obtaining documents during the discovery period.  With the exception of the lists of dentists from Massachusetts and Connecticut, none of the documents listed by Plaintiff were used or referenced at trial.  With respect to Connecticut, Plaintiff obtained two lists containing the same information – one arranged by last name and one arranged by city or town.  As both lists contained the same information it was unnecessary for Plaintiff to obtain both lists.  This is supported by the fact that

only one list was admitted into evidence at trial. Consequently, Plaintiff may only recover $95.00 for the costs of obtaining the lists of dentists.

D.   **Costs of Service of Subpoenas and Witness Fees Already Paid**

As explained in Section A above, Plaintiff is only permitted to recover deposition costs for depositions actually used at trial. Consequently, Plaintiff cannot recover the costs of Mr. Morgan's or Dr. Garb's deposition subpoenas.

Likewise, Plaintiff should not be allowed to recover subpoena costs incurred for document subpoenas during the discovery period for documents that were not used at trial. Plaintiff should not be allowed to recover for the costs of the Crawford Associates, Inc subpoena, the First Financial Group Subpoena, the Steven L. Crawford d/b/a/ Guardian Disability Insurance Brokerage subpoena or the MLS National Medical Evaluation Services, Inc. and Medicolegal Services, Inc. subpoenas. Moreover, the documents sought in these subpoenas have to do with Plaintiff's breach of the covenant of good faith and fair dealing claim in Mirek II, not Plaintiff's breach of contract claim in Mirek I and were not reasonably necessary for the purposes of proving Plaintiff's breach of contract claim at trial in Mirek I.

With respect to trial subpoenas and fees, no fees may be taxed for individuals that did not testify at trial. Holmes v. Oxford Chemicals, Inc., 510 F.Supp. 915, 917 (D.C. Ala. 1981). The presumption is - if the witness did not testify, the witness was not necessary. 10 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2678, at 467-68 (1998). Consequently, Plaintiff cannot recover the fees for service of Mr. Haupt, Ms. Smachetti or Mr. Champigney.

As such, Plaintiff may only recover $478.66 for the costs of subpoenas and already paid witness fees.

**E.     Cost of Court Transcript**

Based on the foregoing reasoning, Plaintiff may not recover the costs of the hearing transcript procured in connection with a discovery dispute that was not used or introduced at trial.

**F.     Statutory Witness Fees for Trial**

Plaintiff's request for a witness fee for Dr. Burstein must be denied because Defendants, not Plaintiff, called Dr. Burstein as a witness at trial. Dr. Burstein appeared and testified pursuant to Defendants' subpoena and Defendant paid him a witness fee.

Plaintiff's request for a witness fee for herself must be denied because parties are not entitled to witness fees when they testify as a witness. Hodge v. Seller, 558 F.2d 284, 287 (5th Cir. 1977).

Plaintiff's requests for witness fees for five days for Ron Mirek must be denied because Mr. Mirek's attendance was only required on the one day that he testified. Mr. Mirek attended the trial by choice to observe the remaining days and Plaintiff should not be allowed to obtain a witness fee for all five days.

As such, Plaintiff may only recover $240.00 for witness fees.

## CONCLUSION

For the reasons set forth above, Plaintiff's Bill of Costs must be significantly reduced. The only costs the Court can impose upon Defendants are: (1) $1,230.24 for the cost of the deposition transcript of Harold Axe, M.D; (2) $95.00 for the cost of obtaining the lists of dentists that were admitted as exhibits at trial; (3) $478.66 for the cost of subpoenas and already paid witness fees; and (4) $240.00 for the cost of witness fees for trial, for a total of $2,043.90. In addition, upon proof from Plaintiff of the itemized costs of each transcript, the Court may award the cost of the deposition transcripts of Timothy Newman, M.D. and David Kalib. Finally, to the extent Plaintiff provides proof of the photocopying costs incurred for use at trial as distinct from any copying costs related to this case, the Court may award Plaintiff reasonable copying costs.

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorneys,

CREVIER & RYAN, LLP.

/s/David B. Crevier
David B. Crevier, Bar No. 557242
Katherine R. Parsons, Bar No. 657280
1500 Main Street, Suite 2020
Springfield, MA 01115-5727
Tel: 413-787-2400
Facsimile: 413-781-8235
Email: dcrevier@crevierandryan.com
kparsons@crevierandryan.com

/s/Edward Kimball
Edward Kimball, Esq.
700 South Street
Pittsfield, MA 01201
Tel: 413-499-4321

## CERTIFICATE OF SERVICE

     I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on this 21st day of December 2006.

                                                /s/David B. Crevier