UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROLYN MIREK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>THE GUARDIAN LIFE INSURANCE )<br>COMPANY OF AMERICA and )<br>BERKSHIRE LIFE INSURANCE )<br>COMPANY OF AMERICA, )<br>)<br>Defendants. )<br>)<br>) | CIVIL ACTION NO.: 04-30166-RGS |

**DEFENDANTS' MOTION TO CORRECT THE AMOUNT OF JUDGMENT**

The Defendants, the Guardian Life Insurance Company of America ("Guardian") and Berkshire Life Insurance Company of America ("Berkshire") (collectively referred to as "Defendants"), hereby file this Motion to Correct the Amount of Judgment in this matter as entered on December 1, 2006.

**Introduction**

On February 9, 2005 this Court issued a Memorandum and Order Regarding Defendants Motion to Dismiss in which the Court determined that Connecticut law governed this breach of insurance contract case. See Document Number 14. On December 1, 2006 this Court entered a Judgment in this case that applied a pre-judgment interest rate of 12% per annum which is the Massachusetts pre-judgment interest rate. The Judgment should be corrected because Connecticut law governs this breach of contract case and under Connecticut law the prejudgment interest applicable prejudgment interest rate is 10% per annum.

**Discussion**

In a diversity case such as this case, prejudgment interest is considered substantive law and is therefore governed by state law. Commercial Union Ins. Co. v. Walbrook Ins. Co. 41 F.3d 764, 775 (1st. Cir. 1994). To calculate prejudgment interest, a federal court "must apply the law of the state in which the court sits, including that state's conflict-of-law principles." Id. at 775. Under Massachusetts conflict-of-law principles, prejudgment interest is calculated according to the law of the state that provides the substantive law governing the underlying transaction. See Morris v. Watsco Inc., 338 Mass. 672, 676-677 (1982).

In this case Defendants previously moved to dismiss Plaintiff's M.G.L.A c.93A claims based upon the application of Massachusetts conflict of law principles in light of Reicher v. Berkshire Life Insurance Co, of America, 360 F3d. 1 (1st. Cir 2004). See Defendants Motion to Dismiss - Document No. 6. The crux of Defendant's motion to dismiss was that Plaintiff is a Connecticut resident, the policy at issue is a Connecticut insurance contract that was applied for, delivered and paid for in Connecticut in accordance with Connecticut law and thus Connecticut has a far greater interest in regulating this dispute than Massachusetts does. Id. Thereafter, the Court agreed with Defendants and granted Defendants' Motion to Dismiss, finding that the analysis in Reicher was controlling and that Connecticut law governed in this case such that as a matter of law, Plaintiff was not entitled to relief pursuant M.G.L.A. c. 93A. See Memorandum and Order Regarding Defendants' Motion To Dismiss. – Document No. 14. Hence this Court has already determined that Connecticut law governed the underlying insurance transaction.

The applicable Connecticut prejudgment interest statute for breach of contract actions is Conn. Gen. Stat. §37-3 (2006). See e.g. Ceci Brothers, Inc. V. Five Twenty-One Corporation Et Al., 81 Conn. App. 419 (2004) cert. denied 268 Conn. 922 (2004). As discussed in Ceci

2

Brothers, under Connecticut law and subject to the discretion of the Court, "interest at the rate of ten per cent a year, and no more, may be recovered and allowed in civil actions.." Conn. Gen. Stat. 37-3a (2006).

### Conclusion

Because this Court has previously determined that Connecticut law governs this dispute and because it appears that the Court did not follow Connecticut law in determining the applicable pre-judgment interest rate, the amount of the Judgment should be modified in accordance with Connecticut law. For the reasons set forth above, the Court should modify the amount of the Judgment in accordance with the governing Connecticut statute: Conn. Gen. Stat. 37-3a (2006).

Respectfully Submitted,

Defendants The Guardian Life Insurance Company of America and Berkshire Life Insurance Company of America

By their attorney,

s/Edward Kimball
Edward Kimball, Bar No. 636865
700 South Street
Pittsfield, MA 01201
Tel: 413-499-4321
Facsimile: 413-395-5990
Email: ekimbal@berkshirelife.com

### LOCAL RULE 7.1 CERTIFICATION

I certify that the attorneys in this case have conferred and attempted in good faith to resolve or narrow the issues contained in this motion.

s/Edward Kimball

3

## CERTIFICATE OF SERVICE

I certify that I served a true copy of the foregoing on all counsel of record said service having taken place this 27th day of December 2006

s/Edward Kimball