UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CAROLYN MIREK, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | Civil Action |
| ) | No. 04-30166-RGS |
| THE GUARDIAN LIFE INSURANCE ) | |
| COMPANY OF AMERICA and ) | |
| BERKSHIRE LIFE INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendants ) | |

**REPLY IN SUPPORT OF PLAINTIFF'S BILL OF COSTS**

**I. The Defendants Use A Faulty Interpretation of Law To Contend that Plaintiff Cannot Recover for Deposition Costs**

In Part A of their opposition, Defendants state that costs of deposition transcripts not used at trial are only taxable under "special circumstances," and such special circumstances are not present in this case. The quoted language comes from Templeman v. Chris Craft Corporation, 770 F.2d 245, 249 (1st Cir. 1985).[1] But a fair reading of Templeman and cases interpreting Templeman makes clear that the "special circumstances" need not be all that special. In Templeman, the court reversed a district court decision that had held that deposition transcripts not entered into evidence were "not allowable costs." Id. at 249. In reversing the district court, the First Circuit

---

[1] Defendants cite two other cases from this jurisdiction for this point of law. The first, Emerson v. National Cylinder Gas Co., 147 F.Supp. 543, 544-45 (D. Mass. 1957), denied some deposition transcript costs because the depositions were, among other things, "tiresomely long" and "of relatively minor significance." There has been no such showing in this case. In the second, Walters v. President and Fellows of Harvard College, 692 F. Supp. 1440, 1442 (D. Mass. 1988), the court similarly exercised its discretion to deny taxing costs of the transcripts that were not used at trial.

JS#160013v1

reviewed cases from other Circuits and found that there was considerable disagreement about when deposition transcripts could be taxed. The Court noted that some cases "hold that the costs of depositions are taxable *only* if they were either introduced in evidence or used at trial, other cases allow the recovery of such costs if the taking of the depositions is shown to have been reasonably necessary in light of the particular situation at the time it was taken." Templeman, 770 F.2d at 249 (emphasis added). Apparently unsatisfied with both approaches, the Templeman court chose to adopt a middle ground, holding that deposition transcripts "introduced in evidence or used at trial . . . should be taxable," and it is "within the discretion of the district court to tax [other] deposition costs if special circumstances warrant it." Id. The Court did not give any further articulation of what constitutes "special circumstances."

Rather than the narrow discretion that Defendants claim Templeman gives the Court, subsequent cases that cite Templeman show that the discretion is broad. For example, in Papas v. Hanlon, 849 F.2d 702, 704 (1st Cir. 1988), the First Circuit affirmed an award of stenographer costs to defendants for plaintiffs' depositions, even though the plaintiffs did not appear, because, the Court reasoned, "noticing the plaintiffs' depositions are reasonable and necessary steps in the preparation of a defendant's case." (emphasis added). Similarly, in this case, the deposition transcripts for which the Plaintiff seeks costs were "reasonable and necessary steps" in the preparation of plaintiff's case, and Defendants have failed to show anything to the contrary. See also Alvarez Sepulveda v. Colon Matos, 306 F. Supp.2d 100, 107 (D.P.R. 2004) (granting all itemized deposition expenses, despite the fact that none of the depositions were used at trial); Donnelly v. Rhode Island Bd. of Governors for Higher Educ., 946 F.Supp. 147, 151-52 (D.R.I. 1996)

(granting deposition transcript expenses for plaintiff's witnesses, despite the fact that transcripts were not used at trial, because "defendants had a legitimate need to have the transcripts . . . available at trial for purposes of cross examination).

It is odd, to say the least, for Defendants to claim that Plaintiff should not permitted to recover for the many depositions that Defendants themselves apparently deemed worth taking for purposes of this case. Plaintiff obviously had a need, in preparing for the case, to have copies of transcripts of the depositions that Defendants believed were significant enough to conduct. In fact, all of the witnesses whom Defendants deposed, with the exception of Plaintiff's expert L. Christine Oliver, M.D., were on the Defendants' witness list in their pre-trial memorandum. Under Defendants' analysis, it appears plaintiff would not even be entitled to recover for the lengthy deposition that Defendants took of the Plaintiff Carolyn Mirek.

Moreover, defense counsel's behavior at depositions – which considerably lengthened deposition transcripts – presents circumstances justifying an award of deposition transcript costs. During the depositions in this case, the parties stipulated that all objections, except as to form, were reserved to time of trial, and motions to strike were also reserved to time of trial. See, e.g., Deposition of Brian M. Donnelly (4/10/06), ("Donnelly Dep. I"), Ex. 1 at 4; Deposition of Kevin Kvederas ("Kvederas Dep. "), Ex. 4 at 4; Deposition of Timothy A. Newman, M.D., ("Newman Dep."), Ex. 5 at 4. Consequently, the only objections that were to be made during the depositions were to form, and such an objection could be properly preserved by use of a single word: "Objection." Even apart from this stipulation, Rule 30(d) of the Federal Rules of Civil

Procedure restricts what counsel may say at a deposition in making objections. Specifically, Rule 30(d)(1) provides:

> Any objection during the deposition must be stated concisely and in a non-argumentative or <u>non-suggestive</u> manner.

(Emphasis added). <u>See also</u> <u>McDonough v. Keniston</u>, 188 F.R.D. 22, 24 (D.N.H. 1998) ("Speaking objections and coaching objections are simply not permitted in depositions in federal cases" (cited with approval in <u>Caltzaturficio S.C.A.R.P.A. S.P.A. v. Fabiano Shoe Co., Inc.</u>, 201 F.R.D. 33 (D. Mass. 2001))).

Plaintiff was forced to bear extra costs for depositions she took because stenographers charge for deposition transcripts on a per-page basis, with 24 lines per page, and Defendants' counsel made repeated objections that had nothing to do with the <u>form</u> of the question, which is the only objection that the parties had stipulated would be made. Examples of improper objections made by defense counsel, which added to the page length, and thus the cost of depositions are set forth below:

1) "asked and answered", <u>see, e.g</u> Donnelly Dep. I, Ex. 1, at 130; Deposition of Brian M. Donnelly (4/10/06), ("Donnelly Dep. III"), Ex. 2; at 37, 91, 92; Deposition of Samuel P. Haupt ("Haupt Dep."), Ex. 3, at 85; Kvederas Dep., Ex. 4, at 54, 150; Newman Dep., Ex. 5 at 46, 63.

2) "beyond the scope" <u>see, e.g.,</u> Donnelly Dep. I, Ex. 1, at 81, 121, 124; Donnelly Dep. III, Ex. 2 at 26, 27, 32, 39, 40, 41, 46, 48, 59, 61, 62, 70, 73, 88.

4) "the [testimony or answer] speaks for itself," <u>see, e.g</u> Donnelly Dep. I, Ex. 1, at 91, 115; Donnelly Dep. III, Ex. 2; at 31; Kvederas Dep., Ex. 4, at 78;

7) "This witness is not a 30(b)(6) witness", <u>see., e.g</u>., Haupt Dep., Ex. 3 at 61, 65, 67, 68, 71.

5) "calls for a legal conclusion," <u>see, e.g</u> Kvederas Dep., Ex. 4, at 91;

6) "facts not in evidence" or "misstates the evidence, " <u>see, e.g</u> Donnelly Dep. I, Ex. 1, at 126; Haupt Dep., Ex. 3, at 82; Kvederas Dep., Ex. 4, at 81, 86, 88, 89, 90, 91, 92, 95, 158, 160, 164.

7) "calls for speculation", <u>see, e.g</u> Donnelly Dep. I, Ex. 1, at 37, 48, 57, 60, 64, 67, 71, 73, 75, 77, 82, 93, 94, 106, 107, 127, 129, 130; Donnelly Dep. III, Ex. 2, at 13, 22, 25, 26, 27, 28, 29, 33, 36, 37, 40, 43, 46, 52, 54, 55, 58, 61, 62, 64, 72, 73, 75, 82, 83, 87, 88, 90, 91, 92; Haupt Dep., Ex. 3, at 17, 23, 25, 27, 33, 41, 50, 56, 58, 59, 64, 65, 66, 67, 68, 70, 71, 72, Kvederas Dep., Ex. 4, at 22, 26, 28, 30, 50, 64, 66, 67, 68, 96, 97, 98, 103, 115, 117, 118, 121, 130, 133, 135, 139, 155, 156, 157, 158, 159, 160, 164, 169, 172, 181, 189; Newman Dep., Ex. 5 at 25, 29, 36, 40, 41, 42, 43, 44, 45, 46, 47, 48, 50, 52, 54, 55, 57, 60, 64, 66, 71, 74, 79, 88, 89, 90, 94, 95, 101, 102, 103, 108.

On one occasion when defense counsel went even further, and commented on a question – before the Berkshire employee-deponent answered – by stating the question concerned "imagined old files" and "we don't know what we're looking for," Plaintiff's counsel reminded defense counsel not to comment on questions and that [t]he rules provide that you just state an objection." Haupt Dep., Ex. 3 at 70. Defense counsel persisted: "The rules do not say that, but in any event I'm going to make an objection where I feel appropriate." <u>See</u> Haupt Dep., Ex. 3, at 70.

Other transcripts also reveal the extent to which defense counsel's behavior needlessly added to the page length of depositions. For example, Defendants were ordered by the Court to produce a 30(b)(6) witness to testify about "the seven instances previously identified by Defendants in which they have granted disability claims since 2000 based in whole or in part on latex allergies. See unnumbered Docket entry of March 1, 2006. All personally identifiable information had been redacted about these claimants. Nonetheless, Defense counsel insisted on making lengthy objections of confidentiality and privacy for each of the seven individuals. Plaintiff's counsel suggested, in the interest of saving expense as well as time that Attorney Kimball "make that objection [once] as to all of these [seven claimants]," Donnelly Dep. III, Ex. 2 at 44. Defense counsel declined to do so. Defense counsel then proceeded to expound on his "objections", lengthening the transcript and driving up the cost to plaintiff:

>  3    MR. KIMBALL:  I just want to interject
>  4    my standing objection once as to this
>  5    individual, the policy holder at large, as to
>  6    the scope of the relevance of this topic and
>  7    also to this individual's confidentiality
>  8    rights.  With those objections on the record,
>  9    you can answer if you are able to.

Donnelly Dep. III, Ex. 2 at 41

> 14    MR. KIMBALL:  I just want it on the
> 15    record, and to remind the witness, that we
> 16    want to protect, at all times, the confidentiality,
> 17    integrity, and people's privacy rights, and
> 18    that we object to this entire procedure of
> 19    even referring to the gender of the
> 20    individual.  That would be something that we

> 21   would like to avoid at this time.

Donnelly Dep. III, Ex. 2, at 42

> 20   MR. KIMBALL:  Again, at the outset, as
> 21   to this person's confidentiality, we reserve
> 22   all our objections as to this individual's
> 23   employer, health circumstances, insurance
> 24   circumstances, financial circumstances.  We
> 1    also object completely to the relevancy of
> 2    any inquires to the individuals' claim.

Donnelly Dep. III, Ex. 2, at 43-44.

> 16   MR. KIMBALL: I just want to reiterate
> 17   my prior objection as to this individual's
> 18   privacy and confidentiality rights and
> 19   instruct the witness to keep those in mind
> 20   when answering any questions regarding this
> 21   claimant and policyholder and also generally
> 22   to the relevance of this claimant's file and
> 23   all the other claimant files that we are
> 24   talking about in this section of the
> 1    deposition.

Donnelly Dep. III, Ex. 2, at 56-57.

> 14   MR. KIMBALL:  I would just like to
> 15   reiterate my objection as to this entire
> 16   inquiry as to Dental Hygienist 1996 and
> 17   object to this infringement to her privacy
> 18   and confidentiality rights with respect to
> 19   her insurance information, her financial
> 20   information, and her medical treatment.  And
> 21   I also object and continue to object to the
> 22   relevancy of any of this inquiry as it
> 23   relates to this case.

Donnelly Dep. III, Ex. 2, at 59.

> 16     MR. KIMBALL: I would like to reiterate
> 17     the same objection as to Dentist 1997's
> 18     privacy and confidentiality concerns with
> 19     respect to his insurance, financial, and
> 20     medical information and also reiterate the
> 21     standing objection to the relevancy of
> 22     Dentist 1997s claim file to this case.

Donnelly Dep. III, Ex. 2, at 64.

> 17     MR. KIMBALL:  I am going to reiterate
> 18     the defendant's objection as to the intrusion
> 19     into this individual's privacy and
> 20     confidentiality as to his or her medical
> 21     records, medical history, insurance and
> 22     financial history.  I am also restating
> 23     defendant's overriding objection to this
> 24     entire line of inquiry as to all seven of
>  1     these claims as not being relevant,
>  2     whatsoever, to this cause of action.

Donnelly Dep. III, Ex. 2, at 76-77.

This objectionable deposition behavior, which lengthened the deposition transcripts, further justifies Plaintiff's recovery of deposition costs.

**II. In Arguing Against Plaintiff's Recovery of Copying Costs, the Defendants Misstate the Case They Cite**

In Part B of their opposition, Defendants state that copying costs can only be taxed if they were "reasonably necessary for use *at trial*." See Defendants' Opposition, Docket No. 123 at 7 (emphasis added).  In fact, the case Defendants cite for this proposition states only that the copies must be "reasonably necessary for use *in the case*."

Billings v. Cape Cod Child Development Program, Inc., 270 F. Supp.2d 175, 178 n.3 (D. Mass. 2003) (Stearns, J.) (emphasis added). Defendants have not only mischaracterized the court's position in the case, but have misstated the law in the First Circuit concerning recovery of costs for copies. See Rodriguez-Garcia v. Davila, 904 F.2d 90, 100 (1st Cir.1990). The First Circuit has specifically stated, with respect to recovery of copying costs: "[I]f the costs were reasonably necessary to the maintenance of the action, then they are allowable." Id. (expressly disagreeing with view that recovery of copying costs "be limited to copy costs for documents actually filed").  Consequently, all of the copying costs sought by the Plaintiff in this action are properly recoverable.

**III. The Defendants Have Not Shown that the Plaintiff's Requested Costs for Trial Subpoenas and Fees is Unjustified**

In Part D of their opposition, Defendants state that "no fees may be taxed for individuals that did not testify at trial." Docket No. 123 at 8. For this proposition, Defendants do not rely on 28 U.S.C. § 1821(b)), which governs the recovery of witness fees, but on 10 Wright Miller & Kane, Federal Practice and Procedure: Civil 3d § 2678 at 467-68. In fact, however, that treatise states that the view expressed by Defendants "is no more than a presumption" that can be rebutted if it "it appears that a court order . . . rendered that testimony unnecessary" or if the witnesses were not called "to avoid consuming further time and thereby minimize delay, inconvenience, and unnecessary trial expenses. The testimony of Mr. Haupt and Mr. Champigney became unnecessary after the court ruled, the week before trial – and after the witnesses had been served with subpoenas -- that evidence of claims-handling was inadmissible. Ms. Smachetti was not called to minimize delay, since her expected testimony would have been similar to,

although not identical to, Donald Morgan's.  Consequently, plaintiff's request for fees for those witnesses is justified.

**IV. Defendants Incorrectly State That They Called Dr. Burstein as a Witness**

Plaintiff's Bill of Costs requests $40 for a witness fee for Robert Burstein, DDS.  Defendants state that the witness fee is unjustified because they claim Dr. Burstein was called by the Defendants, not by Plaintiff.  Defendants are simply incorrect on this point.  Dr. Burstein was called by Plaintiff and testified on November 14, 2006.  Defendants did not even start their case until November 16, 2006.  See unnumbered Docket entry of Nov. 16, 2006.

    Respectfully submitted,

    PLAINTIFF CAROLYN MIREK

    By her Attorneys,

    /s/ Seth Nesin

    Joanne D'Alcomo
    BBO #544177
    Seth Nesin
    BBO #650739
    JAGER SMITH P.C.
    One Financial Center
    Boston, MA 02111
    (617) 951-0500

Dated: December 28, 2006